**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GOHEALTH, INC., | ) Case No. 26-10914 [●] |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 85-0563805 | ) |
| In re: | ) Chapter 11 |
| | ) |
| BLIZZARD MIDCO, LLC, | ) Case No. 26-10916 [●] |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 84-2403732 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CONNECTED BENEFITS, LLC, | ) Case No. 26-10919 [●] |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 36-4842162 | ) |
| In re: | ) Chapter 11 |
| | ) |
| E-TELEQUOTE INSURANCE, INC., | ) Case No. 26-10921 [●] |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-2312336 | ) |
| In re: | ) Chapter 11 |
| | ) |
| ETQ HOLDINGS, LLC, | ) Case No. 26-10918 [●] |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 99-4678260 | ) |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH HOLDINGS, LLC, | ) | Case No. 26-10915 [●] |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 84-2403653 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, LLC, | ) | Case No. 26-10920 [●] |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3235175 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NORVAX, LLC, | ) | Case No. 26-10917 [●] |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-5403063 | ) | |

## MOTION OF DEBTORS FOR ENTRY OF
## AN ORDER (I) DIRECTING THE JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this motion:[1]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of these

chapter 11 cases; and (b) granting related relief.  The Debtors request that one file and one docket

---

[1]     A detailed description of the Debtors and their business, including the facts and circumstances supporting this motion, is set forth in the *Declaration of Vijay Kotte, Chief Executive Officer of GoHealth, Inc., in Support of the Debtors' Chapter 11 Petitions, First Day Motions, and Access to Cash Collateral* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

be maintained for all of the jointly-administered cases under the case of Debtor GoHealth, Inc.,

and that the chapter 11 cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

2. The Debtors also seek a waiver of the requirements of section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. § 101–1152 (the "Bankruptcy Code") and rules 1005 and 2002(o) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that the case caption on pleadings and notices in these cases contain the name, tax identification number, and address of each Debtor and any names used by each Debtor in the previous eight years. As an alternative to including this information in each caption, the Debtors propose the foregoing caption, the footnote of which includes a list of the Debtors in these chapter 11 cases, the last four digits of their tax identification numbers, and the service address of the Debtors.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than GoHealth, Inc., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the

Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: GoHealth, Inc., Case No. 26-10914 (___); Blizzard Midco, LLC, Case No. 26-10916 (___); Connected Benefits, LLC, Case No. 26-10919 (___); e-TeleQuote Insurance, Inc., Case No. 26-10921 (___); ETQ Holdings, LLC, Case No. 26-10918 (___); GoHealth Holdings, LLC, Case No. 26-10915 (___); GoHealth, LLC, Case No. 26-10920 (___); and Norvax, LLC, Case No. 26-10917 (___). The docket in Case No. 26-10914 (___) should be consulted for all matters affecting this case. All further pleadings and other papers shall be filed in and all further docket entries shall be made in the docket of GoHealth, Inc., Case No. 26-10914 (___).

### Jurisdiction and Venue

4.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The statutory bases for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 2002, and Local Rules 1015-1 and 9013-1(m).

4

**Background**

7.      On June 7, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

8.      Bankruptcy Rule 1015(b)(1) provides, in pertinent part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate."  Fed. R. Bankr. P. 1015(b)(1)(D).  Each of the eight Debtor entities that commenced these chapter 11 cases is an "affiliate" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

9.      Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties.  A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

10.      Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors.  *See, e.g.*, *In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D. Del. Aug. 7, 2025) (directing joint administration

5

of chapter 11 cases); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. June 17, 2025) (same); *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. June 12, 2025) (same); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 4, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Jan. 16, 2025) (same).[1]

11.  Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many, if not all, of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings, objections, or multiple hearings on common issues.  Joint administration also will allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12.  Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested in this motion; instead, they will benefit from the (a) cost reduction associated with the joint administration of these chapter 11 cases and (b) ease of reference to one main case docket of GoHealth, Inc. throughout the chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.  Therefore, the relief requested in this motion should be approved.

---

[1]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**Notice**

13.     The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) counsel to the Ad Hoc TL Group; (c) counsel to the Ad Hoc Revolver Group; (d) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (e) the state attorneys general for states in which the Debtors conduct business; (f) the United States Attorney for the District of Delaware, District of Massachusetts, and District of Columbia; (g) the Internal Revenue Service; and (h) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

14.     No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

7

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  June 7, 2026
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS LLP** |
| Laura Davis Jones (DE Bar No. 2436) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| James E. O'Neill (DE Bar No. 4042) | Anup Sathy, P.C. (*pro hac vice* pending) |
| Edward A. Corma (DE Bar No. 6718) | Alexandra F. Schwarzman, P.C. (*pro hac vice* pending) |
| 919 North Market Street, 17th Floor | David R. Gremling (*pro hac vice* pending) |
| Wilmington, Delaware 19801 | 333 West Wolf Point Plaza |
| Telephone:    (302) 652-4100 | Chicago, Illinois 60654 |
| Facsimile:    (302) 652-4400 | Telephone:    (312) 862-2000 |
| Email:        ljones@pszjlaw.com | Facsimile:    (312) 862-2200 |
|              joneill@pszjlaw.com | Email:        anup.sathy@kirkland.com |
|              ecorma@pszjlaw.com |              alexandra.schwarzman@kirkland.com |
|  |              dave.gremling@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

8