**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GOHEALTH, INC., | Case No. 26-10914 [●] |
| Debtor. | |
| Tax I.D. No. 85-0563805 | |
| In re: | Chapter 11 |
| BLIZZARD MIDCO, LLC, | Case No. 26-10916 [●] |
| Debtor. | |
| Tax I.D. No. 84-2403732 | |
| In re: | Chapter 11 |
| CONNECTED BENEFITS, LLC, | Case No. 26-10919 [●] |
| Debtor. | |
| Tax I.D. No. 36-4842162 | |
| In re: | Chapter 11 |
| E-TELEQUOTE INSURANCE, INC., | Case No. 26-10921 [●] |
| Debtor. | |
| Tax I.D. No. 20-2312336 | |
| In re: | Chapter 11 |
| ETQ HOLDINGS, LLC, | Case No. 26-10918 [●] |
| Debtor. | |
| Tax I.D. No. 99-4678260 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH HOLDINGS, LLC, | ) | Case No. 26-10915 [●] |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 84-2403653 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, LLC, | ) | Case No. 26-10920 [●] |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3235175 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NORVAX, LLC, | ) | Case No. 26-10917 [●] |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-5403063 | ) | |

**ORDER (I) DIRECTING THE JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under the docket for Debtor GoHealth, Inc., Case No. 26-10914 (___).

4.      The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

_____

1   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

5.      The foregoing caption fully satisfies the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(o).

6.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than GoHealth, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of:  GoHealth, Inc., Case No. 26-10914 (___); Blizzard Midco, LLC, Case No. 26-10916 (___); Connected Benefits, LLC, Case No. 26-10919 (___); e-TeleQuote Insurance, Inc., Case No. 26-10921 (___); ETQ Holdings, LLC, Case No. 26-10918 (___); GoHealth Holdings, LLC, Case No. 26-10915 (___); GoHealth, LLC, Case No. 26-10920 (___); and Norvax, LLC, Case No. 26-10917 (___).  The docket in Case No. 26-10914 (___) should be consulted for all matters affecting this case.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in the docket of GoHealth, Inc., Case No. 26-10914 (___).

7.      The Debtors shall maintain, and the Clerk of this Court shall keep, one consolidated docket, one file, and one consolidated service list.

4

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating these cases.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.