**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF DEBTORS FOR**
**ENTRY OF AN ORDER (I) SCHEDULING A**
**COMBINED DISCLOSURE STATEMENT APPROVAL**
**AND PLAN CONFIRMATION HEARING, (II) APPROVING**
**RELATED DATES, DEADLINES, NOTICES, AND PROCEDURES,**
**(III) APPROVING THE SOLICITATION PROCEDURES AND RELATED**
**DATES, DEADLINES, AND NOTICES, (IV) CONDITIONALLY WAIVING**
**THE REQUIREMENTS THAT (A) THE U.S. TRUSTEE CONVENE A MEETING**
**OF CREDITORS AND (B) THE DEBTORS FILE SCHEDULES OF ASSETS AND**
**LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3**
**FINANCIAL REPORTS, AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this motion:[2]

**Preliminary Statement**

1.     The Debtors commence these cases with the overwhelming support of 100% of

their prepetition lenders, over 99% of the holders of GoHealth Holdings, LLC interests,[3] and 61%

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (N/A); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]     A detailed description of the Debtors and their business, including the facts and circumstances supporting the motion, is set forth in the *Declaration of Vijay Kotte, Chief Executive Officer of GoHealth, Inc., in Support of the Debtors' Chapter 11 Petitions, First Day Motions, and Access to Cash Collateral* (the "First Day Declaration").  Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

[3]     Excludes such interests held by GoHealth, Inc.

of the outstanding GoHealth, Inc. Class A Common Stock, to effectuate a change of control transaction that leaves general unsecured creditors and preferred equity holders unimpaired and provides a $10 million cash recovery to the Company's common equity holders.  These cases mark the culmination of extensive and good-faith restructuring discussions with the Company's prepetition lenders and enable a highly consensual transition in ownership that preserves GoHealth's enterprise value and positions the Company for long-term success.

2.    To preserve estate resources and implement the restructuring transactions (the "Restructuring Transactions") in an efficient and cost-effective manner, the Debtors launched solicitation of the Plan prior to commencement of these chapter 11 cases.  The Debtors request approval of the confirmation schedule set forth herein (the "Confirmation Schedule"), including a proposed hearing on or around July 16, 2026, to approve the adequacy of the Disclosure Statement on a final basis and to confirm the Plan (the "Confirmation Hearing").  Proceeding on this timeline will minimize the cost of these chapter 11 cases, avoid needless disruption to the Debtors' business, and preserve significant value for the Debtors' estates, while adhering to the statutory requirements under the Bankruptcy Code and Bankruptcy Rules (each as defined herein) for soliciting and confirming a Plan, and providing the Debtors' stakeholders opportunities to be heard.

3.    The proposed Confirmation Hearing and the other dates and deadlines provided in the Confirmation Schedule comport with the required notice periods under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules (each as defined herein), while avoiding the potential burdens of a prolonged stay in chapter 11.  Further, as described below, the Debtors will provide notice of the Confirmation Hearing (the "Confirmation Hearing Notice") to all parties in interest as soon as practicable, and at least 28 days before the Voting Deadlines, Opt-In Deadline, and

Objection Deadline (each as defined herein), following the Court's entry of the Order (as defined herein).  The Confirmation Hearing Notice, among other things;  (i) provides notice of the key dates and deadlines in these chapter 11 cases, including the Objection Deadline (as defined herein), the deadline to file a Reply (as defined herein), and the Confirmation Hearing date; (ii) summarizes the material terms of the Plan, including classification and treatment of claims; (iii) provides the full text of the Plan's third-party release (the "Third-Party Release") and other key provisions that may affect stakeholder rights; and (iv) offers multiple methods by which stakeholders may obtain copies of the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases.

4.      The Debtors submit that the facts and circumstances of these chapter 11 cases justify and support the proposed Confirmation Schedule and other relief contemplated by this motion.  The Confirmation Schedule will streamline and expedite the confirmation process and prevent the unnecessary accrual of additional administrative expenses that a two-stage solicitation process would require.  As such, approval of the proposed Confirmation Schedule and the other relief requested herein is in the best interests of the Debtors, their estates, and all stakeholders, and should be granted.

### Relief Requested

5.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting the following relief:

a.    ***Confirmation Hearing***.  Scheduling the Confirmation Hearing for July 16, 2026 (or as soon thereafter as the Court's schedule permits) to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan;

b.    ***Objection Deadline***.  Establishing a deadline of July 8, 2026, at 4:00 p.m., prevailing Eastern Time, for filing objections to the adequacy of the Disclosure Statement and confirmation of the Plan (the "Objection Deadline"), and approving related procedures;

c.   ***Solicitation Procedures***.  Approving the solicitation procedures regarding votes to accept or reject the Plan (the "Solicitation Procedures");

d.   ***Confirmation Hearing Notice***.  Approving the form and manner of the Confirmation Hearing Notice, substantially in the form attached to the Order as Exhibit 1;

e.   ***Publication Notice***.  Approving the form and manner of the publication notice of commencement of these chapter 11 cases and the Confirmation Hearing (the "Publication Notice"), substantially in the form attached to the Order as Exhibit 2;

f.   ***Ballots***.  Approving the form and manner of: (i) the Class 3 ballot, substantially in the form attached to the Order as Exhibit 3A; (ii) the Class 4 ballot, substantially in the form attached to the Order as Exhibit 3B; (iii) the Class 6 ballot, substantially in the form attached to the Order as Exhibit 3C; and (iv) the Class 8 ballots, substantially in the forms attached to the Order as Exhibit 3D, Exhibit 3E, and Exhibit 3F (together with the Class 3, Class 4, and Class 6 ballots, the "Ballots");

g.   ***Notices of Non-Voting Status***.  Approving the:  (i) form of notice applicable to Holders of Claims that are impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code (as defined herein), conclusively deemed to reject the Plan; and (ii) form of notice applicable to Holders of Claims that are unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (each a "Notice of Non-Voting Status," collectively, the "Notices of Non-Voting Status,"); and (iii) applicable opt-in form as attached to the Notices of Non-Voting Status (the "Opt-In Form" and, together with the Notices of Non-Voting Status, collectively, the "Notices of Non-Voting Status and Opt-In Form"), substantially in the forms attached to the Order as Exhibit 4A and Exhibit 4B, respectively;

h.   ***Plan Supplement Notice.***  Approving the form and manner of the notice of filing the Plan Supplement (as defined herein), substantially in the form attached to the Order as Exhibit 5;

i.   ***TRA Amendment Notice***.  Approving the form and manner of the notice of the amendment to that certain Tax Receivables Agreement dated as of July 15, 2020, by and among GoHealth, Inc., GoHealth Holdings, LLC, and the TRA Holders (as defined therein) from time to time party thereto (the "TRA," and such notice, the "TRA Amendment Notice"), substantially in the form attached to the Order as Exhibit 6.

j.   ***Solicitation Cover Letter***.  Approving the form and manner of the Debtors' solicitation cover letter (the "Solicitation Cover Letter"), substantially in the form attached to the Order as Exhibit 7;

k.    ***Creditors' Meeting***.  Waiving the requirement that the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") convene a meeting of creditors (the "Creditors' Meeting") pursuant to section 341(e) of the Bankruptcy Code (as defined below); *provided* that the Plan is confirmed and goes effective no later than 75 days after the Petition Date;

l.    ***SOFAs and Schedules***.  Waiving the requirement that the Debtors file statements of financial affairs ("SOFAs"), schedules of assets and liabilities ("Schedules"), and initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "2015.3 Reports"); *provided* that the Plan is confirmed and goes effective no later than 75 days after the Petition Date;

m.    ***Notice Period***.  Allowing the notice period for final approval of the Disclosure Statement and confirmation of the Plan to run simultaneously;

n.    ***Mailing Requirement***.  Waiving the requirement that the Debtors mail copies of the Solicitation Package (as defined herein) to Holders of Claims and Interests presumed to accept or deemed to reject the Plan; *provided* that the Debtors distribute Solicitation Packages (as defined herein) to Holders in the Non-Voting Classes (as defined herein) except Classes 10 and 11 upon request; and

o.    ***Confirmation Brief***.  Waiving the requirements of Local Rule (as defined herein) 3017-3 to permit the Debtors to exceed the page limit requirement for the Debtors' memorandum of law in support of approval of the adequacy of the Disclosure Statement and confirmation of the Plan (the "Confirmation Brief").

