**<u>Exhibit 3E</u>**

**Form of Beneficial Holder Ballot for
Holders of Class 8 GoHealth, Inc. Class A Common Stock**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
| | ) | |
| Debtors. | ) | (Joint Administration Request) |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR VOTING TO
ACCEPT OR REJECT THE JOINT PREPACKAGED CHAPTER 11 PLAN
OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

**BENEFICIAL BALLOT FOR HOLDERS OF
CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND NOTICING AGENT BY JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "INTERESTS VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

**PRIOR TO COMMENCEMENT OF THE CHAPTER 11 CASES, ONLY HOLDERS OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK WHO ARE ELIGIBLE HOLDERS (AS DEFINED BELOW) ARE ENTITLED TO VOTE PURSUANT TO THIS BENEFICIAL HOLDER BALLOT. ANY VOTE CAST ON THIS BENEFICIAL HOLDER BALLOT PRIOR TO THE ENTRY OF THE SOLICITATION PROCEDURES ORDER ON BEHALF OF A BENEFICIAL HOLDER WHO IS NOT ALSO AN ELIGIBLE HOLDER WILL NOT COUNT.**

**AN "ELIGIBLE HOLDER" IS A HOLDER OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK THAT CERTIFIES TO THE REASONABLE SATISFACTION OF THE DEBTORS THAT IT IS (A) A "QUALIFIED INSTITUTIONAL BUYER" (AS DEFINED IN RULE 144A OF THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT")), (B) AN "ACCREDITED INVESTOR" WITHIN THE MEANING OF RULE 501(A), OR (C)(I) LOCATED OUTSIDE THE UNITED STATES, (II) NOT A "U.S. PERSON" (AS DEFINED IN RULE 902(K) OF REGULATION S OF THE SECURITIES ACT) AND (III) NOT PARTICIPATING ON BEHALF OF OR ON ACCOUNT OF A U.S. PERSON.**

**A "NON-ELIGIBLE HOLDER" IS A HOLDER OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK THAT IS NOT AN ELIGIBLE HOLDER.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 5] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

*Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 6] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Debtors may file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, a copy of which is available at https://www.bankruptcy.angeiongroup.com/gohealth.

You are receiving this ballot (this "Ballot") because you are a Beneficial Holder of a Class 8 GoHealth, Inc. Class A Common Stock ("Class 8 Interests") as of **May 12, 2026** (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Class 8 Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, that will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of Class 8 Interests.

Your rights are described in the Confirmation Hearing Notice and the Disclosure Statement, which were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as certain other materials). ***Please note that, pursuant to the Plan, each Holder of GoHealth, Inc. Class A Common Stock or GoHealth Holdings Interests that is also a lender under the First Lien Credit Agreement or Super-Priority Credit Agreement (and, to the extent applicable, such Holder's fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Common Stock or Interest) shall each waive its right to recover its Specified Pro Rata Share of the Equity Recovery Pool.***

If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by: (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll-free) or +1-332-284-1398 (International, toll). You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth. The Plan Supplement will be filed with the Court no later than July 1, 2026, and may be accessed free of charge at the link provided herein. Physical copies of the Plan Supplement may also be requested free of charge as provided herein.

**U.S./Canada Toll Free: +1-877-583-1578**
**International, Toll: +1-332-284-1398**

This Class 8 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 8 Beneficial Holder Ballot in error, or if you believe you have received the wrong ballot, please contact the Claims and Noticing Agent ***immediately*** at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest. Your Interest has been placed in Class 8 under the Plan.

**Item 1.**          **Number of Shares.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned is the Holder of the following *aggregate* number of shares of Class 8 GoHealth, Inc. Class A Common Stock (insert amount in box below, unless otherwise completed by your Nominee):[2]

|  |
|---|
| _____ |

**Item 2.**          **Vote on Plan.**

The Holder of the Class 8 GoHealth, Inc. Class A Common Stock of the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check one):

| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |
|---|---|

**Your vote on the Plan will be applied to the Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3.**          **Eligible Holder.**

The undersigned certifies that it is either (A) (i) a "qualified institutional buyer" (as defined in Rule 144A of the Securities Act of 1933 (as amended, the "Securities Act")), or (ii) an "accredited investor" within the meaning of Rule 501(a), or (B) (i) located outside of the United States, (ii) not a "U.S. person" (as defined in Regulation S of the Securities Act), and (iii) not participating on behalf of or on account of a U.S. person.

| ☐   **By checking this box, the Holder of the Interests identified in Item 1 certifies that it is an Eligible Holder** |
|---|

**Item 4.**          **Important information regarding releases under the Plan.**[3]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other**

---

[2]      For voting purposes only.

