**Exhibit B**

**Terry Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re:  Docket No. __** |
|  | ) |  |

**DECLARATION OF LISA TERRY
IN SUPPORT OF DEBTORS' APPLICATION FOR APPOINTMENT OF
DONLIN, RECANO & COMPANY, LLC AS CLAIMS AND NOTICING AGENT
PURSUANT TO 28 U.S.C. § 156(c), EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Lisa Terry, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am the Senior Legal Director of Donlin, Recano & Company, LLC ("DRC"), a chapter 11 administrative services firm with offices at 200 Vesey Street, 24th Floor, New York, NY 10281.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.      This Declaration is made in support of the above-captioned debtors' (collectively, the "Debtors") *Application of Debtors for Appointment of Donlin, Recano & Company, LLC as Claims and Noticing Agent pursuant to 28 U.S.C. § 156(c), Effective as of the Petition Date*, to

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

which this declaration is attached (the "Application").[2]   Except as otherwise noted, I have personal knowledge of the facts contained in this declaration.  I am above the age of eighteen and if called upon to testify, I could and would testify competently to the facts set forth herein.

## Qualifications

3.      DRC is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  DRC's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  DRC's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide.  DRC has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest.  DRC's active and former cases include:  *See, e.g., In re Hronis, Inc.*, No. 26-10978 (Bankr. E.D. Cal. Mar. 13, 2026); *In re Dynacq Healthcare, Inc.*, No. 25-90798 (ARP) (Bankr. S.D. Tex. Dec. 15, 2025); *In re Razzoo's, Inc.*, No. 25-90522 (ARP) (Bankr. S.D. Tex. Oct. 1, 2025); *In re Rizo-Lopez Foods, Inc.*, No. 25-25004 (Bankr. E.D. Cal. Sept. 19, 2025); *In re The Roman Cath. Bishop of Fresno*, No. 25-12231 (Bankr. E.D. Cal. July 7, 2025); *In re Marin Software Inc.*, No. 25-11263 (LSS) (Bankr. D. Del. July 3, 2025); *In re Corvias Campus Living - USG, LLC*, No. 25-11214 (LSS) (Bankr. D. Del. July 2, 2025); *In re TreeSap Farms, LLC*, No. 25-90017 (ARP) (Bankr. S.D. Tex. Feb. 25, 2025); *In re Onyx Owner, LLC*, No. 24-12816

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings set forth in the Application.

2

(CTG) (Bankr. D. Del. Jan. 27, 2025); *In re Rainbow Prod. Servs., LLC,* No. 24-12564 (KBO) (Bankr. D. Del. Nov. 6, 2024); *In re Am. Tire Distribs., Inc., (n/k/a Oldco Tire Distributors., Inc.)*, No. 24-12391 (CTG) (Bankr. D. Del. Oct. 25, 2024); *In re The Roman Cath. Bishop of San Diego*, No. 24-02202 (Bankr. S.D. Cal. Aug. 8, 2024); *In re The Roman Cath. Bishop of Sacramento*, No. 24-21326 (Bankr. E.D. Cal. Apr. 4, 2024); *In re The Roman Cath. Bishop of Santa Rosa*, No. 23-10113 (Bankr. N.D. Cal. Mar. 17, 2023); *In re Trinitas Farming, LLC,* No. 24-50211 (Bankr. N.D. Cal. Mar. 15, 2024); *In re Nogin, Inc.,* No. 23-11945 (CTG) (Bankr. D. Del. Dec. 7, 2023); *In re Novvi, LLC*, No. 23-90906 (CML) (Bankr. S.D. Tex. Dec. 4, 2023); *In re Polaris Operating, LLC,* No. 23-32810 (CML) (Bankr. S.D. Tex. July 31, 2023); *In re Sherman/Grayson Hosp., LLC*, No. 23-10810 (JKS) (Bankr. D. Del. July 30, 2023); *In re Paradox Res., LLC,* No. 23-90558 (DRJ) (Bankr. S.D. Tex. May 23, 2023); *In re Tritek Int'l Inc.,* No. 23-10520 (TMH) (Bankr. D. Del. Apr. 28, 2023); *In re PLx Pharma Inc., (n/k/a PLx Pharma Winddown Corp.)*, No. 23-10456 (MFW) (Bankr. D. Del. Apr. 14, 2023); *In re SiO2 Med. Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. Mar. 30, 2023); *In re The Roman Cath. Diocese of Albany, N.Y.*, No. 23-10244 (REL) (Bankr. N.D.N.Y. Apr. 3, 2023); *In re HyreCar, Inc.*, No. 23-10259 (JTD) (Bankr. D. Del. Feb. 28, 2023); *In re Lucira Health, Inc.*, No. 23-10242 (MFW) (Bankr. D. Del. Feb. 24, 2023).

