**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**PRELIMINARY**
**DECLARATION OF**
**JOHN BURLACU REGARDING**
**THE SOLICITATION AND TABULATION**
**OF VOTES ON, AND ELECTIONS TO OPT IN TO**
**THE THIRD-PARTY RELEASE OF, THE JOINT PREPACKAGED**
**CHAPTER 11 PLAN OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

I, John Burlacu, hereby declare under penalty of perjury:

1.     I am a Senior Director employed by Donlin, Recano & Company, LLC ("Donlin"), located at 200 Vesey Street, New York, NY 10281. I am over the age of 18 and not a party to the above-captioned action.

2.     I submit this preliminary declaration (this "Preliminary Declaration") with respect to (i) the solicitation of votes and the tabulation of ballots cast on the *Joint Prepackaged Chapter 11 Plan of GoHealth Inc., and Its Debtor Affiliates* (as may be further amended, supplemented, or otherwise modified from time to time, the "Plan").

3.     GoHealth Inc. (collectively, with its Debtor subsidiaries, the "Debtors") engaged Donlin as their claims, noticing, and solicitation agent (the "Solicitation Agent") to assist with,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:   GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).   The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

among other things, (a) serving solicitation materials to the parties entitled to vote to accept or reject the Plan and (b) tabulating votes cast with respect thereto.  Donlin and its employees have considerable experience in soliciting and tabulating votes to accept or reject proposed chapter 11 plans.[2]

4.      Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision or from the Debtors, and/or my review of the relevant documents.  I am authorized to submit this Preliminary Declaration on behalf of Donlin.  If I were called to testify, and if called as a witness, I could and would testify competently as to the facts set forth herein.

5.      The Debtors established May 12, 2026, as the record date (the "Voting Record Date") for determining which holders of Claims and/or Interests were entitled to vote on the Plan. Pursuant to the Plan, only Holders of Claims and/or Interests in the Voting Classes as of the Voting Record Date were entitled to vote to accept or reject the Plan.  No other classes were entitled to vote on the Plan.

6.      Donlin worked closely with the Debtors and their advisors to identify the Holders entitled to vote in the Voting Classes as of the Voting Record Date.

## I.      THE TABULATION PROCESS

7.      In order to comply with applicable nonbankruptcy law and consistent with the Solicitation Procedures that the Debtors have proposed in the *Motion of Debtors for Entry of an Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Approving Related Dates, Deadlines, Notices, and Procedures, (III) Approving the Solicitation*

---

[2]    The Debtors will also seek authorization to retain and employ Donlin as the claims and noticing agent in these chapter 11 cases.

*Procedures and Related Dates, Deadlines, and Notices, (IV) Conditionally Waiving the Requirements that (A) The U.S. Trustee Convene a Meeting of Creditors and (B) The Debtors File Schedules of Assets and Liabilities, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (V) Granting Related Relief* filed contemporaneously herewith, prior to the Petition Date, Donlin only accepted votes that were submitted by Eligible Holders.[3] Donlin reviewed, determined the validity of, and tabulated the Ballots submitted prepetition to vote on the Plan. Each Ballot submitted to Donlin was processed in accordance with Donlin's standard tabulation procedures. To be included in the preliminary tabulation results as valid, a Ballot from a holder of a Claim in Class 3 or Class 4 must have been (a) executed by the relevant Eligible Holder entitled to vote on the Plan (or such Eligible Holder's authorized representative), and (b) received by Donlin on or before 5:00 p.m. (prevailing Eastern Time) on May 19, 2026 (the "Lender Voting Deadline"). Ballots from holders of Claims in Class 3 or Class 4 received by Donlin after the Lender Voting Deadline may be counted only in the discretion of the Debtors. To be included in the preliminary tabulation results as valid, Ballots of Holders of Interests in Class 6 and Class 8 must have been (a) executed by the relevant Eligible Holder entitled to vote on the Plan (or such Eligible Holder's authorized representative), and (b) received by Donlin. Donlin used the reports provided by the Debtors' advisors including a Registered Holder List provided by Equiniti Trust Company, LLC, the Debtors' transfer agent, to determine which parties have claims in voting classes.

---

[3] Eligible Holders means holders who are either (a) (i) an "accredited investor" (within the meaning of Rule 501(a) of Regulation D under the Securities Act of 1933, as amended (the "Securities Act")), or (ii) a "qualified institutional buyer" (as defined in Rule 144A of the Securities Act) or (b) not a "U.S. person" (as defined in Regulation S under the Securities Act).

8.      Set forth below is a summary of the preliminary voting results with respect to the Voting Classes as of 12:00 p.m. (prevailing Eastern Time) on June 7, 2026.

| CLASS | BALLOTS RECEIVED AND ACCEPTING | | |
| --- | --- | --- | --- |
| | AMOUNT (% of Amount Voted) | NUMBER (% of Number Voted) | PERCENT OF OUTSTANDING AMOUNT |
| Class 3 – Super-Priority Loan Claims | $173,952,831.80 (100.00%) | 33 (100.00%) | 100% |
| Class 4 – First Lien Claims | $592,573,890.20 (100.00%) | 36 (100.00%) | 100% |
| Class 6 – GoHealth Holdings Interests | 12,562,102 (100%) | 4 (100%) | 99.45% |
| Class 8 – GoHealth, Inc. Class A Common Stock[4] | 10,137,278 (100.00%) | 36 (100.00%) | 61% |

To the best of my knowledge, information and belief, the foregoing information concerning the tabulation of Ballots in connection with the Plan is true and correct.

Dated:  June 7, 2026

/s/ John Burlacu

Name:  John Burlacu
Title:  Senior Director
         Donlin, Recano & Company, LLC

---

[4]    Certain Holders of Class 8 GoHealth, Inc. Class A Common Stock were not registered holders, but rather hold through a nominee.  To determine such Holder's Class 8 GoHealth Class A Common Stock holdings solely for purposes of this Preliminary Voting Report, Donlin has used the holdings contained in Debtor GoHealth, Inc.'s April 30, 2026 proxy report.