**<u>Exhibit B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No.** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF INDIVIDUALS AND (B) SERVE PARTIES
IN INTEREST BY EMAIL, (II) MODIFYING THE REQUIREMENT TO FILE A
LIST OF EQUITY SECURITY HOLDERS, (III) APPROVING THE FORM AND
MANNER OF SERVICE OF NOTICES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors to (i) redact certain personally identifiable information of individuals and (ii) serve parties in interest by email; (b) modifying the requirement to file a list of equity security holders of Debtor GoHealth, Inc.; (c) approving the form and manner of service of notices; and (d) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors are authorized, on a final basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements (if any), affidavits of service, and any other documents filed in these chapter 11 cases by the Debtors, the home and email addresses of individuals, including the Debtors' current and former employees, independent contractors, individual equity holders, and other individual creditors.  For the avoidance of doubt, and notwithstanding any other provision of this Final Order to the contrary, the U.S. Trustee is authorized to include, without redaction, the name, address, email address, and/or phone number of any creditor serving on an official committee in these chapter 11 cases in

2

any pleadings, including any notice of committee appointment, filed in the chapter 11 cases. Nothing in this Final Order exempts any creditors or equity security holders from compliance with Bankruptcy Rule 2019.  Nothing in this Final Order prohibits any creditor, or equity security holder from voluntarily identifying itself in connection with these chapter 11 cases, or voluntarily disclosing any of its contact information.  The Debtors shall provide, on a confidential basis and upon request, an unredacted version of the Creditor Matrix, the Schedules and Statements (if any), and any other filings redacted pursuant to this Final Order to the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, any subsequently appointed trustee, and the Claims and Noticing Agent.  The unredacted versions of the Creditor Matrix, the Schedules and Statements (if any), and any other filings redacted pursuant to this Final Order shall be filed under seal with the Court and shall not be made available to any other party without the consent of the Debtors or further order of this Court.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

4.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

5.      The Debtors shall file a redacted version of the Creditor Matrix, the Schedules and Statements (if any), or any other document filed with the Court, as well as post it on the Claims and Noticing Agent's website.

6.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be made to their residential addresses (to the extent known to the Debtors)

3

or email addresses (to the extent residential addresses are unknown) and confirmed in the corresponding certificate of service.

7.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

8.      The requirement that Debtor GoHealth, Inc. file a list of equity security holders pursuant to Bankruptcy Rule 1007(a)(3) is modified.

9.      Any requirement that Debtor GoHealth, Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is modified as set forth herein.  The Debtors shall serve all notices in these chapter 11 cases required under Bankruptcy Rule 2002(d) on all known registered holders of GoHealth, Inc.'s Stock and Nominee Holders that hold the Stock in "street name" for the beneficial holders (with instructions to serve down to the beneficial holders of such Stock, as applicable) by U.S. first class mail and email.  The Debtors will also as soon as practicable cause the notices required under Bankruptcy Rule 2002(d) to be published in full in *The New York Times* (national edition) or another nationally circulated newspaper in the Debtors' business judgment.

10.      Subject to Paragraphs 6 and 9 of this Final Order, the service requirements of Bankruptcy Rule 2002(g) are modified to permit and authorize the Debtors, through their Claims and Noticing Agent, to serve all pleadings and papers, including the Publication Notice, via email, on all parties listed on the Creditor Matrix, except when a party to be served both (a) has a mailing address in the Debtors' books, records, and files or has designated a mailing address under

Bankruptcy Rules 2002(g)(l) or 5003(e) and (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address. This Final Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s). Nothing in this Final Order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Bankruptcy Rule 9036.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

12. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13. The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.