**Exhibit B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re:  Docket No. __** |

**FINAL ORDER (I)**
**AUTHORIZING THE PAYMENT OF**
**CERTAIN PREPETITION AND POSTPETITION**
**TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a final order (this "Final Order"):  (a) authorizing the

Debtors to negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees in the ordinary

course of business that are payable or become payable during these chapter 11 cases (including

any obligations subsequently determined upon audit or assessment or otherwise to be owed for

periods prior to, including, or following the Petition Date); and (b) granting related relief; all as

more fully set forth in the Motion; and upon the First Day Declaration; and the United States

District Court for the District of Delaware having jurisdiction over this matter pursuant to

28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on a final basis as set forth herein.

2.     Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.     The Debtors are authorized to:  (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these chapter 11 cases, at such time when the Taxes and Fees are payable; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis consistent with prepetition practices, including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to any Audits or Assessments or paying any Taxes and Fees arising as a

result of any Audits or Assessments; *provided* that notwithstanding anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under sections 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may, but shall not be required to, seek an order from the Court requiring a return of such amount, and the payment of such amount shall, upon order of the Court, be refunded to the Debtors.

4.      The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

5.      Notwithstanding anything to the contrary herein or in the Motion, the Debtors are authorized to file amended tax returns, if necessary, including for prepetition periods, and pay Taxes and Fees in connection therewith.

6.      The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to any audits that have been completed, are in progress, or arise from prepetition periods.  To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

7.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Taxing Authorities.

8.      The Debtors, with the prior written consent of the Ad Hoc TL Group and the Ad Hoc Revolver Group, are authorized, but not directed, to undertake the Tax Planning Activities.

3

9.      The Debtors shall regularly consult with the advisors to the Ad Hoc TL Group and the Ad Hoc Revolver Group with respect to any material Audits or Assessments.  The Debtors shall use commercially reasonable efforts to provide at least five days' prior written notice to all the advisors of the Ad Hoc TL Group and Ad Hoc Revolver Group before making any payment above $30,000 in respect of any material Audits or Assessments.

10.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

11.      Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment made or to be made pursuant to the authority granted herein, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, entered by the Court approving the Debtors' use of cash collateral (such orders, the "Cash Collateral Orders") and any budget in connection with any use of cash collateral (subject to permitted variances).  To the extent there is any inconsistency between the terms of the Cash Collateral Orders and any action taken under this Final Order, the terms of the Cash Collateral Orders shall control.  Nothing in the Motion or this Final Order shall constitute a waiver or substitution of any consent right required under the Cash Collateral Orders.

12.      Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy

Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code (or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

13. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

6