**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No. 7** |

**ORDER (I) SCHEDULING A COMBINED**
**DISCLOSURE STATEMENT APPROVAL AND**
**PLAN CONFIRMATION HEARING, (II) APPROVING**
**RELATED DATES, DEADLINES, NOTICES, AND PROCEDURES,**
**(III) APPROVING THE SOLICITATION PROCEDURES AND RELATED**
**DATES, DEADLINES, AND NOTICES, (IV) CONDITIONALLY WAIVING THE**
**REQUIREMENT THAT (A) THE U.S. TRUSTEE CONVENE A MEETING OF**
**CREDITORS AND (B) THE DEBTORS FILE SCHEDULES OF ASSETS AND**
**LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3**
**FINANCIAL REPORTS, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling the Confirmation

Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing

related dates and deadlines, including the Objection Deadline, and approving related procedures,

(c) approving the Solicitation Procedures, (d) approving the Solicitation Packages, (e) approving

the form and manner of the Confirmation Hearing Notice and the Publication Notice, (f) approving

the form and manner of the Ballots; (g) approving the form and manner of the TRA Amendment

Notice; (h) *provided* that the Plan is confirmed and goes effective within 75 days of the Petition

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (N/A); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Date, conditionally (x) directing that the U.S. Trustee not convene a Creditors' Meeting under section 341(e) of the Bankruptcy Code and (y) waiving the requirement that the Debtors file Schedules, SOFAs, and 2015.3 Reports, (i) allowing the notice period for the Disclosure Statement and Confirmation Hearing to run simultaneously, (j) waiving the requirements of Local Rule 3017-3 to permit the Debtors to exceed the page limit requirement for the Confirmation Brief, and (k) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Any objection to the entry of this Order, to the extent not withdrawn or settled, is overruled.

3.      The following Confirmation Schedule is hereby approved in its entirety (subject to modification as necessary):

| Event | Date |
| --- | --- |
| Voting Record Date | May 12, 2026 |
| Key Stakeholder Ballot Distribution Date | May 15, 2026 |
| Preliminary Lender Voting Deadline | May 19, 2026, at 6:00 p.m., prevailing Eastern Time |
| Solicitation Commencement Deadline | June 7, 2026 |
| Final Lender Voting Deadline | June 7, 2026, at 12:00 p.m., prevailing Eastern Time |
| Service of the Confirmation Hearing Notice and Service of the Notices of Non-Voting Status and Opt-In Form | Within two business days or as soon as reasonably practicable following approval of the Confirmation Hearing Notice and the Notices of Non-Voting Status and Opt-Out Form |
| Initial Plan Supplement Deadline | July 1, 2026 |
| Interests Voting Deadline, Opt-In Deadline, Objection Deadline | July 8, 2026, at 4:00 p.m., prevailing Eastern Time |
| Deadline to File the Final Voting Report, Confirmation Brief, and Reply | July 13, 2026, at 4:00 p.m., prevailing Eastern Time |
| Confirmation Hearing | July 16, 2026, at 1:00 p.m., prevailing Eastern Time |

4.      The Confirmation Hearing, at which time this Court will consider, among other things, approval of the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on **July 16, 2026, at 1:00 p.m., prevailing Eastern Time**.  The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the

adjourned date or dates in open court or at the Confirmation Hearing, and notice of such adjourned date(s) will be available on the electronic case filing docket.

5. Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be filed on or before **July 8, 2026, at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

6. Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state with particularity the legal or factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with this Court by the Objection Deadline with proof of service thereof.

7. Any brief in support of confirmation of the Plan and approval of the adequacy of the Disclosure Statement (including any reply to any objections) shall be filed no later than **July 13, 2026, at 4:00 p.m., prevailing Eastern Time**.

8. The Voting Record Date (**May 12, 2026**), the Preliminary Lender Voting Deadline (**May 19, 2026, at 4:00 p.m., prevailing Eastern Time**), the Final Lender Voting Deadline (**June 7, 2026, at 12:00 p.m., prevailing Eastern Time**) and the Interests Voting Deadline (**July 8, 2026, at 4:00 p.m., prevailing Eastern Time**) are approved.

9. The Debtors will file an initial Plan Supplement by **July 1, 2026**.

10. The form and service of each of (a) the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, (b) the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, (c) the Ballots, substantially in the forms attached hereto as

**Exhibit 3A**, **Exhibit 3B**, **Exhibit 3C**, **Exhibit 3D**, **Exhibit 3E**, and **Exhibit 3F**; (d) the Notices of Non-Voting Status and Opt-In Form, substantially in the forms attached hereto as **Exhibit 4A** and **Exhibit 4B**, (e) the Plan Supplement Notice, substantially in the form attached hereto as **Exhibit 5**, (f) the TRA Amendment Notice, substantially in the form attached hereto as **Exhibit 6**, and (g) the Solicitation Cover Letter, substantially in the form attached hereto as **Exhibit 7**, each comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and are approved in all respects. For the avoidance of doubt, nothing in the Order constitutes a finding of fact or conclusion of law regarding whether the Debtors' proposed third-party releases are consensual, and the rights of the U.S. Trustee and all other parties' in interest to object to confirmation on any and all grounds, other than adequacy of the forms listed herein, are fully preserved.

11. The Debtors are authorized, but not directed, to combine the notice of the Confirmation Hearing and the Objection Deadline (and related procedures) with the notice of commencement of the chapter 11 cases.

12. The notice provided by the Confirmation Hearing Notice and the Publication Notice of the matters set forth therein constitutes good and sufficient notice of such matters for all purposes and no other or further notice shall be necessary. The notice procedures set forth herein constitute good and sufficient notice of the commencement of these chapter 11 cases and the Confirmation Hearing and the deadline and procedures for objecting to the adequacy of the Disclosure Statement and/or confirmation of the Plan.

13. The Debtors are authorized to cause the Publication Notice to be published in *The New York Times* (national edition) or another nationally circulated newspaper as soon as practicable following entry of this Order.

14. The Solicitation Procedures satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations, and are approved in all respects, subject to final approval at the Confirmation Hearing.

15. The Tabulation Procedures used for tabulations of votes to accept or reject the Plan are approved on an interim basis, subject to final approval at the Confirmation Hearing.

16. The Debtors are not required to mail Solicitation Packages or other solicitation materials to Holders of Claims or Interests that are either (a) unimpaired under, and conclusively presumed to accept, the Plan under section 1126(f) of the Bankruptcy Code or (b) do not receive or retain any property under, and are conclusively deemed to reject, the Plan under section 1126(g) of the Bankruptcy Code; *provided* that the Debtors will provide Solicitation Packages to the foregoing Holders (other than those in Classes 10 and 11) upon request.

17. The U.S. Trustee need not convene a meeting of creditors pursuant to section 341(e) of the Bankruptcy Code unless the Plan is not confirmed and does not go effective within 75 days following the Petition Date, without prejudice to the Debtors' right to request further extensions thereof.

18. Cause exists to waive the requirement that the Debtors file the Schedules, SOFAs, and 2015.3 Reports if the Plan is confirmed and goes effective within 75 days of the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof.

19. The Debtors are authorized to cause this Order to be posted on the Case Website as soon as practicable.

20. The requirements of Local Rule 3017-3 are hereby waived to permit the Debtors to exceed the page limit requirement for the Confirmation Brief.

21.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code (or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim.

22.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion

25.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: June 10th, 2026**                  **THOMAS M. HORAN**
**Wilmington, Delaware**                    **UNITED STATES BANKRUPTCY JUDGE**