**Exhibit 4A**

**Form of Non-Voting Status Notice (Unimpaired)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**NOTICE OF NON-VOTING STATUS
REGARDING RELEASES TO HOLDERS OF UNIMPAIRED
CLAIMS OR INTERESTS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

PLEASE TAKE NOTICE THAT on [●], the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Scheduling Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 5] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the solicitation materials and documents to be included in the solicitation packages; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (d) granting related relief.

PLEASE TAKE FURTHER NOTICE THAT because of the nature and treatment of your Claim or Interest under the Plan, *you are not entitled to vote on the Plan*. Specifically, as a Holder of a Claim or Interest (as currently asserted against the Debtors) in one of the below Classes that is *not* Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are *not* entitled to vote on the Plan. Your treatment under the Plan will be consistent with the other Holders of Claims that are in one of the below Classes:

| Class | Treatment |
|---|---|
| Other Secured Claims | Except to the extent that a Holder of an Allowed Other Secured Claim agrees to less favorable treatment, on the Effective Date, each Holder of an Allowed Other Secured Claim, in full and final satisfaction, settlement, release, and discharge of such Allowed Other Secured Claim, shall either: (i) receive payment in full in Cash; (ii) have its Allowed Other Secured Claim Reinstated; or (iii) receive such other treatment that renders its Allowed Other Secured Claim Unimpaired. |
| Other Priority Claims | Except to the extent that a Holder of an Allowed Other Priority Claim agrees to less favorable treatment, on the Effective Date (or, if payment is not then due, in accordance with such Allowed Other Priority Claim's terms in the ordinary course of business), each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction, settlement, release, and discharge of such Allowed Other Priority Claim, treatment consistent with section 1129(a) of the Bankruptcy Code. |
| General Unsecured Claims | Except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, on the Effective Date (or, if payment is not then due, in accordance with such Allowed General Unsecured Claim's terms in the ordinary course of business), each Holder of an Allowed General Unsecured Claim shall, in full and final satisfaction, settlement, release, and discharge of |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

| | |
|---|---|
| | such Allowed General Unsecured Claim, and at the option of the Debtors, with the consent of the Required Lenders, or the Reorganized Debtors: (i) have its Allowed General Unsecured Claim Reinstated; or (ii) receive payment in full in Cash on the date any payment is due in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to, or the agreement governing, such Allowed General Unsecured Claim. |
| GoHealth, Inc. Preferred Stock | Except to the extent that a Holder of Allowed GoHealth, Inc. Preferred Stock agrees to less favorable treatment, on the Effective Date, all Allowed GoHealth, Inc. Preferred Stock shall be Reinstated and converted to GoHealth Preferred Interests. |

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Confirmation Hearing") will commence on **July 16, 2026, at 1:00 p.m., prevailing Eastern Time**, before the Honorable Judge Thomas M. Horan, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan and final approval of the Disclosure Statement is **July 8, 2026, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing *must*: (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan or Disclosure Statement and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. Not consenting to the releases contained in Article VIII.D of the Plan is at your discretion. If you submit your notice with the below opt-in box checked, you will consent to the releases contained in Article VIII.D of the Plan to the maximum extent permitted by applicable law. If you do not submit the Opt-In Form, you will not be deemed to consent to the Releases contained in Article VIII.D of the Plan.

| THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, AND OTHER RELATED DOCUMENTS MAY BE ACCESSED FREE OF CHARGE BY SCANNING THE QR CODE BELOW USING THE CAMERA ON YOUR SMART PHONE, TABLET, OR OTHER DEVICE. | THE OPT-IN FORM MAY BE ACCESSED FREE OF CHARGE BY SCANNING THE QR CODE BELOW USING THE CAMERA ON YOUR SMART PHONE, TABLET, OR OTHER DEVICE. |
|---|---|
| | |

The Claims and Noticing Agent will accept Opt-In Forms if properly completed through the Opt-In Portal. To submit your Opt-In Form, please visit https://www.bankruptcy.angeiongroup.com/gohealthvote (the "Opt-In Portal"), **click on the "Balloting" section of the website and follow the instructions to submit your Opt-In Form**.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your Opt-In Form**

**Unique Opt-In Form ID#:_____**

Creditors who submit an Opt-In Form using the Opt-In Portal should NOT also submit a paper Opt-In Form.

**The Claims and Noticing Agent's Opt-In Portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission. Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a physical copy of the Disclosure Statement, the Plan, the Plan Supplement, the Opt-In Form, or related documents, you should contact Donlin, Recano & Company, LLC, the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by: (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll-free) or +1-332-284-1398 (International, toll). You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth. The Plan Supplement will be filed with the Court no later than July 1, 2026.

