**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**AFFIDAVIT OF DONLIN RECANO AND COMPANY, LLC. REGARDING
SERVICE OF SOLICITATION PACKAGES WITH RESPECT TO THE DISCLOSURE
STATEMENT RELATING TO THE JOINT PREPACKAGED CHAPTER 11 PLAN OF
GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss: |
| COUNTY OF NEW YORK | ) | |

I, Alexander Calderon, declare:

1.  I am over the age of 18 years and not a party to this chapter 11 case.

2.  I am employed by Donlin, Recano & Company, LLC ("DRC"), 200 Vesey Street, 24th Floor, New York, NY 10281.

3.  On the 7th day of June, 2026, DRC, acting under my supervision, caused a true and accurate copy of the following material to be served via electronic mail upon the parties as set forth on Exhibit I, and on the 8th day of June, 2026, DRC, acting under my supervision, caused a true and accurate copy of the same material to be served via U.S first class mail upon the parties as set forth on Exhibit J, attached hereto.

    a.)  *Ballot for Voting to Accept or Reject the Joint Prepackaged Chapter 11 Plan of GoHealth, inc. and its Debtor Affiliates – Ballot for Holders of Class 6 GoHealth Holdings Interests,* (the "Class 6 Ballot")*,* attached hereto as Exhibit A; and
    b.)  *GoHealth - Cover Letter,* (the "Cover Letter")*,* attached hereto as Exhibit B; and
    c.)  a postage pre-paid returned envelope addressed to DRC for first class mail group only.

4.  On the 7th day of June, 2026, DRC, acting under my supervision, caused a true and accurate copy of the following material to be served via electronic mail upon the parties as set forth on Exhibit K, and on the 8th day of June, 2026, DRC, acting under my supervision, caused a true and accurate copy of the following material to be served via U.S first class mail upon the parties as set forth on Exhibit L, attached hereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

a.) *Registered Holder Ballot for Voting to Accept or Reject the Joint Prepackaged Chapter 11 Plan of GoHealth, inc. and its Debtor Affiliates – Registered Ballot for Holders of Class 8 GoHealth, inc. Class A Common Stock,* (the "Class 8 Ballot"), attached hereto as Exhibit C;

b.) Cover Letter; and

c.) a postage pre-paid returned envelope addressed to DRC for first class mail group only.

5. On the 7th day of June, 2026, DRC, acting under my supervision, caused a true and accurate copy of the following material to be served via electronic mail upon the parties as set forth on Exhibit M, attached hereto.

a.) *Master Ballot for Voting to Accept or Reject the Joint Prepackaged Chapter 11 Plan of GoHealth, inc. and its Debtor Affiliates – Class 8 GoHealth, inc. Class A Common Stock,* attached hereto as Exhibit D;

b.) *Beneficial Holder Ballot for Voting to Accept or Reject the Joint Prepackaged Chapter 11 Plan of GoHealth, inc. and its Debtor Affiliates – Beneficial Ballot for Holders of Class 8 GoHealth, inc. Class A Common Stock,* attached hereto as Exhibit E;

c.) Cover Letter; and

d.) SPR Nominee Letter, (the "Nominee Letter"), attached hereto as Exhibit F.

6. On the 8th day of June, 2026, DRC, acting under my supervision, caused a true and accurate copy of the following material to be served via U.S first class mail upon the parties as set forth on Exhibit N, attached hereto.

a.) *Master Ballot for Voting to Accept or Reject the Joint Prepackaged Chapter 11 Plan of GoHealth, inc. and its Debtor Affiliates – Class 8 GoHealth, inc. Class A Common Stock,* (the "Revised Master Ballot"), attached hereto as Exhibit G;

b.) *Beneficial Holder Ballot for Voting to Accept or Reject the Joint Prepackaged Chapter 11 Plan of GoHealth, inc. and its Debtor Affiliates – Beneficial Ballot for Holders of Class 8 GoHealth, inc. Class A Common Stock,* (the "Revised Beneficial Ballot"), attached hereto as Exhibit H;

c.) Cover Letter;

d.) Nominee Letter; and

e.) a postage pre-paid returned envelope addressed to DRC.

7. On the 8th day of June, 2026, DRC, acting under my supervision, served the following materials, via Federal Express Overnight Service to Broadridge Financial Solutions Inc., 51 Mercedes Way Edgewood, NY 11717, CUSIP: 38046W – JOB No. Y39246

a.) Revised Master Ballot – 1 set;

b.) Revised Beneficial Ballot- 2,250 sets;

c.) Cover Letter- 2,250 sets; and

d.) a postage pre-paid returned envelope addressed to DRC – 1 set.

8. On the 8th day of June, 2026, DRC, acting under my supervision, served the following materials, via Federal Express Overnight Service to Mediant Communications Inc., Attn: Stephany Hernandez, 100 Demarest Drive, Wayne, NJ 07470, CUSIP: 38046W – JOB No. 3181560

   a.)   Revised Master Ballot – 1 set;
   b.)   Revised Beneficial Ballot – 5 sets;
   c.)   Cover Letter – 5 sets; and
   d.)   a postage pre-paid returned envelope addressed to DRC – 1 set.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge. Executed this 10th day of June 2026, New York, New York.

By_____
Alexander Calderon

Sworn before me this
10th day of June 2026

ROBIN ALEXANDRA CHARLES
Notary Public - State of New York
NO. 01CH0038923
Qualified in Kings County
My Commission Expires Jul 1, 2029

EXHIBIT A

Class: «pclass»

«SEQ»

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-[●] [●] |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT
PREPACKAGED CHAPTER 11 PLAN OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

**BALLOT FOR HOLDERS OF CLASS 6 GOHEALTH HOLDINGS INTERESTS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND NOTICING AGENT BY JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "INTERESTS VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Debtors may file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, a copy of which is available at https://www.bankruptcy.angeiongroup.com/gohealth.

You are receiving this ballot (this "Ballot") because you are a Holder of a Class 6 GoHealth Holdings Interest as of **May 12, 2026** (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Confirmation Hearing Notice and the Disclosure Statement, which were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as certain other materials). ***Please note that, pursuant to the Plan, each Holder of GoHealth, Inc. Class A Common Stock or GoHealth Holdings Interests that is also a lender under the First Lien Credit Agreement or Super-Priority Credit Agreement (and, to the extent applicable, such Holder's fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Common Stock or Interest) shall each waive its right to recover its Specified Pro Rata Share of the Equity Recovery Pool.***

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by:  (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll-free) or +1-332-284-1398 (International, toll). You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company, LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth.  The Plan Supplement will be filed with the Court no later than July 1, 2026, and may be accessed free of charge at the link provided herein.  Physical copies of the Plan Supplement may also be requested free of charge as provided herein.

**U.S./Canada Toll Free:  +1-877-583-1578**
**International, Toll:  +1-332-284-1398**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Claims and Noticing Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest.  Your Interest has been placed in Class 6 under the Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING THREE METHODS:**

**ELECTRONICALLY, VIA E-BALLOT PORTAL.  Submit your Ballot and vote through the Claims and Noticing Agent's online portal, by visiting https://www.bankruptcy.angeiongroup.com/gohealthvote (the "E-Ballot Portal").  Click on the "Balloting" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:«EballotID»**

*OR*

**ELECTRONICALLY, VIA EMAIL.  Submit your Ballot and vote to the Claims and Noticing Agent's email, drcvote@angeiongroup.com (with "GoHealth Class 6 Ballot" in the subject line).**

*OR*

**VIA PAPER BALLOT (IF APPLICABLE).  Complete, sign, and date this Ballot and return it (with a signature) promptly via first-class mail, overnight courier, or hand delivery to:**

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

| If by First Class Mail: |
|---|
| Donlin, Recano & Company, LLC<br>Re: GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 |
| **If by Hand Delivery or Overnight Mail:** |
| Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re: GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br><br>To arrange hand delivery of your Ballot, please email the Claims and Noticing Agent at<br>ghiinfo@angeiongroup.com (with "GoHealth, Inc. Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery. |

**Item 1.**          **Number of Units.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of the following *aggregate* number of units of Class 6 GoHealth Holdings Interests:[2]

| **«v_amt_c»** |
|---|

**Item 2.**          **Vote on Plan.**

The Holder of the Class 6 GoHealth Holdings Interests in the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check one):

| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |
|---|---|

**Your vote on the Plan will be applied to the Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

---

[2]          For voting purposes only.

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

**Item 3.**       **Important information regarding releases under the Plan.**[3]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, or any other Definitive Document, or any Restructuring Transaction, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing Debtor Release, the Debtor Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action specifically retained by the Debtors**

---

[3]       The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Ballot.

«instance» «ballotid»

(«crednoseq») «l1»

pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (3) any Released Party from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates (as applicable) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Reorganized Debtors, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, or the Plan Supplement, any other Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Third-Party Release, the Third-Party Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the

«SEQ»

**Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan; (3) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (4) any Claims against a Released Party arising from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release, except as provided therein.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*CAUSES OF ACTION*" MEANS ANY CLAIMS, CROSS CLAIMS, THIRD-PARTY CLAIMS, INTERESTS, DAMAGES, REMEDIES, CAUSES OF ACTION, DEMANDS, RIGHTS, ACTIONS, CONTROVERSIES, PROCEEDINGS, AGREEMENTS, SUITS, OBLIGATIONS, LIABILITIES, LOSS, DEBT, FEE OR EXPENSE, JUDGMENT, ACCOUNTS, DEFENSES, OFFSETS, POWERS, PRIVILEGES, LICENSES, LIENS, INDEMNITIES, CONTRIBUTIONS, GUARANTIES, AND FRANCHISES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, SECURED OR UNSECURED, ASSERTABLE, DIRECTLY OR DERIVATIVELY, MATURED OR UNMATURED, SUSPECTED OR UNSUSPECTED, WHETHER ARISING BEFORE, ON, OR AFTER THE PETITION DATE, IN CONTRACT, TORT, LAW, EQUITY, OR OTHERWISE. CAUSES OF ACTION ALSO INCLUDE: (A) ALL RIGHTS OF SETOFF, COUNTERCLAIM, OR RECOUPMENT AND CLAIMS UNDER CONTRACTS OR FOR BREACHES OF DUTIES IMPOSED BY LAW OR IN EQUITY; (B) THE RIGHT TO OBJECT TO OR OTHERWISE CONTEST CLAIMS OR INTERESTS; (C) CLAIMS PURSUANT TO SECTION 362 OR CHAPTER 5 OF THE BANKRUPTCY CODE; (D) SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, AND USURY, AND ANY OTHER DEFENSES SET FORTH IN SECTION 558 OF THE BANKRUPTCY CODE; AND (E) ANY AVOIDANCE ACTIONS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) THE RELEASING PARTIES; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (F); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (E).

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) ALL HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 WHO VOTE TO ACCEPT THE PLAN; (E) ALL HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 WHO AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE PRESUMED TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); AND (I) EACH RELATED

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (H) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN.[4]

**The Holder of the Interest identified in Item 1 elects to:**



☐ **OPT IN to the Third-Party Release**

**Check the box above if you elect to grant the Third-Party Release contained in Article VIII.D of the Plan. Election to withhold consent is at your option. If you would otherwise be entitled to a release under the Plan but you do not vote to opt in to the Third-Party Release, you will not be granted a release from the Releasing Parties under the Plan.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, the Cash Collateral Orders, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, the negotiation and pursuit of the Definitive Documents, the Plan Supplement, the pursuit of Confirmation, the pursuit of Consummation, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes to accept or reject the Plan and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions will not, be liable at any time**

---

[4]    For the avoidance of doubt, unless expressly indicated on a Ballot voting to accept the Plan, the members of the Ad Hoc Revolver Group participating in the Plan are doing so only in their capacity as holders of Super-Priority Loan Claims and/or First Lien Claims as of the Petition Date, and any actions taken by a member of the Ad Hoc Revolver Group in connection with the Plan and the Restructuring Transactions as well as any releases provided in connection with the Plan are only with respect to such lender's interest in the Super-Priority Loan Claims or First Lien Claims that are now owned or subsequently acquired by such member of the Ad Hoc Revolver Group.  In addition, the provisions of the Plan shall only apply to such trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Claim and shall not apply to any other trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) of the members of the Ad Hoc Revolver Group, which, so long as they are not acting at the direction of or for the benefit of such member of the Ad Hoc Revolver Group or such Ad Hoc Revolver Group member's investment in the Debtors, will not be considered "Releasing Parties" or "Released Parties" under the Plan.

«instance» «ballotid»

(«crednoseq») «l1»

«SEQ»

**for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder. In addition, notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests or Causes of Action that have been released, discharged, settled, or are subject to exculpation under the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities, in each case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.**

**No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to Article VIII.C, Article VIII.D, and Article VIII.E of the Plan, without the Bankruptcy Court (1) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (2) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.**

**Item 4.        Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)        as of the Voting Record Date, the Entity is the Holder (or authorized signatory for a Holder) of the Interest set forth in Item 1;

(b)        the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

(c)     the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(d)     no other Ballots with respect to the amount of the Interest identified in Item 1 has been cast or, if any other Ballots have been cast with respect to such Interest, then any such earlier Ballots are revoked;

(e)     the Entity understands and acknowledges that if multiple Ballots are submitted voting the Interest set forth in Item 1, only the last valid Ballot voting the Interest and received by the Claims and Noticing Agent before the Interests Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent; and

(f)     the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME, AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Class 6 GoHealth Holdings Interests with respect to the Plan referred to in the Disclosure Statement. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  To ensure that your Ballot is counted, you *must* complete and submit this Ballot as instructed herein. **Ballots will not be accepted by facsimile.**

4.  <u>Use of Ballot</u>. To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in <u>Item 2</u> of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

5.  Your Ballot *must* be returned to the Claims and Noticing Agent so as to be *actually received* by the Claims and Noticing Agent on or before the Interests Voting Deadline. **The Interests Voting Deadline is July 8, 2026, at 4:00 p.m., prevailing Eastern Time.**

6.  If a Ballot is received after the Interests Voting Deadline and if the Interests Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Ballots will *not* be counted**:

    (a)  any Ballot that partially rejects and partially accepts the Plan;

    (b)  Ballots sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), the Debtors' financial or legal advisors or any other person (other than the Claims and Noticing Agent);

    (c)  Ballots sent by facsimile;

    (d)  any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

    (e)  any Ballot cast by an Entity that does not hold a Claim or Interest in the Voting Classes;

    (f)  any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

    (g)  any unsigned Ballot; and/or

    (i)  any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7.  The method of delivery of Ballots to the Claims and Noticing Agent is at the election and risk of each Holder of Claims or Interests. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent *actually receives* the Ballot. For the avoidance of doubt, a Ballot submitted electronically via the online portal shall be considered an original. In all cases, Holders should allow sufficient time to assure timely delivery.

8.  If multiple Ballots are received from the same Holder with respect to the same Interest prior to the applicable Voting Deadline, the latest dated, timely received, and valid Ballot will supersede and revoke any earlier received Ballots.

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

9.    This Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or withdraw the Plan, (ii) the Confirmation Order is not entered, or (iii) consummation of the Plan does not occur.

10.    You must vote all of your Claims or Interests within your respective class either to accept or reject the Plan and may *not* split your vote.

11.    This Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12.    **Please be sure to sign and date your Ballot**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

13.    THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S./CANADA TOLL FREE:  +1-877-583-1578**
**INTERNATIONAL, TOLL:  +1-332-284-1398**

**OR EMAIL GHIINFO@ANGEIONGROUP.COM (WITH "GOHEALTH SOLICITATION INQUIRY" IN THE SUBJECT LINE)**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE INTERESTS VOTING DEADLINE, WHICH IS JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

**RE: GOHEALTH, INC.,** *et al.*,

▉▉▕▏▉▉▉▉▉
«barhuman»    («seq»/«pclass»)
«l1»
«l2»
«l3»
«l4»
«l5»
«l6»

BID: «ballotid»

▉▉▉▉▉▉▉▉▉▉▉

«instance» «ballotid»

(«crednoseq») «l1»

# EXHIBIT B



**June 7, 2026**

Via First Class Mail / Email

**RE**:    *In re GoHealth, Inc., et al.* – Summary of Chapter 11 Plan and Information Regarding Certain Key Dates.

TO ALL HOLDERS OF CLAIMS AND INTERESTS ENTITLED TO VOTE ON THE PLAN:

You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan").[1]  GoHealth, Inc. and its affiliated debtors and debtors in possession in the above captioned cases (collectively, the "Debtors")[2] may file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, a copy of which is available at https://www.bankruptcy.angeiongroup.com/gohealth.

YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN. THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

As a Holder of a Claim or Interest entitled to vote on the Plan, you are entitled to receive the Solicitation Package.  The Solicitation Package consists of the following:

   a.    a Ballot, together with detailed voting instructions; and

   b.    this Cover Letter, including instructions to obtain access, free of charge, via https://www.bankruptcy.angeiongroup.com/gohealth, to the Plan and Disclosure Statement.

**THE DISCLOSURE STATEMENT, THE PLAN, AND OTHER RELATED DOCUMENTS MAY BE ACCESSED FREE OF CHARGE AT HTTP://WWW.BANKRUPTCY.ANGEIONGROUP.COM/GOHEALTH**

The Plan provides that:

• Holders of Class 3 Super-Priority Loan Claims shall receive, in full and final satisfaction of such Claims, their Pro Rata share of approximately $173.9 million of Senior Takeback Debt;

• Holders of Class 4 First Lien Claims shall receive, in full and final satisfaction of such Claims, their Pro Rata share of approximately $588.3 million of Junior Takeback Debt and the New Common Interests, subject to dilution, if any, on account of the Management Incentive Plan; and

---

[1]    Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

[2]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

- Holders of Class 6 GoHealth Holdings Interests and Class 8 GoHealth, Inc. Class A Common Stock shall receive, in full and final satisfaction of such Interests, their Pro Rata share of the $10 million Equity Recovery Pool; *provided, however*, pursuant to the Plan, each Holder of GoHealth, Inc. Class A Common Stock or GoHealth Holdings Interests that is also a lender under the First Lien Credit Agreement or Super-Priority Credit Agreement (and, to the extent applicable, such Holder's fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Common Stock or Interest) shall each waive its right to recover its Specified Pro Rata Share of the Equity Recovery Pool.

If you would like to obtain a physical copy of the Ballot, the Disclosure Statement, the Plan, the Plan Supplement, the Opt-In Form, the Combined Hearing Notice, or related documents, you should contact Donlin, Recano & Company, LLC, the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by: (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll- free) or +1-332-284-1398 (International, toll). You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth.The Plan Supplement will be filed with the Court no later than July 1, 2026.

GoHealth, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept or reject the Plan. The Debtors believe that the Plan is in the best interests of their estates and all other parties in interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in significant delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) or recoveries on account of Claims asserted in these chapter 11 cases.

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN.**

**ALL BALLOTS MUST BE ACTUALLY RECEIVED IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED THEREIN BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE FOR HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 19, 2026.**

**THE VOTING DEADLINE FOR HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 IS 4:00 P.M., PREVAILING EASTERN TIME, ON JULY 8, 2026.**

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, however, please feel free to contact Donlin, Recano & Company, LLC, the notice, claims, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by calling the Debtors' Claims and Noticing Agent at (877) 583-1578 (U.S./Canada, toll-free) or +1 (332) 284-1398 (International, toll). The Claims and Noticing Agent cannot and will not provide legal advice. If you need legal advice, you should consult an attorney.

*/s/ Vijay Kotte*

Vijay Kotte
Chief Executive Officer
GoHealth, Inc.

# EXHIBIT C

Class: «pclass»

«SEQ»

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-[●] [●] |
| | ) | |
| Debtors. | ) | (Joint Administration Request) |
| | ) | |

**REGISTERED HOLDER BALLOT FOR VOTING TO**
**ACCEPT OR REJECT THE JOINT PREPACKAGED CHAPTER 11 PLAN**
**OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

**REGISTERED BALLOT FOR HOLDERS OF**
**CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND NOTICING AGENT BY JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "INTERESTS VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

**PRIOR TO COMMENCEMENT OF THE CHAPTER 11 CASES, ONLY HOLDERS OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK WHO ARE ELIGIBLE HOLDERS (AS DEFINED BELOW) ARE ENTITLED TO VOTE PURSUANT TO THIS REGISTERED HOLDER BALLOT.  ANY VOTE CAST ON THIS REGISTERED HOLDER BALLOT PRIOR TO THE ENTRY OF THE SOLICITATION PROCEDURES ORDER ON BEHALF OF A REGISTERED HOLDER WHO IS NOT ALSO AN ELIGIBLE HOLDER WILL NOT COUNT.**

**AN "ELIGIBLE HOLDER" IS A HOLDER OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK THAT CERTIFIES TO THE REASONABLE SATISFACTION OF THE DEBTORS THAT IT IS (A) A "QUALIFIED INSTITUTIONAL BUYER" (AS DEFINED IN RULE 144A OF THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT")), (B) AN "ACCREDITED INVESTOR" WITHIN THE MEANING OF RULE 501(A), OR (C)(I) LOCATED OUTSIDE THE UNITED STATES, (II) NOT A "U.S. PERSON" (AS DEFINED IN RULE 902(K) OF REGULATION S OF THE SECURITIES ACT) AND (III) NOT PARTICIPATING ON BEHALF OF OR ON ACCOUNT OF A U.S. PERSON.**

**A "NON-ELIGIBLE HOLDER" IS A HOLDER OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK THAT IS NOT AN ELIGIBLE HOLDER.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

*Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement").  The Debtors may file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, a copy of which is available at https://www.bankruptcy.angeiongroup.com/gohealth.

You are receiving this ballot (this "Ballot") because you are a Registered Holder of a Class 8 GoHealth, Inc. Class A Common Stock ("Class 8 Interests") as of **May 12, 2026** (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Confirmation Hearing Notice and the Disclosure Statement, which were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as certain other materials).  ***Please note that, pursuant to the Plan, each Holder of GoHealth, Inc. Class A Common Stock or GoHealth Holdings Interests that is also a lender under the First Lien Credit Agreement or Super-Priority Credit Agreement (and, to the extent applicable, such Holder's fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Common Stock or Interest) shall each waive its right to recover its Specified Pro Rata Share of the Equity Recovery Pool.***

If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by:  (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll-free) or +1-332-284-1398 (International, toll).  You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth.  The Plan Supplement will be filed with the Court no later than July 1, 2026, and may be accessed free of charge at the link provided herein.  Physical copies of the Plan Supplement may also be requested free of charge as provided herein.

**U.S./Canada Toll Free:  +1-877-583-1578**
**International, Toll:  +1-332-284-1398**

This Class 8 Registered Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Class 8 Registered Holder Ballot in error, or if you believe you have received the wrong ballot, please contact the Claims and Noticing Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest.  Your Interest has been placed in Class 8 under the Plan.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING THREE METHODS:**

**ELECTRONICALLY, VIA E-BALLOT PORTAL.  Submit your Ballot and vote through the Claims and Noticing Agent's online portal, by visiting https://www.bankruptcy.angeiongroup.com/gohealthvote (the "E-Ballot Portal"), Click on the "Balloting" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

> **Unique E-Ballot ID#:«EballotID»**

***OR***

**ELECTRONICALLY, VIA EMAIL.  Submit your Ballot and vote to the Claims and Noticing Agent's email, drcvote@angeiongroup.com (with "GoHealth Class 8 Ballot" in the subject line).**

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

***OR***

**VIA PAPER BALLOT (IF APPLICABLE).** **Complete, sign, and date this Ballot and return it (with a signature) promptly via first-class mail, overnight courier, or hand delivery to:**

| **If by First Class Mail:** |
| --- |
| Donlin, Recano & Company, LLC<br>Re:  GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 |
| **If by Hand Delivery or Overnight Mail:** |
| Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re:  GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br><br>To arrange hand delivery of your Ballot, please email the Claims and Noticing Agent at ghiinfo@angeiongroup.com (with "GoHealth, Inc. Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery. |

**Item 1.**         **Number of Shares.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of the following *aggregate* number of shares of Class 8 GoHealth, Inc. Class A Common Stock:[2]

| **«v_amt_c»** |
| --- |

**Item 2.**         **Vote on Plan.**

The Holder of the Class 8 GoHealth, Inc. Class A Common Stock of the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check <u>one</u>):

| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |
| --- | --- |

**Your vote on the Plan will be applied to the Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3.**         **Eligible Holder.**

---

[2]         For voting purposes only.

«SEQ»

The undersigned certifies that it is either (A) (i) a "qualified institutional buyer" (as defined in Rule 144A of the Securities Act of 1933 (as amended, the "Securities Act")), or (ii) an "accredited investor" within the meaning of Rule 501(a), or (B) (i) located outside of the United States, (ii) not a "U.S. person" (as defined in Regulation S of the Securities Act), and (iii) not participating on behalf of or on account of a U.S. person.

☐ **By checking this box, the Holder of the Interests identified in Item 1 certifies that it is an Eligible Holder**

**Item 4**. **Important information regarding releases under the Plan.[3]**

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, or any other Definitive Document, or any Restructuring Transaction, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or**

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

(«crednoseq») «l1»

distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Debtor Release, the Debtor Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (3) any Released Party from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates (as applicable) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Reorganized Debtors, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into

«SEQ»

in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, or the Plan Supplement, any other Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Third-Party Release, the Third-Party Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan; (3) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (4) any Claims against a Released Party arising from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release, except as provided therein.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*CAUSES OF ACTION*" MEANS ANY CLAIMS, CROSS CLAIMS, THIRD-PARTY CLAIMS, INTERESTS, DAMAGES, REMEDIES, CAUSES OF ACTION, DEMANDS, RIGHTS, ACTIONS, CONTROVERSIES, PROCEEDINGS, AGREEMENTS, SUITS, OBLIGATIONS, LIABILITIES, LOSS, DEBT, FEE OR EXPENSE, JUDGMENT, ACCOUNTS, DEFENSES, OFFSETS, POWERS, PRIVILEGES, LICENSES, LIENS, INDEMNITIES, CONTRIBUTIONS, GUARANTIES, AND FRANCHISES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, SECURED OR UNSECURED, ASSERTABLE, DIRECTLY OR DERIVATIVELY, MATURED OR UNMATURED, SUSPECTED OR UNSUSPECTED, WHETHER ARISING BEFORE, ON, OR AFTER THE PETITION DATE, IN CONTRACT, TORT, LAW, EQUITY, OR OTHERWISE.  CAUSES OF ACTION ALSO INCLUDE: (A) ALL RIGHTS OF SETOFF, COUNTERCLAIM, OR RECOUPMENT AND CLAIMS UNDER CONTRACTS OR FOR BREACHES OF DUTIES IMPOSED BY LAW OR IN EQUITY; (B) THE RIGHT TO OBJECT TO OR OTHERWISE CONTEST CLAIMS OR INTERESTS; (C) CLAIMS PURSUANT TO SECTION 362 OR CHAPTER 5 OF THE BANKRUPTCY CODE; (D) SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, AND USURY, AND ANY OTHER DEFENSES SET FORTH IN SECTION 558 OF THE BANKRUPTCY CODE; AND (E) ANY AVOIDANCE ACTIONS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) THE RELEASING PARTIES; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (F); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (E).

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:   (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) ALL HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 WHO VOTE TO ACCEPT THE PLAN; (E) ALL HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 WHO AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE PRESUMED TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (H) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN.[4]

**The Holder of the Interests identified in Item 1 elects to:**



☐ **OPT IN to the Third-Party Release**

**Check the box above if you elect to grant the Third-Party Release contained in Article VIII.D of the Plan. Election to withhold consent is at your option. If you would otherwise be entitled to a release under the Plan but you do not vote to opt in to the Third-Party Release, you will not be granted a release from the Releasing Parties under the Plan.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, the Cash Collateral Orders, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, the negotiation and pursuit of the Definitive Documents, the Plan Supplement, the pursuit of Confirmation, the pursuit of Consummation, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement,**

---

[4] For the avoidance of doubt, unless expressly indicated on a Ballot voting to accept the Plan, the members of the Ad Hoc Revolver Group participating in the Plan are doing so only in their capacity as holders of Super-Priority Loan Claims and/or First Lien Claims as of the Petition Date, and any actions taken by a member of the Ad Hoc Revolver Group in connection with the Plan and the Restructuring Transactions as well as any releases provided in connection with the Plan are only with respect to such lender's interest in the Super-Priority Loan Claims or First Lien Claims that are now owned or subsequently acquired by such member of the Ad Hoc Revolver Group.  In addition, the provisions of the Plan shall only apply to such trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Claim and shall not apply to any other trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) of the members of the Ad Hoc Revolver Group, which, so long as they are not acting at the direction of or for the benefit of such member of the Ad Hoc Revolver Group or such Ad Hoc Revolver Group member's investment in the Debtors, will not be considered "Releasing Parties" or "Released Parties" under the Plan.

«instance» «ballotid»

(«crednoseq») «l1»

or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes to accept or reject the Plan and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder. In addition, notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests or Causes of Action that have been released, discharged, settled, or are subject to exculpation under the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities, in each case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.

No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to Article VIII.C, Article VIII.D, and Article VIII.E of the Plan, without the Bankruptcy Court (1) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (2) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.

