**Exhibit 2**

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket No. 12** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF INDIVIDUALS AND (B) SERVE PARTIES
IN INTEREST BY EMAIL, (II) MODIFYING THE REQUIREMENT TO FILE A
LIST OF EQUITY SECURITY HOLDERS, (III) APPROVING THE FORM AND
MANNER OF SERVICE OF NOTICES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an interim order (this "Interim Order"),  (a) authorizing

the Debtors to (i) redact certain personally identifiable information of individuals and (ii) serve

parties in interest by email; (b) modifying the requirement to file a list of equity security holders

of Debtor GoHealth, Inc.; (c) approving the form and manner of service of notices; and (d) granting

related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the

United States District Court for the District of Delaware having jurisdiction over this matter

pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification
numbers, are:   GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162);
e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth,
LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter
11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter this order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The final hearing (the "Final Hearing") on the Motion shall be held on July 6, 2026, at 10:00 a.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on June 29, 2026 and shall be served on: (a) the Debtors, GoHealth, Inc., 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654, Attn. Bradley Burd, Chief Legal Officer and Corporate Secretary (bburd@gohealth.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn. Anup Sathy, P.C. (anup.sathy@kirkland.com), Alexandra F. Schwarzman, P.C.

2

(alexandra.schwarzman@kirkland.com), and David R. Gremling (dave.gremling@kirkland.com), and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn. Laura Davis Jones (ljones@pszjlaw.com), James E. O'Neill (joneill@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com); (c) counsel to the Ad Hoc TL Group, (i) Akin Gump Strauss Hauer & Feld LLP, Robert S. Strauss Tower, 2001 K. Street, N.W., Washington, D.C. 20006, Attn. Scott L. Alberino (salberino@akingump.com) and Benjamin L. Taylor (taylorb@akingump.com), (ii) Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, Attn. Nicholas J. Houpt (nhoupt@akingump.com), and (iii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn. Michael R. Nestor (mnestor@ycst.com) and Robert Poppiti (rpoppiti@ycst.com); (d) counsel to the Ad Hoc Revolver Group, (i) Cahill Gordon & Reindel LLP, 32 Old Slip, New York, New York 10005, Attn. Joel Moss (jmoss@cahill.com) and Jordan Wishnew (jwishnew@cahill.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, Wilmington, Delaware 19899, Attn. Derek C. Abbott (dabbott@morrisnichols.com); (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn. Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (f) any statutory committee appointed in these chapter 11 cases.

4. The Debtors are authorized, on an interim basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements (if any), affidavits of service, and any other documents filed in these chapter 11 cases by the Debtors, the home and email addresses of individuals, including the Debtors' current and former employees, independent contractors, individual equity holders, and other individual creditors. For the

3

avoidance of doubt, and notwithstanding any other provision of this Interim Order to the contrary, the U.S. Trustee is authorized to include, without redaction, the name, address, email address, and/or phone number of any creditor serving on an official committee in these chapter 11 cases in any pleadings, including any notice of committee appointment, filed in the chapter 11 cases. Nothing in this Interim Order exempts any creditors or equity security holders from compliance with Bankruptcy Rule 2019. Nothing in this Interim Order prohibits any creditor or equity security holder from voluntarily identifying itself in connection with these chapter 11 cases or voluntarily disclosing any of its contact information. The Debtors shall provide, on a confidential basis and upon request, an unredacted version of the Creditor Matrix, the Schedules and Statements (if any), and any other filings redacted pursuant to this Interim Order to the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, any subsequently appointed trustee, and the Claims and Noticing Agent. The unredacted versions of the Creditor Matrix, the Schedules and Statements (if any), and any other filings redacted pursuant to this Interim Order shall be filed under seal with the Court and shall not be made available to any other party without the consent of the Debtors or further order of this Court. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

5. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

6. The Debtors shall file a redacted version of the Creditor Matrix, the Schedules and Statements (if any), or any other document filed with the Court, as well as post it on the Claims and Noticing Agent's website.

7. Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable

4

information is sealed or redacted pursuant to this Interim Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be made to their residential addresses (to the extent known to the Debtors) or email addresses (to the extent residential addresses are unknown) and confirmed in the corresponding certificate of service.

8. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact proposed counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

9. The requirement that Debtor GoHealth, Inc. file a list of equity security holders pursuant to Bankruptcy Rule 1007(a)(3) is modified.

10. Any requirement that Debtor GoHealth, Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is modified as set forth herein. The Debtors shall file Form 8-K with the U.S. Securities and Exchange Commission within four business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors shall serve all notices in these chapter 11 cases required under Bankruptcy Rule 2002(d) on all known registered holders of GoHealth, Inc.'s Stock and Nominee Holders that hold the Stock in "street name" for the beneficial holders (with instructions to serve down to the beneficial holders of such Stock, as applicable) by U.S. first class mail and email. The Debtors will also as soon as practicable cause the notices required under Bankruptcy Rule 2002(d) to be published in full in *The New York Times* (national edition) or another nationally circulated newspaper in the Debtors' business judgment.

11.     Subject to Paragraphs 7 and 10 of this Interim Order, the service requirements of Bankruptcy Rule 2002(g) are modified to permit and authorize the Debtors, through their Claims and Noticing Agent, to serve all pleadings and papers, including the Publication Notice, via email, on all parties listed on the Creditor Matrix, except when a party to be served both (a) has a mailing address in the Debtors' books, records, and files or has designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e) and (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address.  This Interim Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s). Nothing in this Interim Order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Bankruptcy Rule 9036.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

13.     Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

*[Remainder of Page Intentionally Left Blank]*

14.     The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: June 10th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

7