6.    In connection with the foregoing, the Debtors request that the Court approve the following schedule of proposed dates (the "Confirmation Schedule"), subject to the Court's availability:

| Event | Date | Description |
|---|---|---|
| Voting Record Date[4] | May 12, 2026 | Date for determining (i) which Holders of Claims and Interests in the Voting Classes, as defined herein, are entitled to vote to accept or reject the Plan (the "Voting Record Date"). |
| Key Stakeholder Ballot Distribution Date | May 15, 2026 | Date ballots were distributed to certain key stakeholders ("Key Stakeholders"),[5] for administrative convenience in advance of formal solicitation (the "Key Stakeholder Ballot Distribution Date"). |
| Preliminary Lender Voting Deadline | May 19, 2026, at 5:00 p.m., prevailing Eastern Time | Deadline by which Holders of Claims in Class 3 and Class 4 must have properly executed, completed and delivered Ballots to be held in escrow pending release (the "Preliminary Lender Voting Deadline"). |
| Solicitation Commencement Deadline | June 7, 2026 | Deadline by which the Debtors began distributing of the Solicitation Package to Holders of Claims and Interests entitled to vote to accept or reject the Plan (the "Solicitation Commencement Deadline"). |
| Final Lender Voting Deadline | June 7, 2026, at 12:00 p.m., prevailing Eastern Time | Deadline by which all Class 3 and Class 4 ballots must be released from escrow and deemed binding on all such voting parties. |
| Service of the Confirmation Hearing Notice and Service of the Notices of Non-Voting Status and Opt-In Form | Within two business days or as soon as reasonably practicable following approval of the Confirmation Hearing Notice and the Notices of Non-Voting Status and Opt-Out Form | Deadline by which the Debtors must distribute the Confirmation Hearing Notice and Notice of Non-Voting Status and Opt-In Form. |
| Initial Plan Supplement Deadline | July 1, 2026 | Deadline by which the Debtors shall file the initial Plan Supplement. |

---

[4]   The "Voting Record Date" is the date as of which a Holder of record of a Claim in Class 3, Class 4, Class 6, or Class 8 (collectively, the "Voting Classes") must have held such Claim to cast a vote to accept or reject the Plan.

[5]   All Key Stakeholders are qualified institutional buyers under the Securities Act of 1933 (as amended, the "Securities Act"), accredited investors (as defined under the Securities Act), or non-U.S. persons.

| Event | Date | Description |
|---|---|---|
| Interests Voting Deadline | July 8, 2026, at 4:00 p.m., prevailing Eastern Time | Deadline by which Holders of Interests in Class 6 and Class 8 must properly execute, complete and deliver Ballots so that they are actually received (the "Interests Voting Deadline", and together with the Lender Voting Deadline, the "Voting Deadlines") by Donlin, Recano & Company, LLC (the "Claims and Noticing Agent"). |
| Opt-In Deadline | July 8, 2026, at 4:00 p.m., prevailing Eastern Time | Deadline by which all Holders of Claims and Interests eligible to opt in to the third-party release contained in the Plan must submit an Opt-In Form in order to participate in such release (the "Opt-In Deadline"). |
| Objection Deadline | July 8, 2026, at 4:00 p.m., prevailing Eastern Time | Deadline by which objections to the Plan and final approval of the Disclosure Statement must be filed with the Court and served so as to be actually received by the appropriate notice parties (the "Objection Deadline"). |
| Deadline to File the Final Voting Report, Confirmation Brief, and Reply | July 13, 2026, at 4:00 p.m., prevailing Eastern Time | Date by which the report tabulating the final voting on the Plan (the "Final Voting Report"), the Debtors' brief in support of confirmation (the "Confirmation Brief") including the Debtors' reply to any objections thereto (the "Reply") shall be filed. |
| Confirmation Hearing | July 16, 2026, subject to Court availability | Date of the Confirmation Hearing, subject to the Court's availability. |

**<u>Jurisdiction and Venue</u>**

7. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final

order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2002, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1, 2002-1, 3017-1, 3017-2, 3017-3, and 9006-1.

**The Notice Procedures**

10. As detailed below, the Debtors are taking extensive measures to ensure that they provide all parties in interest listed on their creditor matrix with (a) ample notice (including full compliance with the notice periods of the Bankruptcy Rules and Local Rules) of the commencement of these chapter 11 cases, the Confirmation Hearing, the Objection Deadline, the TRA Amendment, and the other key dates and deadlines associated with these chapter 11 cases, and (b) access to the Plan, the Disclosure Statement, and the other key documents pertinent to such parties' participation in these chapter 11 cases.

- Specifically, on or before **June 7, 2026**—the Solicitation Commencement Deadline— the Debtors began distributing the Solicitation Cover Letter, the Disclosure Statement, the Plan, and the Ballots to Holders of Claims and Interests in the Voting Classes as of the Voting Record Date by email, and will complete first-class mailing (including a postage-prepaid return envelope) of the same materials to such Holders as soon as reasonably practicable thereafter.

- On the Petition Date, the Debtors filed with the Court, among other things, this motion, the First Day Declaration, the Plan, and the Disclosure Statement, each of which are available free of charge on the Debtors' public restructuring website maintained by the Claims and Noticing Agent, at https://www.bankruptcy.angeiongroup.com/gohealth (the "Case Website").

- As soon as reasonably practicable following the Court's entry of the Order, the Debtors:

  - will distribute the Confirmation Hearing Notice to the U.S. Trustee and all parties in interest listed on the Debtors' creditor matrix—a total of approximately 5,900 creditors, equity holders, and other interested parties—by either first-class mail or email, as applicable;

  - will cause the Claims and Noticing Agent to update the Case Website at https://www.bankruptcy.angeiongroup.com/gohealth to advise parties of important dates and deadlines related to the Plan and Disclosure Statement, including the Voting Deadlines and Objection Deadline.

  - will serve the Notices of Non-Voting Status and Opt-In Form to certain Non-Voting Classes (as defined herein), by either first-class mail or email, as applicable;

  - will publish the Publication Notice in *The New York Times* (national edition) or another nationally circulated newspaper.

- Contemporaneously with filing the initial Plan Supplement, the Debtors will serve the Plan Supplement Notice and TRA Amendment Notice, by either first-class mail or email, as applicable.

11.    The Debtors further request that they ***not*** be required to mail Solicitation Packages (as defined herein), other solicitation materials, or Notices of Non-Voting Status and Opt-In Form to the Holders of Class 10 Intercompany Claims and Class 11 Intercompany Interests.[6]

12.    For purposes of serving the Solicitation Packages (as defined herein) and the Notices of Non-Voting Status and Opt-In Form, the Debtors request authorization to rely on the address information for all Classes as compiled, updated, and maintained by the Claims and Noticing Agent as of the Voting Record Date.

---

[6]    The Debtors will not provide Holders of Class 10 Intercompany Claims and Class 11 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation. Pursuant to the Plan: (a) each Allowed Intercompany Claim or Allowed Intercompany Interest shall be either: (i) Reinstated; (ii) adjusted, converted to equity, set off, settled, distributed, or contributed; (iii) discharged, cancelled, and released without any distribution on account of such Intercompany Claims; or (iv) otherwise addressed at the option of the Debtors or Reorganized Debtors, with the consent of the Required Lenders. Thus, Holders of Intercompany Claims and Intercompany Interests will not be entitled to vote to accept or reject the Plan. Nevertheless, the Debtors are requesting a waiver from any requirement to serve such Holders.

13. In addition, the Confirmation Hearing Notice, the Publication Notice, the Solicitation Cover Letter, the Notices of Non-Voting Status and Opt-In Form, the TRA Amendment Notice, and the Ballots all prominently note the various methods by which parties can obtain, at no cost, copies of the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases in paper or electronic form.  Thus, the Debtors have ensured that any party that wishes to review these documents may do so easily, quickly, and in their preferred format.