[3]      The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Ballot.

applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, or any other Definitive Document, or any Restructuring Transaction, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Debtor Release, the Debtor Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (3) any Released Party from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any

derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates (as applicable) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Reorganized Debtors, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, or the Plan Supplement, any other Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Third-Party Release, the Third-Party Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan; (3) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (4) any Claims against a Released Party arising from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release, except as provided therein.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*CAUSES OF ACTION*" MEANS ANY CLAIMS, CROSS CLAIMS, THIRD-PARTY CLAIMS, INTERESTS, DAMAGES, REMEDIES, CAUSES OF ACTION, DEMANDS, RIGHTS, ACTIONS,

CONTROVERSIES, PROCEEDINGS, AGREEMENTS, SUITS, OBLIGATIONS, LIABILITIES, LOSS, DEBT, FEE OR EXPENSE, JUDGMENT, ACCOUNTS, DEFENSES, OFFSETS, POWERS, PRIVILEGES, LICENSES, LIENS, INDEMNITIES, CONTRIBUTIONS, GUARANTIES, AND FRANCHISES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, SECURED OR UNSECURED, ASSERTABLE, DIRECTLY OR DERIVATIVELY, MATURED OR UNMATURED, SUSPECTED OR UNSUSPECTED, WHETHER ARISING BEFORE, ON, OR AFTER THE PETITION DATE, IN CONTRACT, TORT, LAW, EQUITY, OR OTHERWISE.  CAUSES OF ACTION ALSO INCLUDE: (A) ALL RIGHTS OF SETOFF, COUNTERCLAIM, OR RECOUPMENT AND CLAIMS UNDER CONTRACTS OR FOR BREACHES OF DUTIES IMPOSED BY LAW OR IN EQUITY; (B) THE RIGHT TO OBJECT TO OR OTHERWISE CONTEST CLAIMS OR INTERESTS; (C) CLAIMS PURSUANT TO SECTION 362 OR CHAPTER 5 OF THE BANKRUPTCY CODE; (D) SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, AND USURY, AND ANY OTHER DEFENSES SET FORTH IN SECTION 558 OF THE BANKRUPTCY CODE; AND (E) ANY AVOIDANCE ACTIONS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) THE RELEASING PARTIES; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (F); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (E).

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:   (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) ALL HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 WHO VOTE TO ACCEPT THE PLAN; (E) ALL HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 WHO AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE PRESUMED TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (H) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN.[4]

**The Holder of the Interests identified in Item 1 elects to:**

| |
|---|
| ☐  **OPT IN to the Third-Party Release** |

**Check the box above if you elect to grant the Third-Party Release contained in Article VIII.D of the Plan. Election to withhold consent is at your option. If you would otherwise be entitled to a release under the Plan**

---

[4]   For the avoidance of doubt, unless expressly indicated on a Ballot voting to accept the Plan, the members of the Ad Hoc Revolver Group participating in the Plan are doing so only in their capacity as holders of Super-Priority Loan Claims and/or First Lien Claims as of the Petition Date, and any actions taken by a member of the Ad Hoc Revolver Group in connection with the Plan and the Restructuring Transactions as well as any releases provided in connection with the Plan are only with respect to such lender's interest in the Super-Priority Loan Claims or First Lien Claims that are now owned or subsequently acquired by such member of the Ad Hoc Revolver Group. In addition, the provisions of the Plan shall only apply to such trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Claim and shall not apply to any other trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) of the members of the Ad Hoc Revolver Group, which, so long as they are not acting at the direction of or for the benefit of such member of the Ad Hoc Revolver Group or such Ad Hoc Revolver Group member's investment in the Debtors, will not be considered "Releasing Parties" or "Released Parties" under the Plan.

**but you do not vote to opt in to the Third-Party Release, you will not be granted a release from the Releasing Parties under the Plan.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, the Cash Collateral Orders, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, the negotiation and pursuit of the Definitive Documents, the Plan Supplement, the pursuit of Confirmation, the pursuit of Consummation, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes to accept or reject the Plan and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder. In addition, notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests or Causes of Action that have been released, discharged, settled, or are subject to exculpation under the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities, in each case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any**

such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.

No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to Article VIII.C, Article VIII.D, and Article VIII.E of the Plan, without the Bankruptcy Court (1) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (2) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.

**Item 5.**        **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)        as of the Voting Record Date, the Entity is the Holder (or authorized signatory for a Holder) of the Interests set forth in Item 1;

(b)        the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)        the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(d)        no other Ballots with respect to the amount of the Interest identified in Item 1 has been cast or, if any other Ballots have been cast with respect to such Interest, then any such earlier Ballots are revoked;

(e)        the Entity understands and acknowledges that if multiple Ballots are submitted voting the Interest set forth in Item 1, only the last valid Ballot voting the Interest and received by the Nominee before the Interests Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Nominee; and