### Services to be Rendered

4.      As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), DRC will perform, at the request of the Office of the Clerk of the Court (the "Clerk"), the noticing and claims-related services specified in the Application and the Services Agreement, and, at the Debtors' request, any related administrative, technical, and support services as specified in the Application and the Services Agreement.  In performing such services, DRC will charge the

3

Debtors the rates set forth in the Services Agreement, which is attached as <u>Exhibit 1</u> to <u>Exhibit A</u> to the Application.

5.      DRC represents, among other things, the following:

(a)    DRC is not a creditor of the Debtors;

(b)    DRC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c)    By accepting employment in these chapter 11 cases, DRC waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d)    In its capacity as the Claims and Noticing Agent in these chapter 11 cases, DRC will not be an agent of the United States and will not act on behalf of the United States;

(e)    DRC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f)    DRC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g)    In its capacity as Claims and Noticing Agent in these chapter 11 cases, DRC will not intentionally misrepresent any fact to any person;

(h)    DRC shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)    DRC will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)    None of the services provided by DRC as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

6.      Although the Debtors do not propose to retain DRC under section 327 of the Bankruptcy Code pursuant to this Application (such retention will be sought by separate application), I caused to be submitted for review by our conflicts system the names of potential parties-in-interest (the "<u>Potential Parties in Interest</u>") in these chapter 11 cases.  A list of

Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' largest unsecured creditors on a consolidated basis, the U.S. Trustee and persons employed in the office of the U.S. Trustee, and other parties.  The Potential Parties in Interest list was compared to an internal database that includes, among others, DRC's parent entities, affiliates, and subsidiaries.  At this time, and as set forth in further detail herein, DRC is not aware of any connection that would present a disqualifying conflict of interest.  Should DRC discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, DRC will use reasonable efforts to promptly file a supplemental declaration.

7.      DRC is a subsidiary of RCP Case Services Intermediate, LLC ("RCP"), which serves as the parent holding company for certain companies involved in class action and mass tort administration, as well as other legal products and services.  Within the RCP structure, DRC operates as a separate and independent legal entity.  Given the legal and operational separateness of DRC from RCP, DRC does not believe that any relationships maintained by RCP would create an interest materially adverse to the Debtors' estates, creditors, or equity security holders.  RCP and its subsidiaries do not provide advisory services in restructurings.

8.      To the best of my knowledge and based solely upon information provided to me by the Debtors, and except as provided herein, neither DRC, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties.  DRC has and will continue to work with clients in matters unrelated to these chapter 11 cases.  In addition, in matters unrelated to these chapter 11 cases, DRC and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors,

5

professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter 11 cases. DRC may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

9.      To the best of my knowledge, none of DRC's employees are related to bankruptcy judges in the District of Delaware, the U.S. Trustee, or any attorney known by DRC to be employed in the Office of the U.S. Trustee.

10.      DRC and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by DRC, or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. To the best of my knowledge, DRC does not currently utilize the services of any law firms, investment banking and advisory firms, accounting firms, or financial advisors who have been identified as Potential Parties in Interest or who have filed a notice of appearance in these chapter 11 cases.

11.      To the best of my knowledge, DRC (a) does not hold or represent an interest adverse to the Debtors' estates; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason; and (c) has disclosed all of DRC's connections with the Debtors, its creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

12.     Prior to the Petition Date, the Debtors provided DRC an advance in the amount of $20,000.00. In addition, on May 15, 2026, DRC received $10,095.10 for pre-petition services rendered, and on June 3, 2026, DRC received $15,059.66 for pre-petition services rendered. DRC seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

13.     Neither DRC nor its affiliates are parties to any agreements where they receive consideration in exchange for transferring information derived from its role as a claims agent under 28 U.S.C. § 156(c) in cases in the District of Delaware or elsewhere to non-client third parties.

14.     Based on the foregoing, I believe that DRC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is set to be engaged.  Moreover, to the best of my knowledge and belief, neither DRC nor any of its partners or employees hold or represent any interest materially adverse to the Debtors' estates with respect to any matter upon which DRC is to be engaged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 7, 2026                    /s/ *Lisa Terry*
                                       Lisa Terry
                                       Senior Legal Director
                                       Donlin, Recano & Company, LLC