[*Remainder of page intentionally left blank.*]

Dated:  [●], 2026
Wilmington, Delaware

*/s/ DRAFT*

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS LLP** |
| Laura Davis Jones (DE Bar 2436) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| James O'Neill (DE Bar 4042) | Anup Sathy, P.C. (*pro hac vice* pending) |
| Edward A. Corma (DE Bar 6718) | Alexandra F. Schwarzman, P.C. (*pro hac vice* pending) |
| 919 North Market Street, 17th Floor | David R. Gremling (*pro hac vice* pending) |
| Wilmington, Delaware 19801 | 333 West Wolf Point Plaza |
| Telephone:     (302) 652-4100 | Chicago, Illinois 60654 |
| Facsimile:     (302) 652-4400 | Telephone:     (312) 862-2000 |
| Email:     ljones@pszjlaw.com | Facsimile:     (312) 862-2200 |
|     joneill@pszjlaw.com | Email:     anup.sathy@kirkland.com |
|     ecorma@pszjlaw.com |     alexandra.schwarzman@kirkland.com |
| |     dave.gremling@kirkland.com |

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**OPTIONAL: RELEASE OPT-IN FORM**

You are receiving this optional opt-in form (the "Opt-In Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 5] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"). Holders of Claims or Interests may opt in to the Third-Party Release set forth in the Plan by completing and submitting this form by **July 8, 2026, at 4:00 p.m., prevailing Eastern Time** (the "Opt-In Deadline"). Holders of Claims or Interests may affirmatively opt in by, no later than the Opt-In Deadline, submitting this form in accordance with the directions herein.

**If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt in to the Third-Party Release set forth in Article VIII.D of the Plan, please either** (i) promptly complete, sign, and date this Opt-In Form and return it via first class mail, overnight courier, or hand delivery to Donlin, Recano & Company, LLC (the "Claims and Noticing Agent") at the address set forth below or (ii) submit your Opt-In Form through the Claims and Noticing Agent's online portal (the "Opt-In Portal") in accordance with the directions provided below. Parties that submit their Opt-In Form using the Opt-In Portal should NOT also submit a paper Opt-In Form.

**THIS OPT-IN FORM MUST BE ACTUALLY RECEIVED (WHETHER A PHYSICAL COPY IS RETURNED OR THE OPT-IN FORM IS COMPLETED ONLINE) BY THE CLAIMS AND NOTICING AGENT BY THE OPT-IN DEADLINE. IF THE OPT-IN FORM IS RECEIVED AFTER THE OPT-IN DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1.**          **Important information regarding releases under the Plan.**[1]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

        **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11**

---

[1]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Opt-In Form. Defined terms used but not defined herein shall have the meaning ascribed to such term as in the Plan.

**Cases, the Debtors' in or out-of-court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, or any other Definitive Document, or any Restructuring Transaction, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing Debtor Release, the Debtor Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (3) any Released Party from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates (as applicable) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Reorganized Debtors, or their Estates or other Entity, based on or relating to, or in any manner arising**

from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, or the Plan Supplement, any other Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Third-Party Release, the Third-Party Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan; (3) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (4) any Claims against a Released Party arising from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release, except as provided therein.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*CAUSES OF ACTION*" MEANS ANY CLAIMS, CROSS CLAIMS, THIRD-PARTY CLAIMS, INTERESTS, DAMAGES, REMEDIES, CAUSES OF ACTION, DEMANDS, RIGHTS, ACTIONS, CONTROVERSIES, PROCEEDINGS, AGREEMENTS, SUITS, OBLIGATIONS, LIABILITIES, LOSS, DEBT, FEE OR EXPENSE, JUDGMENT, ACCOUNTS, DEFENSES, OFFSETS, POWERS, PRIVILEGES, LICENSES, LIENS, INDEMNITIES, CONTRIBUTIONS, GUARANTIES, AND FRANCHISES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, SECURED OR UNSECURED, ASSERTABLE, DIRECTLY OR DERIVATIVELY, MATURED OR UNMATURED, SUSPECTED OR UNSUSPECTED, WHETHER ARISING BEFORE, ON, OR AFTER THE PETITION DATE, IN CONTRACT, TORT, LAW, EQUITY, OR OTHERWISE. CAUSES OF ACTION ALSO INCLUDE: (A) ALL RIGHTS OF SETOFF, COUNTERCLAIM, OR RECOUPMENT AND CLAIMS UNDER CONTRACTS OR FOR BREACHES OF DUTIES IMPOSED BY LAW OR IN EQUITY;

(B) THE RIGHT TO OBJECT TO OR OTHERWISE CONTEST CLAIMS OR INTERESTS; (C) CLAIMS PURSUANT TO SECTION 362 OR CHAPTER 5 OF THE BANKRUPTCY CODE; (D) SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, AND USURY, AND ANY OTHER DEFENSES SET FORTH IN SECTION 558 OF THE BANKRUPTCY CODE; AND (E) ANY AVOIDANCE ACTIONS.