Class: «pclass»

«SEQ»

**<u>Item 5</u>.**         **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)       as of the Voting Record Date, the Entity is the Holder (or authorized signatory for a Holder) of the Interests set forth in <u>Item 1</u>;

(b)       the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)       the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(d)       no other Ballots with respect to the amount of the Interest identified in <u>Item 1</u> has been cast or, if any other Ballots have been cast with respect to such Interest, then any such earlier Ballots are revoked;

(e)       the Entity understands and acknowledges that if multiple Ballots are submitted voting the Interest set forth in <u>Item 1</u>, only the last valid Ballot voting the Interest and received by the Claims and Noticing Agent before the Interests Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent; and

(f)       the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

---

Name of Holder: _____
(Print or Type)

Signature: _____

Name of Signatory: _____
(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

---

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

> **IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 8 GoHealth, Inc. Class A Common Stock with respect to the Plan referred to in the Disclosure Statement. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you *must* complete and submit this Ballot as instructed herein. **Ballots will not be accepted by facsimile.**

4. **Use of Ballot**. To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

5. Your Ballot *must* be returned to the Claims and Noticing Agent so as to be *actually received* by the Claims and Noticing Agent on or before the Interests Voting Deadline. **The Interests Voting Deadline is July 8, 2026, at 4:00 p.m.,** prevailing Eastern Time.

6. If a Class 8 Registered Holder Ballot is received after the Interests Voting Deadline and if the Interests Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 8 Registered Holder Ballot will *not* be counted**:
   (a) any Ballot that partially rejects and partially accepts the Plan;

   (b) Ballots sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), the Debtors' financial or legal advisors or any other person (other than the Claims and Noticing Agent);

   (c) Ballots sent by facsimile;

   (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

   (e) any Ballot cast by an Entity that does not hold a Claim or Interest in the Voting Classes;

   (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

   (g) any unsigned Ballot; and/or

   (i) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7. The method of delivery of Class 8 Registered Holder Ballot to the Claims and Noticing Agent is at the election and risk of each Holder of Claims or Interests. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent *actually receives* the Ballot. For the avoidance of doubt, a Ballot submitted electronically via the online portal shall be considered an original. In all cases, Holders should allow sufficient time to assure timely delivery.

«instance» «ballotid»

(«crednoseq») «l1»

«SEQ»

8.  If multiple Class 8 Registered Holder Ballot are received from the same Holder with respect to the same Interests prior to the Interests Voting Deadline, the latest dated, timely received, and valid Ballot will supersede and revoke any earlier received Ballots.

9.  This Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or withdraw the Plan, (ii) the Confirmation Order is not entered, or (iii) consummation of the Plan does not occur.

10. You must vote all of your Claims or Interests within your respective class either to accept or reject the Plan and may *not* split your vote.

11. This Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12. **Please be sure to sign and date your Ballot**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

13. THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S./CANADA TOLL FREE:  +1-877-583-1578**
**INTERNATIONAL, TOLL:  +1-332-284-1398**

**OR EMAIL GHIINFO@ANGEIONGROUP.COM (WITH "GOHEALTH SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE INTERESTS VOTING DEADLINE, WHICH IS JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME, AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

«instance» «ballotid»

(«crednoseq») «l1»

Class: «pclass»

«SEQ»

**RE: GOHEALTH, INC., *et al.*,**

«barhuman»    («seq»/«pclass»)
«l1»
«l2»
«l3»
«l4»
«l5»
«l6»

BID: «ballotid»

(«crednoseq») «l1»

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-[●] [●] |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT
PREPACKAGED CHAPTER 11 PLAN OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS MASTER BALLOT MUST BE COMPLETED,
EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND
NOTICING AGENT BY JULY 8, 2026, AT 4:00 P.M. PREVAILING EASTERN TIME ("THE INTERESTS
VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

**PRIOR TO COMMENCEMENT OF THE CHAPTER 11 CASES, ONLY HOLDERS OF CLASS 8
GOHEALTH, INC. CLASS A COMMON STOCK WHO ARE ELIGIBLE HOLDERS (AS DEFINED
BELOW) ARE ENTITLED TO VOTE PURSUANT TO THIS MASTER BALLOT. ANY VOTE CAST ON
THIS MASTER BALLOT PRIOR TO THE ENTRY OF THE SOLICITATION PROCEDURES ORDER
ON BEHALF OF A BENEFICIAL HOLDER WHO IS NOT ALSO AN ELIGIBLE HOLDER WILL NOT
COUNT.**

**AN "ELIGIBLE HOLDER" IS A HOLDER OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK
THAT CERTIFIES TO THE REASONABLE SATISFACTION OF THE DEBTORS THAT IT IS (A) A
"QUALIFIED INSTITUTIONAL BUYER" (AS DEFINED IN RULE 144A OF THE SECURITIES ACT OF
1933, AS AMENDED (THE "SECURITIES ACT")), (B) AN "ACCREDITED INVESTOR" WITHIN THE
MEANING OF RULE 501(A) OF REGULATION D UNDER THE SECURITIES ACT, OR (C)(I)
LOCATED OUTSIDE THE UNITED STATES, (II) NOT A "U.S. PERSON" (AS DEFINED IN RULE
902(K) OF REGULATION S OF THE SECURITIES ACT) AND (III) NOT PARTICIPATING ON
BEHALF OF OR ON ACCOUNT OF A U.S. PERSON.**

**A "NON-ELIGIBLE HOLDER" IS A HOLDER OF CLASS 8 GOHEALTH, INC. CLASS A COMMON
STOCK THAT IS NOT AN ELIGIBLE HOLDER.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect
to the *Joint Prepackaged Chapter 11 Plan of GoHealth Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be
amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification
numbers are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote
Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and
Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West
Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

*Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Debtors may file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, a copy of which is available at https://www.bankruptcy.angeiongroup.com/gohealth.

You are receiving this master ballot (the "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[2] of Class 8 GoHealth, Inc. Class A Common Stock as of May 12, 2026 (the "Voting Record Date").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), or as the proxy holder of a Nominee for certain Beneficial Holders' Class 8 GoHealth, Inc. Class A Common Stock (the "Class 8 Interests"), to transmit to the Claims and Noticing Agent the votes of such Beneficial Holders in respect of their Class 8 Interests to accept or reject the Plan.**

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Claims and Noticing Agent *immediately* at the address, telephone number, or email address set forth below.

The rights and treatment for Class 8 Interests are described in the Confirmation Hearing Notice and the Disclosure Statement, which were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as certain other materials). ***Please note that, pursuant to the Plan, each Holder of GoHealth, Inc. Class A Common Stock or GoHealth Holdings Interests that is also a lender under the First Lien Credit Agreement or Super-Priority Credit Agreement (and, to the extent applicable, such Holder's fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Common Stock or Interest) shall each waive its right to recover its Specified Pro Rata Share of the Equity Recovery Pool.***

If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by: (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll-free) or +1-332-284-1398 (International, toll). You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth. The Plan Supplement will be filed with the Court no later than July 1, 2026, and may be accessed free of charge at the link provided herein. Physical copies of the Plan Supplement may also be requested free of charge as provided herein.

**U.S./Canada Toll Free: +1-877-583-1578**
**International, Toll: +1-332-284-1398**

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

---

[2]   A "Beneficial Holder" means a beneficial owner of publicly traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees holding through The Depository Trust Company, or other relevant security depository, and/or the transfer agent, as of the Voting Record Date.

**The Court may confirm the Plan and thereby bind the Beneficial Holders, whether or not the Beneficial Holders vote or if the Beneficial Holders vote to reject the Plan.** If the Beneficial Holder holds Claims or Interests in more than one Class, the Beneficial Holder will receive a ballot for each Class in which it is entitled to vote.  As to Class 8 Interests, to have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Claims and Noticing Agent *actually receives* it on or before the Interests Voting Deadline.

**THE INTERESTS VOTING DEADLINE IS JULY 8, 2026, AT [4:00 P.M.], PREVAILING EASTERN TIME. PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING THREE METHODS:**

**ELECTRONICALLY, VIA E-BALLOT PORTAL.  Submit your Ballot and vote through the Claims and Noticing Agent's online portal, by visiting https://www.bankruptcy.angeiongroup.com/gohealthvote (the "E-Ballot Portal"), Click on the "Balloting" section of the website and follow the instructions to submit your Ballot.**

*OR*

**ELECTRONICALLY, VIA EMAIL.  Submit your Ballot and vote to the Claims and Noticing Agent's email, drcvote@angeiongroup.com (with "GoHealth Master Ballot" in the subject line).**

*OR*

**VIA PAPER BALLOT (IF APPLICABLE).  Complete, sign, and date this Ballot and return it (with a signature) promptly via first-class mail, overnight courier, or hand delivery to:**

| **If by First Class Mail:** |
|---|
| Donlin, Recano & Company, LLC<br>Re:  GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 |
| **If by Hand Delivery or Overnight Mail:** |
| Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re:  GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br><br>To arrange hand delivery of your Ballot, please email the Claims and Noticing Agent at ghiinfo@angeiongroup.com (with "GoHealth, Inc. Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery. |

**Item 1**.         **Certification of Authority to Vote.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned (please check the applicable box):

☐   Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate amount of the Class 8 Interest listed in Item 2 below, and is the record holder of such interests, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate number of shares of Class 8 Interests listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or

a beneficial holder, that is the registered holder of the aggregate number of shares of Class 8 Interests listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Class 8 Interests described in Item 2.

**Item 2**.                **Class 8 Interests Vote on Plan.**

The undersigned transmits the following votes, and releases of Beneficial Holders of Class 8 Interests and certifies that the following Beneficial Holders of Class 8 Interests, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Class 8 Interests as of the Voting Record Date and have delivered to the undersigned, as Nominee, applicable and customary "voting instruction forms," and/or Beneficial Holders Ballots (the "Ballots") casting such votes.

Indicate in the appropriate column below the aggregate number of shares voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all such Beneficial Holder's Class 8 Interests to accept or reject the Plan and may not split such vote.  Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.  This Master Ballot should indicate whether each Beneficial Holder checked the box to opt into the releases set forth in Article VIII.D of the Plan, including, for the avoidance of doubt, Beneficial Holders who did not cast a vote to accept or reject the Plan but check the box to opt into the releases set forth in Article VIII.D of the Plan should be indicated.  (Please use additional sheets in the format below as necessary).

| CUSIP/ISIN Voted on this Master Ballot:  38046W204 (CUSIP/ISIN No.) | | | | | |
|---|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Class 8 Interests** | **Number of Shares Held as of Voting Record Date** | **Indicate the vote cast by the Beneficial Holder by placing an "X" in the appropriate column below** | | | **Opt In To Releases by Holders of Claims and Interests against Third Parties** | **Indicate if the Beneficial Holder is an Eligible Holder by placing an "X" in the appropriate row below** |
| | | **Accept the Plan** | **Reject the Plan** | **Not Voting on the Plan** | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTALS** | | | | | | |

**Item 3**.　　　　　**Important information regarding releases under the Plan.**[3]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, or any other Definitive Document, or any Restructuring Transaction, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing Debtor Release, the Debtor Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any**

---

[3]　　The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Ballot.

Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (3) any Released Party from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates (as applicable) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Reorganized Debtors, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, or the Plan Supplement, any other Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Third-Party Release, the Third-Party Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan; (3) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (4) any Claims against a Released Party arising from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release, except as provided therein.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "***CAUSES OF ACTION***" MEANS ANY CLAIMS, CROSS CLAIMS, THIRD-PARTY CLAIMS, INTERESTS, DAMAGES, REMEDIES, CAUSES OF ACTION, DEMANDS, RIGHTS, ACTIONS, CONTROVERSIES, PROCEEDINGS, AGREEMENTS, SUITS, OBLIGATIONS, LIABILITIES, LOSS, DEBT, FEE OR EXPENSE, JUDGMENT, ACCOUNTS, DEFENSES, OFFSETS, POWERS, PRIVILEGES, LICENSES, LIENS, INDEMNITIES, CONTRIBUTIONS, GUARANTIES, AND FRANCHISES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, SECURED OR UNSECURED, ASSERTABLE, DIRECTLY OR DERIVATIVELY, MATURED OR UNMATURED, SUSPECTED OR UNSUSPECTED, WHETHER ARISING BEFORE, ON, OR AFTER THE PETITION DATE, IN CONTRACT, TORT, LAW, EQUITY, OR OTHERWISE. CAUSES OF ACTION ALSO INCLUDE: (A) ALL RIGHTS OF SETOFF, COUNTERCLAIM, OR RECOUPMENT AND CLAIMS UNDER CONTRACTS OR FOR BREACHES OF DUTIES IMPOSED BY LAW OR IN EQUITY; (B) THE RIGHT TO OBJECT TO OR OTHERWISE CONTEST CLAIMS OR INTERESTS; (C) CLAIMS PURSUANT TO SECTION 362 OR CHAPTER 5 OF THE BANKRUPTCY CODE; (D) SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, AND USURY, AND ANY OTHER DEFENSES SET FORTH IN SECTION 558 OF THE BANKRUPTCY CODE; AND (E) ANY AVOIDANCE ACTIONS.

UNDER THE PLAN, "***RELEASED PARTIES***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) THE RELEASING PARTIES; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (F); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (E).

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) ALL HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 WHO VOTE TO ACCEPT THE PLAN; (E) ALL HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 WHO AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE PRESUMED TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); AND (I) EACH RELATED

PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (H) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN.[4]

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, the Cash Collateral Orders, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, the negotiation and pursuit of the Definitive Documents, the Plan Supplement, the pursuit of Confirmation, the pursuit of Consummation, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes to accept or reject the Plan and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder. In addition, notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests or Causes of Action that have been released, discharged, settled, or are subject to exculpation under the Plan are permanently enjoined, from and after the Effective Date, from taking any of**

---

[4] For the avoidance of doubt, unless expressly indicated on a Ballot voting to accept the Plan, the members of the Ad Hoc Revolver Group participating in the Plan are doing so only in their capacity as holders of Super-Priority Loan Claims and/or First Lien Claims as of the Petition Date, and any actions taken by a member of the Ad Hoc Revolver Group in connection with the Plan and the Restructuring Transactions as well as any releases provided in connection with the Plan are only with respect to such lender's interest in the Super-Priority Loan Claims or First Lien Claims that are now owned or subsequently acquired by such member of the Ad Hoc Revolver Group. In addition, the provisions of the Plan shall only apply to such trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Claim and shall not apply to any other trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) of the members of the Ad Hoc Revolver Group, which, so long as they are not acting at the direction of or for the benefit of such member of the Ad Hoc Revolver Group or such Ad Hoc Revolver Group member's investment in the Debtors, will not be considered "Releasing Parties" or "Released Parties" under the Plan.

the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities, in each case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.

No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to Article VIII.C, Article VIII.D, and Article VIII.E of the Plan, without the Bankruptcy Court (1) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (2) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.

**Item 4.        Certifications.**

By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 8 Interest listed in Item 2 above;

(b)     It has received a completed and signed Beneficial Holder Ballot (or other accepted and customary method of communicating a vote) from each Beneficial Holder listed in Item 2 above;

(c)     it is the Nominee of all the GoHealth, Inc. Class A Common Stock in Item 2 above being voted, or it has been authorized by each Beneficial Holder of such Interests to vote on the Plan;

(d)     it has properly disclosed: (i) the number of Beneficial Holders of GoHealth, Inc. Class A Common Stock who completed the Beneficial Holder Ballots; (ii) the respective amounts of the GoHealth, Inc. Class A Common Stock owned, as the case may be, by each Beneficial Holder of such Stock who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder's respective vote concerning the Plan and Releases by Holder of Claims and Interests; and (v) the customer account of other identification number for each such GoHealth, Inc. Class A Common Stock;

(e)     each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan or Releases by Holders of Claims and Interests; and it will maintain Beneficial Holder Ballots and

evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court, the Debtors, or the Reorganized Debtors, as the case may be, if so ordered;

(g)     it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided, that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Nominee: _____

(Print or Type)

Participant Number

Name of Proxy Holder or Agent for Nominee (if applicable): _____

Signature: _____

Name of Signatory: _____

(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME, AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 8 GoHealth, Inc. Class A Common Stock with respect to the Plan referred to in the Disclosure Statement. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the holders of Class 8 GoHealth, Inc. Class A Common Stock if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. You should immediately distribute the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 8 Interests and take any action required to enable each such Beneficial Holder to vote timely the Interests that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a beneficial ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 8 Interest shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Claims and Noticing Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **July 8, 2026, at 4:00 p.m., prevailing Eastern Time** or otherwise validate the Master Ballot in a manner acceptable to the Claims and Noticing Agent.

4. If you are transmitting the votes of any Beneficial Holder of Class 8 Interests other than yourself, you may either:

(a)          "Pre-validate" the individual Class 8 GoHealth, Inc. Class A Common Stock Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 8 Interest for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Claims and Noticing Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number, indicating the account number of the Beneficial Holder and the amount of Class 8 Interests held by the Nominee for such Beneficial Holder, and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Claims and Noticing Agent. A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; OR

(b)          Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 8 Interests for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Claims and Noticing Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Claims and Noticing Agent. The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Claims and Noticing Agent so that the Master Ballot is actually received by the Claims and Noticing Agent on or before the Interests Voting Deadline.

5. With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Claims and Noticing Agent by the Interests Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by

electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Court.

6.  The Master Ballot *must* be returned to the Claims and Noticing Agent so as to be *actually received* by the Claims and Noticing Agent on or before the Interests Voting Deadline.  **The Interests Voting Deadline is <u>July 8, 2026, at 4:00 p.m.</u>, prevailing Eastern Time.**

7.  If a Master Ballot is received after the Interests Voting Deadline and if the Interests Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors.  Additionally, **the following Master Ballots will *not* be counted**:

    (a)  Master Ballots sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), the Debtors' financial or legal advisors or any other person (other than the Claims and Noticing Agent);

    (b)  Master Ballots sent by facsimile;

    (c)  any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

    (d)  any Master Ballot cast by an Entity that does not hold a Claim or Interest in the Voting Classes;

    (e)  any Master Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

    (f)  any unsigned Master Ballot; and/or

    (g)  any Master Ballot not marked to accept or reject the Plan.

8.  The method of delivery of Master Ballots to the Claims and Noticing Agent is at the election and risk of each Nominee of such Claim or Interest.  Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent *actually receives* the Master Ballot.  For the avoidance of doubt, a Master Ballot submitted electronically via the online portal shall be considered an original.  In all cases, Nominees should allow sufficient time to assure timely delivery.

9.  If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Holder Ballot belonging to a Beneficial Holder of a Claim or Interest prior to the Interests Voting Deadline, the latest dated, timely received, and valid Ballot will supersede and revoke any earlier received Ballots.

10.  This Master Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or withdraw the Plan, (ii) the Confirmation Order is not entered, or (iii) consummation of the Plan does not occur.

11.  The Master Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12.  **<u>Please be sure to sign and date the Master Ballot</u>**.  If you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.  If you are both the Nominee and the Beneficial Holder of any of the Class 8 Interests and you wish to vote such Class 8 Interests, you may return a Beneficial Holder Ballot or Master Ballot for such Class 8 Interests,

and you must vote your entire Class 8 Interests to either accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot that partially rejects and partially accepts the Plan, other than a Master Ballot with the votes of multiple Beneficial Holders, will not be counted.

14. The following additional rules shall apply to Master Ballots:

   a. Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such Holders in the Class 8 Interests as of the Record Voting Date, as evidenced by the record and depository listings;

   b. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated holder Ballot, will not be counted in excess of the record amount of the Class 8 Interests held by such Nominee;

   c. To the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or a pre-validated holder Beneficial Holder Ballot, the Claims and Noticing Agent will attempt to reconcile discrepancies with the Nominee;

   d. To the extent that over-votes on a Master Ballot or a pre-validated holder Beneficial Holder Ballot are not reconcilable prior to the preparation of the vote certification, the Claims and Noticing Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or the pre-validated holder Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 8 Interests; and

   e. For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the amount relating its holding in that particular account, although the Claims and Noticing Agent may be asked to adjust such amount to reflect the Interest amount.

15. THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**PLEASE SUBMIT YOUR CLASS 8 MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S./CANADA TOLL FREE:  +1-877-583-1578**
**INTERNATIONAL, TOLL:  +1-332-284-1398**

**OR EMAIL GHIINFO@ANGEIONGROUP.COM (WITH "GOHEALTH SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE INTERESTS VOTING DEADLINE, WHICH IS JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

# EXHIBIT E

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-[●] [●] |
| | ) | |
| Debtors. | ) | (Joint Administration Request) |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR VOTING TO**
**ACCEPT OR REJECT THE JOINT PREPACKAGED CHAPTER 11 PLAN**
**OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

**BENEFICIAL BALLOT FOR HOLDERS OF**
**CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND NOTICING AGENT BY JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "INTERESTS VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

**PRIOR TO COMMENCEMENT OF THE CHAPTER 11 CASES, ONLY HOLDERS OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK WHO ARE ELIGIBLE HOLDERS (AS DEFINED BELOW) ARE ENTITLED TO VOTE PURSUANT TO THIS BENEFICIAL HOLDER BALLOT.  ANY VOTE CAST ON THIS BENEFICIAL HOLDER BALLOT PRIOR TO THE ENTRY OF THE SOLICITATION PROCEDURES ORDER ON BEHALF OF A BENEFICIAL HOLDER WHO IS NOT ALSO AN ELIGIBLE HOLDER WILL NOT COUNT.**

**AN "ELIGIBLE HOLDER" IS A HOLDER OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK THAT CERTIFIES TO THE REASONABLE SATISFACTION OF THE DEBTORS THAT IT IS (A) A "QUALIFIED INSTITUTIONAL BUYER" (AS DEFINED IN RULE 144A OF THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT")), (B) AN "ACCREDITED INVESTOR" WITHIN THE MEANING OF RULE 501(A), OR (C)(I) LOCATED OUTSIDE THE UNITED STATES, (II) NOT A "U.S. PERSON" (AS DEFINED IN RULE 902(K) OF REGULATION S OF THE SECURITIES ACT) AND (III) NOT PARTICIPATING ON BEHALF OF OR ON ACCOUNT OF A U.S. PERSON.**

**A "NON-ELIGIBLE HOLDER" IS A HOLDER OF CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK THAT IS NOT AN ELIGIBLE HOLDER.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

*Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement").  The Debtors may file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, a copy of which is available at https://www.bankruptcy.angeiongroup.com/gohealth.

You are receiving this ballot (this "Ballot") because you are a Beneficial Holder of a Class 8 GoHealth, Inc. Class A Common Stock ("Class 8 Interests") as of **May 12, 2026** (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.  You can cast your vote through this Class 8 Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, that will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of Class 8 Interests.

Your rights are described in the Confirmation Hearing Notice and the Disclosure Statement, which were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as certain other materials).  ***Please note that, pursuant to the Plan, each Holder of GoHealth, Inc. Class A Common Stock or GoHealth Holdings Interests that is also a lender under the First Lien Credit Agreement or Super-Priority Credit Agreement (and, to the extent applicable, such Holder's fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Common Stock or Interest) shall each waive its right to recover its Specified Pro Rata Share of the Equity Recovery Pool.***

If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by:  (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll-free) or +1-332-284-1398 (International, toll).  You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth.  The Plan Supplement will be filed with the Court no later than July 1, 2026, and may be accessed free of charge at the link provided herein.  Physical copies of the Plan Supplement may also be requested free of charge as provided herein.

**U.S./Canada Toll Free:  +1-877-583-1578**
**International, Toll:  +1-332-284-1398**

This Class 8 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Class 8 Beneficial Holder Ballot in error, or if you believe you have received the wrong ballot, please contact the Claims and Noticing Agent ***immediately*** at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest.  Your Interest has been placed in Class 8 under the Plan.

**Item 1.**　　　　　**Number of Shares.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned is the Holder of the following *aggregate* number of shares of Class 8 GoHealth, Inc. Class A Common Stock (insert amount in box below, unless otherwise completed by your Nominee):[2]

|  |
|---|
| ＿＿＿＿＿＿＿＿ |

**Item 2.**　　　　　**Vote on Plan.**

The Holder of the Class 8 GoHealth, Inc. Class A Common Stock of the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check <u>one</u>):

| ☐　　**ACCEPT** (vote FOR) the Plan | ☐　　**REJECT** (vote AGAINST) the Plan |
|---|---|

**Your vote on the Plan will be applied to the Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3.**　　　　　**Eligible Holder.**

The undersigned certifies that it is either (A) (i) a "qualified institutional buyer" (as defined in Rule 144A of the Securities Act of 1933 (as amended, the "Securities Act")), or (ii) an "accredited investor" within the meaning of Rule 501(a), or (B) (i) located outside of the United States, (ii) not a "U.S. person" (as defined in Regulation S of the Securities Act), and (iii) not participating on behalf of or on account of a U.S. person.

| ☐　　**By checking this box, the Holder of the Interests identified in Item 1 certifies that it is an Eligible Holder** |
|---|

**Item 4.**　　　　　**Important information regarding releases under the Plan.[3]**

<u>Article VIII.C</u> of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement,**

---

[2]　　　　For voting purposes only.

[3]　　　　The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Ballot.

or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, or any other Definitive Document, or any Restructuring Transaction, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Debtor Release, the Debtor Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (3) any Released Party from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates

(as applicable) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Reorganized Debtors, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, or the Plan Supplement, any other Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Third-Party Release, the Third-Party Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan; (3) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (4) any Claims against a Released Party arising from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release, except as provided therein.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*CAUSES OF ACTION*" MEANS ANY CLAIMS, CROSS CLAIMS, THIRD-PARTY CLAIMS, INTERESTS, DAMAGES, REMEDIES, CAUSES OF ACTION, DEMANDS, RIGHTS, ACTIONS, CONTROVERSIES, PROCEEDINGS, AGREEMENTS, SUITS, OBLIGATIONS, LIABILITIES, LOSS, DEBT,

FEE OR EXPENSE, JUDGMENT, ACCOUNTS, DEFENSES, OFFSETS, POWERS, PRIVILEGES, LICENSES, LIENS, INDEMNITIES, CONTRIBUTIONS, GUARANTIES, AND FRANCHISES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, SECURED OR UNSECURED, ASSERTABLE, DIRECTLY OR DERIVATIVELY, MATURED OR UNMATURED, SUSPECTED OR UNSUSPECTED, WHETHER ARISING BEFORE, ON, OR AFTER THE PETITION DATE, IN CONTRACT, TORT, LAW, EQUITY, OR OTHERWISE.  CAUSES OF ACTION ALSO INCLUDE: (A) ALL RIGHTS OF SETOFF, COUNTERCLAIM, OR RECOUPMENT AND CLAIMS UNDER CONTRACTS OR FOR BREACHES OF DUTIES IMPOSED BY LAW OR IN EQUITY; (B) THE RIGHT TO OBJECT TO OR OTHERWISE CONTEST CLAIMS OR INTERESTS; (C) CLAIMS PURSUANT TO SECTION 362 OR CHAPTER 5 OF THE BANKRUPTCY CODE; (D) SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, AND USURY, AND ANY OTHER DEFENSES SET FORTH IN SECTION 558 OF THE BANKRUPTCY CODE; AND (E) ANY AVOIDANCE ACTIONS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) THE RELEASING PARTIES; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (F); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (E).

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:   (A) THE DEBTORS;  (B) THE REORGANIZED DEBTORS;  (C) THE AGENTS; (D) ALL HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 WHO VOTE TO ACCEPT THE PLAN; (E) ALL HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 WHO AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE PRESUMED TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (H) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN.[4]

**The Holder of the Interests identified in Item 1 elects to:**

☐  **OPT IN to the Third-Party Release**

**Check the box above if you elect to grant the Third-Party Release contained in Article VIII.D of the Plan. Election to withhold consent is at your option. If you would otherwise be entitled to a release under the Plan**

---

[4]     For the avoidance of doubt, unless expressly indicated on a Ballot voting to accept the Plan, the members of the Ad Hoc Revolver Group participating in the Plan are doing so only in their capacity as holders of Super-Priority Loan Claims and/or First Lien Claims as of the Petition Date, and any actions taken by a member of the Ad Hoc Revolver Group in connection with the Plan and the Restructuring Transactions as well as any releases provided in connection with the Plan are only with respect to such lender's interest in the Super-Priority Loan Claims or First Lien Claims that are now owned or subsequently acquired by such member of the Ad Hoc Revolver Group.  In addition, the provisions of the Plan shall only apply to such trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Claim and shall not apply to any other trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) of the members of the Ad Hoc Revolver Group, which, so long as they are not acting at the direction of or for the benefit of such member of the Ad Hoc Revolver Group or such Ad Hoc Revolver Group member's investment in the Debtors, will not be considered "Releasing Parties" or "Released Parties" under the Plan.

**but you do not vote to opt in to the Third-Party Release, you will not be granted a release from the Releasing Parties under the Plan.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

> Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, the Cash Collateral Orders, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, the negotiation and pursuit of the Definitive Documents, the Plan Supplement, the pursuit of Confirmation, the pursuit of Consummation, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

> The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes to accept or reject the Plan and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder. In addition, notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

> Except as otherwise specifically provided in the Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests or Causes of Action that have been released, discharged, settled, or are subject to exculpation under the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities, in each case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any

such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.