### The Solicitation and Voting Procedures

14. The Disclosure Statement describes in detail the Restructuring Transactions contemplated by the Plan and the treatment of Claims and Interests under the Plan.  The following chart summarizes the Classes of Claims and Interests under the Plan, as well as their respective impaired or unimpaired status and voting rights.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | Priming Loan Claims | Impaired | Entitled to Vote |
| Class 4 | First Lien Claims | Impaired | Entitled to Vote |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 6 | GoHealth Holdings Interests | Impaired | Entitled to Vote |
| Class 7 | GoHealth, Inc. Preferred Interests | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 8 | GoHealth, Inc. Class A Common Interests | Impaired | Entitled to Vote |
| Class 9 | GoHealth, Inc. Class B Common Interests | Impaired and Receiving No Distribution | Not Entitled to Vote (Deemed to Reject) |
| Class 10 | Intercompany Claims | Unimpaired / Impaired and Receiving No Distribution | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |
| Class 11 | Intercompany Interests | Unimpaired / Impaired and Receiving No Distribution | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |

15.     On the Key Stakeholder Ballot Distribution Date, the Debtors distributed preliminary Solicitation Packages and Ballots to Key Stakeholders.  All Key Stakeholders who received preliminary Solicitation Packages and Ballots were qualified institutional buyers, accredited investors, or non-U.S. persons.  Such Key Stakeholders include the Holders of Class 3 and Class 4 Claims and certain Holders of Class 6 and Class 8 Interests.

16.     On or before the Solicitation Commencement Deadline, the Debtors caused the Claims and Noticing Agent to begin distributing via email and/or first-class mail (including a postage-prepaid return envelope) packages containing (a) the Solicitation Cover Letter, including instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Order, and (b) the applicable Ballot(s) (the "Solicitation Packages") to Holders of Claims in the Voting Classes as of the Voting Record Date.

17.     Holders of Claims or Interests in Classes 1, 2, 5, 7, 9, 10, and 11 (collectively, the "Non–Voting Classes") were not provided with Solicitation Packages on or before the Solicitation Commencement Deadline because their respective Claims or Interests are either (a) unimpaired under, and conclusively presumed to accept, the Plan under section 1126(f) of the Bankruptcy Code or (b) impaired under, and are conclusively deemed to reject, the Plan under section 1126(g) of the Bankruptcy Code.  As discussed above, however, all parties in interest will be served with the Confirmation Hearing Notice, the Non-Voting Classes (other than Classes 10 and 11) will be served with the Notices of Non-Voting Status and Opt-In Form, the Debtors will publish the Publication Notice, and the Plan, the Disclosure Statement, and the other key documents filed in these chapter 11 cases are available free of charge on the Case Website.

18.     Holders of Claims in the Voting Classes were directed to follow the instructions contained in the Ballots to complete and submit their respective Ballots to cast a vote to accept or

reject the Plan.  The Disclosure Statement and the Ballots expressly provide that each such Holder

needs to submit its Ballot so that it is ***actually received*** by the Claims and Noticing Agent on or

before the applicable Voting Deadline to be counted.

19.    The Debtors' procedures and standard assumptions for tabulating Ballots include

the following procedures (the "Tabulation Procedures"):

| | |
|---|---|
| **Votes Not Counted** | – any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest; |
| | – any Ballot that was transmitted by means other than as specifically set forth in such Ballot; |
| | – any Ballot that was cast by an entity that is not entitled to vote on the Plan; |
| | – any Ballot that was sent to any person or entity other than the Claims and Noticing Agent; |
| | – any Ballot that is unsigned; |
| | – any Ballot that is not clearly marked to either accept or reject the Plan or is marked both to accept and reject the Plan; |
| | – any Ballot that is not actually received by the Claims and Noticing Agent by the applicable Voting Deadline, unless the Debtors determine otherwise or as permitted by the Court. |
| **No Vote Splitting** | – Holders are required to vote all of their Claims and Interests in a particular Voting Class to either accept or reject the Plan and are not permitted to split any votes in a particular Voting Class. Accordingly, a Ballot that partially rejects and partially accepts the Plan is not counted. |
| **Specific Considerations** | – to the extent a Holder of Class 8 GoHealth, Inc. Class A Common Stock submits a Ballot by email to the Claims and Noticing Agent along with evidence of their ownership of such Interests, the Debtors request that they be permitted to count such Ballots in their discretion. |

– Notwithstanding the applicable Voting Deadline, Holders of Claims or Interests that are members of the Ad Hoc Revolver Group or Ad Hoc TL Lender Group had until the filing of the first voluntary petition to rescind and/or change their vote regarding the Plan;

– Holders of Claims or Interests that are members of the Ad Hoc Revolver Group or Ad Hoc TL Group were distributed copies of the Plan, Disclosure Statement, and Ballots prepetition through the Ad Hoc Revolver Group Advisors and the Ad Hoc TL Group Advisors; and

– Holders of Claims and Interests that are members of the Ad Hoc Revolver Group or Ad Hoc TL Group were permitted to return their completed Ballots to the Claims and Noticing Agent through the Ad Hoc Revolver Group Advisors or the Ad Hoc TL Group Advisors, as applicable.

**Basis for Relief**

**I.     The Court Should Approve the Confirmation Hearing Notice.**

20.     Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and provides that parties in interest can object to confirmation.  11 U.S.C. § 1128.  Bankruptcy Rule 2002(b) requires at least 28 days' notice to all creditors of the time for (a) filing objections to and the hearing on approval of a disclosure statement and (b) filing objections to and the hearing on confirmation of a chapter 11 plan.[7] Similarly, Bankruptcy Rule 2002(d) requires notice to all equity holders of "the time to file an objection to—and the time of the hearing to consider whether to approve—a disclosure statement" and "the time to file an objection to—and the time of the hearing to consider whether to confirm— a Chapter 11 plan[.]"  Fed. R. Bankr. P. 2002(d).

---

[7]   Bankruptcy Rule 3017(a) and Local Rule 3017-1(a) contain a similar requirement with respect to the hearing on approval of a disclosure statement.  Here, the Debtors do not seek separate approval of the Disclosure Statement under section 1125(b) of the Bankruptcy Code.  Such approval is not required at the present time because the Disclosure Statement and the rest of the Solicitation Packages were transmitted prepetition in accordance with section 1125(g) of the Bankruptcy Code.

21.     The Debtors request that the Court approve the Confirmation Hearing Notice in substantially the form attached as Exhibit 1 to the Order, which will be served on the U.S. Trustee and the Debtors' creditor matrix as soon as practicable following entry of the Order.

22.     In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice will (a) provide notice of the commencement of these chapter 11 cases, (b) provide a brief summary of the Plan, including conspicuously disclosing the terms of the Plan's release and injunction provisions, (c) disclose the date and time of the Confirmation Hearing, and (d) disclose the date and time of the Objection Deadline and the procedures for objecting to the Disclosure Statement and the Plan.

23.     Based on the Debtors' proposed Confirmation Hearing date of July 16, 2026, and service of the Confirmation Hearing Notice upon all known creditors, equity holders, and interested parties promptly following entry of the Order, all parties will have at least 28 days' notice of the Objection Deadline and over 35 days' notice of the Confirmation Hearing.  Such notices will direct interested parties to the publicly accessible Case Website, where copies of the Plan, the Disclosure Statement, and other key documents and information regarding important dates and deadlines (including the Objection Deadline and Confirmation Hearing date) will be available at no charge.

24.     Bankruptcy Rule 2002(l) also permits the Court to "order notice by publication if notice by mail is impracticable or if it is desirable to supplement the notice."  Fed. R. Bankr. P. 2002(l).  Therefore, in addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will publish the Publication Notice in *The New York Times* (national edition) or another nationally circulated newspaper as soon as practicable following entry of the Order. The Publication Notice is attached to the Order as Exhibit 2.  The Debtors believe that the

Publication Notice provides sufficient notice of the proposed Confirmation Hearing and the Objection Deadline to any person or entity that does not receive the Confirmation Hearing Notice. Accordingly, the Court should approve the Confirmation Hearing Notice and the Publication Notice.