(f)        the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

Name of Holder: _____

(Print or Type)

| Signature: | |
|---|---|
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 8 GoHealth, Inc. Class A Common Stock with respect to the Plan referred to in the Disclosure Statement. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. Please vote, whether by this Beneficial Holder Ballot or otherwise, as directed by your Nominee.  **The Claims and Noticing Agent will tabulate all properly completed pre-validated Beneficial Holder Ballots and Master Ballots received on or before the Interests Voting Deadline. IF YOU ARE RETURNING YOUR BENEFICIAL HOLDER BALLOT TO YOUR NOMINEE, PLEASE RETURN IT BY THE DEADLINE PROVIDED BY YOUR NOMINEE TO ALLOW SUFFICIENT TIME FOR YOUR VOTE TO BE INCLUDED ON A MASTER BALLOT AND FORWARDED TO THE CLAIMS AND NOTICING AGENT BY THE INTERESTS VOTING DEADLINE.**

4. **IF, AND ONLY IF, YOU RECEIVED A "PRE-VALIDATED" BENEFICIAL HOLDER BALLOT FROM YOUR NOMINEE, YOU MAY SUBMIT SUCH PRE-VALIDATED BENEFICIAL HOLDER BALLOT DIRECTLY TO THE CLAIMS AND NOTICING AGENT BY ONLY ONE OF THE FOLLOWING METHODS:**

     a. **Return your completed and signed "pre-validated" Beneficial Holder Ballot in the return envelope provided, if any, or otherwise by regular mail, overnight mail, or hand delivery to:**

| **If by First Class Mail:** |
|---|
| Donlin, Recano & Company, LLC<br>Re:  GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 |
| **If by Hand Delivery or Overnight Mail:** |
| Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re:  GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br><br>To arrange hand delivery of your Ballot, please email the Claims and Noticing Agent at ghiinfo@angeiongroup.com (with "GoHealth, Inc. Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery. |

     b. **Return your completed and signed "pre-validated" Beneficial Holder Ballot by email to drcvote@angeiongroup.com (with "GoHealth Beneficial Holder Ballot" in the subject line).**

5. If it is your Nominee's customary practice to collect your vote via voter information form, email, telephone, electronic website link or other means in lieu of this Beneficial Holder Ballot, you may follow your Nominee's instructions regarding the submission of your vote.

6. The Interests Voting Deadline for the receipt of Master Ballots by the Claims and Noticing Agent is **July 8, 2026, at 4:00 p.m., prevailing Eastern Time**. Unless you received a "pre-validated" Beneficial Holder Ballot from your Nominee, your completed Class 8 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Claims and Noticing Agent on or before the Interests Voting Deadline.

7. If a Class 8 Beneficial Holder Ballot is received after the Interests Voting Deadline and if the Interests Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 8 Beneficial Holder Ballot will *not* be counted**:

   (a)    any Class 8 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;

   (b)    Class 8 Beneficial Holder Ballots sent to the Debtors, the Debtors' agents, the Debtors' financial or legal advisors or any other person (other than the Beneficial Holder's Nominee and, only with respect to a "pre-validated" Beneficial Holder Ballot, other than the Claims and Noticing Agent);

   (d)    any Class 8 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Interest;

   (e)    any Class 8 Beneficial Holder Ballot cast by an Entity that does not hold a Claim or Interest in the Voting Classes;

   (f)    any Class 8 Beneficial Holder Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

   (g)    any unsigned Class 8 Beneficial Holder Ballot; and/or

   (i)    any Class 8 Beneficial Holder Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8. The method of delivery of Class 8 Beneficial Holder Ballot to the Nominee is at the election and risk of each Holder of Claims or Interests. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent *actually receives* the Master Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

9. If multiple Class 8 Beneficial Holder Ballot are received from the same Holder with respect to the same Interests prior to the Interests Voting Deadline, the latest dated, timely received, and valid Ballot will supersede and revoke any earlier received Ballots.

10. This Class 8 Beneficial Holder Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or withdraw the Plan, (ii) the Confirmation Order is not entered, or (iii) consummation of the Plan does not occur.

11. You must vote all of your Claims or Interests within your respective class either to accept or reject the Plan and may *not* split your vote.

12. This Class 8 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

13. **<u>Please be sure to sign and date your Class 8 Beneficial Holder Ballot</u>**. If you are signing a Class 8 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

14.   If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one ballot coded for each different Class.  Each ballot votes only your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

15.  If you are both the Nominee and the Beneficial Holder of any of the Class 8 Interests and you wish to vote such Class 8 Interests, you may return a Beneficial Holder Ballot or Master Ballot for such Class 8 Interests and you must vote your entire Class 8 Interests to either accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot that partially rejects and partially accepts the Plan, other than a Master Ballot with the votes of multiple Beneficial Holders, will not be counted.

16.  THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S./CANADA TOLL FREE:  +1-877-583-1578**
**INTERNATIONAL, TOLL:  +1-332-284-1398**

**OR EMAIL <u>GHIINFO@ANGEIONGROUP.COM</u> (WITH "GOHEALTH SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE INTERESTS VOTING DEADLINE, WHICH IS <u>JULY 8, 2026, AT 4:00 P.M.</u>, PREVAILING EASTERN TIME, AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**