UNDER THE PLAN, "**RELEASED PARTIES**" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) THE RELEASING PARTIES; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (F); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (E).

UNDER THE PLAN, "**RELEASING PARTIES**" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) ALL HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 WHO VOTE TO ACCEPT THE PLAN; (E) ALL HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 WHO AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE PRESUMED TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (H) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN.[2]

**OPTIONAL RELEASE ELECTION**.  **YOU MAY ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:**

☐      **The Undersigned Holder of Claims or Interests elects to OPT IN to the Third-Party Release**

**Election to withhold consent is at your option. If you would otherwise be entitled to a release under the Plan but you do not vote to opt in to the Third-Party Release, you will not be granted a release from the Releasing Parties under the Plan.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, the Cash Collateral Orders, any other Definitive Document, or any Restructuring Transaction,**

---

[2]   For the avoidance of doubt, unless expressly indicated on a Ballot voting to accept the Plan, the members of the Ad Hoc Revolver Group participating in the Plan are doing so only in their capacity as holders of Super-Priority Loan Claims and/or First Lien Claims as of the Petition Date, and any actions taken by a member of the Ad Hoc Revolver Group in connection with the Plan and the Restructuring Transactions as well as any releases provided in connection with the Plan are only with respect to such lender's interest in the Super-Priority Loan Claims or First Lien Claims that are now owned or subsequently acquired by such member of the Ad Hoc Revolver Group. In addition, the provisions of the Plan shall only apply to such trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Claim and shall not apply to any other trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) of the members of the Ad Hoc Revolver Group, which, so long as they are not acting at the direction of or for the benefit of such member of the Ad Hoc Revolver Group or such Ad Hoc Revolver Group member's investment in the Debtors, will not be considered "Releasing Parties" or "Released Parties" under the Plan.

contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, the negotiation and pursuit of the Definitive Documents, the Plan Supplement, the pursuit of Confirmation, the pursuit of Consummation, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes to accept or reject the Plan and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder. In addition, notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests or Causes of Action that have been released, discharged, settled, or are subject to exculpation under the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities, in each case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.

No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is

**reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to <u>Article VIII.C</u>, <u>Article VIII.D</u>, and <u>Article VIII.E</u> of the Plan, without the Bankruptcy Court (1) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (2) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.**

<u>**Item 2**</u>.    **Certifications.**

By signing this Opt-In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)    as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of a Claim or Interest;

(b)    the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status Regarding Releases to Holders of Unimpaired Claims or Interests Conclusively Presumed to Accept the Plan* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c)    the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)    no other Opt-In Form has been submitted or, if any other Opt-In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt-In Forms are hereby revoked.

Name of Holder:_____
(*print or type*)

Signature:_____

Name of Signatory:_____
(*if other than Holder*)

Title: _____

Address:_____

_____

_____

Telephone Number:_____

Email:_____

Date Completed:_____

**<u>IF YOU HAVE MADE THE OPTIONAL OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.</u>**

| **If by First Class Mail:** |
|---|
| Donlin, Recano & Company, LLC<br>Re: GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 |
| **If by Hand Delivery or Overnight Mail:** |
| Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re: GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br><br>To arrange hand delivery of your Ballot, please email the Claims and Noticing Agent at ghiinfo@angeiongroup.com (with "GoHealth, Inc. Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery. |

**OR**

| **By electronic, online submission:** |
|---|
| The Claims and Noticing Agent will accept Opt-In Forms if properly completed through the Opt-In Portal. To submit your Opt-In Form, please visit https://www.bankruptcy.angeiongroup.com/gohealthvote. **Click on the "Balloting" section of the website and follow the instructions to submit your Opt-In Form.**<br><br>Creditors who submit an Opt-In Form using the Opt-In Portal should NOT also submit a paper Opt-In Form.<br><br>**The Claims and Noticing Agent's Opt-In Portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission. Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.** |

Parties that submit their Opt-In Form using the Opt-In Portal should **NOT** also submit a paper Opt-In Form.

| **THE OPT-IN DEADLINE IS <u>JULY 8, 2026</u>, AT 4:00 P.M., PREVAILING EASTERN TIME.** |
|---|
| THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT IN ELECTION ON OR BEFORE THE OPT-IN DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-IN FORM, PLEASE CONTACT: GHIINFO@ANGEIONGROUP.COM (WITH "GOHEALTH SOLICITATION INQUIRY" IN THE SUBJECT LINE) FOR FURTHER ASSISTANCE. |