No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to Article VIII.C, Article VIII.D, and Article VIII.E of the Plan, without the Bankruptcy Court (1) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (2) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.

**Item 5.**          **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)      as of the Voting Record Date, the Entity is the Holder (or authorized signatory for a Holder) of the Interests set forth in Item 1;

(b)      the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(d)      no other Ballots with respect to the amount of the Interest identified in Item 1 has been cast or, if any other Ballots have been cast with respect to such Interest, then any such earlier Ballots are revoked;

(e)      the Entity understands and acknowledges that if multiple Ballots are submitted voting the Interest set forth in Item 1, only the last valid Ballot voting the Interest and received by the Nominee before the Interests Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Nominee; and

(f)      the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1. The Debtors are soliciting the votes of Holders of Class 8 GoHealth, Inc. Class A Common Stock with respect to the Plan referred to in the Disclosure Statement.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. Please vote, whether by this Beneficial Holder Ballot or otherwise, as directed by your Nominee.  **The Claims and Noticing Agent will tabulate all properly completed pre-validated Beneficial Holder Ballots and Master Ballots received on or before the Interests Voting Deadline. IF YOU ARE RETURNING YOUR BENEFICIAL HOLDER BALLOT TO YOUR NOMINEE, PLEASE RETURN IT BY THE DEADLINE PROVIDED BY YOUR NOMINEE TO ALLOW SUFFICIENT TIME FOR YOUR VOTE TO BE INCLUDED ON A MASTER BALLOT AND FORWARDED TO THE CLAIMS AND NOTICING AGENT BY THE INTERESTS VOTING DEADLINE.**

4. **IF, AND ONLY IF, YOU RECEIVED A "PRE-VALIDATED" BENEFICIAL HOLDER BALLOT FROM YOUR NOMINEE, YOU MAY SUBMIT SUCH PRE-VALIDATED BENEFICIAL HOLDER BALLOT DIRECTLY TO THE CLAIMS AND NOTICING AGENT BY ONLY ONE OF THE FOLLOWING METHODS:**

    a. **Return your completed and signed "pre-validated" Beneficial Holder Ballot in the return envelope provided, if any, or otherwise by regular mail, overnight mail, or hand delivery to:**

| **If by First Class Mail:** |
| --- |
| Donlin, Recano & Company, LLC<br>Re:  GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 |
| **If by Hand Delivery or Overnight Mail:** |
| Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re:  GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br><br>To arrange hand delivery of your Ballot, please email the Claims and Noticing Agent at ghiinfo@angeiongroup.com (with "GoHealth, Inc. Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery. |

    b. **Return your completed and signed "pre-validated" Beneficial Holder Ballot by email to drcvote@angeiongroup.com (with "GoHealth Beneficial Holder Ballot" in the subject line).**

5. If it is your Nominee's customary practice to collect your vote via voter information form, email, telephone, electronic website link or other means in lieu of this Beneficial Holder Ballot, you may follow your Nominee's instructions regarding the submission of your vote.

6.  The Interests Voting Deadline for the receipt of Master Ballots by the Claims and Noticing Agent is **July 8, 2026, at 4:00 p.m., prevailing Eastern Time**.  Unless you received a "pre-validated" Beneficial Holder Ballot from your Nominee, your completed Class 8 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Claims and Noticing Agent on or before the Interests Voting Deadline.

7.  If a Class 8 Beneficial Holder Ballot is received after the Interests Voting Deadline and if the Interests Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 8 Beneficial Holder Ballot will *not* be counted**:

    (a)   any Class 8 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;

    (b)   Class 8 Beneficial Holder Ballots sent to the Debtors, the Debtors' agents, the Debtors' financial or legal advisors or any other person (other than the Beneficial Holder's Nominee and, only with respect to a "pre-validated" Beneficial Holder Ballot, other than the Claims and Noticing Agent);

    (d)   any Class 8 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Interest;

    (e)   any Class 8 Beneficial Holder Ballot cast by an Entity that does not hold a Claim or Interest in the Voting Classes;

    (f)   any Class 8 Beneficial Holder Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

    (g)   any unsigned Class 8 Beneficial Holder Ballot; and/or

    (i)   any Class 8 Beneficial Holder Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8.  The method of delivery of Class 8 Beneficial Holder Ballot to the Nominee is at the election and risk of each Holder of Claims or Interests.  Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent *actually receives* the Master Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

9.  If multiple Class 8 Beneficial Holder Ballot are received from the same Holder with respect to the same Interests prior to the Interests Voting Deadline, the latest dated, timely received, and valid Ballot will supersede and revoke any earlier received Ballots.

10. This Class 8 Beneficial Holder Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or withdraw the Plan, (ii) the Confirmation Order is not entered, or (iii) consummation of the Plan does not occur.

11. You must vote all of your Claims or Interests within your respective class either to accept or reject the Plan and may *not* split your vote.

12. This Class 8 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

13. **<u>Please be sure to sign and date your Class 8 Beneficial Holder Ballot</u>**.  If you are signing a Class 8 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

14.  If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one ballot coded for each different Class.  Each ballot votes only your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

15. If you are both the Nominee and the Beneficial Holder of any of the Class 8 Interests and you wish to vote such Class 8 Interests, you may return a Beneficial Holder Ballot or Master Ballot for such Class 8 Interests and you must vote your entire Class 8 Interests to either accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot that partially rejects and partially accepts the Plan, other than a Master Ballot with the votes of multiple Beneficial Holders, will not be counted.

16. THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S./CANADA TOLL FREE:  +1-877-583-1578**
**INTERNATIONAL, TOLL:  +1-332-284-1398**

**OR EMAIL GHIINFO@ANGEIONGROUP.COM (WITH "GOHEALTH SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE INTERESTS VOTING DEADLINE, WHICH IS JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME, AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

# EXHIBIT F

**DONLIN RECANO**

Tel: 212-481-1411
www.donlinrecano.com

To Custodians, Banks, Brokers, and Other Nominees (each, a "Voting Nominee"):

Re: Case No. 26-10914 (TMH) – GOHEALTH, INC. et al[1]., CHAPTER 11 BANKRUPTCY

CUSIP No. **_38046W204_** (Class A Common Stock)

Donlin, Recano & Company, Inc. ("DRC"), the Voting Agent for the Debtor, must cause to serve the enclosed Master Ballot, Beneficial Ballot, Cover Letter, and pre-addressed return envelope (together with the Master Ballot, Beneficial Ballot, and Cover Letter the "Solicitation Package") upon holders of the above referenced CUSIP Number (the "Class A Common Stock"). You have received this letter because your firm has been identified as a Voting Nominee who held Debtor's Class A Common Stock as of May 12, 2026 (the "Record Date").

| CUSIP No | Record Date | Security Type | Voting Deadline |
|---|---|---|---|
| 38046W204 | May 12, 2026 | Class A Common Stock | July 8, 2026 at 4:00pm (prevailing Eastern Time) |

DRC will provide the appropriate number of Solicitation Packages (excluding Master Ballots) to financial noticing companies such as Broadridge and Mediant (the "Noticing Companies") and the Noticing Companies will serve upon the beneficial holders who held Debtor's Common Stock as of the Record Date on behalf of the Voting Nominees that are affiliated with them.

If you would like to request DRC to either provide extra sets of the Solicitation Package or serve the Solicitation Package (excluding Master Ballot) on your behalf to your respective clients, please provide DRC with either the number of copies you require or a list of names and addresses to whom you would like DRC to serve.

| By Mail | By Overnight or Hand Delivery | By Email |
|---|---|---|
| Donlin, Recano & Company, LLC<br>Re: GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 | Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re: GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281 | DRCVote@DonlinRecano.com |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

**DONLIN RECANO**                                                    Tel: 212-481-1411
                                                                      www.donlinrecano.com

PLEASE NOTE: DRC WILL PROVIDE MASTER BALLOTS TO BROADRIDGE AND MEDIANT IN ORDER FOR THEM TO TABULATE EXECUTED BENEFICIAL BALLOTS SUBMITTED BY THE BENEFICIAL HOLDERS OF THE DEBTOR'S COMMON STOCK ON BEHALF OF THE VOTING NOMINEES THAT ARE AFFILIATED WITH THEM.

If you do not use Broadridge or Mediant as a Voting Nominee for bankruptcy relating procedures, you must solicit votes from beneficial holders of such Common Stock by: (i) immediately distributing the Solicitation Package, to all such beneficial holders; (ii) providing such beneficial holders with a return address and envelope to send Beneficial Ballots; (iii) promptly collecting Beneficial Ballots from such beneficial holders that cast votes on the Plan; (iv) compiling and validating the votes and other relevant information of all such beneficial holders on the Master Ballot; and (v) transmitting the Master Ballot to the Voting Agent by July 8, 2026 at 4:00pm (prevailing Eastern Time) (the "Voting Deadline").

If you are not the correct individual or department to research and disburse the requested information, please forward to the proper individual at your firm.

_____

Donlin, Recano & Company, LLC

Donlin, Recano & Co. LLC, P. O. Box 2053, New York, NY 10272-2042

EXHIBIT G

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT
PREPACKAGED CHAPTER 11 PLAN OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS MASTER BALLOT MUST BE COMPLETED,
EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND
NOTICING AGENT BY JULY 8, 2026, AT 4:00 P.M. PREVAILING EASTERN TIME ("THE INTERESTS
VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Prepackaged Chapter 11 Plan of GoHealth Inc. and Its Debtor Affiliates* [Docket No. 5] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth Inc. and Its Debtor Affiliates* [Docket No. 6] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Debtors may file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, a copy of which is available at https://www.bankruptcy.angeiongroup.com/gohealth.

You are receiving this master ballot (the "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[2] of Class 8 GoHealth, Inc. Class A Common Stock as of May 12, 2026 (the "Voting Record Date").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), or as the proxy holder of a Nominee for certain Beneficial Holders' Class 8 GoHealth, Inc. Class A Common Stock (the "Class 8 Interests"), to transmit to the**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]     A "Beneficial Holder" means a beneficial owner of publicly traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Court order or otherwise, as reflected in the records maintained by the Nominees holding through The Depository Trust Company, or other relevant security depository, and/or the transfer agent, as of the Voting Record Date.

**Claims and Noticing Agent the votes of such Beneficial Holders in respect of their Class 8 Interests to accept or reject the Plan.**

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Claims and Noticing Agent *immediately* at the address, telephone number, or email address set forth below.

The rights and treatment for Class 8 Interests are described in the Confirmation Hearing Notice and the Disclosure Statement, which were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as certain other materials). ***Please note that, pursuant to the Plan, each Holder of GoHealth, Inc. Class A Common Stock or GoHealth Holdings Interests that is also a lender under the First Lien Credit Agreement or Super-Priority Credit Agreement (and, to the extent applicable, such Holder's fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Common Stock or Interest) shall each waive its right to recover its Specified Pro Rata Share of the Equity Recovery Pool.***

If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by:  (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll-free) or +1-332-284-1398 (International, toll). You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth.  The Plan Supplement will be filed with the Court no later than July 1, 2026, and may be accessed free of charge at the link provided herein.  Physical copies of the Plan Supplement may also be requested free of charge as provided herein.

**U.S./Canada Toll Free:  +1-877-583-1578**
**International, Toll:  +1-332-284-1398**

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

**The Court may confirm the Plan and thereby bind the Beneficial Holders, whether or not the Beneficial Holders vote or if the Beneficial Holders vote to reject the Plan.** If the Beneficial Holder holds Claims or Interests in more than one Class, the Beneficial Holder will receive a ballot for each Class in which it is entitled to vote.  As to Class 8 Interests, to have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Claims and Noticing Agent *actually receives* it on or before the Interests Voting Deadline.

**THE INTERESTS VOTING DEADLINE IS JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME. PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING THREE METHODS:**

**ELECTRONICALLY, VIA E-BALLOT PORTAL.  Submit your Ballot and vote through the Claims and Noticing Agent's online portal, by visiting https://www.bankruptcy.angeiongroup.com/gohealthvote (the "E-Ballot Portal"), Click on the "Balloting" section of the website and follow the instructions to submit your Ballot.**

*OR*

**ELECTRONICALLY, VIA EMAIL.  Submit your Ballot and vote to the Claims and Noticing Agent's email, drcvote@angeiongroup.com (with "GoHealth Master Ballot" in the subject line).**

*OR*

**VIA PAPER BALLOT (IF APPLICABLE).  Complete, sign, and date this Ballot and return it (with a signature) promptly via first-class mail, overnight courier, or hand delivery to:**

| If by First Class Mail: |
|---|
| Donlin, Recano & Company, LLC<br>Re:  GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 |
| **If by Hand Delivery or Overnight Mail:** |
| Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re:  GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br><br>To arrange hand delivery of your Ballot, please email the Claims and Noticing Agent at ghiinfo@angeiongroup.com (with "GoHealth, Inc. Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery. |

**Item 1.**          **Certification of Authority to Vote.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate amount of the Class 8 Interest listed in Item 2 below, and is the record holder of such interests, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate number of shares of Class 8 Interests listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial holder, that is the registered holder of the aggregate number of shares of Class 8 Interests listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Class 8 Interests described in Item 2.

**Item 2.**          **Class 8 Interests Vote on Plan.**

The undersigned transmits the following votes, and releases of Beneficial Holders of Class 8 Interests and certifies that the following Beneficial Holders of Class 8 Interests, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Class 8 Interests as of the Voting Record Date and have delivered to the undersigned, as Nominee, applicable and customary "voting instruction forms," and/or Beneficial Holders Ballots (the "Ballots") casting such votes.

Indicate in the appropriate column below the aggregate number of shares voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all such Beneficial Holder's Class 8 Interests to accept or reject the Plan and may not split such vote.  Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.  This Master Ballot should indicate

whether each Beneficial Holder checked the box to opt into the releases set forth in Article VIII.D of the Plan, including, for the avoidance of doubt, Beneficial Holders who did not cast a vote to accept or reject the Plan but check the box to opt into the releases set forth in Article VIII.D of the Plan should be indicated. (Please use additional sheets in the format below as necessary).

| CUSIP/ISIN Voted on this Master Ballot: 38046W204 (CUSIP/ISIN No.) | | | | | | |
|---|---|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Class 8 Interests** | **Number of Shares Held as of Voting Record Date** | **Indicate the vote cast by the Beneficial Holder by placing an "X" in the appropriate column below** | | | **Opt In To Releases by Holders of Claims and Interests against Third Parties** | **Indicate if the Beneficial Holder is an Eligible Holder by placing an "X" in the appropriate row below** |
| | | **Accept the Plan** | **Reject the Plan** | **Not Voting on the Plan** | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTALS** | | | | | | |

**Item 3.**          **Important information regarding releases under the Plan.**[3]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

 **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim**

---

[3]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, or any other Definitive Document, or any Restructuring Transaction, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Debtor Release, the Debtor Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (3) any Released Party from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

<u>Article VIII.D</u> of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates (as applicable) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Reorganized Debtors, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, or the Plan Supplement, any other Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing Third-Party Release, the Third-Party Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan; (3) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (4) any Claims against a Released Party arising from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after**

due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release, except as provided therein.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*CAUSES OF ACTION*" MEANS ANY CLAIMS, CROSS CLAIMS, THIRD-PARTY CLAIMS, INTERESTS, DAMAGES, REMEDIES, CAUSES OF ACTION, DEMANDS, RIGHTS, ACTIONS, CONTROVERSIES, PROCEEDINGS, AGREEMENTS, SUITS, OBLIGATIONS, LIABILITIES, LOSS, DEBT, FEE OR EXPENSE, JUDGMENT, ACCOUNTS, DEFENSES, OFFSETS, POWERS, PRIVILEGES, LICENSES, LIENS, INDEMNITIES, CONTRIBUTIONS, GUARANTIES, AND FRANCHISES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, SECURED OR UNSECURED, ASSERTABLE, DIRECTLY OR DERIVATIVELY, MATURED OR UNMATURED, SUSPECTED OR UNSUSPECTED, WHETHER ARISING BEFORE, ON, OR AFTER THE PETITION DATE, IN CONTRACT, TORT, LAW, EQUITY, OR OTHERWISE.  CAUSES OF ACTION ALSO INCLUDE: (A) ALL RIGHTS OF SETOFF, COUNTERCLAIM, OR RECOUPMENT AND CLAIMS UNDER CONTRACTS OR FOR BREACHES OF DUTIES IMPOSED BY LAW OR IN EQUITY; (B) THE RIGHT TO OBJECT TO OR OTHERWISE CONTEST CLAIMS OR INTERESTS; (C) CLAIMS PURSUANT TO SECTION 362 OR CHAPTER 5 OF THE BANKRUPTCY CODE; (D) SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, AND USURY, AND ANY OTHER DEFENSES SET FORTH IN SECTION 558 OF THE BANKRUPTCY CODE; AND (E) ANY AVOIDANCE ACTIONS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) THE RELEASING PARTIES; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (F); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (E).

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) ALL HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 WHO VOTE TO ACCEPT THE PLAN; (E) ALL HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 WHO AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE PRESUMED TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (H) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN.[4]

---

[4]   For the avoidance of doubt, unless expressly indicated on a Ballot voting to accept the Plan, the members of the Ad Hoc Revolver Group participating in the Plan are doing so only in their capacity as holders of Super-Priority Loan Claims and/or First Lien Claims as of the Petition Date, and any actions taken by a member of the Ad Hoc Revolver Group in connection with the Plan and the Restructuring Transactions as well as any releases provided in connection with the Plan are only with respect to such lender's interest in the Super-Priority Loan Claims or First Lien Claims that are now owned or subsequently acquired by such member of the Ad Hoc Revolver Group. In addition, the provisions of the Plan shall only apply to such trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Claim and shall not apply to any other trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) of the members of the Ad Hoc Revolver Group, which, so long as they are not acting at the direction of or for the benefit of such member of the Ad Hoc Revolver Group or such Ad Hoc Revolver Group member's investment in the Debtors, will not be considered "Releasing Parties" or "Released Parties" under the Plan.

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, the Cash Collateral Orders, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, the negotiation and pursuit of the Definitive Documents, the Plan Supplement, the pursuit of Confirmation, the pursuit of Consummation, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes to accept or reject the Plan and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder.  In addition, notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests or Causes of Action that have been released, discharged, settled, or are subject to exculpation under the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities, in each case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.**

**No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to Article VIII.C, Article VIII.D, and Article VIII.E of the Plan, without the Bankruptcy Court (1) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (2) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.**

**Item 4.**          **Certifications.**

By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 8 Interest listed in Item 2 above;

(b)     It has received a completed and signed Beneficial Holder Ballot (or other accepted and customary method of communicating a vote) from each Beneficial Holder listed in Item 2 above;

(c)     it is the Nominee of all the GoHealth, Inc. Class A Common Stock in Item 2 above being voted, or it has been authorized by each Beneficial Holder of such Interests to vote on the Plan;

(d)     it has properly disclosed: (i) the number of Beneficial Holders of GoHealth, Inc. Class A Common Stock who completed the Beneficial Holder Ballots; (ii) the respective amounts of the GoHealth, Inc. Class A Common Stock owned, as the case may be, by each Beneficial Holder of such Stock who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder's respective vote concerning the Plan and Releases by Holder of Claims and Interests; and (v) the customer account of other identification number for each such GoHealth, Inc. Class A Common Stock;

(e)     each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan or Releases by Holders of Claims and Interests; and it will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court, the Debtors, or the Reorganized Debtors, as the case may be, if so ordered;

(g)     it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided, that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Nominee: _____

(Print or Type)

Participant Number

Name of Proxy Holder or Agent for Nominee (if applicable):

Signature: _____

Name of Signatory: _____

(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME, AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1. The Debtors are soliciting the votes of Holders of Class 8 GoHealth, Inc. Class A Common Stock with respect to the Plan referred to in the Disclosure Statement. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the holders of Class 8 GoHealth, Inc. Class A Common Stock if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. You should immediately distribute the Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 8 Interests and take any action required to enable each such Beneficial Holder to vote timely the Interests that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a beneficial ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 8 Interest shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Claims and Noticing Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **July 8, 2026, at 4:00 p.m., prevailing Eastern Time** or otherwise validate the Master Ballot in a manner acceptable to the Claims and Noticing Agent.

4. If you are transmitting the votes of any Beneficial Holder of Class 8 Interests other than yourself, you may either:

    (a) "Pre-validate" the individual Class 8 GoHealth, Inc. Class A Common Stock Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class 8 Interest for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Claims and Noticing Agent in the return envelope to be provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder's Ballot by signing the Beneficial Holder Ballot and including their DTC participant number, indicating the account number of the Beneficial Holder and the amount of Class 8 Interests held by the Nominee for such Beneficial Holder, and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Claims and Noticing Agent. A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; OR

    (b) Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 8 Interests for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Claims and Noticing Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Claims and Noticing Agent. The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Claims and Noticing Agent so that the Master Ballot is actually received by the Claims and Noticing Agent on or before the Interests Voting Deadline.

5. With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Claims and Noticing Agent by the Interests Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Court.

6. The Master Ballot *must* be returned to the Claims and Noticing Agent so as to be *actually received* by the Claims and Noticing Agent on or before the Interests Voting Deadline. **The Interests Voting Deadline is <u>July 8, 2026, at 4:00 p.m.</u>, prevailing Eastern Time.**

7. If a Master Ballot is received after the Interests Voting Deadline and if the Interests Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Master Ballots will *not* be counted**:

    (a) Master Ballots sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), the Debtors' financial or legal advisors or any other person (other than the Claims and Noticing Agent);

    (b) Master Ballots sent by facsimile;

    (c) any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

    (d) any Master Ballot cast by an Entity that does not hold a Claim or Interest in the Voting Classes;

    (e) any Master Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

    (f) any unsigned Master Ballot; and/or

    (g) any Master Ballot not marked to accept or reject the Plan.

8. The method of delivery of Master Ballots to the Claims and Noticing Agent is at the election and risk of each Nominee of such Claim or Interest. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent *actually receives* the Master Ballot. For the avoidance of doubt, a Master Ballot submitted electronically via the online portal shall be considered an original. In all cases, Nominees should allow sufficient time to assure timely delivery.

9. If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Holder Ballot belonging to a Beneficial Holder of a Claim or Interest prior to the Interests Voting Deadline, the latest dated, timely received, and valid Ballot will supersede and revoke any earlier received Ballots.

10. This Master Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or withdraw the Plan, (ii) the Confirmation Order is not entered, or (iii) consummation of the Plan does not occur.

11. The Master Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12. **<u>Please be sure to sign and date the Master Ballot</u>**. If you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name

and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13. If you are both the Nominee and the Beneficial Holder of any of the Class 8 Interests and you wish to vote such Class 8 Interests, you may return a Beneficial Holder Ballot or Master Ballot for such Class 8 Interests, and you must vote your entire Class 8 Interests to either accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot that partially rejects and partially accepts the Plan, other than a Master Ballot with the votes of multiple Beneficial Holders, will not be counted.

14. The following additional rules shall apply to Master Ballots:

    a. Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such Holders in the Class 8 Interests as of the Record Voting Date, as evidenced by the record and depository listings;

    b. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated holder Ballot, will not be counted in excess of the record amount of the Class 8 Interests held by such Nominee;

    c. To the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or a pre-validated holder Beneficial Holder Ballot, the Claims and Noticing Agent will attempt to reconcile discrepancies with the Nominee;

    d. To the extent that over-votes on a Master Ballot or a pre-validated holder Beneficial Holder Ballot are not reconcilable prior to the preparation of the vote certification, the Claims and Noticing Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or the pre-validated holder Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 8 Interests; and

    e. For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the amount relating its holding in that particular account, although the Claims and Noticing Agent may be asked to adjust such amount to reflect the Interest amount.

15. THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**PLEASE SUBMIT YOUR CLASS 8 MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S./CANADA TOLL FREE: +1-877-583-1578**
**INTERNATIONAL, TOLL: +1-332-284-1398**

**OR EMAIL GHIINFO@ANGEIONGROUP.COM (WITH "GOHEALTH SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE INTERESTS VOTING DEADLINE, WHICH IS JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

# EXHIBIT H

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| | ) | |
| Debtors. | ) | (Joint Administration Request) |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR VOTING TO
ACCEPT OR REJECT THE JOINT PREPACKAGED CHAPTER 11 PLAN
OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

**BENEFICIAL BALLOT FOR HOLDERS OF
CLASS 8 GOHEALTH, INC. CLASS A COMMON STOCK**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND NOTICING AGENT BY JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "INTERESTS VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 5] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 6] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Debtors may file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Restructuring Transactions through the chapter 11 bankruptcy process and the Plan. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, a copy of which is available at https://www.bankruptcy.angeiongroup.com/gohealth.

You are receiving this ballot (this "Ballot") because you are a Beneficial Holder of a Class 8 GoHealth, Inc. Class A Common Stock ("Class 8 Interests") as of **May 12, 2026** (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan. You can cast your vote through this Class 8 Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, that will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of Class 8 Interests.

Your rights are described in the Confirmation Hearing Notice and the Disclosure Statement, which were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as certain other materials). *Please note that, pursuant to the Plan, each Holder of GoHealth, Inc. Class A Common Stock or GoHealth Holdings Interests that is also a lender under the First Lien Credit Agreement or Super-Priority Credit Agreement (and, to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

*the extent applicable, such Holder's fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Common Stock or Interest) shall each waive its right to recover its Specified Pro Rata Share of the Equity Recovery Pool.*

If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by: (a) writing via first class mail, to Donlin, Recano & Company, LLC, c/o Angeion Group, 200 Vesey Street, 24th Floor, New York, NY 10281; (b) writing via electronic mail to ghiinfo@angeiongroup.com (with "GoHealth, Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at +1-877-583-1578 (U.S./Canada, toll-free) or +1-332-284-1398 (International, toll). You may also obtain copies of any pleadings filed in these chapter 11 cases (i) for a fee via PACER at https://www.deb.uscourts.gov or (ii) at no charge from Donlin, Recano & Company LLC by accessing the Debtors' restructuring website at https://www.bankruptcy.angeiongroup.com/gohealth. The Plan Supplement will be filed with the Court no later than July 1, 2026, and may be accessed free of charge at the link provided herein. Physical copies of the Plan Supplement may also be requested free of charge as provided herein.

**U.S./Canada Toll Free: +1-877-583-1578**
**International, Toll: +1-332-284-1398**

This Class 8 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 8 Beneficial Holder Ballot in error, or if you believe you have received the wrong ballot, please contact the Claims and Noticing Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest. Your Interest has been placed in Class 8 under the Plan.

**Item 1.**    **Number of Shares.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned is the Holder of the following *aggregate* number of shares of Class 8 GoHealth, Inc. Class A Common Stock (insert amount in box below, unless otherwise completed by your Nominee):[2]

|                         |
| :---------------------: |
| _____ |

**Item 2.**    **Vote on Plan.**

The Holder of the Class 8 GoHealth, Inc. Class A Common Stock of the Debtors, the aggregate amount of which is set forth in Item 1, votes to (please check one):

| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |
| :-- | :-- |

**Your vote on the Plan will be applied to the Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

---

[2] For voting purposes only.

**Item 3.**          **Important information regarding releases under the Plan.[3]**

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, as of the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of each and all of the Debtors, their Estates, and the Reorganized Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, their Estates, and the Reorganized Debtors, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or herein-after arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic Law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively), or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interaction between or among any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, or any other Definitive Document, or any Restructuring Transaction, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement under the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing Debtor Release, the Debtor Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action specifically retained by the Debtors**

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (3) any Released Party from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, and their Estates (as applicable) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in Law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common Law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement, or otherwise, that such Holders or their Estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, the Reorganized Debtors, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof or otherwise), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the Restructuring Transactions, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Debtors' in or out-of-court restructuring efforts, intercompany transactions between or among the Debtors or between the Debtors and their non-Debtor Affiliates, the Cash Collateral Orders, the Confirmation Order, any other Definitive Document, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, or the Plan Supplement, any other Definitive Document, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing Third-Party Release, the Third-Party Release set forth above does not release (1) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan; (3) any Causes of Action specifically retained by the Debtors pursuant to a schedule of retained Causes of Action to be attached as an exhibit to the Plan Supplement; or (4) any Claims against a Released Party arising from actual fraud, willful misconduct, or gross negligence, in each case, as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the Confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by each of the Released Parties, including, without limitation, the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release, except as provided therein.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*CAUSES OF ACTION*" MEANS ANY CLAIMS, CROSS CLAIMS, THIRD-PARTY CLAIMS, INTERESTS, DAMAGES, REMEDIES, CAUSES OF ACTION, DEMANDS, RIGHTS, ACTIONS, CONTROVERSIES, PROCEEDINGS, AGREEMENTS, SUITS, OBLIGATIONS, LIABILITIES, LOSS, DEBT, FEE OR EXPENSE, JUDGMENT, ACCOUNTS, DEFENSES, OFFSETS, POWERS, PRIVILEGES, LICENSES, LIENS, INDEMNITIES, CONTRIBUTIONS, GUARANTIES, AND FRANCHISES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, CONTINGENT OR NON-CONTINGENT, LIQUIDATED OR UNLIQUIDATED, SECURED OR UNSECURED, ASSERTABLE, DIRECTLY OR DERIVATIVELY, MATURED OR UNMATURED, SUSPECTED OR UNSUSPECTED, WHETHER ARISING BEFORE, ON, OR AFTER THE PETITION DATE, IN CONTRACT, TORT, LAW, EQUITY, OR OTHERWISE. CAUSES OF ACTION ALSO INCLUDE: (A) ALL RIGHTS OF SETOFF, COUNTERCLAIM, OR RECOUPMENT AND CLAIMS UNDER CONTRACTS OR FOR BREACHES OF DUTIES IMPOSED BY LAW OR IN EQUITY; (B) THE RIGHT TO OBJECT TO OR OTHERWISE CONTEST CLAIMS OR INTERESTS; (C) CLAIMS PURSUANT TO SECTION 362 OR CHAPTER 5 OF THE BANKRUPTCY CODE; (D) SUCH CLAIMS AND DEFENSES AS FRAUD, MISTAKE, DURESS, AND USURY, AND ANY OTHER DEFENSES SET FORTH IN SECTION 558 OF THE BANKRUPTCY CODE; AND (E) ANY AVOIDANCE ACTIONS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) THE RELEASING PARTIES; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (F); AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (E).