**II.    The Court Should Approve the Plan Supplement Notice.**

25.    The Plan defines "Plan Supplement" to mean the compilation of documents and forms of documents, agreements, schedules, and exhibits to the Plan (as may be altered, amended, modified, or supplemented from time to time in accordance with the terms hereof and in accordance with the Bankruptcy Code and Bankruptcy Rules) to be filed initially by the Debtors prior to the Confirmation Hearing, to the extent available.  *See* Plan at Art. I.A.101.  The Plan Supplement may include, as applicable and among other materials, the following materials in connection with Confirmation:  (a) Schedule of Proposed Cure Amounts, (b) Schedule of Retained Causes of Action; (c) the New Organizational Documents; (d) the Takeback Debt Documents; (e) the Restructuring Transactions Memorandum; (f) the identity of the New Board; (g) the TRA Amendment; and (h)  additional documents filed with the Bankruptcy Court prior to the Effective Date as amendments to the Plan Supplement.

26.    To ensure that all Holders of Claims and Interests receive notice of the Debtors' filing of the Plan Supplement, the Debtors respectfully submit that the Plan Supplement Notice, substantially in the form of Exhibit 5 attached to the Order, should be approved.

**III.    The Court Should Approve the TRA Amendment Notice**

27.    The Plan Supplement will include, among other materials, the TRA Amendment. The TRA Amendment Notice, substantially in the form of Exhibit 6 attached to the Order, is intended to provide notice to TRA Holders that the TRA will be amended pursuant to the Plan.

28.     To ensure that all Holders of TRA receive notice of the Debtors' entry into the TRA Amendment, the Debtors respectfully submit that the TRA Amendment Notice, substantially in the form of Exhibit 6 attached to the Order, should be approved.

**IV.     The Court Should Approve the Form of Notices to Non-Voting Classes and Opt-In Form.**

29.     As discussed above, the Non-Voting Classes are not entitled to vote on the Plan. As a result, they will not receive the Solicitation Package.  Rather, the Debtors request approval of the Notices of Non-Voting Status and Opt-In Form, substantially in the form of Exhibit 4A and Exhibit 4B attached to the Order, which: (a) inform recipients of their status as Holders or potential Holders of Claims or Interests in Non-Voting Classes; (b) provide the full text of the releases, exculpation, and injunction provisions set forth in the Plan; and (c) include a form by which Holders could elect to opt in to the Third-Party Release by checking a prominently featured and clearly labeled box on the Opt-In Form.  The Opt-In Form also contains information on how the Holder of the Claim or Interest in the applicable Non-Voting Classes can opt-in electronically via the online portal maintained by the Claims and Noticing Agent.

30.     The Notices of Non-Voting Status and Opt-In Form will be served upon Holders of Claims or Interests (other than those in Class 10 and Class 11) that are either (a) unimpaired under, and conclusively presumed to accept, the Plan under section 1126(f) of the Bankruptcy Code or (b) impaired under, and are conclusively deemed to reject, the Plan under section 1126(g) of the Bankruptcy Code.  The Debtors will serve such non-voting Holders as soon as possible after the Court's approval of the Notices of Non-Voting Status and Opt-In Form.  As clearly set forth in the Opt-In Forms, the Opt-In Forms must be returned no later than 4:00 p.m., prevailing Eastern Time, on July 8, 2026 (the "Opt-In Deadline").  The Debtors submit that Holders of Claims or Interests

16

that are not entitled to vote on the Plan have adequate time to consider the Plan and the Disclosure Statement and opt-in to the releases thereunder before the Opt-In Deadline.

31.     The Debtors request authorization to accept Opt-In Forms electronically through a customized online portal maintained by the Claims and Noticing Agent on the Debtors' case website (the "Opt-In Portal") in addition to accepting hard copies via first-class mail, overnight courier, and hand delivery.  Parties may electronically sign and submit the Opt-In Form instantly. Instructions for electronic, online transmission of the Opt-In Form are set forth on the Notices of Non-Voting Status and Opt-In Form.  The encrypted audit trail created by such electronic submission shall become part of the record of any Opt-In Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

## V.      The Court Should Approve the Confirmation Hearing Date.

32.     Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and provides that parties in interest can object to confirmation.  11 U.S.C. § 1128.  Bankruptcy Rule 3017(a) also requires that the court "hold a hearing on a disclosure statement filed under [Bankruptcy] Rule 3016(b) and any objection or modification to it.  The hearing must be held on at least 28 days' notice under [Bankruptcy] Rule 2002(b) to:  the debtor; creditors; equity security holders; and other parties in interest." Fed. R. Bankr. P. 3017(a).  Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c).  Further, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, trustee, all creditors, and all indenture trustees at least 28 days' notice by mail of: (1) the time to file an objection and the time of the hearing to:  (A) consider approving a disclosure statement;  or (B) determine under § 1125(f) whether a plan includes adequate

information to make a separate disclosure statement unnecessary[.]" Fed. R. Bankr. P. 2002(b). The proposed Confirmation Hearing date of July 16, 2026 complies with all of these requirements.

33.     The Court may combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan.  *See* 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine a hearing on approval of a disclosure statement with the confirmation hearing). The Debtors submit that the Confirmation Hearing would promote judicial economy and the expeditious reorganization of the Debtors.

34.     Courts in this district have regularly permitted combined hearings in other prepackaged chapter 11 cases.    *See, e.g.*, *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 10, 2024) (scheduling a combined hearing for the disclosure statement and plan); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same); *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. May 8, 2024); *In re Lannett Co. Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Aug. 24, 2022) (same).[8]

35.     The Debtors request that the Court schedule the Confirmation Hearing on July 16, 2026 (or as soon as possible thereafter) and consider both the adequacy of the Disclosure Statement and whether to confirm the Plan at the Confirmation Hearing.

36.     The Debtors submit that it is appropriate to schedule the Confirmation Hearing for July 16, 2026.  *First*, the Debtors have provided notice of the Confirmation Hearing consistent with Bankruptcy Rules 2002(b) and 3017(a), Local Rules 3017-1(a) and 9006-1(c), and section 1128(a) of the Bankruptcy Code.  *Second*, as described herein, the Debtors' prepetition

---

[8]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

solicitation of votes on the Plan was in accordance with sections 1125(g) and 1126(b) of the Bankruptcy Code. *Third*, the Confirmation Hearing on the Disclosure Statement and the Plan will promote judicial economy, limit administrative expenses that arise from the time spent in these Chapter 11 Cases, and minimize potential disruption to the Debtors' business.

## VI. The Court Should Approve the Objection Deadline and Related Procedures.

37. Bankruptcy Rule 3017(a) provides that "the court must hold a hearing on a disclosure statement filed under [Bankruptcy] Rule 3016(b) and any objection or modification to it. The hearing must be held on at least 28 days' notice under [Bankruptcy] Rule 2002(b) to: the debtor; creditors; equity security holders; and other parties in interest." Fed. R. Bankr. P. 3017(a). Local Rule 3017-1(a) provides that "[t]he plan proponent must obtain a disclosure statement hearing date from the Court," and "notice served under Fed. R. Bankr. P. 2002(b) and 3017 must provide at least 35 days' notice of the disclosure statement hearing and at least 28 days' notice of the deadline to object to approval of the disclosure statement." Del. Bankr. L.R. 3017-1(a). Additionally, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, trustee, all creditors and all indenture trustees at least 28 days' notice by mail of: (1) the time to file an objection and the time of the hearing to: (A) consider approving a disclosure statement" and "confirm . . . a Chapter 9 or 11 plan." Fed. R. Bankr. P. 2002(b). Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within the time set by the court." Fed. R. Bankr. P. 3020(b)(1). The Objection Deadline satisfies all of these requirements, because it is at least 28 days after service of the Confirmation Hearing Notice.