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:   (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE AGENTS; (D) ALL HOLDERS OF CLAIMS IN CLASS 3 AND CLASS 4 WHO VOTE TO ACCEPT THE PLAN; (E) ALL HOLDERS OF INTERESTS IN CLASS 6 AND CLASS 8 WHO AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE PRESUMED TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ARE DEEMED TO REJECT THE PLAN AND AFFIRMATIVELY OPT IN TO THE RELEASES SET FORTH IN THE PLAN; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (H) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN.[4]

**The Holder of the Interests identified in Item 1 elects to:**

☐ **OPT IN to the Third-Party Release**

**Check the box above if you elect to grant the Third-Party Release contained in Article VIII.D of the Plan. Election to withhold consent is at your option. If you would otherwise be entitled to a release under the Plan but you do not vote to opt in to the Third-Party Release, you will not be granted a release from the Releasing Parties under the Plan.**

Article VIII.E of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise expressly provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is exculpated from, any Claim or Cause of Action arising prior to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Plan, Disclosure Statement, the Plan Supplement, the Exit Facilities, the Exit Facility Documents, the New Equity Interests, the Cash Collateral Orders, any other Definitive Document, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Plan, the Disclosure Statement, the Cash Collateral Orders, the Plan Supplement, the negotiation and pursuit of the Definitive Documents, the Plan Supplement, the pursuit of Confirmation, the pursuit of Consummation, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order**

---

[4] For the avoidance of doubt, unless expressly indicated on a Ballot voting to accept the Plan, the members of the Ad Hoc Revolver Group participating in the Plan are doing so only in their capacity as holders of Super-Priority Loan Claims and/or First Lien Claims as of the Petition Date, and any actions taken by a member of the Ad Hoc Revolver Group in connection with the Plan and the Restructuring Transactions as well as any releases provided in connection with the Plan are only with respect to such lender's interest in the Super-Priority Loan Claims or First Lien Claims that are now owned or subsequently acquired by such member of the Ad Hoc Revolver Group. In addition, the provisions of the Plan shall only apply to such trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) that have a beneficial interest in such Claim and shall not apply to any other trading desk(s), fund(s), account, branch, Affiliate(s), unit and/or business group(s) of the members of the Ad Hoc Revolver Group, which, so long as they are not acting at the direction of or for the benefit of such member of the Ad Hoc Revolver Group or such Ad Hoc Revolver Group member's investment in the Debtors, will not be considered "Releasing Parties" or "Released Parties" under the Plan.

to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes to accept or reject the Plan and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan, including the issuance of Securities thereunder. In addition, notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article VIII.F of the Plan establishes an injunction (the "**Injunction**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests or Causes of Action that have been released, discharged, settled, or are subject to exculpation under the Plan are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Causes of Action, Claims or Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from such Entities or against the property of such Entities, in each case, on account of or in connection with or with respect to any such Causes of Action, Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Causes of Action, Claims or Interests released, discharged, subject to exculpation, or settled pursuant to the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.

No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action released, discharged, settled, or that is subject to Article VIII.C, Article VIII.D, and Article VIII.E of the Plan, without the Bankruptcy Court (1) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (2) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.

**Item 4.**          **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)      as of the Voting Record Date, the Entity is the Holder (or authorized signatory for a Holder) of the Interests set forth in Item 1;

(b)      the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(d)      no other Ballots with respect to the amount of the Interest identified in Item 1 has been cast or, if any other Ballots have been cast with respect to such Interest, then any such earlier Ballots are revoked;

(e)      the Entity understands and acknowledges that if multiple Ballots are submitted voting the Interest set forth in Item 1, only the last valid Ballot voting the Interest and received by the Nominee before the Interests Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Nominee; and

(f)      the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

Name of Holder: _____
(Print or Type)

Signature: _____

Name of Signatory: _____
(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of Holders of Class 8 GoHealth, Inc. Class A Common Stock with respect to the Plan referred to in the Disclosure Statement. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  Please vote, whether by this Beneficial Holder Ballot or otherwise, as directed by your Nominee. **The Claims and Noticing Agent will tabulate all properly completed pre-validated Beneficial Holder Ballots and Master Ballots received on or before the Interests Voting Deadline. IF YOU ARE RETURNING YOUR BENEFICIAL HOLDER BALLOT TO YOUR NOMINEE, PLEASE RETURN IT BY THE DEADLINE PROVIDED BY YOUR NOMINEE TO ALLOW SUFFICIENT TIME FOR YOUR VOTE TO BE INCLUDED ON A MASTER BALLOT AND FORWARDED TO THE CLAIMS AND NOTICING AGENT BY THE INTERESTS VOTING DEADLINE.**

4.  **IF, AND ONLY IF, YOU RECEIVED A "PRE-VALIDATED" BENEFICIAL HOLDER BALLOT FROM YOUR NOMINEE, YOU MAY SUBMIT SUCH PRE-VALIDATED BENEFICIAL HOLDER BALLOT DIRECTLY TO THE CLAIMS AND NOTICING AGENT BY ONLY ONE OF THE FOLLOWING METHODS:**

    a.  **Return your completed and signed "pre-validated" Beneficial Holder Ballot in the return envelope provided, if any, or otherwise by regular mail, overnight mail, or hand delivery to:**

| **If by First Class Mail:** |
| --- |
| Donlin, Recano & Company, LLC<br>Re:  GoHealth, Inc., et al.<br>P.O. Box 2053<br>New York, NY 10272-2042 |
| **If by Hand Delivery or Overnight Mail:** |
| Donlin, Recano & Company, LLC<br>c/o Angeion Group<br>Re:  GoHealth, Inc., et al.<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br><br>To arrange hand delivery of your Ballot, please email the Claims and Noticing Agent at ghiinfo@angeiongroup.com (with "GoHealth, Inc. Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the address above and provide the anticipated date and time of delivery. |

    b.  **Return your completed and signed "pre-validated" Beneficial Holder Ballot by email to drcvote@angeiongroup.com (with "GoHealth Beneficial Holder Ballot" in the subject line).**

5.  If it is your Nominee's customary practice to collect your vote via voter information form, email, telephone, electronic website link or other means in lieu of this Beneficial Holder Ballot, you may follow your Nominee's instructions regarding the submission of your vote.

6.  The Interests Voting Deadline for the receipt of Master Ballots by the Claims and Noticing Agent is **July 8, 2026, at 4:00 p.m., prevailing Eastern Time**.  Unless you received a "pre-validated" Beneficial Holder Ballot from your Nominee, your completed Class 8 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Claims and Noticing Agent on or before the Interests Voting Deadline.

7.  If a Class 8 Beneficial Holder Ballot is received after the Interests Voting Deadline and if the Interests Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 8 Beneficial Holder Ballot will *not* be counted**:

    (a)  any Class 8 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;

    (b)  Class 8 Beneficial Holder Ballots sent to the Debtors, the Debtors' agents, the Debtors' financial or legal advisors or any other person (other than the Beneficial Holder's Nominee and, only with respect to a "pre-validated" Beneficial Holder Ballot, other than the Claims and Noticing Agent);

    (d)  any Class 8 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Interest;

    (e)  any Class 8 Beneficial Holder Ballot cast by an Entity that does not hold a Claim or Interest in the Voting Classes;

    (f)  any Class 8 Beneficial Holder Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

    (g)  any unsigned Class 8 Beneficial Holder Ballot; and/or

    (i)  any Class 8 Beneficial Holder Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8.  The method of delivery of Class 8 Beneficial Holder Ballot to the Nominee is at the election and risk of each Holder of Claims or Interests.  Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent *actually receives* the Master Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

9.  If multiple Class 8 Beneficial Holder Ballot are received from the same Holder with respect to the same Interests prior to the Interests Voting Deadline, the latest dated, timely received, and valid Ballot will supersede and revoke any earlier received Ballots.

10.  This Class 8 Beneficial Holder Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or withdraw the Plan, (ii) the Confirmation Order is not entered, or (iii) consummation of the Plan does not occur.

11.  You must vote all of your Claims or Interests within your respective class either to accept or reject the Plan and may *not* split your vote.

12.  This Class 8 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

13.  **Please be sure to sign and date your Class 8 Beneficial Holder Ballot**.  If you are signing a Class 8 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

14.  If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one ballot coded for each different Class.  Each ballot votes only your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

15. If you are both the Nominee and the Beneficial Holder of any of the Class 8 Interests and you wish to vote such Class 8 Interests, you may return a Beneficial Holder Ballot or Master Ballot for such Class 8 Interests and you must vote your entire Class 8 Interests to either accept or reject the Plan and may not split your vote. Accordingly, a Beneficial Holder Ballot that partially rejects and partially accepts the Plan, other than a Master Ballot with the votes of multiple Beneficial Holders, will not be counted.

16. THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.


**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S./CANADA TOLL FREE:  +1-877-583-1578**
**INTERNATIONAL, TOLL:  +1-332-284-1398**

**OR EMAIL GHIINFO@ANGEIONGROUP.COM (WITH "GOHEALTH SOLICITATION INQUIRY" IN THE SUBJECT LINE).**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE INTERESTS VOTING DEADLINE, WHICH IS JULY 8, 2026, AT 4:00 P.M., PREVAILING EASTERN TIME, AND IF THE INTERESTS VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

# EXHIBIT I

**GoHealth, Inc., et al.**
**Electronic Mail**
**Exhibit Page**

Page # : 1 of 1                                                                                              06/07/2026 12:37:17 PM

005826P002-1578A-001
BCCJ LLC
BRANDON M CRUZ
215 WEST SUPERIOR FLOOR 4
CHICAGO IL 60654
BCRUZ@BCJCAPITAL.COM

005829P001-1578A-001
BLIZZARD AGGREGATOR LLC
CENTERBRIDGE PARTNERS LP
SUSANNE V CLARK
375 PK AVE 11TH FLOOR
NEW YORK NY 10152
LEGALNOTICES@CENTERBRIDGE.COM

005830P001-1578A-001
BLIZZARD MANAGEMENT FEEDER LLC
BRANDON M CRUZ
215 WEST SUPERIOR FLOOR 4
CHICAGO IL 60654
BCRUZ@GOHEALTH.COM

005834P001-1578A-001
RAHM EMANUEL
ADDRESS AND EMAIL INTENTIONALLY OMITTED

005834P001-1578A-001
RAHM EMANUEL
ADDRESS AND EMAIL INTENTIONALLY OMITTED

004685P001-1578A-001
JOSEPH FLANAGAN
ADDRESS AND EMAIL INTENTIONALLY OMITTED

005831P001-1578A-001
GREINER INVESTMENTS LLC
JEFFREY GREINER
4760 LODGE LN
GREENWOOD MI 55331
JGREINER@NORTHERNPACIFICGROUP.COM

005831P001-1578A-001
GREINER INVESTMENTS LLC
JEFFREY GREINER
4760 LODGE LN
GREENWOOD MI 55331
JEFF@GREINERFAMILY.COM

005825P002-1578A-001
NVX HOLDINGS INC
BRANDON M CRUZ
215 WEST SUPERIOR FLOOR 4
CHICAGO IL 60654
BCRUZ@GOHEALTH.COM

005835P002-1578A-001
ALEXANDER TIMM
ADDRESS AND EMAIL INTENTIONALLY OMITTED

Records Printed : **10**

# EXHIBIT J

**GoHealth, Inc., et al.**
**US First Class Mail**
**Exhibit Page**

Page # : 1 of 1

06/09/2026 08:09:30 PM

005826P002-1578A-001
BCCJ LLC
BRANDON M CRUZ
215 WEST SUPERIOR FLOOR 4
CHICAGO IL 60654

005829P001-1578A-001
BLIZZARD AGGREGATOR LLC
CENTERBRIDGE PARTNERS LP
SUSANNE V CLARK
375 PK AVE 11TH FLOOR
NEW YORK NY 10152

005830P001-1578A-001
BLIZZARD MANAGEMENT FEEDER LLC
BRANDON M CRUZ
215 WEST SUPERIOR FLOOR 4
CHICAGO IL 60654

005834P001-1578A-001
RAHM EMANUEL
ADDRESS INTENTIONALLY OMITTED

004685P001-1578A-001
JOSEPH FLANAGAN
ADDRESS INTENTIONALLY OMITTED

005831P001-1578A-001
GREINER INVESTMENTS LLC
JEFFREY GREINER
4760 LODGE LN
GREENWOOD MI 55331

005825P002-1578A-001
NVX HOLDINGS INC
BRANDON M CRUZ
215 WEST SUPERIOR FLOOR 4
CHICAGO IL 60654

005832P001-1578A-001
OR GH II LLC
OWL ROCK CAPITAL PARTNERS
ALEXIS MAGED
399 PK AVE 38TH FL
NEW YORK NY 10022

005835P002-1578A-001
ALEXANDER TIMM
ADDRESS INTENTIONALLY OMITTED

Records Printed : **9**

# EXHIBIT K

**GoHealth, Inc., et al.**
**Electronic Mail**
**Exhibit Pages**

Page # : 1 of 3                                                                                    06/07/2026 01:07:18 PM

005778P001-1578A-001
BANK OF AMERICA NA
401 NORTH TRYON ST NC1-021-06-01
CHARLOTTE NC 28255
HEATH.B.LIPSON@BOFA.COM

005778P001-1578A-001
BANK OF AMERICA NA
401 NORTH TRYON ST NC1-021-06-01
CHARLOTTE NC 28255
BANK_OF_AMERICA_AS_LENDER_3@BOFA.COM

005778P001-1578A-001
BANK OF AMERICA NA
401 NORTH TRYON ST NC1-021-06-01
CHARLOTTE NC 28255
KATHRYN.POUNDS@BOFA.COM

005780P001-1578A-001
BENEFIT STREET PARTNERS CAPITAL
OPPORTUNITY FUND II LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005780P001-1578A-001
BENEFIT STREET PARTNERS CAPITAL
OPPORTUNITY FUND II LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005781P001-1578A-001
BENEFIT STREET PARTNERS SENIOR SECURED
OPPORTUNITIES (U) MASTER FUND (NON-US) LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005781P001-1578A-001
BENEFIT STREET PARTNERS SENIOR SECURED
OPPORTUNITIES (U) MASTER FUND (NON-US) LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005782P001-1578A-001
BENEFIT STREET PARTNERS SENIOR SECURED
OPPORTUNITIES FUND LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005782P001-1578A-001
BENEFIT STREET PARTNERS SENIOR SECURED
OPPORTUNITIES FUND LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005783P001-1578A-001
BENEFIT STREET PARTNERS SENIOR SECURED
OPPORTUNITIES MASTER FUND (NON-US) LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005783P001-1578A-001
BENEFIT STREET PARTNERS SENIOR SECURED
OPPORTUNITIES MASTER FUND (NON-US) LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005784P001-1578A-001
BENEFIT STREET PARTNERS SMA LM LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005784P001-1578A-001
BENEFIT STREET PARTNERS SMA LM LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005785P001-1578A-001
BENEFIT STREET PARTNERS SMA-C II LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005785P001-1578A-001
BENEFIT STREET PARTNERS SMA-C II LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005786P001-1578A-001
BENEFIT STREET PARTNERS SMA-K LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005786P001-1578A-001
BENEFIT STREET PARTNERS SMA-K LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005787P001-1578A-001
BENEFIT STREET PARTNERS SMA-T LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005787P001-1578A-001
BENEFIT STREET PARTNERS SMA-T LP
9 WEST 57TH ST STE 4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005788P001-1578A-001
BLUE OWL CAPITAL CORP
399 PK AVE 37ST FLOOR
NEW YORK NY 10022
INVESTMENTOPS@BLUEOWL.COM

005788P001-1578A-001
BLUE OWL CAPITAL CORP
399 PK AVE 37ST FLOOR
NEW YORK NY 10022
NICHOLAS.FATTORI@BLUEOWL.COM

005789P001-1578A-001
BLUE OWL CAPITAL CORP II
399 PK AVE 37ST FLOOR
NEW YORK NY 10022
INVESTMENTOPS@BLUEOWL.COM

005789P001-1578A-001
BLUE OWL CAPITAL CORP II
399 PK AVE 37ST FLOOR
NEW YORK NY 10022
NICHOLAS.FATTORI@BLUEOWL.COM

005791P001-1578A-001
BLUE TORCH CREDIT OPPORTUNITIES
UNLEVERED FUND III LP
599 LEXINGTON AVE 27TH FLOOR
NEW YORK NY 10022
BLUETORCH.LOANOPS@SEIC.COM

005791P001-1578A-001
BLUE TORCH CREDIT OPPORTUNITIES
UNLEVERED FUND III LP
599 LEXINGTON AVE 27TH FLOOR
NEW YORK NY 10022
RODONNELL@BLUETORCHCAPITAL.COM

005791P001-1578A-001
BLUE TORCH CREDIT OPPORTUNITIES
UNLEVERED FUND III LP
599 LEXINGTON AVE 27TH FLOOR
NEW YORK NY 10022
OSAMUEL@BLUETORCHCAPITAL.COM

005791P001-1578A-001
BLUE TORCH CREDIT OPPORTUNITIES
UNLEVERED FUND III LP
599 LEXINGTON AVE 27TH FLOOR
NEW YORK NY 10022
CIECKHAUS@BLUETORCHCAPITAL.COM

005790P001-1578A-001
BLUE TORCH CREDIT OPPORTUNITIES FUND III LP
599 LEXINGTON AVE 27TH FLOOR
NEW YORK NY 10022
BLUETORCH.LOANOPS@SEIC.COM

005790P001-1578A-001
BLUE TORCH CREDIT OPPORTUNITIES FUND III LP
599 LEXINGTON AVE 27TH FLOOR
NEW YORK NY 10022
RODONNELL@BLUETORCHCAPITAL.COM

005790P001-1578A-001
BLUE TORCH CREDIT OPPORTUNITIES FUND III LP
599 LEXINGTON AVE 27TH FLOOR
NEW YORK NY 10022
OSAMUEL@BLUETORCHCAPITAL.COM

005790P001-1578A-001
BLUE TORCH CREDIT OPPORTUNITIES FUND III LP
599 LEXINGTON AVE 27TH FLOOR
NEW YORK NY 10022
CIECKHAUS@BLUETORCHCAPITAL.COM

005792P001-1578A-001
BLUE TORCH OFFSHORE CREDIT
OPPORTUNITIES MASTER FUND III LP
MAPLES CORPORATE SVC LIMITED
PO BOX 309 UGLAND HOUSE
GRAND CAYMAN  KY1-1104
CAYMAN ISLANDS
BLUETORCH.LOANOPS@SEIC.COM

005792P001-1578A-001
BLUE TORCH OFFSHORE CREDIT
OPPORTUNITIES MASTER FUND III LP
MAPLES CORPORATE SVC LIMITED
PO BOX 309 UGLAND HOUSE
GRAND CAYMAN  KY1-1104
CAYMAN ISLANDS
RODONNELL@BLUETORCHCAPITAL.COM

005792P001-1578A-001
BLUE TORCH OFFSHORE CREDIT
OPPORTUNITIES MASTER FUND III LP
MAPLES CORPORATE SVC LIMITED
PO BOX 309 UGLAND HOUSE
GRAND CAYMAN  KY1-1104
CAYMAN ISLANDS
OSAMUEL@BLUETORCHCAPITAL.COM

005792P001-1578A-001
BLUE TORCH OFFSHORE CREDIT
OPPORTUNITIES MASTER FUND III LP
MAPLES CORPORATE SVC LIMITED
PO BOX 309 UGLAND HOUSE
GRAND CAYMAN  KY1-1104
CAYMAN ISLANDS
CIECKHAUS@BLUETORCHCAPITAL.COM

005794P001-1578A-001
BSP DEBT FUND IV CV LP
1 MADISON AVE STE 1600
NEW YORK NY 10010
BSPPD@BENEFITSTREETPARTNERS.COM

005794P001-1578A-001
BSP DEBT FUND IV CV LP
1 MADISON AVE STE 1600
NEW YORK NY 10010
C.ZIKAKIS@BSPCREDIT.COM

005795P001-1578A-001
BSP DEBT FUND IV CV MASTER (NON-US) LP
309 GT UGLAND HOUSE
GRAND CAYMAN  KY1-1104
CAYMAN ISLANDS
BSPPD@BENEFITSTREETPARTNERS.COM

005795P001-1578A-001
BSP DEBT FUND IV CV MASTER (NON-US) LP
309 GT UGLAND HOUSE
GRAND CAYMAN  KY1-1104
CAYMAN ISLANDS
C.ZIKAKIS@BSPCREDIT.COM

005801P001-1578A-001
CALAMOS AKSIA ALTERNATIVE CREDIT
AND INCOME FUND
2020 CALAMOS CT
NAPERVILLE IL 60563
CAPIX_STATEMENTS@AKSIA.COM

005801P001-1578A-001
CALAMOS AKSIA ALTERNATIVE CREDIT
AND INCOME FUND
2020 CALAMOS CT
NAPERVILLE IL 60563
CLIENTOPERATIONS-CAPIX@AKSIA.COM

005801P001-1578A-001
CALAMOS AKSIA ALTERNATIVE CREDIT
AND INCOME FUND
2020 CALAMOS CT
NAPERVILLE IL 60563
FILIP.MALARIC@AKSIA.COM

005804P001-1578A-001
FRONTIER TIGER FUND SERIES1 LP
89 NEXUS WAY CAMANA BAY
GRAND CAYMAN  KY1-9009
CAYMAN ISLANDS
FRONTIERTIGER_STATEMENTS@AKSIA.COM

005804P001-1578A-001
FRONTIER TIGER FUND SERIES1 LP
89 NEXUS WAY CAMANA BAY
GRAND CAYMAN  KY1-9009
CAYMAN ISLANDS
CLIENTOPS-DAIICHIFRONTIERLIFE@AKSIA.COM

005804P001-1578A-001
FRONTIER TIGER FUND SERIES1 LP
89 NEXUS WAY CAMANA BAY
GRAND CAYMAN  KY1-9009
CAYMAN ISLANDS
FILIP.MALARIC@AKSIA.COM

005806P001-1578A-001
LANDMARK WALL SMA LP
9 W 57TH ST STE  4920
NEW YORK NY 10019
BSPPD@BENEFITSTREETPARTNERS.COM

005806P001-1578A-001
LANDMARK WALL SMA LP
9 W 57TH ST STE  4920
NEW YORK NY 10019
C.ZIKAKIS@BSPCREDIT.COM

005807P001-1578A-001
MIDCAP FINANCIAL INVESTMENT CORP
9 WEST 57TH ST
NEW YORK NY 10019
AWEGWEISER@APOLLO.COM

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 97 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

Page # : 3 of 3                                                                                          06/07/2026 01:07:18 PM

005807P001-1578A-001
MIDCAP FINANCIAL INVESTMENT CORP
9 WEST 57TH ST
NEW YORK NY 10019
KHESTER@APOLLO.COM

005807P001-1578A-001
MIDCAP FINANCIAL INVESTMENT CORP
9 WEST 57TH ST
NEW YORK NY 10019
HHORNING@MIDCAPFINANCIAL.COM

005807P001-1578A-001
MIDCAP FINANCIAL INVESTMENT CORP
9 WEST 57TH ST
NEW YORK NY 10019
DCORRADO@MIDCAPFINANCIAL.COM

005811P001-1578A-001
PROSPECTOR OPPORTUNITIES FUND LP
599 LEXINGTON AVE 37TH FLOOR
NEW YORK NY 10022
CLIENTOPS-COPERA.COINV@AKSIA.COM

005811P001-1578A-001
PROSPECTOR OPPORTUNITIES FUND LP
599 LEXINGTON AVE 37TH FLOOR
NEW YORK NY 10022
CLIENTOPS-COPERA.COINV@AKSIA.COM

005811P001-1578A-001
PROSPECTOR OPPORTUNITIES FUND LP
599 LEXINGTON AVE 37TH FLOOR
NEW YORK NY 10022
FILIP.MALARIC@AKSIA.COM

005027P001-1578A-001
PSP INVESTMENTS CREDIT USA LLC
450 LEXINGTON AVE
STE 3750
NEW YORK NY 10017
PSPCREDITINVOPS@INVESTPSP.COM

005027P001-1578A-001
PSP INVESTMENTS CREDIT USA LLC
450 LEXINGTON AVE
STE 3750
NEW YORK NY 10017
KALEXANDER@INVESTPSP.COM

005027P001-1578A-001
PSP INVESTMENTS CREDIT USA LLC
450 LEXINGTON AVE
STE 3750
NEW YORK NY 10017
FBLAIR@INVESTPSP.COM

005027P001-1578A-001
PSP INVESTMENTS CREDIT USA LLC
450 LEXINGTON AVE
STE 3750
NEW YORK NY 10017
JOSTRZEGA@INVESTPSP.COM

005027P001-1578A-001
PSP INVESTMENTS CREDIT USA LLC
450 LEXINGTON AVE
STE 3750
NEW YORK NY 10017
EDURGY@INVESTPSP.COM

005812P001-1578A-001
REDWOOD DRAWDOWN MASTER FUND III LP
250 WEST 55TH ST 26TH FLOOR
NEW YORK NY 10019
FINDOX@REDWOODCAP.COM

005812P001-1578A-001
REDWOOD DRAWDOWN MASTER FUND III LP
250 WEST 55TH ST 26TH FLOOR
NEW YORK NY 10019
MKAUFMAN@REDWOODCAP.COM

005814P001-1578A-001
REDWOOD MASTER FUND LTD
910 SYLVAN AVE
ENGLEWOOD CLIFFS NJ 07632
FINDOX@REDWOODCAP.COM

005814P001-1578A-001
REDWOOD MASTER FUND LTD
910 SYLVAN AVE
ENGLEWOOD CLIFFS NJ 07632
MKAUFMAN@REDWOODCAP.COM

005815P001-1578A-001
ROYAL BANK OF CANADA
155 WELLINGTON ST WEST 7TH FLOOR
TORONTO  M5V 3K7
CANADA
RBCNEWYORKGLA1@RBC.COM

005815P001-1578A-001
ROYAL BANK OF CANADA
155 WELLINGTON ST WEST 7TH FLOOR
TORONTO  M5V 3K7
CANADA
LAURAQI.ZHANG@RBCCM.COM

005815P001-1578A-001
ROYAL BANK OF CANADA
155 WELLINGTON ST WEST 7TH FLOOR
TORONTO  M5V 3K7
CANADA
ALAN.WEN@RBC.COM

005816P001-1578A-001
TRUIST BANK
303 PEACHTREE ST
ATLANTA GA 30308
GERRI.NEWSOM@TRUIST.COM

005816P001-1578A-001
TRUIST BANK
303 PEACHTREE ST
ATLANTA GA 30308
SADMIDDLEOFFICE@TRUIST.COM

005816P001-1578A-001
TRUIST BANK
303 PEACHTREE ST
ATLANTA GA 30308
CAPITALMARKETS-W-S@TRUIST.COM

005816P001-1578A-001
TRUIST BANK
303 PEACHTREE ST
ATLANTA GA 30308
AMANDA.PARKS@TRUIST.COM

Records Printed :   70

EXHIBIT L

**GoHealth, Inc., et al.**
**US First Class Mail**
**Exhibit Page**

Page # : 1 of 1                                                                                           06/09/2026 08:11:26 PM

| | | | |
|---|---|---|---|
| 005817P001-1578A-001 | 005778P001-1578A-001 | 005819P001-1578A-001 | 005818P001-1578A-001 |
| 54TH STREET EQUITY HOLDINGS INC | BANK OF AMERICA NA | BARCLAYSCONVERTED INVESTMENTS NO2 LIMITED | EMPIRE CREDIT CO INVESTMENT FUND LLC |
| 1 MADISON AVE STE 1600 | 401 NORTH TRYON ST NC1-021-06-01 | ONE CHURCHILL PL | 599 LEXINGTON AVE 37TH FLOOR |
| NEW YORK NY 10010 | CHARLOTTE NC 28255 | LONDON  E145HP | NEW YORK NY 10022 |
| | | UNITED KINGDOM | |
| | | | |
| 005820P001-1578A-001 | 005821P001-1578A-001 | 005822P001-1578A-001 | |
| MIDCAP FUNDING XXVII TRUST | MORGAN STANLEY AND CO LLC | REDWOOD ENHANCED INCOME CORP | |
| 7255 WOODMONT AVE STE 300 | 1585 BROADWAY | 250 W55TH ST 26TH FL | |
| BETHESDA MD 20814 | NEW YORK NY 10036 | NEW YORK NY 10019 | |