38. Promptly following entry of the Order, the Debtors will cause the Confirmation Hearing Notice to be served on their entire creditor matrix, consisting of approximately 5,900 creditors, equity holders, and interested parties. The Confirmation Hearing Notice provides the date and time of the Confirmation Hearing and Objection Deadline, and will also provide

19

instructions on how an interested party may object to confirmation of the Plan or the adequacy of the Disclosure Statement by the Objection Deadline.  The Confirmation Hearing Notice provides that objections to the approval of the Disclosure Statement or confirmation of the Plan, if any, shall:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objection and, if practicable, a proposed modification to the Plan that would resolve such objections; and  (e) be filed on the Court's docket no later than the Objection Deadline. The Debtors request that the Court direct in the Order that parties in interest may object to confirmation of the Plan only in this manner.

39.     The Debtors submit that the proposed Objection Deadline and related procedures are reasonable and appropriate and should be approved because they comply with the applicable sections of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**VII.    The Court Should Approve the Prepetition Solicitation Procedures.**

40.     The Debtors distributed the Solicitation Packages and began soliciting votes to accept or reject the Plan prior to the Petition Date, in accordance with sections 1125 and 1126 of the Bankruptcy Code.  *See* 11 U.S.C. § 1125(g) (permitting debtors to commence solicitation prior to filing chapter 11 petitions); *id.* § 1126(b) (providing that holders of claims or interests that accepted or rejected a plan before the commencement of a chapter 11 case are deemed to accept or reject the plan so long as the solicitation was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of such disclosure, or if there is no such applicable nonbankruptcy law, provided adequate information).

41.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims or Interests for the purpose of soliciting their votes to accept or reject a plan of

reorganization.  *See* Fed. R. Bankr. P. 3017(d) (providing that required materials include the plan, the related disclosure statement, and notice of the plan voting deadline).  The Solicitation Packages distributed to the Holders of Claims in the Voting Classes included all required materials.  Bankruptcy Rule 3017(e) provides that "the court must: (1) determine the adequacy of the procedures for sending the documents and information listed in [Bankruptcy Rule 3017](d)(1) to beneficial holders of stock, bonds, debentures, notes, and other securities; and (2) issue any appropriate orders."  Fed. R. Bankr. P. 3017(e).  As set forth herein, the Solicitation Procedures comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The Debtors seek approval of the Solicitation Procedures, the Ballots, and the procedures used for tabulating votes to accept or reject the Plan.

42.   Similar procedures have been approved in other chapter 11 cases in this district.  *See, e.g.*, *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 10, 2024) (approving prepackaged solicitation procedures); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same); *In re Lannett Co. Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same);  *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Aug. 24, 2022) (same); *In re Riverbed Tech., Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same).

43.   In addition, courts in this district have recognized that debtors may "straddle" solicitation by commencing solicitation before the petition date and continuing postpetition.  *See, e.g.*, *In re JOANN Inc.*, No. 24-10418 (CTG) (Bankr. D. Del. Mar. 19, 2026) (solicitation commenced before the petition date and continued postpetition); *In re Mallinckrodt PLC*, No. 20-11258 (JTD) (Bankr. D. Del. Aug. 30, 2023) (same); *In re Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del. Dec. 12, 2018) (same); *In re Se. Grocers, LLC*, No. 18-10700 (MFW) (Bankr. D. Del. Mar. 29, 2018) (same).  Because the Debtors sent the Solicitation Packages

to Holders of Claims and Interests entitled to vote on the Plan prior to the Petition Date, the Debtors do not believe that the Disclosure Statement must be conditionally approved for the Debtors' prepetition solicitation to continue postpetition.

### A.     Voting Record Date.

44.     Bankruptcy Rule 3018(b) provides that, in a prepetition solicitation, the holders of record of the applicable claims or interests against a debtor entitled to receive ballots and related solicitation materials are to be determined "on the date specified in the solicitation." Fed. R. Bankr. P. 3018(b).   Here, the Solicitation Cover Letter, the Disclosure Statement, the Confirmation Hearing Notice, and the Ballots clearly identified May 12, 2026, as the Voting Record Date, *i.e.*, the date for determining which Holders of Claims in the Voting Classes were entitled to vote to accept or reject the Plan.

### B.     Plan Distribution and Voting Deadlines.

45.     Bankruptcy Rule 3018(b) provides that prepetition acceptances and rejections of a plan are valid only if the plan was transmitted to substantially all the holders of claims and interests entitled to vote on the plan and the time for voting was not unreasonably short. *See* Fed. R. Bankr. P. 3018(b).  All Holders of Claims and Interests in the Voting Classes began being sent the Plan by email on or before June 7, 2026 (with first-class mailing following as soon as reasonably practicable thereafter).  As clearly set forth in the Disclosure Statement and Ballots, the Lender Voting Deadline was set for May 19[9], 2026 at 4:00 p.m. (prevailing Eastern Time) and the Interests Voting Deadline is set for July 8, 2026 at 4:00 p.m. (prevailing Eastern Time).

---

[9]   Holders of Class 3 Super-Priority Loan Claims and Class 4 First Lien Claims were permitted to rescind or change their vote until the Petition Date.

22

46.     In addition, in accordance with Bankruptcy Rules 2002, 3017, 3018 and 3020 and the Local Bankruptcy Rules, the Solicitation Procedures contemplate specialized procedures for the solicitation and submission of votes by Holders of GoHealth Class A Common Interests on the Plan.  These procedures accommodate the beneficial holdings arrangement among the beneficial holders and their nominees.  Specifically, pursuant to the dates and deadlines specified herein, holders of GoHealth Class A Common Interests received sufficient notice of the Interests Voting Deadline to review and consider the solicitation materials and decide how to vote on the Plan. Furthermore, the nominees will have sufficient time to convey voting information to beneficial holders and submit votes on the Plan to the Solicitation Agent by the Interests Voting Deadline. Therefore, in view of the foregoing, the Debtors respectfully request approval of the Solicitation Procedures.

47.     The Debtors submit that Holders of Claims in the Voting Classes, many of whom are sophisticated market participants, were involved in prepetition negotiations with the Debtors, returned their Ballots prepetition, and had adequate time to consider the Plan and Disclosure Statement, make a voting decision, and vote on the Plan by the Lender Voting Deadline.  For the Holders of Interests in the Voting Classes, such parties will have at least 28 days prior to the Interests Voting Deadline to vote their Interests.  Similar procedures have been approved in other chapter 11 cases in this district.  *See, e.g.*, *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 10, 2024) (approving postpetition voting deadline following prepetition solicitation); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same); *In re Lannett Co. Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re APC Auto. Techs. Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020) (same); *In re Longview Power, LLC*, No. 20-10951 (BLS) (Bankr. D. Del. Apr. 15, 2020) (same).

23

**C.      The Ballots.**

48.      Bankruptcy Rule 3017(d) requires the Debtors to transmit a form of ballot that substantially conforms to Official Form 314 only to those parties in interest that are actually entitled to vote on the Plan.  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection of a plan must: (A) be in writing; (B) identify the plan or plans; (C) be signed by the creditor or equity security holder-or an authorized agent; and (D) conform to Form 314."  Fed. R. Bankr. P. 3018(c).

49.      As set forth herein, Key Stakeholders were transmitted Ballots by email on the Key Stakeholder Ballot Distribution Date.  All Key Stakeholders who received such Ballots were qualified institutional buyers, accredited investors, or non-U.S. persons.  All other Holders of Interests entitled to vote on the Plan were transmitted Ballots by email on or around the Solicitation Commencement Deadline, and/or by first-class mail as soon as reasonably practicable thereafter if their email was unknown or they elected to receive mail.  The Ballots used in the Solicitation Packages are based on Official Form 314 and have been modified, as applicable, to address the particular circumstances of these chapter 11 cases to include certain information that the Debtors believe to be relevant and appropriate for Holders of Claims and Interests entitled to vote to accept or reject the Plan.  The forms of Ballots used in the Solicitation Packages are attached to the Order as Exhibit 3A, Exhibit 3B, Exhibit 3C, Exhibit 3D, Exhibit 3E, and Exhibit 3F, and should be approved.