Records Printed :  **7**

# EXHIBIT M

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 101 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

06/07/2026 01:44:29 PM

---

005257P 001-1578A-001
ABN AMRO CLEARING CHICAGO LLC
KIM VILARA
175 W. JACKSON BLVD
SUITE 400
CHICAGO IL 60605
KVILARA@EOCONNOR.COM

005266P 001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ATTN: PENNY ZALESKY
2178 AMERIPRISE FINANCIAL CENTER
ROUTING: S6/2178
MINNEAPOLIS MN 55474
GREGORY.A.WRAALSTAD@AMPF.COM

005267P 001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
GREG WRAALSTAD
CORPORATE ACTIONS
901 3RD AVE SOUTH
MINNEAPOLIS MN 55474
GREGORY.A.WRAALSTAD@AMPF.COM

005268P 001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ERIN M STIELER
682 AMP FINANCIAL CENTER
MINNEAPOLIS MN 55474
GREGORY.A.WRAALSTAD@AMPF.COM

005285P 001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ATTN: CORPORATE ACTIONS
2178 AMERIPRISE FINANCIAL
ROUTING S6/2178
MINNEAPOLIS MN 55474
GREGORY.A.WRAALSTAD@AMPF.COM

005285P 001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ATTN: CORPORATE ACTIONS
2178 AMERIPRISE FINANCIAL
ROUTING S6/2178
MINNEAPOLIS MN 55474
REORG@AMPF.COM

005286P 001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ATTN: REORG DEPARTMENT
2178 AMERIPRISE FINANCIAL CENTER
ROUTING: S6/2178
MINNEAPOLIS MN 55474
REORG@AMPF.COM

005286P 001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ATTN: REORG DEPARTMENT
2178 AMERIPRISE FINANCIAL CENTER
ROUTING: S6/2178
MINNEAPOLIS MN 55474
GREGORY.A.WRAALSTAD@AMPF.COM

005274P 001-1578A-001
APEX CLEARING CORPORATION
1700 PACIFIC AVENUE
STE 1400
DALLAS TX 75201
CORPORATEACTIONS@APEXCLEARING.COM

005275P 001-1578A-001
APEX CLEARING CORPORATION
ATTN: BRIAN DARBY
ONE DALLAS CENTER
350 M. ST. PAUL, SUITE 1300
DALLAS TX 75201
CORPORATEACTIONS@APEXCLEARING.COM

005295P 001-1578A-001
APEX CLEARING CORPORATION
ATTN: BILIANA STOIMENOVA
1700 PACIFIC AVENUE
SUITE 1400
DALLAS TX 75201
FRANK.A.CONTI@RIDGECLEARING.COM

005295P 001-1578A-001
APEX CLEARING CORPORATION
ATTN: BILIANA STOIMENOVA
1700 PACIFIC AVENUE
SUITE 1400
DALLAS TX 75201
CORPORATEACTIONS@APEXCLEARING.COM

005270P 001-1578A-001
AXOS CLEARING LLC
ANH MECHALS
9300 UNDERWOOD AVENUE
SUITE 400
OMAHA NE 68114
CORPORATE.ACTION@CORCLEARING.COM

005271P 001-1578A-001
AXOS CLEARING LLC
ISSUER SERVICES
8000 REGENCY PARKWAY
CARY NC 27518
CORPORATE.ACTION@CORCLEARING.COM

005272P 001-1578A-001
AXOS CLEARING LLC
LUKE  HOLLAND
1200 LANDMARK CENTER
SUITE 800
OMAHA NE 68102
CORPORATE.ACTION@CORCLEARING.COM

005328P 001-1578A-001
BANK OF AMERICA, NA/GWIM TRUST OPERATIONS
SHARON BROWN
1201 MAIN STREET
9TH FLOOR
DALLAS TX 75202
CPACTIONSMLPROREORG@BAML.COM

005328P 001-1578A-001
BANK OF AMERICA, NA/GWIM TRUST OPERATIONS
SHARON BROWN
1201 MAIN STREET
9TH FLOOR
DALLAS TX 75202
GMISAMRSIPBCORPACT@BAML.COM

005328P 001-1578A-001
BANK OF AMERICA, NA/GWIM TRUST OPERATIONS
SHARON BROWN
1201 MAIN STREET
9TH FLOOR
DALLAS TX 75202
GMISAMRSIPBPROXYVOT@BAML.COM

005328P 001-1578A-001
BANK OF AMERICA, NA/GWIM TRUST OPERATIONS
SHARON BROWN
1201 MAIN STREET
9TH FLOOR
DALLAS TX 75202
CPACTIONSLITIGATION@BANKOFAMERICA.COM

005328P 001-1578A-001
BANK OF AMERICA, NA/GWIM TRUST OPERATIONS
SHARON BROWN
1201 MAIN STREET
9TH FLOOR
DALLAS TX 75202
SEC_OPS_PROXY@BAML.COM

005260P 001-1578A-001
BBS SECURITIES INC./CDS**
CORPORATE ACTIONS
4100 YONGE STREET
SUITE 415
TORONTO ON M2P 2B5
CANADA
INFO@BBSSECURITIES.COM

005304P 001-1578A-001
BMO CAPITAL MARKETS CORP.
CORPORATE ACTIONS
250 YONGE ST. 8TH FLOOR
TORONTO ON M5B 2M8
CANADA
NBOPS.PROXY@BMO.COM

005304P 001-1578A-001
BMO CAPITAL MARKETS CORP.
CORPORATE ACTIONS
250 YONGE ST. 8TH FLOOR
TORONTO ON M5B 2M8
CANADA
WMPOCLASS.ACTIONS@BMO.COM

005304P 001-1578A-001
BMO CAPITAL MARKETS CORP.
CORPORATE ACTIONS
250 YONGE ST. 8TH FLOOR
TORONTO ON M5B 2M8
CANADA
BMOCMSETTLEMENTS.NEWYORK@BMO.COM

06/07/2026 01:44:29 PM

| | | | |
|---|---|---|---|
| 005304P 001-1578A-001<br>BMO CAPITAL MARKETS CORP.<br>CORPORATE ACTIONS<br>250 YONGE ST. 8TH FLOOR<br>TORONTO ON M5B 2M8<br>CANADA<br>BMOGAM.SLOPERATIONS@BMO.COM | 005326P 001-1578A-001<br>BMO CAPITAL MARKETS CORP.<br>RONALD FIGUERAS<br>3 SECOND ST. 12TH FLOOR<br>HARBORSIDE PLAZA 10<br>JERSEY CITY NJ 07302<br>RONALD.FIGUERAS@BMO.COM | 005326P 001-1578A-001<br>BMO CAPITAL MARKETS CORP.<br>RONALD FIGUERAS<br>3 SECOND ST. 12TH FLOOR<br>HARBORSIDE PLAZA 10<br>JERSEY CITY NJ 07302<br>NBOPS.PROXY@BMO.COM | 005326P 001-1578A-001<br>BMO CAPITAL MARKETS CORP.<br>RONALD FIGUERAS<br>3 SECOND ST. 12TH FLOOR<br>HARBORSIDE PLAZA 10<br>JERSEY CITY NJ 07302<br>WMPOCLASS.ACTIONS@BMO.COM |
| 005326P 001-1578A-001<br>BMO CAPITAL MARKETS CORP.<br>RONALD FIGUERAS<br>3 SECOND ST. 12TH FLOOR<br>HARBORSIDE PLAZA 10<br>JERSEY CITY NJ 07302<br>BMOCMSETTLEMENTS.NEWYORK@BMO.COM | 005326P 001-1578A-001<br>BMO CAPITAL MARKETS CORP.<br>RONALD FIGUERAS<br>3 SECOND ST. 12TH FLOOR<br>HARBORSIDE PLAZA 10<br>JERSEY CITY NJ 07302<br>BMOGAM.SLOPERATIONS@BMO.COM | 005305P 001-1578A-001<br>BMO NESBITT BURNS INC./CDS**<br>CORPORATE ACTIONS<br>PHUTHORN PENIKETT<br>250 YONGE STREET<br>14TH FLOOR<br>TORONTO ON M5B 2M8<br>CANADA | 005305P 001-1578A-001<br>BMO NESBITT BURNS INC./CDS**<br>CORPORATE ACTIONS<br>PHUTHORN PENIKETT<br>250 YONGE STREET<br>14TH FLOOR<br>TORONTO ON M5B 2M8<br>CANADA |
| 005305P 001-1578A-001<br>BMO NESBITT BURNS INC./CDS**<br>CORPORATE ACTIONS<br>PHUTHORN PENIKETT<br>250 YONGE STREET<br>14TH FLOOR<br>TORONTO ON M5B 2M8<br>CANADA | 005305P 001-1578A-001<br>BMO NESBITT BURNS INC./CDS**<br>CORPORATE ACTIONS<br>PHUTHORN PENIKETT<br>250 YONGE STREET<br>14TH FLOOR<br>TORONTO ON M5B 2M8<br>CANADA | 005306P 001-1578A-001<br>BMO NESBITT BURNS INC./CDS**<br>CORPORATE ACTIONS<br>LOUISE TORANGEAU; PHUTHORN PENIKETT<br>1 FIRST CANADIAN PLACE, 13TH FL<br>PO BOX 150<br>TORONTO ON M5X 1H3<br>CANADA | 005306P 001-1578A-001<br>BMO NESBITT BURNS INC./CDS**<br>CORPORATE ACTIONS<br>LOUISE TORANGEAU; PHUTHORN PENIKETT<br>1 FIRST CANADIAN PLACE, 13TH FL<br>PO BOX 150<br>TORONTO ON M5X 1H3<br>CANADA |
| 005306P 001-1578A-001<br>BMO NESBITT BURNS INC./CDS**<br>CORPORATE ACTIONS<br>LOUISE TORANGEAU; PHUTHORN PENIKETT<br>1 FIRST CANADIAN PLACE, 13TH FL<br>PO BOX 150<br>TORONTO ON M5X 1H3<br>CANADA | 005306P 001-1578A-001<br>BMO NESBITT BURNS INC./CDS**<br>CORPORATE ACTIONS<br>LOUISE TORANGEAU; PHUTHORN PENIKETT<br>1 FIRST CANADIAN PLACE, 13TH FL<br>PO BOX 150<br>TORONTO ON M5X 1H3<br>CANADA | 005273P 001-1578A-001<br>BNP PARIBAS, NY BRANCH/BNP PARIBAS PRIME<br>BROKERAGE CUSTODIAN<br>RONALD PERSAUD<br>525 WASHINGTON BLVD<br>9TH FLOOR<br>JERSEY CITY NJ 07310<br>RONALD.PERSAUD@US.BNPPARIBAS.COM | 005287P 001-1578A-001<br>BROWN BROTHERS HARRIMAN & CO.<br>JERRY TRAVERS<br>525 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>CA.CLASS.ACTIONS@BBH.COM |
| 005287P 001-1578A-001<br>BROWN BROTHERS HARRIMAN & CO.<br>JERRY TRAVERS<br>525 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>CALEB.LANFEAR@BBH.COM | 005288P 001-1578A-001<br>BROWN BROTHERS HARRIMAN & CO./ETF<br>CORPORATE ACTIONS<br>525 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>CA.CLASS.ACTIONS@BBH.COM | 005288P 001-1578A-001<br>BROWN BROTHERS HARRIMAN & CO./ETF<br>CORPORATE ACTIONS<br>525 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>CALEB.LANFEAR@BBH.COM | 005301P 001-1578A-001<br>CANACCORD GENUITY CORP./CDS**<br>BEN THIESSEN<br>2200-609 GRANVILLE STREET<br>VANCOUVER BC V7Y 1H2<br>CANADA<br>BEN.THIESSEN@CANACCORD.COM |
| 005301P 001-1578A-001<br>CANACCORD GENUITY CORP./CDS**<br>BEN THIESSEN<br>2200-609 GRANVILLE STREET<br>VANCOUVER BC V7Y 1H2<br>CANADA<br>VANCOUVERHO-RECONCILIATIONS@CANACCORD.COM | 005301P 001-1578A-001<br>CANACCORD GENUITY CORP./CDS**<br>BEN THIESSEN<br>2200-609 GRANVILLE STREET<br>VANCOUVER BC V7Y 1H2<br>CANADA<br>PROXY_INQUIRY@CANACCORD.COM | 005289P 001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ATTN: ASHLEY ROELIKE<br>CORPORATE ACTIONS<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301<br>ASHLEY.ROELIKE@CETERAFI.COM | 005289P 001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ATTN: ASHLEY ROELIKE<br>CORPORATE ACTIONS<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301<br>STEVE.SCHMITZ@CETERA.COM |

| | | | |
|---|---|---|---|
| 005332P 001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ANGELA HANDELAND<br>SUPERVISOR<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301<br>ANGELA.HANDELAND@CETERAFI.COM | 005332P 001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ANGELA HANDELAND<br>SUPERVISOR<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301<br>ALICE.HEMPHILL@CETERA.COM | 005332P 001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ANGELA HANDELAND<br>SUPERVISOR<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301<br>AMANDA.ZWILLING@CETERA.COM | 005332P 001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ANGELA HANDELAND<br>SUPERVISOR<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301<br>RUSSELL.MARKFELDER@CETERA.COM |
| 005332P 001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ANGELA HANDELAND<br>SUPERVISOR<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301<br>KATIE.BIEDLER@CETERAFI.COM | 005332P 001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ANGELA HANDELAND<br>SUPERVISOR<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301<br>STEVE.SCHMITZ@CETERA.COM | 005283P 001-1578A-001<br>CHARLES SCHWAB & CO., INC.<br>CORPORATE ACTIONS DEPT.: 01-1B572<br>CHRISTINA YOUNG<br>2423 E LINCOLN DRIVE<br>PHOENIX AZ 85016-1215<br>PHXMCBR@SCHWAB.COM | 005283P 001-1578A-001<br>CHARLES SCHWAB & CO., INC.<br>CORPORATE ACTIONS DEPT.: 01-1B572<br>CHRISTINA YOUNG<br>2423 E LINCOLN DRIVE<br>PHOENIX AZ 85016-1215<br>JEN.CURTIN@SCHWAB.COM |
| 005255P 001-1578A-001<br>CIBC WORLD MARKETS CORP.<br>C/O BROADRIDGE<br>51 MERCEDES WAY<br>EDGEWOOD NY 11717<br>WENDY.AVILA@CIBC.CA | 005292P 001-1578A-001<br>CIBC WORLD MARKETS INC./CDS**<br>CORPORATE ACTIONS<br>RODERICK  ROOPSINGH<br>CANADIAN IMPERIAL BANK OF COMMERCE<br>22 FRONT ST. W. 7TH FL (ATTN. CORP. ACT)<br>TORONTO ON M5J 2W5<br>CANADA | 005292P 001-1578A-001<br>CIBC WORLD MARKETS INC./CDS**<br>CORPORATE ACTIONS<br>RODERICK  ROOPSINGH<br>CANADIAN IMPERIAL BANK OF COMMERCE<br>22 FRONT ST. W. 7TH FL (ATTN. CORP. ACT)<br>TORONTO ON M5J 2W5<br>CANADA | 005317P 001-1578A-001<br>CITIBANK, N.A.<br>SHERIDA SINANAN<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>GTS.CAEC.TPA@CITI.COM |
| 005317P 001-1578A-001<br>CITIBANK, N.A.<br>SHERIDA SINANAN<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>DARYL.SLATER@CITI.COM | 005317P 001-1578A-001<br>CITIBANK, N.A.<br>SHERIDA SINANAN<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>THEOPHILUS.CHAN@CITI.COM | 005317P 001-1578A-001<br>CITIBANK, N.A.<br>SHERIDA SINANAN<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>PRABHA.L.BATNI@CITI.COM | 005317P 001-1578A-001<br>CITIBANK, N.A.<br>SHERIDA SINANAN<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>ANN.E.NOBBE@CITI.COM |
| 005318P 001-1578A-001<br>CITIBANK, N.A.<br>PAUL WATTERS<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>GTS.CAEC.TPA@CITI.COM | 005318P 001-1578A-001<br>CITIBANK, N.A.<br>PAUL WATTERS<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>DARYL.SLATER@CITI.COM | 005318P 001-1578A-001<br>CITIBANK, N.A.<br>PAUL WATTERS<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>THEOPHILUS.CHAN@CITI.COM | 005318P 001-1578A-001<br>CITIBANK, N.A.<br>PAUL WATTERS<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>PRABHA.L.BATNI@CITI.COM |
| 005318P 001-1578A-001<br>CITIBANK, N.A.<br>PAUL WATTERS<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610<br>ANN.E.NOBBE@CITI.COM | 005319P 001-1578A-001<br>CITIGROUP GLOBAL MARKETS, INC.<br>CORRESPONDENT CLEARING<br>ABIGAIL DAVIES<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK NY 10013<br>GTS.CAEC.TPA@CITI.COM | 005319P 001-1578A-001<br>CITIGROUP GLOBAL MARKETS, INC.<br>CORRESPONDENT CLEARING<br>ABIGAIL DAVIES<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK NY 10013<br>DARYL.SLATER@CITI.COM | 005319P 001-1578A-001<br>CITIGROUP GLOBAL MARKETS, INC.<br>CORRESPONDENT CLEARING<br>ABIGAIL DAVIES<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK NY 10013<br>THEOPHILUS.CHAN@CITI.COM |

Case 26-10914-TMH   Doc 72   Filed 06/10/26   Page 104 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

Page # : 4 of 16

06/07/2026 01:44:29 PM

| | | | |
|---|---|---|---|
| 005319P 001-1578A-001<br>CITIGROUP GLOBAL MARKETS, INC.<br>CORRESPONDENT CLEARING<br>ABIGAIL DAVIES<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK NY 10013<br>PRABHA.L.BATNI@CITI.COM | 005319P 001-1578A-001<br>CITIGROUP GLOBAL MARKETS, INC.<br>CORRESPONDENT CLEARING<br>ABIGAIL DAVIES<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK NY 10013<br>ANN.E.NOBBE@CITI.COM | 005276P 001-1578A-001<br>DESJARDINS SECURITIES INC./CDS**<br>ATTN: REORG DEPT-MTL1060-1ER-E<br>1060 UNIVERSITY STREET<br>SUITE 101<br>MONTREAL QC H3B 5L7<br>CANADA<br>RECOURS.COLLECTIFS@DESJARDINS.COM | 005277P 001-1578A-001<br>DESJARDINS SECURITIES INC./CDS**<br>ATTN: REORG DEPARTMENT<br>1 COMPLEXE DESJARDINS<br>C.P. 34, SUCC ESJARDINS<br>MONTREAL QC H5B 1E4<br>CANADA<br>RECOURS.COLLECTIFS@DESJARDINS.COM |
| 005278P 001-1578A-001<br>DESJARDINS SECURITIES INC./CDS**<br>CORPORATE ACTIONS<br>VALEURS MOBILIARES DESJARDINS<br>2, COMPLEXE DESJARDINS TOUR EST<br>NIVEAU 62, E1-22<br>MONTREAL QC H5B 1J2<br>CANADA | 005349P 001-1578A-001<br>DTC<br>55 WATER ST<br>FL 3<br>NEW YORK NY 10041<br>VOLUNTARYREORGANNOUNCEMENTS@DTCC.COM | 005349P 001-1578A-001<br>DTC<br>55 WATER ST<br>FL 3<br>NEW YORK NY 10041<br>MANDATORYREORGANNOUNCEMENTS@DTCC.COM | 005349P 001-1578A-001<br>DTC<br>55 WATER ST<br>FL 3<br>NEW YORK NY 10041<br>LEGALANDTAXNOTICES@DTCC.COM |
| 005349P 001-1578A-001<br>DTC<br>55 WATER ST<br>FL 3<br>NEW YORK NY 10041<br>LENSNOTICES@DTCC.COM | 005254P 001-1578A-001<br>FIFTH THIRD BANK<br>LANCE WELLS<br>CORP ACTIONS<br>5001 KINGSLEY DRIVE<br>MAIL DROP 1MOB2D<br>CINCINNATI OH 45227<br>LANCE.WELLS@53.COM | 005282P 001-1578A-001<br>FIFTH THIRD BANK<br>LANCE WELLS<br>CORP ACTIONS<br>5050 KINGSLEY DRIVE<br>MAIL DROP 1MOB2D<br>CINCINNATI OH 45227<br>LANCE.WELLS@53.COM | 005282P 001-1578A-001<br>FIFTH THIRD BANK<br>LANCE WELLS<br>CORP ACTIONS<br>5050 KINGSLEY DRIVE<br>MAIL DROP 1MOB2D<br>CINCINNATI OH 45227<br>WENDELL.JONES@53.COM |
| 005316P 001-1578A-001<br>GOLDMAN SACHS INTERNATIONAL<br>ASSET SERVICING<br>30 HUDSON STREET<br>PROXY DEPARTMENT<br>JERSEY CITY NJ 07302<br>GS-AS-NY-PROXY@GS.COM | 005316P 001-1578A-001<br>GOLDMAN SACHS INTERNATIONAL<br>ASSET SERVICING<br>30 HUDSON STREET<br>PROXY DEPARTMENT<br>JERSEY CITY NJ 07302<br>GS-OPS-DIVMGMT-COM@GS.COM | 005316P 001-1578A-001<br>GOLDMAN SACHS INTERNATIONAL<br>ASSET SERVICING<br>30 HUDSON STREET<br>PROXY DEPARTMENT<br>JERSEY CITY NJ 07302<br>GS-AS-NY-CLASS-ACTION@NY.EMAIL.GS.COM | 005316P 001-1578A-001<br>GOLDMAN SACHS INTERNATIONAL<br>ASSET SERVICING<br>30 HUDSON STREET<br>PROXY DEPARTMENT<br>JERSEY CITY NJ 07302<br>GS-AS-NY-REORG@NY.EMAIL.GS.COM |
| 005258P 001-1578A-001<br>GOLDMAN, SACHS & CO.<br>PROXY HOTLINE 1<br>30 HUDSON STREET<br>PROXY DEPARTMENT<br>JERSEY CITY NJ 07302<br>GS-AS-NY-PROXY@GS.COM | 005251P 001-1578A-001<br>HILLTOP SECURITIES INC.<br>RHONDA JACKSON<br>1201 ELM STREET<br>SUITE 3500<br>DALLAS TX 75270<br>PROXY@SWST.COM | 005259P 001-1578A-001<br>HILLTOP SECURITIES INC.<br>ATTN: BONNIE ALLEN, CORPORATE ACTIONS<br>1201 ELM STREET<br>SUITE 3500<br>DALLAS TX 75270-2180<br>BONNIE.ALLEN@SWST.COM | 005280P 001-1578A-001<br>HILLTOP SECURITIES INC.<br>ATTN: BONNIE ALLEN<br>1201 ELM STREET<br>SUITE 3500<br>DALLAS TX 75270<br>BONNIE.ALLEN@HILLTOPSECURITIES.COM |
| 005261P 001-1578A-001<br>HSBC BANK USA, NA/CLEARING<br>LEON SCHNITZPAHN<br>ONE HANSON PLACE<br>LOWER LEVEL<br>BROOKLYN NY 11243<br>MIKE.JIANG@US.HSBC.COM | 005262P 001-1578A-001<br>HSBC BANK USA, NA/CLEARING<br>CORPORATE ACTIONS<br>HOWARD  DASH<br>452 5TH AVENUE<br>NEW YORK NY 10018<br>MIKE.JIANG@US.HSBC.COM | 005302P 001-1578A-001<br>INTERACTIVE BROKERS RETAIL EQUITY CLEARING<br>KARIN MCCARTHY<br>8 GREENWICH OFFICE PARK<br>GREENWICH CT 06831<br>PROXY@INTERACTIVEBROKERS.COM | 005302P 001-1578A-001<br>INTERACTIVE BROKERS RETAIL EQUITY CLEARING<br>KARIN MCCARTHY<br>8 GREENWICH OFFICE PARK<br>GREENWICH CT 06831<br>BANKRUPTCY@INTERACTIVEBROKERS.COM |

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 105 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

Page # : 5 of 16                                                                                                    06/07/2026 01:44:29 PM

005302P 001-1578A-001
INTERACTIVE BROKERS RETAIL EQUITY CLEARING
KARIN MCCARTHY
8 GREENWICH OFFICE PARK
GREENWICH CT 06831
IBCORPACTION@INTERACTIVEBROKERS.COM

005309P 001-1578A-001
J.P. MORGAN CHASE BANK NA/FBO BLACKROCK CTF
ATTN: CORPORATE ACTIONS
14201 DALLAS PKWY
FLOOR 12 - CORP ACTIONS DEPT
DALLAS TX 75254
USSO.PROXY.TEAM@JPMORGAN.COM

005309P 001-1578A-001
J.P. MORGAN CHASE BANK NA/FBO BLACKROCK CTF
ATTN: CORPORATE ACTIONS
14201 DALLAS PKWY
FLOOR 12 - CORP ACTIONS DEPT
DALLAS TX 75254
JPMORGANINFORMATION.SERVICES@JPMORGAN.COM

005309P 001-1578A-001
J.P. MORGAN CHASE BANK NA/FBO BLACKROCK CTF
ATTN: CORPORATE ACTIONS
14201 DALLAS PKWY
FLOOR 12 - CORP ACTIONS DEPT
DALLAS TX 75254
IB.MANDATORY.CORP.ACTIONS@JPMORGAN.COM

005310P 001-1578A-001
J.P. MORGAN CLEARING CORP.
ATTN: CORPORATE ACTIONS
14201 DALLAS PARKWAY
12TH FLOOR
DALLAS TX 75254
USSO.PROXY.TEAM@JPMORGAN.COM

005310P 001-1578A-001
J.P. MORGAN CLEARING CORP.
ATTN: CORPORATE ACTIONS
14201 DALLAS PARKWAY
12TH FLOOR
DALLAS TX 75254
JPMORGANINFORMATION.SERVICES@JPMORGAN.COM

005310P 001-1578A-001
J.P. MORGAN CLEARING CORP.
ATTN: CORPORATE ACTIONS
14201 DALLAS PARKWAY
12TH FLOOR
DALLAS TX 75254
IB.MANDATORY.CORP.ACTIONS@JPMORGAN.COM

005311P 001-1578A-001
J.P. MORGAN CLEARING CORP.
MARCIN BIEGANSKI
14201 DALLAS PARKWAY, 12TH FL
DALLAS TX 75254
USSO.PROXY.TEAM@JPMORGAN.COM

005311P 001-1578A-001
J.P. MORGAN CLEARING CORP.
MARCIN BIEGANSKI
14201 DALLAS PARKWAY, 12TH FL
DALLAS TX 75254
JPMORGANINFORMATION.SERVICES@JPMORGAN.COM

005311P 001-1578A-001
J.P. MORGAN CLEARING CORP.
MARCIN BIEGANSKI
14201 DALLAS PARKWAY, 12TH FL
DALLAS TX 75254
IB.MANDATORY.CORP.ACTIONS@JPMORGAN.COM

005312P 001-1578A-001
J.P. MORGAN CLEARING CORP.
JOHN FAY
500 STANTON CHRISTIANA ROAD
OPS 4, FLOOR 03
NEWARK DE 19713-2107
USSO.PROXY.TEAM@JPMORGAN.COM

005312P 001-1578A-001
J.P. MORGAN CLEARING CORP.
JOHN FAY
500 STANTON CHRISTIANA ROAD
OPS 4, FLOOR 03
NEWARK DE 19713-2107
JPMORGANINFORMATION.SERVICES@JPMORGAN.COM

005312P 001-1578A-001
J.P. MORGAN CLEARING CORP.
JOHN FAY
500 STANTON CHRISTIANA ROAD
OPS 4, FLOOR 03
NEWARK DE 19713-2107
IB.MANDATORY.CORP.ACTIONS@JPMORGAN.COM

005253P 001-1578A-001
JANNEY MONTGOMERY SCOTT LLC
ATTN: KURT DODDS
1717 ARCH STREET
19TH FLOOR
PHILADELPHIA PA 19103
KDODDS@JANNEY.COM

005263P 001-1578A-001
JANNEY MONTGOMERY SCOTT LLC
ATTN: CORPORATE ACTIONS DEPARTMENT
1717 ARCH STREET, 19TH FLOOR
PHILADELPHIA PA 19103
REORGCONTACTS@JANNEY.COM

005313P 001-1578A-001
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
MARCIN BIEGANSKI
ASSOCIATE
14201 DALLAS PKWY
FLOOR 12 - CORP ACTIONS DEPT
DALLAS TX 75254
USSO.PROXY.TEAM@JPMORGAN.COM