**D.      Voting Tabulation.**

50.      The Debtors, with assistance from the Claims and Noticing Agent, are using standard tabulation procedures for tabulating votes for the Plan.  These procedures are consistent with section 1126(b) of the Bankruptcy Code and Bankruptcy Rule 3018(b), and accord with applicable nonbankruptcy law.  The Debtors believe that the proposed Tabulation Procedures will

facilitate the Plan Confirmation process. Specifically, the procedures will clarify any obligations of Holders of Claims and Interests entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirements of section 1126(c) of the Bankruptcy Code. Accordingly, the Debtors submit that the Tabulation Procedures are in the best interests of their estates, Holders of Claims and Interests, and all parties in interest, and that good cause supports the relief requested herein.

51.     The Tabulation Procedures are also similar to those previously used in prepackaged cases this district. *See*, *e.g.*, *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 10, 2024) (approving substantially similar vote tabulation procedures); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same); *In re Lannett Co. Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Aug. 24, 2022) (same); *In re Riverbed Tech., Inc.* No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same).

52.     The Claims and Noticing Agent will retain the Ballots and electronic copies of the same for a period of one year after the Effective Date, whereupon, the Claims and Noticing Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one year period or unless otherwise ordered by the Court.

### E.   The Debtors' Prepetition Solicitation Was Exempt from Registration and Disclosure Requirements Otherwise Applicable Under Nonbankruptcy Law.

53.     Section 1125(g) of the Bankruptcy Code provides that "an acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with

applicable nonbankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable nonbankruptcy law." 11 U.S.C. § 1125(g).  Further, section 1126(b) of the Bankruptcy Code provides that:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if—(1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or (2) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

> 11 U.S.C. § 1126(b).

54.    Prepetition solicitations must therefore either comply with generally applicable federal and state securities laws and regulations (including, to the extent applicable, registration and disclosure requirements thereof or applicable exemptions therefrom) or, if such laws and regulations do not apply, the solicited Holders must receive "adequate information" under section 1125 of the Bankruptcy Code.  *See id.*

55.    The Debtors respectfully submit that their prepetition solicitation of Eligible Holders (as defined below) was exempt from the registration requirements of the Securities Act of 1933 (the "Securities Act"), under one or more of the exceptions from registration provided thereunder, including section 4(a)(2) thereof, Regulation D, a safe harbor promulgated thereunder, and/or Regulation S under the Securities Act  and from registration under any state securities law ("Blue-Sky Laws").

56.    In general, the Securities Act requires an issuer to file a registration statement with the U.S. Securities and Exchange Commission prior to commencing a public offering.  15 U.S.C. § 77e(c).  The Debtors, however, were not required to file a registration statement under the

Securities Act due to their reliance on one or more of the exceptions to the registration requirements of the Securities Act, state "Blue Sky" laws, and similar statutes, rules, and regulations.  In particular, shares of the New Equity Interests will be issued in reliance upon either (a) after the Petition Date, section 1145 of the Bankruptcy Code, which creates an exemption from, among other things, the registration requirements under the Securities Act and any other applicable U.S. state or local law for securities issued under a plan of reorganization, or (b) prior to the Petition Date and, to the extent section 1145 of the Bankruptcy Code is not available, after the Petition Date, section 4(a)(2) of the Securities Act and/or Regulation D, which create an exemption from the Securities Act's registration requirements and otherwise applicable state laws for transactions not involving a "public offering."  15 U.S.C. § 77r(b)(4)(E) (preempting state law in offerings conducted pursuant to regulations under section 4(a)(2) of the Securities Act).  To comply with the Securities Act, the Debtors conducted prepetition solicitation of votes on the Plan only from Eligible Holders.  "Eligible Holders" means holders who are either (a) (i) an "accredited investor" (within the meaning of Rule 501(a) of Regulation D under the Securities Act), or (ii) a "qualified institutional buyer" (as defined in Rule 144A of the Securities Act) or (b) not a "U.S. person" (as defined in Regulation S under the Securities Act).  The Debtors believe that all parties solicited prepetition were Eligible Holders, and that there was no general solicitation or general advertising or directed selling efforts in connection with the sale of securities under the Plan. Accordingly, the Debtors were not required to file a registration statement regarding the offer of the New Equity Interests of the Reorganized Debtors, and the requirements of section 1126(b)(1) of the Bankruptcy Code are satisfied by the Debtors' prepetition solicitation process.

57.      Moreover, debtors in this district have utilized section 4(a)(2) of the Securities Act to exempt their prepetition solicitation from the registration and disclosure requirements otherwise

27

applicable under nonbankruptcy law. *See, e.g.*, *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 10, 2024) (approving solicitation procedures that included section 4(a)(2) exemption); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same); *In re Lannett Co. Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Aug. 24, 2022) (same); *In re Riverbed Tech., Inc.* No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same).

**VIII. The Disclosure Statement Contains "Adequate Information."**

58. At the Confirmation Hearing, the Debtors will request that the Court find that the Disclosure Statement contains "adequate information," as defined in section 1125(a) of the Bankruptcy Code. *See* 11 U.S.C. § 1126(b)(2) (providing that, if no nonbankruptcy law governs the solicitation of holders of claims or interests prior to the debtors commencing chapter 11 cases, such solicitation must have been based on the debtors providing such holders "adequate information" as defined in section 1125(a) of the Bankruptcy Code).

59. What constitutes "adequate information" is based on the facts and circumstances of each case, but the focus is on whether sufficient information is provided to enable parties to vote in an informed way. *See* 11 U.S.C. § 1125(a)(1); *see also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003) (providing that a disclosure statement must contain "adequate information to enable a creditor to make an informed judgment about the Plan") (internal quotations omitted); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (noting that "adequate information" varies on a case-by-case basis).

60. The Disclosure Statement contains adequate information to enable a hypothetical investor in one of the Voting Classes to make an informed judgment about the Plan, including, among other things: (a) both the Plan and the Debtors' related reorganization efforts; (b) certain

28

events and relevant negotiations preceding the commencement of these chapter 11 cases; (c) the key terms of the Restructuring Transactions; (d) risk factors affecting consummation of the Plan and the Restructuring Transactions; (e) a liquidation analysis setting forth an estimated recovery that Holders of Claims and Interests would receive in a hypothetical chapter 7 case; (f) financial information that is relevant in determining whether to accept or reject the Plan; (g) securities law consequences of the Plan; and (h) federal tax law consequences of the Plan.

61.     In addition, the Disclosure Statement and the Plan were subject to extensive review and comment by the Ad Hoc Revolver Group and the Ad Hoc TL Group.  Accordingly, the Debtors submit that the Disclosure Statement contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code.

**IX.     Waiver of Certain Solicitation Package Mailings.**

62.     The Debtors request that the Court waive the requirement that they mail a physical copy of the Solicitation Package to Holders of Claims and Interests presumed to accept or deemed to reject the Plan, including Holders of Class 10 Intercompany Claims and Class 11 Intercompany Interests.  *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of a court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity interest security holders except as the court orders otherwise).  Bankruptcy Rule 3017(d) applies, in relevant part, "[a]fter the disclosure statement has been approved." *Id*.  Accordingly, Bankruptcy Rule 3017 may be deemed to not apply here considering the prepetition solicitation process employed. *See also* 11 U.S.C. §§ 1126(f), (g) (providing that solicitation of parties either presumed to accept or deemed to reject is unnecessary).

63.     Distributing the Solicitation Packages (including full copies of the Plan and Disclosure Statement) to Holders of Claims and Interests not entitled to vote on the Plan by mail when not necessary is costly and administratively burdensome.  The Debtors submit that their

resources should not be dissipated by having to satisfy this mailing requirement, especially given that the Debtors have made the Plan and Disclosure Statement available at no cost on the Case Website, the Debtors intend to email all Holders not entitled to vote copies of the Solicitation Package upon request, and the Confirmation Hearing Notice and Publication Notice prominently display how parties in interest may access the Case Website and these materials free-of-charge. For the avoidance of doubt, the Debtors will, upon request, distribute a physical copy of the Solicitation Packages to any Holder of Claims and Interests not entitled to vote on the Plan (except Holders of Class 10 Intercompany Claims and Class 11 Intercompany Interests).