005313P 001-1578A-001
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
MARCIN BIEGANSKI
ASSOCIATE
14201 DALLAS PKWY
FLOOR 12 - CORP ACTIONS DEPT
DALLAS TX 75254
JPMORGANINFORMATION.SERVICES@JPMORGAN.COM

005313P 001-1578A-001
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
MARCIN BIEGANSKI
ASSOCIATE
14201 DALLAS PKWY
FLOOR 12 - CORP ACTIONS DEPT
DALLAS TX 75254
IB.MANDATORY.CORP.ACTIONS@JPMORGAN.COM

005314P 001-1578A-001
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
SACHIN GOYAL
500 STANTON CHRISTIANA ROAD
OPS 4, FLOOR 02
NEWARK DE 19713-2107
USSO.PROXY.TEAM@JPMORGAN.COM

005314P 001-1578A-001
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
SACHIN GOYAL
500 STANTON CHRISTIANA ROAD
OPS 4, FLOOR 02
NEWARK DE 19713-2107
JPMORGANINFORMATION.SERVICES@JPMORGAN.COM

005314P 001-1578A-001
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
SACHIN GOYAL
500 STANTON CHRISTIANA ROAD
OPS 4, FLOOR 02
NEWARK DE 19713-2107
IB.MANDATORY.CORP.ACTIONS@JPMORGAN.COM

005315P 001-1578A-001
JPMORGAN CHASE BANK/IA
MARCIN BIEGANSKI
ASSOCIATE
14201 DALLAS PKWY, 12TH FL
CORP ACTIONS DEPT
DALLAS TX 75254
USSO.PROXY.TEAM@JPMORGAN.COM

005315P 001-1578A-001
JPMORGAN CHASE BANK/IA
MARCIN BIEGANSKI
ASSOCIATE
14201 DALLAS PKWY, 12TH FL
CORP ACTIONS DEPT
DALLAS TX 75254
JPMORGANINFORMATION.SERVICES@JPMORGAN.COM

005315P 001-1578A-001
JPMORGAN CHASE BANK/IA
MARCIN BIEGANSKI
ASSOCIATE
14201 DALLAS PKWY, 12TH FL
CORP ACTIONS DEPT
DALLAS TX 75254
IB.MANDATORY.CORP.ACTIONS@JPMORGAN.COM

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 106 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

| | | | |
|---|---|---|---|
| 005303P 001-1578A-001<br>KEYBANK NATIONAL ASSOCIATION<br>RAYMOND HANNAN<br>4900 TIEDEMAN ROAD<br>OH-01-49-0240<br>BROOKLYN OH 44144<br>SCOTT_R_MACDONALD@KEYBANK.COM | 005303P 001-1578A-001<br>KEYBANK NATIONAL ASSOCIATION<br>RAYMOND HANNAN<br>4900 TIEDEMAN ROAD<br>OH-01-49-0240<br>BROOKLYN OH 44144<br>SAFEKEEPING_TREASURY_OPERATIONS@KEYBANK.COM | 005303P 001-1578A-001<br>KEYBANK NATIONAL ASSOCIATION<br>RAYMOND HANNAN<br>4900 TIEDEMAN ROAD<br>OH-01-49-0240<br>BROOKLYN OH 44144<br>KATHLEEN_A_STETZ@KEYBANK.COM | 005331P 001-1578A-001<br>LPL FINANCIAL CORP<br>KRISTIN KENNEDY<br>CORPORATE ACTIONS<br>1055 LPL WAY<br>FORT MILL SC 29715<br>KRISTIN.KENNEDY@LPL.COM |
| 005331P 001-1578A-001<br>LPL FINANCIAL CORP<br>KRISTIN KENNEDY<br>CORPORATE ACTIONS<br>1055 LPL WAY<br>FORT MILL SC 29715<br>JASON.ADAMEK@LPL.COM | 005331P 001-1578A-001<br>LPL FINANCIAL CORP<br>KRISTIN KENNEDY<br>CORPORATE ACTIONS<br>1055 LPL WAY<br>FORT MILL SC 29715<br>CORPORATE.ACTION@LPL.COM | 005331P 001-1578A-001<br>LPL FINANCIAL CORP<br>KRISTIN KENNEDY<br>CORPORATE ACTIONS<br>1055 LPL WAY<br>FORT MILL SC 29715<br>CINTHYA.LEITE@LPL.COM | 005331P 001-1578A-001<br>LPL FINANCIAL CORP<br>KRISTIN KENNEDY<br>CORPORATE ACTIONS<br>1055 LPL WAY<br>FORT MILL SC 29715<br>STEVEN.TRZCINSKI@LPL.COM |
| 005331P 001-1578A-001<br>LPL FINANCIAL CORP<br>KRISTIN KENNEDY<br>CORPORATE ACTIONS<br>1055 LPL WAY<br>FORT MILL SC 29715<br>KEVIN.MOULTON@LPL.COM | 005331P 001-1578A-001<br>LPL FINANCIAL CORP<br>KRISTIN KENNEDY<br>CORPORATE ACTIONS<br>1055 LPL WAY<br>FORT MILL SC 29715<br>MICAH.WEINSTEIN@LPL.COM | 005330P 001-1578A-001<br>LPL FINANCIAL CORPORATION<br>CORPORATE ACTIONS<br>KRISTIN KENNEDY<br>9785 TOWNE CENTRE DRIVE<br>SAN DIEGO CA 92121-1968<br>KRISTIN.KENNEDY@LPL.COM | 005330P 001-1578A-001<br>LPL FINANCIAL CORPORATION<br>CORPORATE ACTIONS<br>KRISTIN KENNEDY<br>9785 TOWNE CENTRE DRIVE<br>SAN DIEGO CA 92121-1968<br>JASON.ADAMEK@LPL.COM |
| 005330P 001-1578A-001<br>LPL FINANCIAL CORPORATION<br>CORPORATE ACTIONS<br>KRISTIN KENNEDY<br>9785 TOWNE CENTRE DRIVE<br>SAN DIEGO CA 92121-1968<br>CORPORATE.ACTION@LPL.COM | 005330P 001-1578A-001<br>LPL FINANCIAL CORPORATION<br>CORPORATE ACTIONS<br>KRISTIN KENNEDY<br>9785 TOWNE CENTRE DRIVE<br>SAN DIEGO CA 92121-1968<br>CINTHYA.LEITE@LPL.COM | 005330P 001-1578A-001<br>LPL FINANCIAL CORPORATION<br>CORPORATE ACTIONS<br>KRISTIN KENNEDY<br>9785 TOWNE CENTRE DRIVE<br>SAN DIEGO CA 92121-1968<br>STEVEN.TRZCINSKI@LPL.COM | 005330P 001-1578A-001<br>LPL FINANCIAL CORPORATION<br>CORPORATE ACTIONS<br>KRISTIN KENNEDY<br>9785 TOWNE CENTRE DRIVE<br>SAN DIEGO CA 92121-1968<br>KEVIN.MOULTON@LPL.COM |
| 005330P 001-1578A-001<br>LPL FINANCIAL CORPORATION<br>CORPORATE ACTIONS<br>KRISTIN KENNEDY<br>9785 TOWNE CENTRE DRIVE<br>SAN DIEGO CA 92121-1968<br>MICAH.WEINSTEIN@LPL.COM | 005307P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>PROXY.BALT@MS.COM | 005307P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>PSCLASSACT@MS.COM | 005307P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>CLASSACT@MS.COM |
| 005307P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>PRODDATA@MORGANSTANLEY.COM | 005307P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>CLASSACT@MORGANSTANLEY.COM | 005337P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>MICHELLE FORD<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>DEALSETUP@MORGANSTANLEY.COM | 005337P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>MICHELLE FORD<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>RAQUEL.DEL.MONTE@MORGANSTANLEY.COM |

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 107 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

| | | | |
|---|---|---|---|
| 005337P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>MICHELLE FORD<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>PSCLASSACT@MORGANSTANLEY.COM | 005337P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>MICHELLE FORD<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>PROXY.BALT@MS.COM | 005337P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>MICHELLE FORD<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>PSCLASSACT@MS.COM | 005337P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>MICHELLE FORD<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>CLASSACT@MS.COM |
| 005337P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>MICHELLE FORD<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>PRODDATA@MORGANSTANLEY.COM | 005337P 001-1578A-001<br>MORGAN STANLEY & CO. LLC<br>MICHELLE FORD<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>CLASSACT@MORGANSTANLEY.COM | 005333P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORPORATE ACTIONS<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>DEALSETUP@MORGANSTANLEY.COM | 005333P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORPORATE ACTIONS<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>RAQUEL.DEL.MONTE@MORGANSTANLEY.COM |
| 005333P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORPORATE ACTIONS<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>PROXY.BALT@MS.COM | 005333P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORPORATE ACTIONS<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>PSCLASSACT@MS.COM | 005333P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORPORATE ACTIONS<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>CLASSACT@MS.COM | 005333P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORPORATE ACTIONS<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>PRODDATA@MORGANSTANLEY.COM |
| 005333P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORPORATE ACTIONS<br>901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE MD 21231<br>CLASSACT@MORGANSTANLEY.COM | 005334P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>DEALSETUP@MORGANSTANLEY.COM | 005334P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>RAQUEL.DEL.MONTE@MORGANSTANLEY.COM | 005334P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>PROXY.BALT@MS.COM |
| 005334P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>PSCLASSACT@MS.COM | 005334P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>CLASSACT@MS.COM | 005334P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>PRODDATA@MORGANSTANLEY.COM | 005334P 001-1578A-001<br>MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC<br>CORP ACTIONS<br>1300 THAMES STREET<br>7TH FLOOR<br>BALTIMORE MD 21231<br>CLASSACT@MORGANSTANLEY.COM |
| 005335P 001-1578A-001<br>MORGAN STANLEY SMITH BARNEY LLC<br>JOHN BARRY<br>1300 THAMES ST<br>6TH FLOOR<br>BALTIMORE MD 21231<br>DEALSETUP@MORGANSTANLEY.COM | 005335P 001-1578A-001<br>MORGAN STANLEY SMITH BARNEY LLC<br>JOHN BARRY<br>1300 THAMES ST<br>6TH FLOOR<br>BALTIMORE MD 21231<br>RAQUEL.DEL.MONTE@MORGANSTANLEY.COM | 005335P 001-1578A-001<br>MORGAN STANLEY SMITH BARNEY LLC<br>JOHN BARRY<br>1300 THAMES ST<br>6TH FLOOR<br>BALTIMORE MD 21231<br>PROXY.BALT@MS.COM | 005335P 001-1578A-001<br>MORGAN STANLEY SMITH BARNEY LLC<br>JOHN BARRY<br>1300 THAMES ST<br>6TH FLOOR<br>BALTIMORE MD 21231<br>PSCLASSACT@MS.COM |

| | | | |
|---|---|---|---|
| 005335P 001-1578A-001<br>MORGAN STANLEY SMITH BARNEY LLC<br>JOHN BARRY<br>1300 THAMES ST<br>6TH FLOOR<br>BALTIMORE MD 21231<br>CLASSACT@MS.COM | 005335P 001-1578A-001<br>MORGAN STANLEY SMITH BARNEY LLC<br>JOHN BARRY<br>1300 THAMES ST<br>6TH FLOOR<br>BALTIMORE MD 21231<br>PRODDATA@MORGANSTANLEY.COM | 005335P 001-1578A-001<br>MORGAN STANLEY SMITH BARNEY LLC<br>JOHN BARRY<br>1300 THAMES ST<br>6TH FLOOR<br>BALTIMORE MD 21231<br>CLASSACT@MORGANSTANLEY.COM | 005320P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>PETER CLOSS<br>499 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>PETER.CLOSS@FMR.COM |
| 005320P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>PETER CLOSS<br>499 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>LISA.GANESH@FMR.COM | 005320P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>PETER CLOSS<br>499 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>JASON.DRESS@FMR.COM | 005320P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>PETER CLOSS<br>499 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>JOHN.SPURWAY@FMR.COM | 005320P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>PETER CLOSS<br>499 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>GERARDO.FLEITES@FMR.COM |
| 005320P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>PETER CLOSS<br>499 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310<br>ROB.DAY@FMR.COM | 005321P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>CORP ACTIONS<br>200 SEAPORT BOULEVARD, Z1B<br>BOSTON MA 02210<br>PETER.CLOSS@FMR.COM | 005321P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>CORP ACTIONS<br>200 SEAPORT BOULEVARD, Z1B<br>BOSTON MA 02210<br>LISA.GANESH@FMR.COM | 005321P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>CORP ACTIONS<br>200 SEAPORT BOULEVARD, Z1B<br>BOSTON MA 02210<br>JASON.DRESS@FMR.COM |
| 005321P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>CORP ACTIONS<br>200 SEAPORT BOULEVARD, Z1B<br>BOSTON MA 02210<br>JOHN.SPURWAY@FMR.COM | 005321P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>CORP ACTIONS<br>200 SEAPORT BOULEVARD, Z1B<br>BOSTON MA 02210<br>GERARDO.FLEITES@FMR.COM | 005321P 001-1578A-001<br>NATIONAL FINANCIAL SERVICES LLC<br>CORP ACTIONS<br>200 SEAPORT BOULEVARD, Z1B<br>BOSTON MA 02210<br>ROB.DAY@FMR.COM | 005308P 001-1578A-001<br>OPPENHEIMER & CO. INC.<br>ATTN: CORPORATE ACTIONS<br>85 BROAD STREET<br>NEW YORK NY 10004<br>GUILLERMO.GONZALEZ@OPCO.COM |
| 005308P 001-1578A-001<br>OPPENHEIMER & CO. INC.<br>ATTN: CORPORATE ACTIONS<br>85 BROAD STREET<br>NEW YORK NY 10004<br>COLIN.SANDY@OPCO.COM | 005308P 001-1578A-001<br>OPPENHEIMER & CO. INC.<br>ATTN: CORPORATE ACTIONS<br>85 BROAD STREET<br>NEW YORK NY 10004<br>REORG@OPCO.COM | 005308P 001-1578A-001<br>OPPENHEIMER & CO. INC.<br>ATTN: CORPORATE ACTIONS<br>85 BROAD STREET<br>NEW YORK NY 10004<br>KENYA.WHITE@OPCO.COM | 005308P 001-1578A-001<br>OPPENHEIMER & CO. INC.<br>ATTN: CORPORATE ACTIONS<br>85 BROAD STREET<br>NEW YORK NY 10004<br>FRAN.BANSON@OPCO.COM |
| 005324P 001-1578A-001<br>PERSHING LLC<br>JOSEPH LAVARA<br>ONE PERSHING PLAZA<br>JERSEY CITY NJ 07399<br>TIFFANY.WILLIAMS@PERSHING.COM | 005324P 001-1578A-001<br>PERSHING LLC<br>JOSEPH LAVARA<br>ONE PERSHING PLAZA<br>JERSEY CITY NJ 07399<br>JLAVARA@PERSHING.COM | 005324P 001-1578A-001<br>PERSHING LLC<br>JOSEPH LAVARA<br>ONE PERSHING PLAZA<br>JERSEY CITY NJ 07399<br>CHARLENE.POLDEN@PERSHING.COM | 005324P 001-1578A-001<br>PERSHING LLC<br>JOSEPH LAVARA<br>ONE PERSHING PLAZA<br>JERSEY CITY NJ 07399<br>PERSHINGCORPORATEACTIONSPROXY@PERSHING.COM |

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 109 of 124
GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

Page # : 9 of 16                                                                                      06/07/2026 01:44:29 PM

005325P 001-1578A-001
PERSHING LLC
ATTN: TIFFANY WILLIAMS
CORPORATE ACTIONS
ONE PERSHING PLAZA
10TH FLOOR
JERSEY CITY NJ 07399
TIFFANY.WILLIAMS@PERSHING.COM

005325P 001-1578A-001
PERSHING LLC
ATTN: TIFFANY WILLIAMS
CORPORATE ACTIONS
ONE PERSHING PLAZA
10TH FLOOR
JERSEY CITY NJ 07399
JLAVARA@PERSHING.COM

005325P 001-1578A-001
PERSHING LLC
ATTN: TIFFANY WILLIAMS
CORPORATE ACTIONS
ONE PERSHING PLAZA
10TH FLOOR
JERSEY CITY NJ 07399
CHARLENE.POLDEN@PERSHING.COM

005325P 001-1578A-001
PERSHING LLC
ATTN: TIFFANY WILLIAMS
CORPORATE ACTIONS
ONE PERSHING PLAZA
10TH FLOOR
JERSEY CITY NJ 07399
PERSHINGCORPORATEACTIONSPROXY@PERSHING.COM

005296P 001-1578A-001
PNC BANK, NATIONAL ASSOCIATION
JUANITA NICHOLS
8800 TINICUM BLVD
MAILSTOP F6-F266-02-2
PHILADELPHIA PA 19153
CASPR@PNC.COM

005296P 001-1578A-001
PNC BANK, NATIONAL ASSOCIATION
JUANITA NICHOLS
8800 TINICUM BLVD
MAILSTOP F6-F266-02-2
PHILADELPHIA PA 19153
MCA@PNC.COM

005296P 001-1578A-001
PNC BANK, NATIONAL ASSOCIATION
JUANITA NICHOLS
8800 TINICUM BLVD
MAILSTOP F6-F266-02-2
PHILADELPHIA PA 19153
JNICHOLS@PNC.COM

005296P 001-1578A-001
PNC BANK, NATIONAL ASSOCIATION
JUANITA NICHOLS
8800 TINICUM BLVD
MAILSTOP F6-F266-02-2
PHILADELPHIA PA 19153
YVONNE.MUDD@PNCBANK.COM

005279P 001-1578A-001
RAYMOND JAMES & ASSOCIATES, INC.
ATTN: ELAINE MULLEN
CORPORATE ACTIONS
880 CARILLON PARKWAY
ST. PETERSBURG FL 33716
CORPORATEACTIONS@RAYMONDJAMES.COM

005294P 001-1578A-001
RAYMOND JAMES & ASSOCIATES, INC.
ROBERTA GREEN
880 CARILION PARKWAY
SAIT PETERSBURG FL 33716
ROBERTA.GREEN@RAYMONDJAMES.COM

005294P 001-1578A-001
RAYMOND JAMES & ASSOCIATES, INC.
ROBERTA GREEN
880 CARILION PARKWAY
SAIT PETERSBURG FL 33716
CORPORATEACTIONS@RAYMONDJAMES.COM

005290P 001-1578A-001
RBC CAPITAL MARKETS, LLC
STEVE SCHAFER SR
ASSOCIATE
60 S 6TH ST - P09
MINNEAPOLIS MN 55402-4400
STEVE.SCHAFER@RBC.COM

005290P 001-1578A-001
RBC CAPITAL MARKETS, LLC
STEVE SCHAFER SR
ASSOCIATE
60 S 6TH ST - P09
MINNEAPOLIS MN 55402-4400
RBCWM-PROXYNOTIFICATIONS@RBC.COM

005291P 001-1578A-001
RBC CAPITAL MARKETS, LLC
SHANNON JONES
60 S 6TH ST - P09
MINNEAPOLIS MN 55402-4400
STEVE.SCHAFER@RBC.COM

005291P 001-1578A-001
RBC CAPITAL MARKETS, LLC
SHANNON JONES
60 S 6TH ST - P09
MINNEAPOLIS MN 55402-4400
RBCWM-PROXYNOTIFICATIONS@RBC.COM

005297P 001-1578A-001
RBC CAPITAL MARKETS, LLC
ATTN: REORG DEPARTMENT
60 S 6TH ST
MINNEAPOLIS MN 55402
STEVE.SCHAFER@RBC.COM

005297P 001-1578A-001
RBC CAPITAL MARKETS, LLC
ATTN: REORG DEPARTMENT
60 S 6TH ST
MINNEAPOLIS MN 55402
NICHOLAS.ONKEN@RBC.COM

005297P 001-1578A-001
RBC CAPITAL MARKETS, LLC
ATTN: REORG DEPARTMENT
60 S 6TH ST
MINNEAPOLIS MN 55402
RBCWM-PROXYNOTIFICATIONS@RBC.COM

005293P 001-1578A-001
ROBERT W. BAIRD & CO. INCORPORATED
JAN SUDFELD
777 E. WISCONSIN AVENUE
19TH FLOOR
MILWAUKEE WI 53202
JSUDFELD@RWBAIRD.COM

005293P 001-1578A-001
ROBERT W. BAIRD & CO. INCORPORATED
JAN SUDFELD
777 E. WISCONSIN AVENUE
19TH FLOOR
MILWAUKEE WI 53202
NROBERTSTAD@RWBAIRD.COM

005293P 001-1578A-001
ROBERT W. BAIRD & CO. INCORPORATED
JAN SUDFELD
777 E. WISCONSIN AVENUE
19TH FLOOR
MILWAUKEE WI 53202
REORG@RWBAIRD.COM

005338P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
ROBERT RAY / JOSEPH J. CALLAHAN
P.O. BOX 1631
BOSTON MA 02105-1631
PROXY-SERVICES@STATESTREET.COM

005338P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
ROBERT RAY / JOSEPH J. CALLAHAN
P.O. BOX 1631
BOSTON MA 02105-1631
PCDESHARNAIS@STATESTREET.COM

005338P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
ROBERT RAY / JOSEPH J. CALLAHAN
P.O. BOX 1631
BOSTON MA 02105-1631
RJRAY@STATESTREET.COM

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 110 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

Page # : 10 of 16

06/07/2026 01:44:29 PM

005338P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
ROBERT RAY / JOSEPH J. CALLAHAN
P.O. BOX 1631
BOSTON MA 02105-1631
SBUISSERETH@STATESTREET.COM

005338P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
ROBERT RAY / JOSEPH J. CALLAHAN
P.O. BOX 1631
BOSTON MA 02105-1631
LLNORDBERG@STATESTREET.COM

005338P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
ROBERT RAY / JOSEPH J. CALLAHAN
P.O. BOX 1631
BOSTON MA 02105-1631
USCARESEARCH@STATESTREET.COM

005338P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
ROBERT RAY / JOSEPH J. CALLAHAN
P.O. BOX 1631
BOSTON MA 02105-1631
BARINGSIMSUSCLIENTSERVICES@STATESTREET.COM

005339P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
JERRY PARRILLA
1776 HERITAGE DR
NORTH QUINCY MA 02171
PROXY-SERVICES@STATESTREET.COM

005339P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
JERRY PARRILLA
1776 HERITAGE DR
NORTH QUINCY MA 02171
PCDESHARNAIS@STATESTREET.COM

005339P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
JERRY PARRILLA
1776 HERITAGE DR
NORTH QUINCY MA 02171
RJRAY@STATESTREET.COM

005339P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
JERRY PARRILLA
1776 HERITAGE DR
NORTH QUINCY MA 02171
SBUISSERETH@STATESTREET.COM

005339P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
JERRY PARRILLA
1776 HERITAGE DR
NORTH QUINCY MA 02171
LLNORDBERG@STATESTREET.COM

005339P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
JERRY PARRILLA
1776 HERITAGE DR
NORTH QUINCY MA 02171
USCARESEARCH@STATESTREET.COM

005339P 001-1578A-001
STATE STREET BANK & TRUST
GLOBAL CORP ACTION DEPT JAB5W
JERRY PARRILLA
1776 HERITAGE DR
NORTH QUINCY MA 02171
BARINGSIMSUSCLIENTSERVICES@STATESTREET.COM

005342P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
DEUTSCHE BANK FRANKFURT
KAREN T JOHNDROW
1776 HERITAGE DRIVE
NORTH QUINCY MA 02171
KTJOHNDROW@STATESTREET.COM

005342P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
DEUTSCHE BANK FRANKFURT
KAREN T JOHNDROW
1776 HERITAGE DRIVE
NORTH QUINCY MA 02171
PROXY-SERVICES@STATESTREET.COM

005342P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
DEUTSCHE BANK FRANKFURT
KAREN T JOHNDROW
1776 HERITAGE DRIVE
NORTH QUINCY MA 02171
PCDESHARNAIS@STATESTREET.COM

005342P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
DEUTSCHE BANK FRANKFURT
KAREN T JOHNDROW
1776 HERITAGE DRIVE
NORTH QUINCY MA 02171
RJRAY@STATESTREET.COM

005342P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
DEUTSCHE BANK FRANKFURT
KAREN T JOHNDROW
1776 HERITAGE DRIVE
NORTH QUINCY MA 02171
SBUISSERETH@STATESTREET.COM

005342P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
DEUTSCHE BANK FRANKFURT
KAREN T JOHNDROW
1776 HERITAGE DRIVE
NORTH QUINCY MA 02171
LLNORDBERG@STATESTREET.COM

005342P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
DEUTSCHE BANK FRANKFURT
KAREN T JOHNDROW
1776 HERITAGE DRIVE
NORTH QUINCY MA 02171
USCARESEARCH@STATESTREET.COM

005342P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
DEUTSCHE BANK FRANKFURT
KAREN T JOHNDROW
1776 HERITAGE DRIVE
NORTH QUINCY MA 02171
BARINGSIMSUSCLIENTSERVICES@STATESTREET.COM

005344P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
PROXY SERVICES
CHRISTINE SULLIVAN; JERRY PARRILLA
1776 HERITAGE DR.
NORTH QUINCY MA 02171
BARINGSIMSUSCLIENTSERVICES@STATESTREET.COM

005344P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
PROXY SERVICES
CHRISTINE SULLIVAN; JERRY PARRILLA
1776 HERITAGE DR.
NORTH QUINCY MA 02171
JOHN.ASHTON@STATESTREET.COM

005344P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
PROXY SERVICES
CHRISTINE SULLIVAN; JERRY PARRILLA
1776 HERITAGE DR.
NORTH QUINCY MA 02171
JPAULICELLI@STATESTREET.COM

005344P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
PROXY SERVICES
CHRISTINE SULLIVAN; JERRY PARRILLA
1776 HERITAGE DR.
NORTH QUINCY MA 02171
CMSULLIVAN2@STATESTREET.COM

005344P 001-1578A-001
STATE STREET BANK AND TRUST COMPANY
PROXY SERVICES
CHRISTINE SULLIVAN; JERRY PARRILLA
1776 HERITAGE DR.
NORTH QUINCY MA 02171
PROXY-SERVICES@STATESTREET.COM