64. Similar waivers have been granted in other chapter 11 cases in this district. *See, e.g.*, *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 10, 2024) (providing that the debtors need not mail a copy of the plan or the disclosure statement to claimants presumed to accept or deemed to reject the plan unless requested by such claimants); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same); *In re Lannett Co. Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Aug. 24, 2022) (same); *In re Riverbed Tech., Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same).

65. The Debtors further request that they not be required to distribute physical copies of the Plan and Disclosure Statement to Holders of Claims and Interests who receive the Solicitation Package via first-class mail. Instead, Holders of Claims and Interests who receive the Solicitation Package via first-class mail will receive the Solicitation Cover Letter, which includes links to where the Holders of Claims and Interests can access the Plan and Disclosure Statement free of charge.

66.    Given the number of Holders of Claims and Interests, the physical size of the Plan and Disclosure Statement, and the total amount of cash collateral available to fund these chapter 11 cases, serving physical copies of the Plan and Disclosure Statement to every holder of a Claim or Interest would constitute a material unnecessary expense at a time when such funds could be used to fund the administration of the Debtors' chapter 11 cases.  To require that the Debtors also send physical copies of the Plan and Disclosure Statement would constitute an unnecessary economic and environmental burden.

67.    Furthermore, the Debtors request a waiver of any obligation for themselves or the Claims and Noticing Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots and Opt-In Forms), and that they not be required to resend Solicitation Packages or other solicitation materials, including the Confirmation Hearing Notice and Notices of Non-Voting Status, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

**X.    Conditional Waiver of the Creditors' Meeting and the Filing of Schedules, SOFAs, and 2015.3 Reports.**

68.    The Debtors submit that the circumstances of these chapter 11 cases merit a conditional waiver of the requirements that (a) the U.S. Trustee convene a Creditors' Meeting and (b) the Debtors file Schedules, SOFAs, and 2015.3 Reports, in each case, if the Plan is confirmed and goes effective within 75 days of the Petition Date.  This relief is appropriate because, among

other things, the Debtors commenced solicitation of votes on the Plan prepetition and General Unsecured Creditors are unimpaired under the Plan.

69.     Although section 341(a) of the Bankruptcy Code typically requires the U.S. Trustee to convene and preside over a meeting of the Debtors' creditors, this requirement can be waived under the circumstances present here. Specifically, section 341(e) provides:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e)

70.     Given that the Debtors commenced solicitation of votes on the Plan prepetition, unsecured creditors are unimpaired under the Plan, and the Plan has the support of the holders of 100% of Class 3 Claims, 100% of Class 4 Claims, over 99% of Class 6 Interests, and 61% of Class 8 Interests, there is cause for the Court to conditionally waive the requirement that the U.S. Trustee convene the Creditors' Meeting. Accordingly, the Debtors request that the Court order that the Creditors' Meeting need not be convened if the Debtors obtain confirmation of the Plan and the Plan goes effective within 75 days of the Petition Date, subject to the Debtors' right to seek extensions in consultation with the U.S. Trustee.

71.     The Debtors also request that the requirement to file Schedules, SOFAs, and 2015.3 Reports be waived in the event that the Plan is confirmed and goes effective within 75 days of the Petition Date. Pursuant to Local Rule 1007-1(a), the Debtors are already entitled to a 28-day extension of the requirement to file their Schedules and SOFAs because the Debtors have approximately 5,900 creditors. The Court has authority to grant a further extension "for cause" pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(a). *See* Fed. R. Bankr. P. 1007(c); Del. Bankr. L.R. 1007-1(a). Bankruptcy Rule 9006(b)(1) provides the Court with authority to

extend the period of time to file the Schedules, SOFAs, and 2015.3 Reports "for cause." Fed. R. Bankr. P. 9006(b)(1). Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that a debtor is "not able, after a good-faith effort, to comply with [the reporting requirements]," or that "the required information is publicly available." Fed. R. Bankr. P. 2015.3(d).

72.     Here, cause exists to further extend the deadline because requiring the Debtors to file Schedules, SOFAs, and 2015.3 Reports would distract the Debtors' management and advisors from the work of ensuring a smooth and swift transition into and out of these chapter 11 cases through confirmation and consummation of the Plan. Given the prepackaged nature of these chapter 11 cases and the fact that the Plan will leave General Unsecured Claims Unimpaired, the Schedules, SOFAs, and 2015.3 Reports would be of limited utility to most parties in interest and would be significantly outweighed by the substantial expenditure of time and resources the Debtors will be required to devote to the preparation and filing of these documents. For these reasons, the Court should only require that the Debtors file Schedules, SOFAs, and 2015.3 Reports if the Plan is not confirmed or does not go effective within 75 days of the Petition Date, subject to the Debtors' right to seek extensions in consultation with the U.S. Trustee.

73.     Courts in this district have frequently conditionally waived the requirements for the U.S. Trustee to convene a Creditors' Meeting and for a debtor to file Schedules, SOFAs, and 2015.3 Reports in other prepackaged chapter 11 cases. *See, e.g.*, *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 10, 2024) (conditionally waiving the requirement to (a) convene a Creditors' Meeting if the plan was confirmed within 50 days of the petition date and (b) file Schedules, SOFAs, and 2015.3 Reports if the plan was confirmed within 75 days of the petition date); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same);

33

*In re Lannett Co. Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Aug. 24, 2022) (same); *In re Riverbed Tech.*, No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same). For the reasons discussed above, similar relief is appropriate in these Chapter 11 Cases.

74. The Debtors ask that the requested relief be granted without prejudice to the Debtors' ability to seek further extensions or modifications of the requirement for the U.S. Trustee to convene a Creditors' Meeting and for the Debtors to file Schedules, SOFAs, and 2015.3 Reports. The Debtors also request that the Court authorize the Debtors to further extend the deadline to convene a Creditors' Meeting and file Schedules, SOFAs, and 2015.3 Reports without filing a supplemental motion, and without further order from the Court, provided that the Debtors obtain the advance consent of the U.S. Trustee.

## XI. Waiver of Local Rule 3017-3.

75. The Debtors seek entry of an order waiving the requirements of Local Rule 3017-3 to permit them to exceed the page limit requirement with respect to the Confirmation Brief.

76. Local Rule 3017-3 provides that no brief in support of confirmation of a plan shall exceed 60 pages in length. A brief, however, may exceed 60 pages with leave of the Court. *Id.* Further, Local Rule 1001-1(d) provides that "[t]he Court may modify application of these Local Rules in any case or proceeding in the interest of justice." Del. Bankr. L.R. 1001-1(d).

77. The Debtors submit that authority to exceed the page limitations prescribed by Local Rule 3017-3 with respect to the Confirmation Brief is reasonable and appropriate under the circumstances. The Confirmation Brief will present the Debtors' arguments for approval of the adequacy of their Disclosure Statement and confirmation of their Plan, explaining at length how both the Disclosure Statement and the Plan satisfy the Bankruptcy Code's solicitation and confirmation requirements. As a result, the Confirmation Brief addresses in one brief what is

34

typically addressed in two separate briefs. Thus, although the Debtors are still in the process of drafting the Confirmation Brief, the Confirmation Brief may exceed the page limit in Local Rule 3017-3. Out of an abundance of caution, the Debtors request the Court to waive the requirements of Local Rule 3017-3 and to permit the Debtors to file the Confirmation Brief in excess of 60 pages.