Case 26-10914-TMH  Doc 72  Filed 06/10/26  Page 111 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

| | | | |
|---|---|---|---|
| 005344P 001-1578A-001<br>STATE STREET BANK AND TRUST COMPANY<br>PROXY SERVICES<br>CHRISTINE SULLIVAN; JERRY PARRILLA<br>1776 HERITAGE DR.<br>NORTH QUINCY MA 02171<br>PCDESHARNAIS@STATESTREET.COM | 005344P 001-1578A-001<br>STATE STREET BANK AND TRUST COMPANY<br>PROXY SERVICES<br>CHRISTINE SULLIVAN; JERRY PARRILLA<br>1776 HERITAGE DR.<br>NORTH QUINCY MA 02171<br>RJRAY@STATESTREET.COM | 005344P 001-1578A-001<br>STATE STREET BANK AND TRUST COMPANY<br>PROXY SERVICES<br>CHRISTINE SULLIVAN; JERRY PARRILLA<br>1776 HERITAGE DR.<br>NORTH QUINCY MA 02171<br>SBUISSERETH@STATESTREET.COM | 005344P 001-1578A-001<br>STATE STREET BANK AND TRUST COMPANY<br>PROXY SERVICES<br>CHRISTINE SULLIVAN; JERRY PARRILLA<br>1776 HERITAGE DR.<br>NORTH QUINCY MA 02171<br>LLNORDBERG@STATESTREET.COM |
| 005344P 001-1578A-001<br>STATE STREET BANK AND TRUST COMPANY<br>PROXY SERVICES<br>CHRISTINE SULLIVAN; JERRY PARRILLA<br>1776 HERITAGE DR.<br>NORTH QUINCY MA 02171<br>USCARESEARCH@STATESTREET.COM | 005299P 001-1578A-001<br>STIFEL, NICOLAUS & COMPANY, INCORPORATED<br>ATTN: TINA SCHWEITZER<br>ONE FINANCIAL PLAZA<br>501 N BROADWAY<br>ST. LOUIS MO 63102<br>RUSSELLC@STIFEL.COM | 005299P 001-1578A-001<br>STIFEL, NICOLAUS & COMPANY, INCORPORATED<br>ATTN: TINA SCHWEITZER<br>ONE FINANCIAL PLAZA<br>501 N BROADWAY<br>ST. LOUIS MO 63102<br>KIVLEHENS@STIFEL.COM | 005299P 001-1578A-001<br>STIFEL, NICOLAUS & COMPANY, INCORPORATED<br>ATTN: TINA SCHWEITZER<br>ONE FINANCIAL PLAZA<br>501 N BROADWAY<br>ST. LOUIS MO 63102<br>OPSSTOCKRECORDS@STIFEL.COM |
| 005299P 001-1578A-001<br>STIFEL, NICOLAUS & COMPANY, INCORPORATED<br>ATTN: TINA SCHWEITZER<br>ONE FINANCIAL PLAZA<br>501 N BROADWAY<br>ST. LOUIS MO 63102<br>BLANNERM@STIFEL.COM | 005252P 001-1578A-001<br>TD WATERHOUSE CANADA INC./CDS**<br>YOUSUF AHMED<br>77 BLOOR STREET WEST<br>3RD FLOOR<br>TORONTO ON M4Y 2T1<br>CANADA<br>TDWPROXY@TD.COM | 005343P 001-1578A-001<br>THE BANK OF NEW YORK MELLON<br>CORP ACTIONS<br>525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH PA 15259<br>PGHEVENTCREATION@BNYMELLON.COM | 005343P 001-1578A-001<br>THE BANK OF NEW YORK MELLON<br>CORP ACTIONS<br>525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH PA 15259<br>PGH.CA.EVENT.CREATION@BNYMELLON.COM |
| 005343P 001-1578A-001<br>THE BANK OF NEW YORK MELLON<br>CORP ACTIONS<br>525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH PA 15259<br>PROXYSUPPORT@BNYMELLON.COM | 005343P 001-1578A-001<br>THE BANK OF NEW YORK MELLON<br>CORP ACTIONS<br>525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH PA 15259<br>GCE_INQUIRY_AMERICAS_CLIENTS@BNYMELLON.COM | 005343P 001-1578A-001<br>THE BANK OF NEW YORK MELLON<br>CORP ACTIONS<br>525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH PA 15259<br>PXRPT@BNYMELLON.COM | 005343P 001-1578A-001<br>THE BANK OF NEW YORK MELLON<br>CORP ACTIONS<br>525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH PA 15259<br>JUSTIN.WHITEHOUSE@BNYMELLON.COM |
| 005343P 001-1578A-001<br>THE BANK OF NEW YORK MELLON<br>CORP ACTIONS<br>525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH PA 15259<br>JMICHAEL.JOHNSONJR@BNYMELLON.COM | 005343P 001-1578A-001<br>THE BANK OF NEW YORK MELLON<br>CORP ACTIONS<br>525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH PA 15259<br>JOHN-HENRY.DOKTORSKI@BNYMELLON.COM | 005341P 001-1578A-001<br>THE BANK OF NEW YORK MELLON/MID CAP SPDRS<br>CORP ACTIONS<br>VICE PRESIDENT<br>525 WILLIAM PENN PLACE<br>PITTSBURGH PA 15259<br>GCE_INQUIRY_AMERICAS_CLIENTS@BNYMELLON.COM | 005341P 001-1578A-001<br>THE BANK OF NEW YORK MELLON/MID CAP SPDRS<br>CORP ACTIONS<br>VICE PRESIDENT<br>525 WILLIAM PENN PLACE<br>PITTSBURGH PA 15259<br>PXRPT@BNYMELLON.COM |
| 005341P 001-1578A-001<br>THE BANK OF NEW YORK MELLON/MID CAP SPDRS<br>CORP ACTIONS<br>VICE PRESIDENT<br>525 WILLIAM PENN PLACE<br>PITTSBURGH PA 15259<br>JUSTIN.WHITEHOUSE@BNYMELLON.COM | 005341P 001-1578A-001<br>THE BANK OF NEW YORK MELLON/MID CAP SPDRS<br>CORP ACTIONS<br>VICE PRESIDENT<br>525 WILLIAM PENN PLACE<br>PITTSBURGH PA 15259<br>JMICHAEL.JOHNSONJR@BNYMELLON.COM | 005341P 001-1578A-001<br>THE BANK OF NEW YORK MELLON/MID CAP SPDRS<br>CORP ACTIONS<br>VICE PRESIDENT<br>525 WILLIAM PENN PLACE<br>PITTSBURGH PA 15259<br>JOHN-HENRY.DOKTORSKI@BNYMELLON.COM | 005341P 001-1578A-001<br>THE BANK OF NEW YORK MELLON/MID CAP SPDRS<br>CORP ACTIONS<br>VICE PRESIDENT<br>525 WILLIAM PENN PLACE<br>PITTSBURGH PA 15259<br>PGHEVENTCREATION@BNYMELLON.COM |

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 112 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

Page # : 12 of 16                                                                                            06/07/2026 01:44:29 PM

005341P 001-1578A-001
THE BANK OF NEW YORK MELLON/MID CAP SPDRS
CORP ACTIONS
VICE PRESIDENT
525 WILLIAM PENN PLACE
PITTSBURGH PA 15259
PGH.CA.EVENT.CREATION@BNYMELLON.COM

005300P 001-1578A-001
THE NORTHERN TRUST COMPANY
ANDREW  LUSSEN
ATTN: CAPITAL STRUCTURES-C1N
801 S CANAL STREET
CHICAGO IL 60607
US_VOLUNTARY_CORPACTIONS@NTRS.COM

005300P 001-1578A-001
THE NORTHERN TRUST COMPANY
ANDREW  LUSSEN
ATTN: CAPITAL STRUCTURES-C1N
801 S CANAL STREET
CHICAGO IL 60607
KEG2@NTRS.COM

005300P 001-1578A-001
THE NORTHERN TRUST COMPANY
ANDREW  LUSSEN
ATTN: CAPITAL STRUCTURES-C1N
801 S CANAL STREET
CHICAGO IL 60607
DR65@NTRS.COM

005300P 001-1578A-001
THE NORTHERN TRUST COMPANY
ANDREW  LUSSEN
ATTN: CAPITAL STRUCTURES-C1N
801 S CANAL STREET
CHICAGO IL 60607
CS_NOTIFICATIONS@NTRS.COM

005329P 001-1578A-001
THE NORTHERN TRUST COMPANY
ATTN: CAPITAL STRUCTURES-C1N
RYAN CHISLETT
801 S CANAL STREET
CHICAGO IL 60607
PK5@NTRS.COM

005329P 001-1578A-001
THE NORTHERN TRUST COMPANY
ATTN: CAPITAL STRUCTURES-C1N
RYAN CHISLETT
801 S CANAL STREET
CHICAGO IL 60607
CLASS_ACTION_PROXY_TEAM@NTRS.COM

005329P 001-1578A-001
THE NORTHERN TRUST COMPANY
ATTN: CAPITAL STRUCTURES-C1N
RYAN CHISLETT
801 S CANAL STREET
CHICAGO IL 60607
US_VOLUNTARY_CORPACTIONS@NTRS.COM

005329P 001-1578A-001
THE NORTHERN TRUST COMPANY
ATTN: CAPITAL STRUCTURES-C1N
RYAN CHISLETT
801 S CANAL STREET
CHICAGO IL 60607
KEG2@NTRS.COM

005329P 001-1578A-001
THE NORTHERN TRUST COMPANY
ATTN: CAPITAL STRUCTURES-C1N
RYAN CHISLETT
801 S CANAL STREET
CHICAGO IL 60607
DR65@NTRS.COM

005329P 001-1578A-001
THE NORTHERN TRUST COMPANY
ATTN: CAPITAL STRUCTURES-C1N
RYAN CHISLETT
801 S CANAL STREET
CHICAGO IL 60607
JEM15@NTRS.COM

005329P 001-1578A-001
THE NORTHERN TRUST COMPANY
ATTN: CAPITAL STRUCTURES-C1N
RYAN CHISLETT
801 S CANAL STREET
CHICAGO IL 60607
CS_NOTIFICATIONS@NTRS.COM

005264P 001-1578A-001
TRADESTATION SECURITIES, INC.
ATTN: DAVID BIALER
8050 SW 10TH STREET
SUITE 400
PLANTATION FL 33324
DBIALER@TRADESTATION.COM

005269P 001-1578A-001
TRADESTATION SECURITIES, INC.
ATTN: ANDREA AUGUSTIN
CORPORATE ACTIONS
8050 SW 10TH ST
PLANTATION FL 33324
CORPACTIONS@TRADESTATION.COM

005256P 001-1578A-001
TRADEUP SECURITIES, INC.
MARK KADISON
101 EISENHOWER PARKWAY
ROSELAND NJ 07068
MKADISON@MARSCO.COM

005327P 001-1578A-001
U.S. BANK N.A.
STEPHANIE KAPTA
1555 N RIVERCENTER DRIVE
SUITE 302
MILWAUKEE WI 53212
STEPHANIE.STORCH@USBANK.COM

005327P 001-1578A-001
U.S. BANK N.A.
STEPHANIE KAPTA
1555 N RIVERCENTER DRIVE
SUITE 302
MILWAUKEE WI 53212
STEPHANIE.KAPTA@USBANK.COM

005327P 001-1578A-001
U.S. BANK N.A.
STEPHANIE KAPTA
1555 N RIVERCENTER DRIVE
SUITE 302
MILWAUKEE WI 53212
TRUSTCLASSACTIONS@USBANK.COM

005327P 001-1578A-001
U.S. BANK N.A.
STEPHANIE KAPTA
1555 N RIVERCENTER DRIVE
SUITE 302
MILWAUKEE WI 53212
TRUST.PROXY@USBANK.COM

005327P 001-1578A-001
U.S. BANK N.A.
STEPHANIE KAPTA
1555 N RIVERCENTER DRIVE
SUITE 302
MILWAUKEE WI 53212
USBIIREORGINCOME@USBANK.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
JUSTIN.WHITEHOUSE@BNYMELLON.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
JMICHAEL.JOHNSONJR@BNYMELLON.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
JOHN-HENRY.DOKTORSKI@BNYMELLON.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
DL-CA-MANAGER@UBS.COM

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 113 of 124
GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

Page # : 13 of 16                                                                          06/07/2026 01:44:29 PM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
OL-WMA-CA-REORG@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
MICHAEL.HALLET@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
OL-WMA-CA-PROXY@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
SCOTT.HARRIS@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
HEMANT.TIWARI@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
GCE_INQUIRY_AMERICAS_CLIENTS@BNYMELLON.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
PXRPT@BNYMELLON.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
OL-CA-MANAGERS@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
OL-WMA-CA-BONDREDEMPTION@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
TRACEY.DREWE@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
JANE.FLOOD@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
PAVAN.MATAPATHI@UBS.COM

005345P 001-1578A-001
UBS FINANCIAL SERVICES INC.
JANE FLOOD
1000 HARBOR BLVD
WEEHAWKEN NJ 07086
SH-WMA-CAPROXYCLASSACTIONS@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
JUSTIN.WHITEHOUSE@BNYMELLON.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
JMICHAEL.JOHNSONJR@BNYMELLON.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
JOHN-HENRY.DOKTORSKI@BNYMELLON.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
DL-CA-MANAGER@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
OL-WMA-CA-REORG@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
MICHAEL.HALLET@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
OL-WMA-CA-PROXY@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
SCOTT.HARRIS@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
HEMANT.TIWARI@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
GCE_INQUIRY_AMERICAS_CLIENTS@BNYMELLON.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
PXRPT@BNYMELLON.COM

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 114 of 124

GoHealth, Inc., et al.
Electronic Mail
Exhibit Pages

Page # : 14 of 16                                                                                06/07/2026 01:44:29 PM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
OL-CA-MANAGERS@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
OL-WMA-CA-BONDREDEMPTION@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
TRACEY.DREWE@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
JANE.FLOOD@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
PAVAN.MATAPATHI@UBS.COM

005346P 001-1578A-001
UBS FINANCIAL SERVICES INC.
ATTN: CORPORATE ACTIONS
1000 HARBOR DRIVE
WEEHAWKEN NJ 07086
SH-WMA-CAPROXYCLASSACTIONS@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
JUSTIN.WHITEHOUSE@BNYMELLON.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
JMICHAEL.JOHNSONJR@BNYMELLON.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
JOHN-HENRY.DOKTORSKI@BNYMELLON.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
DL-CA-MANAGER@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
OL-WMA-CA-REORG@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
MICHAEL.HALLET@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
OL-WMA-CA-PROXY@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
SCOTT.HARRIS@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
HEMANT.TIWARI@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
GCE_INQUIRY_AMERICAS_CLIENTS@BNYMELLON.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
PXRPT@BNYMELLON.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
OL-CA-MANAGERS@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
OL-WMA-CA-BONDREDEMPTION@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
TRACEY.DREWE@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
JANE.FLOOD@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
PAVAN.MATAPATHI@UBS.COM

005347P 001-1578A-001
UBS SECURITIES LLC
GREGORY CONTALDI
DIRECTOR
1000 HARBOR BLVD - 5TH FLOOR
WEENHAWKEN NJ 07086
SH-WMA-CAPROXYCLASSACTIONS@UBS.COM

005348P 001-1578A-001
UBS SECURITIES LLC/SECURITIES LENDING
GREGORY CONTALDI
480 WASHINGTON BLVD 12TH FLOOR
JERSEY CITY NJ 07310
JUSTIN.WHITEHOUSE@BNYMELLON.COM

06/07/2026 01:44:29 PM

| | | | |
|---|---|---|---|
| 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>JMICHAEL.JOHNSONJR@BNYMELLON.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>JOHN-HENRY.DOKTORSKI@BNYMELLON.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>DL-CA-MANAGER@UBS.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>OL-WMA-CA-REORG@UBS.COM |
| 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>MICHAEL.HALLET@UBS.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>OL-WMA-CA-PROXY@UBS.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>SCOTT.HARRIS@UBS.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>HEMANT.TIWARI@UBS.COM |
| 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>GCE_INQUIRY_AMERICAS_CLIENTS@BNYMELLON.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>PXRPT@BNYMELLON.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>OL-CA-MANAGERS@UBS.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>OL-WMA-CA-BONDREDEMPTION@UBS.COM |
| 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>TRACEY.DREWE@UBS.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>JANE.FLOOD@UBS.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>PAVAN.MATAPATHI@UBS.COM | 005348P 001-1578A-001<br>UBS SECURITIES LLC/SECURITIES LENDING<br>GREGORY CONTALDI<br>480 WASHINGTON BLVD 12TH FLOOR<br>JERSEY CITY NJ 07310<br>SH-WMA-CAPROXYCLASSACTIONS@UBS.COM |
| 005284P 001-1578A-001<br>UMB BANK, NATIONAL ASSOCIATION<br>VINCENT DUNCAN<br>928 GRAND BLVD<br>KANSAS CITY MO 64133<br>VINCENT.DUNCAN@UMB.COM | 005284P 001-1578A-001<br>UMB BANK, NATIONAL ASSOCIATION<br>VINCENT DUNCAN<br>928 GRAND BLVD<br>KANSAS CITY MO 64133<br>SAFEKEEPING@UMB.COM | 005298P 001-1578A-001<br>US BANK NA/ETF<br>STEPHANIE STORCH / MATTHEW LYNCH<br>1555 N RIVERCENTER DRIVE<br>SUITE 302<br>MILWAUKEE WI 53212<br>TRUSTCLASSACTIONS@USBANK.COM | 005298P 001-1578A-001<br>US BANK NA/ETF<br>STEPHANIE STORCH / MATTHEW LYNCH<br>1555 N RIVERCENTER DRIVE<br>SUITE 302<br>MILWAUKEE WI 53212<br>TRUST.PROXY@USBANK.COM |
| 005298P 001-1578A-001<br>US BANK NA/ETF<br>STEPHANIE STORCH / MATTHEW LYNCH<br>1555 N RIVERCENTER DRIVE<br>SUITE 302<br>MILWAUKEE WI 53212<br>USBIIREORGINCOME@USBANK.COM | 005281P 001-1578A-001<br>VANGUARD MARKETING CORPORATION<br>ATTN: BEN BEGUIN<br>14321 N. NORTHSIGHT BOULEVARD<br>SCOTTSDALE AZ 85260<br>VBS_CORPORATE_ACTIONS@VANGUARD.COM | 005322P 001-1578A-001<br>VISION FINANCIAL MARKETS LLC<br>ANA MARTINEZ<br>120 LONG RIDGE ROAD<br>3 NORTH<br>STAMFORD CT 06902<br>AMARTINEZ@VISIONFINANCIALMARKETS.COM | 005322P 001-1578A-001<br>VISION FINANCIAL MARKETS LLC<br>ANA MARTINEZ<br>120 LONG RIDGE ROAD<br>3 NORTH<br>STAMFORD CT 06902<br>REORGS@VISIONFINANCIALMARKETS.COM |

**GoHealth, Inc., et al.**
**Electronic Mail**
**Exhibit Pages**

005322P 001-1578A-001
VISION FINANCIAL MARKETS LLC
ANA MARTINEZ
120 LONG RIDGE ROAD
3 NORTH
STAMFORD CT 06902
LLUCIEN@VFMARKETS.COM

005322P 001-1578A-001
VISION FINANCIAL MARKETS LLC
ANA MARTINEZ
120 LONG RIDGE ROAD
3 NORTH
STAMFORD CT 06902
SECURITIESOPS@VFMARKETS.COM

005323P 001-1578A-001
VISION FINANCIAL MARKETS LLC
ANA MARTINEZ
CORPORATE ACTIONS
4 HIGH RIDGE PARK
STAMFORD CT 06804
AMARTINEZ@VISIONFINANCIALMARKETS.COM

005323P 001-1578A-001
VISION FINANCIAL MARKETS LLC
ANA MARTINEZ
CORPORATE ACTIONS
4 HIGH RIDGE PARK
STAMFORD CT 06804
REORGS@VISIONFINANCIALMARKETS.COM

005323P 001-1578A-001
VISION FINANCIAL MARKETS LLC
ANA MARTINEZ
CORPORATE ACTIONS
4 HIGH RIDGE PARK
STAMFORD CT 06804
LLUCIEN@VFMARKETS.COM

005323P 001-1578A-001
VISION FINANCIAL MARKETS LLC
ANA MARTINEZ
CORPORATE ACTIONS
4 HIGH RIDGE PARK
STAMFORD CT 06804
SECURITIESOPS@VFMARKETS.COM

005265P 001-1578A-001
WEDBUSH SECURITIES INC./P3
ALAN FERREIRA
1000 WILSHIRE BLVD
SUITE #850
LOS ANGELES CA 90030
ALAN.FERREIRA@WEDBUSH.COM

005336P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ROBERT MATERA
VICE PRESIDENT
1525 W W T HARRIS BLVD
1ST FLOOR
CHARLOTTE NC 28262-8522
VOLUNTARYCORPORATEACTIONS@WELLSFARGO.COM

005336P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ROBERT MATERA
VICE PRESIDENT
1525 W W T HARRIS BLVD
1ST FLOOR
CHARLOTTE NC 28262-8522
WFSPRIMESERVICESCORPORATEACTIONS@WELLSFARGO.COM

005336P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ROBERT MATERA
VICE PRESIDENT
1525 W W T HARRIS BLVD
1ST FLOOR
CHARLOTTE NC 28262-8522
MEREDICE.ROWE@WELLSFARGO.COM

005336P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ROBERT MATERA
VICE PRESIDENT
1525 W W T HARRIS BLVD
1ST FLOOR
CHARLOTTE NC 28262-8522
BRIAN.ARTIMISI@WELLSFARGOADVISORS.COM

005336P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ROBERT MATERA
VICE PRESIDENT
1525 W W T HARRIS BLVD
1ST FLOOR
CHARLOTTE NC 28262-8522
FINESSA.ROSSON@WELLSFARGOADVISORS.COM

005340P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ATTN: APRIL S. POWERS
CORPORATE ACTIONS
550 S. TRYON ST.
CHARLOTTE NC 28202
APRIL.POWERS2@WELLSFARGO.COM

005340P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ATTN: APRIL S. POWERS
CORPORATE ACTIONS
550 S. TRYON ST.
CHARLOTTE NC 28202
VOLUNTARYCORPORATEACTIONS@WELLSFARGO.COM

005340P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ATTN: APRIL S. POWERS
CORPORATE ACTIONS
550 S. TRYON ST.
CHARLOTTE NC 28202
WFSPRIMESERVICESCORPORATEACTIONS@WELLSFARGO.COM

005340P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ATTN: APRIL S. POWERS
CORPORATE ACTIONS
550 S. TRYON ST.
CHARLOTTE NC 28202
MEREDICE.ROWE@WELLSFARGO.COM

005340P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ATTN: APRIL S. POWERS
CORPORATE ACTIONS
550 S. TRYON ST.
CHARLOTTE NC 28202
BRIAN.ARTIMISI@WELLSFARGOADVISORS.COM

005340P 001-1578A-001
WELLS FARGO BANK, N.A./SIG
ATTN: APRIL S. POWERS
CORPORATE ACTIONS
550 S. TRYON ST.
CHARLOTTE NC 28202
FINESSA.ROSSON@WELLSFARGOADVISORS.COM

Records Printed :   **378**

# EXHIBIT N

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 118 of 124

GoHealth, Inc., et al.
US First Class Mail
Exhibit Pages

Page # : 1 of 7                                                                                          06/07/2026 01:35:12 PM

005257P001-1578A-001
ABN AMRO CLEARING CHICAGO LLC
KIM VILARA
175 W. JACKSON BLVD
SUITE 400
CHICAGO IL 60605

005184P001-1578A-001
ALPACA SECURITIES LLC
710 OAKFIELD DR
STE 210
BRANDON CA 33511

005185P002-1578A-001
AMALGAMATED BANK
CORPORATE ACTIONS
275 SEVENTH AVENUE
9TH FL
NEW YORK NY 10011

005266P001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ATTN: PENNY ZALESKY
2178 AMERIPRISE FINANCIAL CENTER
ROUTING: S6/2178
MINNEAPOLIS MN 55474

005267P001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
GREG WRAALSTAD
CORPORATE ACTIONS
901 3RD AVE SOUTH
MINNEAPOLIS MN 55474

005268P001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ERIN M STIELER
682 AMP FINANCIAL CENTER
MINNEAPOLIS MN 55474

005285P001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ATTN: CORPORATE ACTIONS
2178 AMERIPRISE FINANCIAL
ROUTING S6/2178
MINNEAPOLIS MN 55474

005286P001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SERVICES INC.
ATTN: REORG DEPARTMENT
2178 AMERIPRISE FINANCIAL CENTER
ROUTING: S6/2178
MINNEAPOLIS MN 55474

005353P001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SVCS
PROXY CONTACT
690 AMERIPRISE FINANCIAL CTR
MINNEAPOLIS MN 55474

005354P001-1578A-001
AMERICAN ENTERPRISE INVESTMENT SVCS
TENZIN LHADON
690 AMERIPRISE FINANCIAL CTR
MINNEAPOLIS MN 55474

005274P001-1578A-001
APEX CLEARING CORPORATION
1700 PACIFIC AVENUE
STE 1400
DALLAS TX 75201

005275P001-1578A-001
APEX CLEARING CORPORATION
ATTN: BRIAN DARBY
ONE DALLAS CENTER
350 M. ST. PAUL, SUITE 1300
DALLAS TX 75201

005295P001-1578A-001
APEX CLEARING CORPORATION
ATTN: BILIANA STOIMENOVA
1700 PACIFIC AVENUE
SUITE 1400
DALLAS TX 75201

005270P001-1578A-001
AXOS CLEARING LLC
ANH MECHALS
9300 UNDERWOOD AVENUE
SUITE 400
OMAHA NE 68114

005271P001-1578A-001
AXOS CLEARING LLC
ISSUER SERVICES
8000 REGENCY PARKWAY
CARY NC 27518

005272P001-1578A-001
AXOS CLEARING LLC
LUKE HOLLAND
1200 LANDMARK CENTER
SUITE 800
OMAHA NE 68102

005328P001-1578A-001
BANK OF AMERICA, NA/GWIM TRUST OPERATIONS
SHARON BROWN
1201 MAIN STREET
9TH FLOOR
DALLAS TX 75202

005186P001-1578A-001
BARCLAYS BANK PLC NEW YORK BRANCH
BARCLAYSBANK PLC-LNBR
CORPORATE ACTIONS
200 CEDAR KNOLLS ROAD
WHIPPANY NJ 07981

005187P001-1578A-001
BARCLAYS BANK PLC NEW YORK BRANCH
BARCLAYSBANK PLC-LNBR
ANTHONY SCIARAFFO
1301 SIXTH AVE
NEW YORK NY 10019

005188P001-1578A-001
BBS SECURITIES INC./CDS**
CORPORATE ACTIONS
DEBORAH  CARLYLE
4100 YONGE STREET
SUITE 504A
TORONTO ON M2P 2G2
CANADA

005260P001-1578A-001
BBS SECURITIES INC./CDS**
CORPORATE ACTIONS
4100 YONGE STREET
SUITE 415
TORONTO ON M2P 2B5
CANADA

005304P001-1578A-001
BMO CAPITAL MARKETS CORP.
CORPORATE ACTIONS
250 YONGE ST. 8TH FLOOR
TORONTO ON M5B 2M8
CANADA

005326P001-1578A-001
BMO CAPITAL MARKETS CORP.
RONALD FIGUERAS
3 SECOND ST. 12TH FLOOR
HARBORSIDE PLAZA 10
JERSEY CITY NJ 07302

005305P001-1578A-001
BMO NESBITT BURNS INC./CDS**
CORPORATE ACTIONS
PHUTHORN PENIKETT
250 YONGE STREET
14TH FLOOR
TORONTO ON M5B 2M8
CANADA

005306P001-1578A-001
BMO NESBITT BURNS INC./CDS**
CORPORATE ACTIONS
LOUISE TORANGEAU; PHUTHORN PENIKETT
1 FIRST CANADIAN PLACE, 13TH FL
PO BOX 150
TORONTO ON M5X 1H3
CANADA

005273P001-1578A-001
BNP PARIBAS, NY BRANCH/BNP PARIBAS PRIME
BROKERAGE CUSTODIAN
RONALD PERSAUD
525 WASHINGTON BLVD
9TH FLOOR
JERSEY CITY NJ 07310

005189P001-1578A-001
BNP PARIBAS, NY BRANCH/CUSTODY/CLIENTASSETS
RUSSELL YAP
CORPORATE ACTIONS
525 WASHINGTON BLVD
9TH FLOOR
JERSEY CITY NJ 07310

005190P001-1578A-001
BNP PARIBAS, NY BRANCH/CUSTODY/CLIENTASSETS
DEAN  GALLI
CORPORATE ACTIONS
AD. D. JOAO II
N. 49
LISBON  1988-028
PORTUGAL

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 119 of 124

GoHealth, Inc., et al.
US First Class Mail
Exhibit Pages

Page # : 2 of 7                                                                    06/07/2026 01:35:12 PM

| | | | |
|---|---|---|---|
| 005350P001-1578A-001<br>BOFA SECURITIES INC<br>MONICA HERNANDEZ<br>9000 SOUTHSIDE BLVD<br>BLGD 300<br>JACKSONVILLE FL 32256 | 005191P001-1578A-001<br>BOFA SECURITIES, INC.<br>1 BRYANT PARK<br>NEW YORK NY 10036 | 005192P001-1578A-001<br>BOFA SECURITIES, INC./SAFEKEEPING<br>ATTN: CORPORATE ACTIONS<br>4804 DEER LAKE DR. E.<br>JACKSONVILLE FL 32246 | 005287P001-1578A-001<br>BROWN BROTHERS HARRIMAN & CO.<br>JERRY TRAVERS<br>525 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310 |
| 005288P001-1578A-001<br>BROWN BROTHERS HARRIMAN & CO./ETF<br>CORPORATE ACTIONS<br>525 WASHINGTON BLVD.<br>JERSEY CITY NJ 07310 | 005301P001-1578A-001<br>CANACCORD GENUITY CORP./CDS**<br>BEN THIESSEN<br>2200-609 GRANVILLE STREET<br>VANCOUVER BC V7Y 1H2<br>CANADA | 005193P001-1578A-001<br>CDS CLEARING AND DEPOSITORY SERVICES INC.**<br>LORETTA VERELLI<br>600 BOUL.DE MAISONNEUVE<br>OUEST BUREAU 210<br>MONTREAL QC H3A 3J2<br>CANADA | 005289P001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ATTN: ASHLEY ROELIKE<br>CORPORATE ACTIONS<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301 |
| 005332P001-1578A-001<br>CETERA INVESTMENT SERVICES LLC<br>ANGELA HANDELAND<br>SUPERVISOR<br>400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD MN 56301 | 005283P001-1578A-001<br>CHARLES SCHWAB & CO., INC.<br>CORPORATE ACTIONS DEPT.: 01-1B572<br>CHRISTINA YOUNG<br>2423 E LINCOLN DRIVE<br>PHOENIX AZ 85016-1215 | 005194P001-1578A-001<br>CIBC WORLD MARKETS CORP.<br>ROBERT J PUTNAM<br>425 LEXINGTON AVENUE<br>5TH FLOOR<br>NEW YORK NY 10017 | 005255P001-1578A-001<br>CIBC WORLD MARKETS CORP.<br>C/O BROADRIDGE<br>51 MERCEDES WAY<br>EDGEWOOD NY 11717 |
| 005292P001-1578A-001<br>CIBC WORLD MARKETS INC./CDS**<br>CORPORATE ACTIONS<br>RODERICK ROOPSINGH<br>CANADIAN IMPERIAL BANK OF COMMERCE<br>22 FRONT ST. W. 7TH FL (ATTN. CORP. ACT)<br>TORONTO ON M5J 2W5<br>CANADA | 005195P001-1578A-001<br>CITADEL SECURITIES LLC<br>KEVIN NEWSTEAD<br>CORPORATE ACTIONS<br>131 SOUTH DEARBORN STREET<br>35TH FLOOR<br>CHICAGO IL 60603 | 005196P001-1578A-001<br>CITADEL SECURITIES LLC<br>RACHEL GALDONES<br>CORPORATE ACTIONS<br>131 SOUTH DEARBORN STREET<br>CHICAGO IL 60603 | 005317P001-1578A-001<br>CITIBANK, N.A.<br>SHERIDA SINANAN<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610 |
| 005318P001-1578A-001<br>CITIBANK, N.A.<br>PAUL WATTERS<br>3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA FL 33610 | 005351P001-1578A-001<br>CITIGROUP GLOBAL MARKETS INC<br>RICHARD HARTNETT<br>540580 CROSSPOINT PKWY<br>GETZVILLE NY 14068 | 005319P001-1578A-001<br>CITIGROUP GLOBAL MARKETS, INC.<br>CORRESPONDENT CLEARING<br>ABIGAIL DAVIES<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK NY 10013 | 005197P001-1578A-001<br>CLEAR STREET LLC<br>4 WORLD TRADE CENTER<br>150 GREENWICH ST FLOOR 45<br>NEW YORK NY 10007 |
| 005198P001-1578A-001<br>CREDENTIAL SECURITIES INC/CDS**<br>CORPORATE ACTIONS<br>700 1111 WEST GEORGIA ST<br>VANCOUVER BC V6E 4T6<br>CANADA | 005360P001-1578A-001<br>CREDENTIAL SECURITIES INC/CDS**<br>BROOKE ODENVALID<br>800 1111 WEST GEORGIA ST<br>VANCOUVER BC V6E 4T6<br>CANADA | 005199P001-1578A-001<br>CREST INTERNATIONAL NOMINEES LIMITED<br>NATHAN ASHWORTH<br>33 CANNON STREET<br>LONDON UK EC4M 5SB<br>UNITED KINGDOM | 005276P001-1578A-001<br>DESJARDINS SECURITIES INC./CDS**<br>ATTN: REORG DEPT-MTL1060-1ER-E<br>1060 UNIVERSITY STREET<br>SUITE 101<br>MONTREAL QC H3B 5L7<br>CANADA |
| 005277P001-1578A-001<br>DESJARDINS SECURITIES INC./CDS**<br>ATTN: REORG DEPARTMENT<br>1 COMPLEXE DESJARDINS<br>C.P. 34, SUCC ESJARDINS<br>MONTREAL QC H5B 1E4<br>CANADA | 005278P001-1578A-001<br>DESJARDINS SECURITIES INC./CDS**<br>CORPORATE ACTIONS<br>VALEURS MOBILIARES DESJARDINS<br>2, COMPLEXE DESJARDINS TOUR EST<br>NIVEAU 62, E1-22<br>MONTREAL QC H5B 1J2<br>CANADA | 005357P001-1578A-001<br>DRIVE WEALTH LLC<br>KAMLESH RANA<br>28 LIBERTY ST<br>50TH FLOOR<br>NEW YORK NY 10005 | 005358P001-1578A-001<br>DRIVE WEALTH LLC<br>GEORGE ABRAHAM<br>28 LIBERTY ST<br>50TH FLOOR<br>NEW YORK NY 10005 |