### Notice

78.     The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the state attorneys general for states in which the Debtors conduct business; (d) the United States Attorney for the District of Delaware; (e) the Internal Revenue Service; (f) counsel to the Ad Hoc Group of Term Lenders; (g) counsel to the Ad Hoc Group of Revolving Lenders; (h) the Securities and Exchange Commission; (i) any other governmental agencies having a regulatory or statutory interest in this case; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

79.     No prior request for relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: June 7, 2026
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS LLP** |
| Laura Davis Jones (DE Bar No. 2436) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| James O'Neill (DE Bar No. 4042) | Anup Sathy, P.C. (*pro hac vice* pending) |
| Edward A. Corma (DE Bar No. 6718) | Alexandra F. Schwarzman, P.C. (*pro hac vice* pending) |
| 919 North Market Street, 17th Floor | David R. Gremling (*pro hac vice* pending) |
| Wilmington, Delaware 19801 | 333 West Wolf Point Plaza |
| Telephone: (302) 652-4100 | Chicago, Illinois 60654 |
| Facsimile: (302) 652-4400 | Telephone: (312) 862-2000 |
| Email: ljones@pszjlaw.com | Facsimile: (312) 862-2200 |
| joneill@pszjlaw.com | Email: anup.sathy@kirkland.com |
| ecorma@pszjlaw.com | alexandra.schwarzman@kirkland.com |
| | dave.gremling@kirkland.com |

*Proposed Co-Counsel for the Debtors and Debtors in Possession*  

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[10] | ) | Case No. 26-10914 [●] |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) | **Re: Docket No. _** |

**ORDER (I) SCHEDULING A COMBINED
DISCLOSURE STATEMENT APPROVAL AND
PLAN CONFIRMATION HEARING, (II) APPROVING
RELATED DATES, DEADLINES, NOTICES, AND PROCEDURES,
(III) APPROVING THE SOLICITATION PROCEDURES AND RELATED
DATES, DEADLINES, AND NOTICES, (IV) CONDITIONALLY WAIVING THE
REQUIREMENT THAT (A) THE U.S. TRUSTEE CONVENE A MEETING OF
CREDITORS AND (B) THE DEBTORS FILE SCHEDULES OF ASSETS AND
LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3
FINANCIAL REPORTS, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[11] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling the Confirmation Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing related dates and deadlines, including the Objection Deadline, and approving related procedures, (c) approving the Solicitation Procedures, (d) approving the Solicitation Packages, (e) approving the form and manner of the Confirmation Hearing Notice and the Publication Notice, (f) approving the form and manner of the Ballots; (g) approving the form and manner of the TRA Amendment Notice; (h) *provided* that the Plan is confirmed and goes effective

---

[10]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (N/A); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[11]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

within 75 days of the Petition Date, conditionally (x) directing that the U.S. Trustee not convene a Creditors' Meeting under section 341(e) of the Bankruptcy Code and (y) waiving the requirement that the Debtors file Schedules, SOFAs, and 2015.3 Reports, (i) allowing the notice period for the Disclosure Statement and Confirmation Hearing to run simultaneously, (j) waiving the requirements of Local Rule 3017-3 to permit the Debtors to exceed the page limit requirement for the Confirmation Brief, and (k) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Any objection to the entry of this Order, to the extent not withdrawn or settled, is overruled.

3.      The following Confirmation Schedule is hereby approved in its entirety (subject to modification as necessary):

| Event | Date |
|---|---|
| Voting Record Date | May 12, 2026 |
| Key Stakeholder Ballot Distribution Date | May 15, 2026 |
| Preliminary Lender Voting Deadline | May 19, 2026 at 6:00 p.m., prevailing Eastern Time |
| Solicitation Commencement Deadline | June 7, 2026 |
| Final Lender Voting Deadline | June 7, 2026 at 12:00 p.m., prevailing Eastern Time |
| Service of the Confirmation Hearing Notice and Service of the Notices of Non-Voting Status and Opt-In Form | Within two business days or as soon as reasonably practicable following approval of the Confirmation Hearing Notice and the Notices of Non-Voting Status and Opt-Out Form |
| Initial Plan Supplement Deadline | July 1, 2026 |
| Interests Voting Deadline, Opt-In Deadline, Objection Deadline | July 8, 2026, at 4:00 p.m., prevailing Eastern Time |
| Deadline to File the Final Voting Report, Confirmation Brief, and Reply | July 13, 2026, at 4:00 p.m., prevailing Eastern Time |
| Confirmation Hearing | July 16, 2026, subject to Court availability |

4.      The Confirmation Hearing, at which time this Court will consider, among other things, approval of the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on **July 16, 2026, at     :     [a.m./p.m.], prevailing Eastern Time**.    The Confirmation Hearing may be adjourned from time to time without further notice other than an

announcement of the adjourned date or dates in open court or at the Confirmation Hearing, and notice of such adjourned date(s) will be available on the electronic case filing docket.

5.      Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be filed on or before **July 8, 2026, at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

6.      Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan must:  (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state with particularity the legal or factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with this Court by the Objection Deadline with proof of service thereof.

7.      Any brief in support of confirmation of the Plan and approval of the adequacy of the Disclosure Statement (including any reply to any objections) shall be filed no later than **July 13, 2026, at 4:00 p.m., prevailing Eastern Time**.

8.      The Voting Record Date (**May 12, 2026**), the Preliminary Lender Voting Deadline (**May 19, 2026, at 4:00 p.m., prevailing Eastern Time**), the Final Lender Voting Deadline (**June 7, 2026, at 12:00 p.m., prevailing Eastern Time**) and the Interests Voting Deadline (**July 8, 2026, at 4:00 p.m., prevailing Eastern Time**) are approved.

9.      The Debtors will file an initial Plan Supplement by **July 1, 2026**.

10.     The form and service of each of (a) the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, (b) the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, (c) the Ballots, substantially in the forms attached hereto as

**Exhibit 3A**, **Exhibit 3B**, **Exhibit 3C**, **Exhibit 3D**, **Exhibit 3E**, and **Exhibit 3F**; (d) the Notices of Non-Voting Status and Opt-In Form, substantially in the forms attached hereto as **Exhibit 4A** and **Exhibit 4B**, (e) the Plan Supplement Notice, substantially in the form attached hereto as **Exhibit 5**, (f) the TRA Amendment Notice, substantially in the form attached hereto as **Exhibit 6**, and (g) the Solicitation Cover Letter, substantially in the form attached hereto as **Exhibit 7**, each comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and are approved in all respects. For the avoidance of doubt, nothing in the Order constitutes a finding of fact or conclusion of law regarding whether the Debtors' proposed third-party releases are consensual, and the rights of the U.S. Trustee and all other parties' in interest to object to confirmation on any and all grounds, other than adequacy of the forms listed herein, are fully preserved.

11. The Debtors are authorized, but not directed, to combine the notice of the Confirmation Hearing and the Objection Deadline (and related procedures) with the notice of commencement of the chapter 11 cases.

12. The notice provided by the Confirmation Hearing Notice and the Publication Notice of the matters set forth therein constitutes good and sufficient notice of such matters for all purposes and no other or further notice shall be necessary. The notice procedures set forth herein constitute good and sufficient notice of the commencement of these chapter 11 cases and the Confirmation Hearing and the deadline and procedures for objecting to the adequacy of the Disclosure Statement and/or confirmation of the Plan.

13. The Debtors are authorized to cause the Publication Notice to be published in *The New York Times* (national edition) or another nationally circulated newspaper as soon as practicable following entry of this Order.

14.     The Solicitation Procedures satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations, and are approved in all respects, subject to final approval at the Confirmation Hearing.

15.     The Tabulation Procedures used for tabulations of votes to accept or reject the Plan are approved on an interim basis, subject to final approval at the Confirmation Hearing.

16.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to Holders of Claims or Interests that are either (a) unimpaired under, and conclusively presumed to accept, the Plan under section 1126(f) of the Bankruptcy Code or (b) do not receive or retain any property under, and are conclusively deemed to reject, the Plan under section 1126(g) of the Bankruptcy Code; *provided* that the Debtors will provide Solicitation Packages to the foregoing Holders (other than those in Classes 10 and 11) upon request.

17.     The U.S. Trustee need not convene a meeting of creditors pursuant to section 341(e) of the Bankruptcy Code unless the Plan is not confirmed and does not go effective within 75 days following the Petition Date, without prejudice to the Debtors' right to request further extensions thereof.

18.     Cause exists to waive the requirement that the Debtors file the Schedules, SOFAs, and 2015.3 Reports if the Plan is confirmed and goes effective within 75 days of the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof.

19.     The Debtors are authorized to cause this Order to be posted on the Case Website as soon as practicable.

20.     The requirements of Local Rule 3017-3 are hereby waived to permit the Debtors to exceed the page limit requirement for the Confirmation Brief.

21.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code (or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim.

22.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion

25.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.