Case 26-10914-TMH    Doc 72    Filed 06/10/26    Page 120 of 124

GoHealth, Inc., et al.
US First Class Mail
Exhibit Pages

Page # : 3 of 7                                                                                              06/07/2026 01:35:12 PM

| | | | |
|---|---|---|---|
| 005200P001-1578A-001<br>DRIVEWEALTH LLC<br>15 EXCHANGE PLACE<br>JERSEY CITY NJ 07302 | 005349P001-1578A-001<br>DTC<br>55 WATER ST<br>FL 3<br>NEW YORK NY 10041 | 005202P001-1578A-001<br>EDWARD D JONES AND CO<br>ELIZABETH ROLWES<br>CORPORATE ACTIONS<br>201 PROGRESS PARKWAY<br>MARYLAND HEIGHTS MO 63043-3042 | 005201P001-1578A-001<br>EDWARD D. JONES & CO.<br>DEREK ADAMS<br>12555 MANCHESTER ROAD<br>ST LOUIS MO 63131 |
| 005254P001-1578A-001<br>FIFTH THIRD BANK<br>LANCE WELLS<br>CORP ACTIONS<br>5001 KINGSLEY DRIVE<br>MAIL DROP 1MOB2D<br>CINCINNATI OH 45227 | 005282P001-1578A-001<br>FIFTH THIRD BANK<br>LANCE WELLS<br>CORP ACTIONS<br>5050 KINGSLEY DRIVE<br>MAIL DROP 1MOB2D<br>CINCINNATI OH 45227 | 005203P001-1578A-001<br>FOLIOFN INVESTMENTS, INC.<br>ASHLEY THEOBALD<br>MANAGER<br>8180 GREENSBORO DRIVE<br>8TH FLOOR<br>MCLEAN VA 22102 | 005204P001-1578A-001<br>FUTU CLEARING INC.<br>CORPORATE HEADQUARTERS<br>550 S. CALIFORNIA AVE, SUITE 200<br>PALO ALTO CA 94306 |
| 005205P001-1578A-001<br>FUTU CLEARING INC.<br>12750 MERIT DR #475<br>DALLAS TX 75251 | 005316P001-1578A-001<br>GOLDMAN SACHS INTERNATIONAL<br>ASSET SERVICING<br>30 HUDSON STREET<br>PROXY DEPARTMENT<br>JERSEY CITY NJ 07302 | 005206P001-1578A-001<br>GOLDMAN, SACHS & CO.<br>ATTN: STEVE BERRIOS - CORPORATE ACTIONS<br>100 BURMA ROAD<br>JERSEY CITY NJ 07305 | 005258P001-1578A-001<br>GOLDMAN, SACHS & CO.<br>PROXY HOTLINE 1<br>30 HUDSON STREET<br>PROXY DEPARTMENT<br>JERSEY CITY NJ 07302 |
| 005207P001-1578A-001<br>HILLTOP SECURITIES INC.<br>ATTN: CORPORATE ACTIONS<br>1201 ELM STREET<br>SUITE 3500<br>DALLAS TX 75270 | 005208P001-1578A-001<br>HILLTOP SECURITIES INC.<br>717 N. HARWOOD STREET<br>SUITE 3400<br>DALLAS TX 75201 | 005251P001-1578A-001<br>HILLTOP SECURITIES INC.<br>RHONDA JACKSON<br>1201 ELM STREET<br>SUITE 3500<br>DALLAS TX 75270 | 005259P001-1578A-001<br>HILLTOP SECURITIES INC.<br>ATTN: BONNIE ALLEN, CORPORATE ACTIONS<br>1201 ELM STREET<br>SUITE 3500<br>DALLAS TX 75270-2180 |
| 005280P001-1578A-001<br>HILLTOP SECURITIES INC.<br>ATTN: BONNIE ALLEN<br>1201 ELM STREET<br>SUITE 3500<br>DALLAS TX 75270 | 005209P001-1578A-001<br>HRT FINANCIAL LLC<br>CORPORATE ACTIONS<br>32 OLD SLIP<br>30TH FLOOR<br>NEW YORK NY 10005 | 005362P002-1578A-001<br>HSBC BANK USA NA/CLEARING<br>MARIE SALMIERI<br>545 WASHINGTON BLVD<br>JERSEY CITY NJ 07310 | 005363P001-1578A-001<br>HSBC BANK USA NA/CLEARING<br>BARBARA SKELLY<br>545 WASHINGTON BLVD<br>JERSEY CITY NJ 07310 |
| 005261P001-1578A-001<br>HSBC BANK USA, NA/CLEARING<br>LEON SCHNITZPAHN<br>ONE HANSON PLACE<br>LOWER LEVEL<br>BROOKLYN NY 11243 | 005262P001-1578A-001<br>HSBC BANK USA, NA/CLEARING<br>CORPORATE ACTIONS<br>HOWARD  DASH<br>452 5TH AVENUE<br>NEW YORK NY 10018 | 005210P001-1578A-001<br>HSBC SECURITIES (USA) INC.<br>JAMES KELLY<br>11 WEST 42ND STREET<br>NEW YORK NY 10036 | 005352P001-1578A-001<br>INTERACTIVE BROKERS RETAIL EQUITY<br>KARIN MCCARTHY<br>2 PICKWICK PLZ<br>2ND FLOOR<br>GREENWICH CT 06830 |
| 005302P001-1578A-001<br>INTERACTIVE BROKERS RETAIL EQUITY CLEARING<br>KARIN MCCARTHY<br>8 GREENWICH OFFICE PARK<br>GREENWICH CT 06831 | 005309P001-1578A-001<br>J.P. MORGAN CHASE BANK NA/FBO BLACKROCK CTF<br>ATTN: CORPORATE ACTIONS<br>14201 DALLAS PKWY<br>FLOOR 12 - CORP ACTIONS DEPT<br>DALLAS TX 75254 | 005310P001-1578A-001<br>J.P. MORGAN CLEARING CORP.<br>ATTN: CORPORATE ACTIONS<br>14201 DALLAS PARKWAY<br>12TH FLOOR<br>DALLAS TX 75254 | 005311P001-1578A-001<br>J.P. MORGAN CLEARING CORP.<br>MARCIN BIEGANSKI<br>14201 DALLAS PARKWAY, 12TH FL<br>DALLAS TX 75254 |

GoHealth, Inc.; et al.
US First Class Mail
Exhibit Pages

06/07/2026 01:35:12 PM

005312P001-1578A-001
J.P. MORGAN CLEARING CORP.
JOHN FAY
500 STANTON CHRISTIANA ROAD
OPS 4, FLOOR 03
NEWARK DE 19713-2107

005211P001-1578A-001
J.P. MORGAN SECURITIES LLC/JPMC
383 MADISON AVE
NEW YORK NY 10179

005212P001-1578A-001
JANNEY MONTGOMERY SCOTT LLC
ATTN: BRENDAI KIRBY
1717 ARCH STREET
19TH FLOOR
PHILADELPHIA PA 19103

005213P001-1578A-001
JANNEY MONTGOMERY SCOTT LLC
REGINA LUTZ
1801 MARKET STREET, 9TH FLOOR
PHILADEPHIA PA 19103-1675

005214P001-1578A-001
JANNEY MONTGOMERY SCOTT LLC
MARK F. GRESS
C/O MEDIANT COMMUNICATIONS INC.
200 REGENCY FOREST DRIVE
CARY NC 27518

005253P001-1578A-001
JANNEY MONTGOMERY SCOTT LLC
ATTN: KURT DODDS
1717 ARCH STREET
19TH FLOOR
PHILADELPHIA PA 19103

005263P001-1578A-001
JANNEY MONTGOMERY SCOTT LLC
ATTN: CORPORATE ACTIONS DEPARTMENT
1717 ARCH STREET, 19TH FLOOR
PHILADELPHIA PA 19103

005359P001-1578A-001
JP MORGAN CHASE BANK NA
FBO BLACKROCK CTF
4 CHASE METROTECH CTR
BROOKLYN NY 11245

005355P001-1578A-001
JP MORGAN CHASE BANK NATIONAL ASSOCIATION
FAREED HAMEEDUDDIN
4 CHASE METROTECH CTR
BROOKLYN NY 11245

005313P001-1578A-001
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
MARCIN BIEGANSKI
ASSOCIATE
14201 DALLAS PKWY
FLOOR 12 - CORP ACTIONS DEPT
DALLAS TX 75254

005314P001-1578A-001
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
SACHIN GOYAL
500 STANTON CHRISTIANA ROAD
OPS 4, FLOOR 02
NEWARK DE 19713-2107

005315P001-1578A-001
JPMORGAN CHASE BANK/IA
MARCIN BIEGANSKI
ASSOCIATE
14201 DALLAS PKWY, 12TH FL
CORP ACTIONS DEPT
DALLAS TX 75254

005356P001-1578A-001
JPMORGAN CHASE BANK/IA
FAREED HAMEEDUDDIN
4 CHASE METROTECH CTR
BROOKLYN NY 11245

005303P001-1578A-001
KEYBANK NATIONAL ASSOCIATION
RAYMOND HANNAN
4900 TIEDEMAN ROAD
OH-01-49-0240
BROOKLYN OH 44144

005331P001-1578A-001
LPL FINANCIAL CORP
KRISTIN KENNEDY
CORPORATE ACTIONS
1055 LPL WAY
FORT MILL SC 29715

005330P001-1578A-001
LPL FINANCIAL CORPORATION
CORPORATE ACTIONS
KRISTIN KENNEDY
9785 TOWNE CENTRE DRIVE
SAN DIEGO CA 92121-1968

005215P001-1578A-001
LPL FINANCIAL LLC
4707 EXECUTIVE DRIVE
SAN DIEGO CA 92121

005216P001-1578A-001
M1 FINANCE LLC
200 N LASALLE ST., STE. 800
CHICAGO IL 60601

005217P001-1578A-001
MERRILL LYNCH PIERCE FENNER AND SMITH
DTC 8862
EARL WEEKS
4804 DEERLAKE DR. E.
JACKSONVILLE FL 32246

005365P001-1578A-001
MERRILL LYNCH PIERCE FENNER AND SMITH
MONICA HERNANDEZ
9000 SOUTHSIDE BLVD
BLGD 300
JACKSONVILLE FL 32256

005307P001-1578A-001
MORGAN STANLEY & CO. LLC
CORP ACTIONS
1300 THAMES STREET
7TH FLOOR
BALTIMORE MD 21231

005337P001-1578A-001
MORGAN STANLEY & CO. LLC
MICHELLE FORD
901 SOUTH BOND ST
6TH FL
BALTIMORE MD 21231

005333P001-1578A-001
MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC
CORPORATE ACTIONS
901 SOUTH BOND ST
6TH FL
BALTIMORE MD 21231

005334P001-1578A-001
MORGAN STANLEY & CO. LLC/INTERNATIONAL PLC
CORP ACTIONS
1300 THAMES STREET
7TH FLOOR
BALTIMORE MD 21231

005335P001-1578A-001
MORGAN STANLEY SMITH BARNEY LLC
JOHN BARRY
1300 THAMES ST
6TH FLOOR
BALTIMORE MD 21231

005218P001-1578A-001
NATIONAL BANK FINANCIAL INC./CDS**
ANNA MEDEIROS
CORPORATE ACTIONS
1010 RUE DE LA GAUCHETIERE ST WEST
SUITE 1925
MONTREAL QC H3B 5J2
CANADA

005219P001-1578A-001
NATIONAL FINANCIAL SERVICES LLC
JOANNE PADARATHSIGN
499 WASHINGTON BLVD
JERSEY CITY NJ 07310

005320P001-1578A-001
NATIONAL FINANCIAL SERVICES LLC
PETER CLOSS
499 WASHINGTON BLVD.
JERSEY CITY NJ 07310

005321P001-1578A-001
NATIONAL FINANCIAL SERVICES LLC
CORP ACTIONS
200 SEAPORT BOULEVARD, Z1B
BOSTON MA 02210

005220P001-1578A-001
NOMURA SECURITIES INTERNATIONAL, INC.
C/O ADP PROXY SERVICES
ISSUER SERVICES
51 MERCEDES WAY
EDGEWOOD NY 11717

005221P001-1578A-001
NOMURA SECURITIES INTERNATIONAL, INC.
ISSUER  SERVICES
C/O ADP PROXY SERVICES
51 MERCEDES WAY
EDGEWOOD NY 11717

005222P001-1578A-001
NOMURA SECURITIES INTERNATIONAL, INC.
ADRIAN  ROCCO
309 WEST 49TH STREET
10TH FLOOR
NEW YORK NY 10019-1774

005223P001-1578A-001
OPPENHEIMER & CO. INC.
ATTN: SUSAN STOIA
85 BROAD STREET
NEW YORK NY 10004

005224P001-1578A-001
OPPENHEIMER & CO. INC.
ATTN: FRAN BANSON
85 BROAD STREET
NEW YORK NY 10004

005225P001-1578A-001
OPPENHEIMER & CO. INC.
OSCAR MAZARIO
85 BROAD STREET
NEW YORK NY 10004

005308P001-1578A-001
OPPENHEIMER & CO. INC.
ATTN: CORPORATE ACTIONS
85 BROAD STREET
NEW YORK NY 10004

005324P001-1578A-001
PERSHING LLC
JOSEPH LAVARA
ONE PERSHING PLAZA
JERSEY CITY NJ 07399

005325P001-1578A-001
PERSHING LLC
ATTN: TIFFANY WILLIAMS
CORPORATE ACTIONS
ONE PERSHING PLAZA
10TH FLOOR
JERSEY CITY NJ 07399

005364P001-1578A-001
PHILLIP CAPITAL INC
BILL WEBB
141 W JACKSON BLVD
STE 1531A
CHICAGO IL 60604

005226P001-1578A-001
PHILLIP CAPITAL INC.
ATTN: CORPORATE ACTIONS
141 W JACKSON BLVD
SUITE 3050, CHICAGO BOARD OF TRADE BUILDING
CHICAGO IL 60604

005296P001-1578A-001
PNC BANK, NATIONAL ASSOCIATION
JUANITA NICHOLS
8800 TINICUM BLVD
MAILSTOP F6-F266-02-2
PHILADELPHIA PA 19153

005227P001-1578A-001
QUESTRADE INC./CDS**
CORPORATE ACTIONS
5650 YONGE STREET
SUITE 1700
TORONTO ON M2M 4G3
CANADA

005279P001-1578A-001
RAYMOND JAMES & ASSOCIATES, INC.
ATTN: ELAINE MULLEN
CORPORATE ACTIONS
880 CARILLON PARKWAY
ST. PETERSBURG FL 33716

005294P001-1578A-001
RAYMOND JAMES & ASSOCIATES, INC.
ROBERTA GREEN
880 CARILION PARKWAY
SAIT PETERSBURG FL 33716

005290P001-1578A-001
RBC CAPITAL MARKETS, LLC
STEVE SCHAFER SR
ASSOCIATE
60 S 6TH ST - P09
MINNEAPOLIS MN 55402-4400

005291P001-1578A-001
RBC CAPITAL MARKETS, LLC
SHANNON JONES
60 S 6TH ST - P09
MINNEAPOLIS MN 55402-4400

005297P001-1578A-001
RBC CAPITAL MARKETS, LLC
ATTN: REORG DEPARTMENT
60 S 6TH ST
MINNEAPOLIS MN 55402

005228P001-1578A-001
RBC DOMINION SECURITIES INC./CDS**
KAREN OLIVERES
200 BAY STREET, 6TH FLOOR
ROYAL BANK PLAZA NORTH TOWER
TORONTO ON M5J 2W7
CANADA

005293P001-1578A-001
ROBERT W. BAIRD & CO. INCORPORATED
JAN SUDFELD
777 E. WISCONSIN AVENUE
19TH FLOOR
MILWAUKEE WI 53202

005229P001-1578A-001
ROBINHOOD SECURITIES, LLC
CORPORATE ACTIONS
85 WILLOW ROAD
MENLO PARK CA 94025

005230P001-1578A-001
ROBINHOOD SECURITIES, LLC
CORPORATE ACTIONS
DAWN PAGLIARO
500 COLONIAL CENTER PKWY
#100
LAKE MARY FL 32746

005231P001-1578A-001
RQD CLEARING LLC
1 WORLD TRADE CTR
STE 47M
NEW YORK NY 10007

005232P001-1578A-001
SCOTIA CAPITAL INC/CDS**
CORPORATE ACTIONS
LUISA DOMINGUES
40 KING STREET W
TORONTO ON M5H1H1
CANADA

005233P001-1578A-001
SCOTIA CAPITAL INC/CDS**
LILIAN NIE
CORPORATE ACTIONS
40 KING STREET W
23RD FLOOR
TORONTO ON M5H1H1
CANADA

005234P001-1578A-001
SEI PRIVATE TRUST COMPANY/C/O GWP
ERIC GREENE
ONE FREEDOM VALLEY DRIVE
OAKS PA 19456

005235P001-1578A-001
SEI PRIVATE TRUST COMPANY/C/O GWP
DIANA  MASON
CORPORATE ACTIONS
1 FREEDOM VALLEY DRIVE
OAKS PA 19456

Page # : 6 of 7                                                                                                06/07/2026 01:35:12 PM

| 005236P001-1578A-001 | 005237P001-1578A-001 | 005238P001-1578A-001 | 005239P001-1578A-001 |
|---|---|---|---|
| SG AMERICAS SECURITIES, LLC | SG AMERICAS SECURITIES, LLC | SSB - BLACKROCK INSTITUTIONAL TRUST | SSB - BLACKROCK INSTITUTIONAL TRUST |
| PAUL MITSAKOS | CHARLES  HUGHES | LINDA SELBACH | TRINA ESTREMERA |
| 480 WASHINGTON BLVD. | 480 WASHINGTON BLVD | 45 FREMONT STREET | 1776 HERITAGE DRIVE |
| JERSEY CITY NJ 07310 | JERSEY CITY NJ 07310 | SAN FRANCISCO CA 94120-7101 | NORTH QUINCY MA 02171 |

| 005338P001-1578A-001 | 005339P001-1578A-001 | 005342P001-1578A-001 | 005344P001-1578A-001 |
|---|---|---|---|
| STATE STREET BANK & TRUST | STATE STREET BANK & TRUST | STATE STREET BANK AND TRUST COMPANY | STATE STREET BANK AND TRUST COMPANY |
| GLOBAL CORP ACTION DEPT JAB5W | GLOBAL CORP ACTION DEPT JAB5W | DEUTSCHE BANK FRANKFURT | PROXY SERVICES |
| ROBERT RAY / JOSEPH J. CALLAHAN | JERRY PARRILLA | KAREN T JOHNDROW | CHRISTINE SULLIVAN; JERRY PARRILLA |
| P.O. BOX 1631 | 1776 HERITAGE DR | 1776 HERITAGE DRIVE | 1776 HERITAGE DR. |
| BOSTON MA 02105-1631 | NORTH QUINCY MA 02171 | NORTH QUINCY MA 02171 | NORTH QUINCY MA 02171 |

| 005240P001-1578A-001 | 005241P001-1578A-001 | 005242P001-1578A-001 | 005299P001-1578A-001 |
|---|---|---|---|
| STIFEL, NICOLAUS & COMPANY, INCORPORATED | STIFEL, NICOLAUS & COMPANY, INCORPORATED | STIFEL, NICOLAUS & COMPANY, INCORPORATED | STIFEL, NICOLAUS & COMPANY, INCORPORATED |
| ATTN: ZACHARY J. RESMANN | ATTN: CHRIS WIEGAND | C/O MEDIAN COMMUNICATIONS | ATTN: TINA SCHWEITZER |
| 501 N BROADWAY | 501 N BROADWAY | 200 REGENCY FOREST DRIVE | ONE FINANCIAL PLAZA |
| ST. LOUIS MO 63102 | ST. LOUIS MO 63102 | CARY NC 27518 | 501 N BROADWAY |
|  |  |  | ST. LOUIS MO 63102 |

| 005252P001-1578A-001 | 005243P001-1578A-001 | 005343P001-1578A-001 | 005341P001-1578A-001 |
|---|---|---|---|
| TD WATERHOUSE CANADA INC./CDS** | THE BANK OF NEW YORK MELLON | THE BANK OF NEW YORK MELLON | THE BANK OF NEW YORK MELLON/MID CAP SPDRS |
| YOUSUF AHMED | CELESTE MORRIS | CORP ACTIONS | CORP ACTIONS |
| 77 BLOOR STREET WEST | 500 GRANT STREET | 525 WILLIAM PENN PLACE | VICE PRESIDENT |
| 3RD FLOOR | ROOM 151-2610 | SUITE 153-0400 | 525 WILLIAM PENN PLACE |
| TORONTO ON M4Y 2T1 | PITTSBURGH PA 15259 | PITTSBURGH PA 15259 | PITTSBURGH PA 15259 |
| CANADA |  |  |  |

| 005300P001-1578A-001 | 005329P001-1578A-001 | 005264P001-1578A-001 | 005269P001-1578A-001 |
|---|---|---|---|
| THE NORTHERN TRUST COMPANY | THE NORTHERN TRUST COMPANY | TRADESTATION SECURITIES, INC. | TRADESTATION SECURITIES, INC. |
| ANDREW  LUSSEN | ATTN: CAPITAL STRUCTURES-C1N | ATTN: DAVID BIALER | ATTN: ANDREA AUGUSTIN |
| ATTN: CAPITAL STRUCTURES-C1N | RYAN CHISLETT | 8050 SW 10TH STREET | CORPORATE ACTIONS |
| 801 S CANAL STREET | 801 S CANAL STREET | SUITE 400 | 8050 SW 10TH ST |
| CHICAGO IL 60607 | CHICAGO IL 60607 | PLANTATION FL 33324 | PLANTATION FL 33324 |

| 005256P001-1578A-001 | 005327P001-1578A-001 | 005345P001-1578A-001 | 005346P001-1578A-001 |
|---|---|---|---|
| TRADEUP SECURITIES, INC. | U.S. BANK N.A. | UBS FINANCIAL SERVICES INC. | UBS FINANCIAL SERVICES INC. |
| MARK KADISON | STEPHANIE KAPTA | JANE FLOOD | ATTN: CORPORATE ACTIONS |
| 101 EISENHOWER PARKWAY | 1555 N RIVERCENTER DRIVE | 1000 HARBOR BLVD | 1000 HARBOR DRIVE |
| ROSELAND NJ 07068 | SUITE 302 | WEEHAWKEN NJ 07086 | WEEHAWKEN NJ 07086 |
|  | MILWAUKEE WI 53212 |  |  |

| 005347P001-1578A-001 | 005348P001-1578A-001 | 005284P001-1578A-001 | 005298P001-1578A-001 |
|---|---|---|---|
| UBS SECURITIES LLC | UBS SECURITIES LLC/SECURITIES LENDING | UMB BANK, NATIONAL ASSOCIATION | US BANK NA/ETF |
| GREGORY CONTALDI | GREGORY CONTALDI | VINCENT DUNCAN | STEPHANIE STORCH / MATTHEW LYNCH |
| DIRECTOR | 480 WASHINGTON BLVD 12TH FLOOR | 928 GRAND BLVD | 1555 N RIVERCENTER DRIVE |
| 1000 HARBOR BLVD - 5TH FLOOR | JERSEY CITY NJ 07310 | KANSAS CITY MO 64133 | SUITE 302 |
| WEENHAWKEN NJ 07086 |  |  | MILWAUKEE WI 53212 |

**GoHealth, Inc., et al.**
**US First Class Mail**
**Exhibit Pages**

Page # : 7 of 7                                                                 06/07/2026 01:35:12 PM

| | | | |
|---|---|---|---|
| 005244P001-1578A-001<br>VANGUARD MARKETING CORPORATION<br>PO BOX 1170<br>VALLEY FORGE PA 19482-1170 | 005245P001-1578A-001<br>VANGUARD MARKETING CORPORATION<br>100 VANGUARD BOULEVARD<br>MALVERN PA 19355 | 005281P001-1578A-001<br>VANGUARD MARKETING CORPORATION<br>ATTN: BEN BEGUIN<br>14321 N. NORTHSIGHT BOULEVARD<br>SCOTTSDALE AZ 85260 | 005246P001-1578A-001<br>VELOCITY CLEARING, LLC<br>CORP ACTION<br>70 HUDSON ST. SUITE 5B<br>HOBOKEN NJ 07030 |
| 005247P001-1578A-001<br>VELOX CLEARING LLC<br>2400 E KATELLA AVE 7TH FLOOR STE 725A<br>ANAHEIM CA 92806 | 005248P001-1578A-001<br>VIRTU AMERICAS LLC<br>165 BROADWAY<br>NEW YORK NY 10006 | 005322P001-1578A-001<br>VISION FINANCIAL MARKETS LLC<br>ANA MARTINEZ<br>120 LONG RIDGE ROAD<br>3 NORTH<br>STAMFORD CT 06902 | 005323P001-1578A-001<br>VISION FINANCIAL MARKETS LLC<br>ANA MARTINEZ<br>CORPORATE ACTIONS<br>4 HIGH RIDGE PARK<br>STAMFORD CT 06804 |
| 005249P001-1578A-001<br>WEALTHSIMPLE CDS<br>80 SPADINA AVE<br>4TH FLOOR<br>TORONTO ON M5V 2J4<br>CANADA | 005265P001-1578A-001<br>WEDBUSH SECURITIES INC./P3<br>ALAN FERREIRA<br>1000 WILSHIRE BLVD<br>SUITE #850<br>LOS ANGELES CA 90030 | 005336P001-1578A-001<br>WELLS FARGO BANK, N.A./SIG<br>ROBERT MATERA<br>VICE PRESIDENT<br>1525 W W T HARRIS BLVD<br>1ST FLOOR<br>CHARLOTTE NC 28262-8522 | 005340P001-1578A-001<br>WELLS FARGO BANK, N.A./SIG<br>ATTN: APRIL S. POWERS<br>CORPORATE ACTIONS<br>550 S. TRYON ST.<br>CHARLOTTE NC 28202 |
| 005250P001-1578A-001<br>WELLS FARGO CLEARING SERVICES, LLC<br>1 NORTH JEFFERSON AVENUE<br>ST. LOUIS MO 63103 | | | |

Records Printed :   **181**