## Exhibit 1

**Motion**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION
AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1.      The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "Interim Order" and the "Final Order," respectively): (a) authorizing the Debtors to negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees (as defined herein) in the ordinary course of business that are payable or become payable during these chapter 11 cases, including any obligations subsequently determined upon audit, assessment, or otherwise to be owed for periods prior to the Petition Date (as defined herein), without regard to whether such obligations accrued or arose before, on, or after the Petition Date;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:   GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances supporting this motion, is set forth in the *Declaration of Vijay Kotte, Chief Executive Officer of GoHealth, Inc., in Support of the Debtors' Chapter 11 Petitions, First Day Motions, and Access to Cash Collateral* (the "First Day Declaration").  Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

and (b) granting related relief.  In addition, the Debtors request that the Court (as defined herein) schedule a final hearing within approximately 21 days of the commencement of these chapter 11 cases to consider approval of this motion on a final basis.

## Jurisdiction and Venue

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1.

## Background

5.      On June 7, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors filed a motion

2

requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### The Taxes and Fees

6. In the ordinary course of business, the Debtors collect, withhold, and incur taxes and fees related to, among other things:  (a) income taxes; (b) use taxes; (c) franchise taxes; (d) lease taxes; and (e) business and insurance licenses and other taxes and fees (collectively, the "Taxes and Fees").[3]  The Debtors pay or remit, as applicable, the Taxes and Fees to various governmental authorities (collectively, the "Taxing Authorities"), identified in the schedule attached hereto as **Exhibit C**.[4]  The Debtors generally remit and pay Taxes and Fees either through checks or electronic fund disbursements processed through their banks or other financial institutions.  From time to time, the Debtors may also receive tax credits from certain governmental units for overpayments or refunds with respect to Taxes and Fees.  The Debtors generally use these credits to offset against future Taxes and Fees or cause the amount of such credits to be refunded to the Debtors.

7. The Debtors pay the Taxes and Fees to the Taxing Authorities on a periodic basis, remitting them monthly, quarterly, or annually, depending on the nature and incurrence of the

---

[3]  Other than with respect to any potential unknown Audits or Assessments (each as defined herein), by this motion, the Debtors do not seek the authority to collect and remit state and federal employee-related taxes and withholdings.  Such relief is instead requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Compensation and Benefits Programs, and (II) Granting Related Relief* (the "Wages Motion"), filed concurrently herewith.

[4]  Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted Taxing Authorities from **Exhibit C**.  The Debtors request relief with respect to Taxes and Fees payable to all Taxing Authorities, regardless of whether such Taxing Authority is specifically identified on **Exhibit C** and reserve the right, in their sole discretion, to add or remove any Taxing Authority from **Exhibit C**.

category of Taxes and Fees, and as required by applicable law.  The Debtors seek authority to pay and remit all prepetition and postpetition obligations on account of Taxes and Fees, including where:  (a) Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees accrued or were incurred prepetition but were not paid prepetition, or were paid in an amount less than what was actually owed; (c) Taxes and Fees paid prepetition by the Debtors were lost or otherwise not received in full by any of the Taxing Authorities; or (d) Taxes and Fees incurred prepetition may become due and payable after the commencement of these chapter 11 cases, including as a result of Audits (as defined herein).  In addition, for the avoidance of doubt, the Debtors seek authority, but not direction, to pay Taxes and Fees for so-called "straddle" periods (*i.e.*, periods that include the Petition Date).[5]

8.     Additionally, the Debtors may become subject to routine audit investigations on account of tax returns and/or tax obligations ("Audits") during these chapter 11 cases, including as a result of any voluntary disclosure agreements or similar procedural mechanisms (if applicable).  As of the Petition Date, no Audits are currently pending against the Debtors.  If an Audit were to be initiated following the Petition Date, it may result in additional prepetition Taxes and Fees being assessed against the Debtors (such additional Taxes and Fees, "Assessments").[6] Critically, in certain of the jurisdictions where the Debtors operate, the Debtors must be able to accept a proposed resolution of an Audit and make a payment with respect to such resolution in a timely manner.  Accordingly, the Debtors seek authority, but not direction, to pay or remit any

---

[5]   The Debtors reserve their rights with respect to the proper characterization of any "straddle" Taxes and Fees and to seek reimbursement of any portion of any payment made that ultimately is not entitled to administrative or priority treatment.

[6]   Nothing in this motion or any related order constitutes, or should be construed, as an admission of liability by the Debtors with respect to any Audit or Assessment.  The Debtors expressly reserve all rights with respect to any Audit and the right to contest any Assessments claimed to be due as a result of any Audit.

4

Assessments as and if they arise in the ordinary course of the Debtors' business, including as a result of any resolution of an Audit, and including any Assessment of the kinds of Taxes and Fees otherwise addressed in the Wages Motion.

9.      Finally, subject to the Final Order, the Debtors seek authority to undertake certain ordinary course activities related to tax planning, including:  (a) converting Debtor entities from one form to another (*e.g.*, converting an entity from a corporation to a limited liability company) via conversion, merger, or otherwise (the "Entity Conversions"); (b) making certain tax elections (including with respect to the tax classification of Debtor entities) (the "Entity Classification Elections"); (c) changing the position of Debtor entities within the Debtors' corporate structure (the "Entity Movements"); and (d) modifying or resolving intercompany claims and moving assets or liabilities among Debtor entities (the "Asset and Liability Movements" and, together with the Entity Conversions, Entity Classification Elections, and Entity Movements, the "Tax Planning Activities"), so long as, in each case, doing so will not alter the substantive rights of the Debtors' stakeholders in these chapter 11 cases.

10.     The Debtors estimate that approximately $224,000 in Taxes and Fees is outstanding as of the Petition Date, of which approximately $200,000 is currently payable or will become due and owing to the Taxing Authorities between entry of the Interim Order and the Final Order (the "Interim Period") in the ordinary course, as outlined below:

| Category | Description | Approximate Amount Accrued as of Petition Date | Approximate Amount Due During Interim Period |
|---|---|---|---|
| **Income Taxes** | Taxes imposed on the Debtors' income.  The amount of income taxes incurred is based on the jurisdictions in which the Debtors do business and generally payable on an annual basis. | $75,000 | $75,000 |

5

| Category | Description | Approximate Amount Accrued as of Petition Date | Approximate Amount Due During Interim Period |
|---|---|---|---|
| Use Taxes | Taxes on goods and services purchased without paying sales taxes, assessed based on the value of such goods and services, generally payable on an annual basis. | $1,000 | $0 |
| Franchise Taxes | Taxes imposed on the Debtors to operate their businesses pursuant to state laws, generally payable either on a quarterly or annual basis. | $115,000 | $115,000 |
| Lease Taxes | Taxes imposed on certain services utilized by the Debtors, generally payable on an annual basis. | $0 | $0 |
| Business and Insurance Licenses and Other Taxes and Fees | Fees related to compliance with state licensing and registration related to business licenses, permits, annual reporting fees, and regulatory fees to operate and remain in good standing with the applicable Taxing Authorities, generally payable on an annual basis. | $33,000 | $10,000 |
| Total | | $224,000 | $200,000 |

## I. Income Taxes.

11. In the ordinary course of business, the Debtors may incur and may be required to pay the relevant Taxing Authorities in certain jurisdictions where the Debtors operate various federal, state, and local income taxes, as applicable (collectively, the "Income Taxes"). The Debtors generally remit Income Taxes to the relevant Taxing Authorities in accordance with the statutory requirements of each applicable jurisdiction (*e.g.*, on an annual or quarterly basis).

12. In 2025, the Debtors paid approximately $140,000 in Income Taxes to the applicable Taxing Authorities. On a consolidated basis, the Debtors do not expect to owe federal Income Taxes for the 2025 tax year due to net operating losses. However, Debtor e-TeleQuote Insurance, Inc. is expected to owe approximately $75,000 to the applicable Taxing Authorities on account of prepetition Income Taxes as of the Petition Date, all of which is currently payable or will become payable during the Interim Period and may be subject to additional interest or

6

penalties.  The Debtors request authority to satisfy any amounts owed on account of such Income Taxes that are or may be due and owing as of the Petition Date or may become due and owing in the ordinary course of business on a postpetition basis consistent with prepetition practices.[7]

**II.     Use Taxes.**

13.     The Debtors incur use taxes in connection with the purchase of goods and services when vendors do not include applicable use taxes on the invoices payable by the Debtors (collectively, the "Use Taxes").  Use Taxes are usually set by the relevant Taxing Authorities as a percentage of the retail prices of goods and services purchased.

14.     In 2025, the Debtors paid approximately $15,000 in the aggregate in Use Taxes to the applicable Taxing Authorities.  As of the Petition Date, the Debtors estimate that they owe a *de minimis* amount (less than $1,000) to the relevant Taxing Authorities on account of prepetition Use Taxes, none of which will become payable during the Interim Period.  Accordingly, the Debtors request authority to pay all amounts owed on account of such Use Taxes that are due and owing as of the Petition Date, including outstanding prepetition amounts, and to continue to pay Use Taxes in the ordinary course of business on a postpetition basis consistent with prepetition practices.

**III.    Franchise Taxes.**

15.     The Debtors are required to pay franchise taxes in the ordinary course to conduct their business pursuant to state and local laws (collectively, the "Franchise Taxes").  The Debtors generally remit Franchise Taxes directly to the applicable Taxing Authorities in accordance with the statutory requirements of each applicable jurisdiction.

---

[7]     The Debtors reserve the right to make deferred payments on account of the Income Taxes at the end of these chapter 11 cases pursuant to 11 U.S.C. § 1129(a)(9)(C).

16.    In 2025, the Debtors paid approximately $300,000 in Franchise Taxes to the applicable Taxing Authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $115,000 to the relevant Taxing Authorities on account of prepetition Franchise Taxes, all of which is currently payable or will become payable during the Interim Period. Accordingly, the Debtors request authority to pay all amounts owed on account of the Franchise Taxes that are due and owing as of the Petition Date, including outstanding prepetition amounts, and to continue to pay Franchise Taxes in the ordinary course of business on a postpetition basis consistent with prepetition practices.[8]

## IV.    Lease Taxes.

17.    The Debtors are required to pay certain lease taxes in certain jurisdictions.  In particular, the Debtors are required to pay the Chicago Personal Property Lease Transaction Tax to access a remote database, cloud platforms, or similar services (the "Lease Taxes").  While some of the Debtors' service providers include the applicable Lease Taxes in the invoices payable by the Debtors, other service providers do not, and the Debtors therefore are required to remit the Lease Taxes directly to the applicable Taxing Authorities for the latter.

18.    In 2025, the Debtors maintained a credit balance for the Chicago Personal Property Lease Transaction Tax, and therefore did not make payments for Lease Taxes.  As of the Petition Date, the Debtors do not believe that there are any outstanding payments to the applicable Taxing Authorities on account of the Lease Taxes.  Nevertheless, out of an abundance of caution, the Debtors request authority to satisfy any amounts owed on account of such Lease Taxes that are or may be due and owing as of the Petition Date or may become due and owing in the ordinary course

---

[8]    The Debtors reserve the right to make deferred payments on account of the Franchise Taxes at the end of these chapter 11 cases pursuant to 11 U.S.C. § 1129(a)(9)(C).

of business on a postpetition basis consistent with prepetition practices, including by using any tax credit to offset any outstanding amounts.

## V.    Business and Insurance Licenses and Other Taxes and Fees.

19.    Federal, state, and local laws in the jurisdictions where the Debtors operate require the Debtors to obtain and pay for a wide range of business and insurance licenses, permits, annual reporting fees, and regulatory fees to operate and remain in good standing with the applicable Taxing Authorities, as well as certain other miscellaneous Taxes and Fees required to operate their business (the "Business and Insurance Licenses and Other Taxes and Fees").

20.    In 2025, the Debtors paid approximately $640,000 in Business and Insurance Licenses and Other Taxes and Fees to the applicable Taxing Authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $33,000 to the relevant Taxing Authorities on account of prepetition Business and Insurance Licenses and Other Taxes and Fees, of which approximately $10,000 is currently payable or will become payable during the Interim Period. Accordingly, the Debtors request authority to pay all amounts owed on account of Business and Insurance Licenses and Other Taxes and Fees that are due and owing as of the Petition Date, including outstanding prepetition amounts, and to continue to pay Business and Insurance Licenses and Other Taxes and Fees in the ordinary course of business on a postpetition basis consistent with prepetition practices.

## VI.    Audits.

21.    The Debtors currently are not subject to any ongoing Audits but may in the future be subject to Audits (or voluntary disclosures of unpaid tax amounts that give rise to an agreed Assessment), which could result in additional prepetition Taxes and Fees being assessed against the Debtors during the pendency of these chapter 11 cases.  While the Debtors do not believe any Assessments are owed as of the Petition Date, out of an abundance of caution, the Debtors request

9

authority to pay any outstanding Assessments and to pay or remit Assessments and other tax obligations on account of Audits as they arise in the ordinary course of the Debtors' business, including as a result of resolutions of issues addressed in any such Audits, on a postpetition basis.

**Basis for Relief**

22. The Debtors believe that any failure to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways, including, but not limited to: (a) the Taxing Authorities may initiate Audits, which would unnecessarily divert the Debtors' attention from these chapter 11 cases; (b) the Taxing Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and/or pursue other remedies that will harm the Debtors' estates; and (c) in certain instances, certain of the Debtors' directors and officers could be subject to claims of personal liability, which would likely distract those key employees from their duties related to these chapter 11 cases.

23. In addition, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Taxing Authorities, and these funds may not constitute property of the Debtors' estates; as such, there is a strong legal basis for allowing the Debtors to remit these funds to the applicable Taxing Authorities on a postpetition basis. Moreover, unpaid Taxes and Fees may result in penalties, the accrual of interest, or both, and nonpayment of the Taxes and Fees may also give rise to priority claims entitled to payment before general unsecured claims.

**I. Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates.**

24. As mentioned, many of the Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Taxing Authorities and are held in trust by the Debtors. *See, e.g.*, I.R.C. § 7501 (stating that certain taxes and fees are held in trust). As such, these Taxes and Fees are not property of the Debtors' estates under section 541 of the Bankruptcy Code. *See, e.g.*, *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–59 (1990) (holding that any prepetition payment

of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's property); *In re First Pay, Inc.*, 773 F.3d 583, 590 (4th Cir. 2014) (same); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (holding that sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 434–36 (2d Cir. 1985) (same); *Rosenow v. Ill. Dept. of Revenue (In re Rosenow)*, 715 F.2d 277, 279–80 (7th Cir. 1983) (same). The Debtors, therefore, generally do not have an equitable interest in such funds, and should be permitted to pay those funds to the Taxing Authorities as they become due.[9]

## II.   Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment Under the Bankruptcy Code.

25.     Claims for certain of the Taxes and Fees are, or may be, priority claims entitled to payment before general unsecured claims. *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment). Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Taxing Authorities may attempt to assess fees, interest, and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. Paying such Taxes and Fees will give Taxing Authorities no more than they otherwise would be entitled to under a chapter 11 plan and will save the Debtors

---

[9]   For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes and Fees as provided herein, regardless of whether such Taxes and Fees constitute trust fund obligations.

the potential interest expense, legal expense, and penalties that might otherwise accrue on the Taxes and Fees during these chapter 11 cases.  For the avoidance of doubt, the Debtors are not seeking to make any payments pursuant to this motion for tax periods that would be older than those entitled to priority treatment.

26.    Some of the Taxes and Fees may be entitled to secured status with respect to property owned by the Debtors.  As secured claims, these Taxes and Fees would be entitled to priority treatment if the Debtors sell the property to which Taxes and Fees relate when the Debtors confirm a chapter 11 plan.  *See* 11 U.S.C. §§ 506(a), 1129(a)(9)(C), 1129(b)(2)(A) (requiring that any plan of reorganization "crammed down" over a class of secured creditors pay those creditors in full or allow those creditors to retain their liens).  Moreover, such secured claims could accrue interest if not timely paid.  Thus, paying such secured Taxes and Fees only affects the timing of the payments, may reduce the ultimate amount owed with respect to such Taxes and Fees, and does not prejudice the rights of other creditors of the Debtors.

**III.    Paying the Taxes and Fees and Undertaking the Tax Planning Activities as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment.**

27.    Courts have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value.  *See, e.g., Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 468 (2017) (noting that courts "have approved . . . 'critical vendor' orders that allow payment of essential suppliers' prepetition invoices"); *In re Just for Feet, Inc.*, 242 B.R. 821, 825–26 (D. Del. 1999); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175–76 (Bankr. S.D.N.Y. 1989); *In re James A. Phillips, Inc.*, 29 B.R. 391, 398 (S.D.N.Y. 1983).  Several legal theories rooted in sections 105(a), 363(b), 1107(a), and 1108 of the Bankruptcy Code support the payment of prepetition claims.

28.     Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Under this section, a court may authorize a debtor to pay certain prepetition claims.  *See Ionosphere Clubs*, 98 B.R. at 175 (affirming lower court order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code); *see also  In re Lehigh  &  New  England  Ry.  Co.*,  657  F.2d 570,  581  (3d Cir. 1981) (recognizing the doctrine of necessity and authorizing the debtor to pay prepetition claims if such payment was essential to the continued operation of the debtor); *In re Orion  Refining  Corp.*, 372 B.R. 688, 703 (Bankr. D. Del. 2007) (authorizing payment of prepetition claim of critical vendor pursuant to section 363(b) of the Bankruptcy Code).  To do so under section 363(b) of the Bankruptcy Code, courts require only that the debtor "show that a sound business purpose" justifies the proposed use of property.  *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see  also  In re Phx.  Steel  Corp.*,  82  B.R. 334, 335–36  (Bankr. D. Del. 1987); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070–71 (2d Cir. 1983) (requiring the debtor to show a "good business reason" to approve a sale pursuant to section 363(b)).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville  Corp.*,  60 B.R. 612,  616 (Bankr.  S.D.N.Y.  1986); *see  also  In re Tower  Air,  Inc.*,  416  F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").  Thus, if a transaction satisfies the business judgment rule, it should be approved under section 363(b) of the Bankruptcy Code.

29.     In addition, courts may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code, which codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business. *See Just for Feet*, 242 B.R. at 825–26. Specifically, a court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). *See, e.g.*, *Ionosphere Clubs*, 98 B.R. at 176; *Lehigh*, 657 F.2d at 581 (stating that courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (noting that, in the Third Circuit, debtors may pay prepetition claims that are essential to the continued operation of the business). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R. at 175–76 (citing *Miltenberger v. Logansport, C. & S.W. Ry. Co.*, 106 U.S. 286 (1882)).

30.     Moreover, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, debtors in possession are fiduciaries "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value." *Id.* Some courts have noted that there are instances in which a debtor can

14

fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.*  The court in *CoServ* specifically noted the pre-plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.*

31.     The Debtors' ability to timely pay the Taxes and Fees is critical to their continued and uninterrupted operations.  If certain Taxes and Fees remain unpaid, the Taxing Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting these key personnel from the administration of the Debtors' chapter 11 cases. *See, e.g.*, *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for unpaid taxes) (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 547 (1990)).  Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of the Debtors' estates and all parties in interest.  The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and is essential to the orderly administration and, ultimately, the speed and success of these chapter 11 cases.

32.     Furthermore, failure to timely pay the Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on the claims for Taxes and Fees.  Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders.  Accordingly, the Court should grant the Debtors authority to pay the Taxes and Fees and undertake the Tax Planning Activities as provided herein.

33.     Courts in this district routinely grant the relief requested herein.  *See, e.g.*, *In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D. Del. September 8, 2025) (authorizing debtors to pay prepetition taxes and fees in the ordinary course of business and undertake tax planning activities on a final basis); *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 23, 2025) (same); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 14, 2025) (same); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 28, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same).[10]

## Processing of Checks and Electronic Fund Transfers Should Be Authorized

34.     The Debtors have sufficient funds to pay the amounts described in this motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to cash collateral.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to any authorized payment in respect of the relief requested herein.  Accordingly, the Debtors do not believe that checks or wire transfer requests, other than those relating to authorized payments, will be inadvertently honored.  Therefore, the Debtors request authority to authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this motion.

## The Requirements of Bankruptcy Rule 6003(a) Are Satisfied

35.     Bankruptcy Rule 6003(a) empowers a court to grant certain relief within the first 21 days after the petition date only to the extent that relief is "needed to avoid immediate and

---

[10]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

16

irreparable harm." Fed. R. Bankr. P. 6003(a).  For the reasons set forth above, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations.  Failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and cause immediate and irreparable harm.  The requested relief is necessary for the Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize value of their estates for the benefit of all stakeholders.  The Debtors have demonstrated that the requested relief is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a), and request that the Court grant the requested relief.

**Reservation of Rights**

36.     Notwithstanding anything to the contrary herein, nothing contained in this motion or any actions taken pursuant to any order granting the relief requested in this motion (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code (or otherwise affecting the Debtors' rights pursuant to section 365 of the Bankruptcy Code); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes

17

of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

**Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

37. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

38. To the extent that any aspect of the relief sought herein constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Notice**

39. The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Ad Hoc TL Group; (c) counsel to the Ad Hoc Revolver Group; (d) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (e) the state attorneys general for states in which the Debtors conduct business; (f) the United States Attorney for the District of Delaware, District of Massachusetts, and District of Columbia; (g) the Internal Revenue Service; (h) the Taxing Authorities; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

40.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  June 7, 2026
Wilmington, Delaware

/s/ Laura Davis Jones

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Laura Davis Jones (DE Bar No. 2436) | Anup Sathy, P.C. (*pro hac vice* pending) |
| James E. O'Neill (DE Bar No. 4042) | Alexandra F. Schwarzman, P.C. (*pro hac vice* pending) |
| Edward A. Corma (DE Bar No. 6718) | David R. Gremling (*pro hac vice* pending) |
| 919 North Market Street, 17th Floor | 333 West Wolf Point Plaza |
| Wilmington, Delaware 19801 | Chicago, Illinois 60654 |
| Telephone:  (302) 652-4100 | Telephone:  (312) 862-2000 |
| Facsimile:  (302) 652-4400 | Facsimile:  (312) 862-2200 |
| Email:  ljones@pszjlaw.com | Email:  anup.sathy@kirkland.com |
|  joneill@pszjlaw.com |  alexandra.schwarzman@kirkland.com |
|  ecorma@pszjlaw.com |  dave.gremling@kirkland.com |

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No.** __ |

**INTERIM ORDER (I)
AUTHORIZING THE PAYMENT OF
CERTAIN PREPETITION AND POSTPETITION
TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing the Debtors to negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or assessment or otherwise to be owed for periods prior to, including, or following the Petition Date); (b) scheduling a final hearing to consider approval of the Motion on a final basis; and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter this Interim Order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2026, at__:__ _.m. (prevailing Eastern Time).  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on _____, 2026 and shall be served on:  (a) the Debtors, GoHealth, Inc., 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654, Attn.  Bradley Burd, Chief Legal Officer and Corporate Secretary (bburd@gohealth.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 333 West       Wolf       Point       Plaza,       Chicago,       Illinois       60654,

Attn. Anup Sathy, P.C. (anup.sathy@kirkland.com), Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com), and David R. Gremling (dave.gremling@kirkland.com), and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn. Laura Davis Jones (ljones@pszjlaw.com), James E. O'Neill (joneill@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com); (c) counsel to the Ad Hoc TL Group, (i) Akin Gump Strauss Hauer & Feld LLP, Robert S. Strauss Tower, 2001 K. Street, N.W., Washington, D.C. 20006, Attn. Scott L. Alberino (salberino@akingump.com) and Benjamin L. Taylor (taylorb@akingump.com), (ii) Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, Attn. Nicholas J. Houpt (nhoupt@akingump.com), and (iii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn. Michael R. Nestor (mnestor@ycst.com) and Robert Poppiti (rpoppiti@ycst.com); (d) counsel to the Ad Hoc Revolver Group, (i) Cahill Gordon & Reindel LLP, 32 Old Slip, New York, New York 10005, Attn. Joel Moss (jmoss@cahill.com) and Jordan Wishnew (jwishnew@cahill.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, Wilmington, Delaware 19899, Attn. Derek C. Abbott (dabbott@morrisnichols.com); (e) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn. Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (f) any statutory committee appointed in these chapter 11 cases.

4.     The Debtors are authorized to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing during the Interim Period in the ordinary course of business, at such time when the Taxes and Fees are payable, in aggregate

amount not to exceed $200,000 on an interim basis; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business during the Interim Period on a postpetition basis consistent with prepetition practices, until the date a Final Order on the Motion is entered, including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to any Audits or Assessments or paying any Taxes and Fees arising as a result of any Audits or Assessments; *provided* that notwithstanding anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under sections 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may, but shall not be required to, seek an order from the Court requiring a return of such amount, and the payment of such amount shall, upon order of the Court, be refunded to the Debtors.

5. The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

6. Notwithstanding anything to the contrary herein or in the Motion, the Debtors are authorized to file amended tax returns, if necessary, including for prepetition periods, and pay Taxes and Fees in connection therewith.

7. The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to any audits that have been completed, are in progress, or arise from prepetition periods. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

8.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Taxing Authorities.

9.     The Debtors, with the prior written consent of the Ad Hoc TL Group and Ad Hoc Revolver Group, are authorized, but not directed, to undertake the Tax Planning Activities on an interim basis.

10.     The Debtors shall regularly consult with the advisors to the Ad Hoc TL Group and the Ad Hoc Revolver Group with respect to any material Audits or Assessments.  The Debtors shall use commercially reasonable efforts to provide at least five days' prior written notice to all the advisors of the Ad Hoc TL Group and Ad Hoc Revolver Group before making any payment above $30,000 in respect of any material Audits or Assessments.

11.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

12.     Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment made or to be made pursuant to the authority granted herein, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, entered by the Court approving the Debtors' use of cash collateral (such orders, the "Cash Collateral Orders") and any budget in connection with any use of cash collateral (subject to permitted variances).  To the extent there is any inconsistency between the terms of the

5

Cash Collateral Orders and any action taken under this Interim Order, the terms of the Cash Collateral Orders shall control. Nothing in the Motion or this Interim Order shall constitute a waiver or substitution of any consent right required under the Cash Collateral Orders.

13. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code (or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

14. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

6

15.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

16.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Exhibit B**

**Proposed Final Order**

Case 26-10994-TMH    Doc 271-2    Filed 06/07/26    Page 30 of 44

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [●] |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re:  Docket No. _** |

**FINAL ORDER (I)**
**AUTHORIZING THE PAYMENT OF**
**CERTAIN PREPETITION AND POSTPETITION**
**TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"):  (a) authorizing the Debtors to negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or assessment or otherwise to be owed for periods prior to, including, or following the Petition Date); and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on a final basis as set forth herein.

2.     Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.     The Debtors are authorized to:  (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these chapter 11 cases, at such time when the Taxes and Fees are payable; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis consistent with prepetition practices, including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to any Audits or Assessments or paying any Taxes and Fees arising as a

2

result of any Audits or Assessments; *provided* that notwithstanding anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under sections 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may, but shall not be required to, seek an order from the Court requiring a return of such amount, and the payment of such amount shall, upon order of the Court, be refunded to the Debtors.

4.     The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

5.     Notwithstanding anything to the contrary herein or in the Motion, the Debtors are authorized to file amended tax returns, if necessary, including for prepetition periods, and pay Taxes and Fees in connection therewith.

6.     The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to any audits that have been completed, are in progress, or arise from prepetition periods.  To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

7.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Taxing Authorities.

8.     The Debtors, with the prior written consent of the Ad Hoc TL Group and the Ad Hoc Revolver Group, are authorized, but not directed, to undertake the Tax Planning Activities.

3

9.      The Debtors shall regularly consult with the advisors to the Ad Hoc TL Group and the Ad Hoc Revolver Group with respect to any material Audits or Assessments.  The Debtors shall use commercially reasonable efforts to provide at least five days' prior written notice to all the advisors of the Ad Hoc TL Group and Ad Hoc Revolver Group before making any payment above $30,000 in respect of any material Audits or Assessments.

10.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

11.      Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment made or to be made pursuant to the authority granted herein, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, entered by the Court approving the Debtors' use of cash collateral (such orders, the "Cash Collateral Orders") and any budget in connection with any use of cash collateral (subject to permitted variances).  To the extent there is any inconsistency between the terms of the Cash Collateral Orders and any action taken under this Final Order, the terms of the Cash Collateral Orders shall control.  Nothing in the Motion or this Final Order shall constitute a waiver or substitution of any consent right required under the Cash Collateral Orders.

12.      Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy

4

Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code (or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

13. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit C**

**Taxing Authorities**

| Tax Authority | Tax Type | Address |
|---|---|---|
| ALABAMA DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 201 MONROE ST # 502 MONTGOMERY, AL 36104 |
| ALABAMA DEPARTMENT OF REVENUE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES; INCOME TAXES | 375 SOUTH RIPLEY STREET MONTGOMERY, AL 36104 |
| ALASKA DIVISION OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 333 WILLOUGHBY AVE. 9TH FL. JUNEAU, AK 99801-1770 |
| ARIZONA DEPARTMENT OF INSURANCE AND FINANCIAL INSTITUTIONS | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 100 N 15TH AVE #261 PHOENIX, AZ 85007 |
| ARIZONA DEPARTMENT OF REVENUE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES; INCOME TAXES | 1600 WEST MONROE STREET PHOENIX, AZ 85007 |
| ARKANSAS DEPARTMENT OF COMMERCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1 COMMERCE WAY BUILDING 4, SUITE 601 LITTLE ROCK, AR 72202 |
| ARKANSAS DEPARTMENT OF FINANCE AND ASSESSMENT | INCOME TAXES | 1816 W. 7TH STREET ROOM 2250 LITTLE ROCK, AR 72201 |
| ARKANSAS INSURANCE DEPARTMENT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1 COMMERCE WAY SUITE 104 LITTLE ROCK, AR 72202 |
| CALIFORNIA DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 320 CAPITAL MALL SACRAMENTO, CA 95814 |
| CALIFORNIA FRANCHISE TAX BOARD | FRANCHISE TAXES; INCOME TAXES | 3321 POWER INN ROAD SUITE 250 SACRAMENTO, CA 95826-3983 |
| CITY OF CHICAGO DEPARTMENT OF REVENUE | LEASE TAXES; USE TAXES | 333 S STATE ST #300 CHICAGO, IL 60604 |
| COLORADO DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1881 PIERCE ST LAKEWOOD, CO 80214 |

| Tax Authority | Tax Type | Address |
| --- | --- | --- |
| COLORADO DIVISION OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1560 BROADWAY #110 DENVER, CO 80202 |
| COMPTROLLER OF MARYLAND | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 60 WEST STREET SUITE 102 ANNAPOLIS, MD 21401 |
| CONNECTICUT INSURANCE DEPARTMENT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 153 MARKET ST HARTFORD , CT 06103 |
| DELAWARE DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 503 CARR ROAD SUITE 303 WILMINGTON, DE 19809 |
| DELAWARE SECRETARY OF STATE | FRANCHISE TAXES | 401 FEDERAL ST. SUITE 3 DOVER, DE 19901 |
| DISTRICT OF COLUMBIA DEPARTMENT OF INSURANCE, SECURITIES AND BANKING | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1050 FIRST ST NE #801 WASHINGTON, DC 20002 |
| FINANCIAL ACCOUNTING STANDARDS BOARD (FASB) | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 441 G ST., NW SUITE 1155 WASHINGTON, DC 20548 |
| FINANCIAL DIRECTORATE OF THE SLOVAK REPUBLIC | FOREIGN TAXES | LAZOVNA ULICA C. 63, 974 01 BANSKA BYSTRICA |
| FLORIDA DEPARTMENT OF FINANCIAL SERVICES | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 200 E GAINES ST TALLAHASSEE, FL 32399 |
| FLORIDA DEPARTMENT OF REVENUE | INCOME TAXES | 5050 W. TENNESSEE ST. TALLAHASSEE, FL 32399-0135 |
| GEORGIA DEPARTMENT OF REVENUE | FRANCHISE TAXES; INCOME TAXES | 2595 CENTURY PARKWAY NE ATLANTA, GA 30345-3173 |
| GEORGIA OFFICE OF COMMISSIONER OF INSURANCE AND SAFETY FIRE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 2 M.L.K JR DR SE #716 ATLANTA, GA 30334 |
| HAWAII DIVISION OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | KING KALAKAUA BUILDING 335 MERCHANT STREET RM. 213 HONOLULU, HI 96813 |
| IDAHO DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 700 W STATE ST 3RD FLOOR BOISE, ID 83702 |

| Tax Authority | Tax Type | Address |
|---|---|---|
| IDAHO STATE TAX COMMISSION | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | ATTN: IDAHO STATE TAX COMMISSION<br>11321 W CHINDEN BLVD.<br>BOISE, ID 83714 |
| ILLINOIS DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 320 W WASHINGTON ST<br>SPRINGFIELD, IL 62767 |
| ILLINOIS DEPARTMENT OF REVENUE | FRANCHISE TAXES | 555 WEST MONROE STREET<br>SUITE 1100<br>CHICAGO, IL 60661 |
| INDIANA DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 311 W WASHINGTON ST<br>INDIANAPOLIS, IN 46204 |
| INDIANA DEPARTMENT OF REVENUE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | ATTN: INDIANA DEPARTMENT OF REVENUE<br>100 NORTH SENATE AVENUE, SUITE 108<br>INDIANAPOLIS, IN 46204 |
| INTERNAL REVENUE SERVICE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | ATTN: CENTRALIZED INSOLVENCY OPERATION<br>2970 MARKET ST.<br>MAIL STOP 5-Q30.133<br>PHILADELPHIA, PA 19104-5016 |
| IOWA DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1305 E WALNUT ST<br>FOURTH FLOOR 1017<br>DES MOINES, IA 50319 |
| IOWA INSURANCE DIVISION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1963 BELL AVE<br>DES MOINES, IA 50315 |
| KANSAS DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1300 SW ARROWHEAD RD<br>TOPEKA, KS 66604 |
| KENTUCKY DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 500 MERO STREET<br>2 SE 11<br>FRANKFORT, KY 40601 |
| KENTUCKY DEPARTMENT OF REVENUE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 501 HIGH STREET<br>FRANKFORT, KY 40601 |
| KENTUCKY STATE TREASURER | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1050 US HIGHWAY 127 SOUTH<br>SUITE 100<br>FRANKFORT, KY 40601 |
| LOUISIANA DEPARTMENT OF | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1702 N 3RD STREET<br>BATON ROUGE, LA 70802 |

3

| Tax Authority | Tax Type | Address |
|---|---|---|
| INSURANCE, PRODUCER LICENSING DIVISION | | |
| MAINE BUREAU OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 76 NORTHERN AVE GARDINER, ME 04345 |
| MARYLAND INSURANCE ADMINISTRATION, PRODUCER LICENSING UNIT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 200 SAINT PAUL PLACE SUITE 2700 BALTIMORE, MD 21202 |
| MASSACHUSETTS DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 100 CAMBRIDGE STREET BOSTON, MA 02204 |
| MASSACHUSETTS DIVISION OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1 FEDERAL ST, SUITE 700 BOSTON, MA 02110 |
| MICHIGAN DEPARTMENT OF INSURANCE AND FINANCIAL SERVICES | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 530 W ALLEGAN ST #7 LANSING, MI 484933 |
| MICHIGAN DEPARTMENT OF TREASURY | INCOME TAXES | 41300 DEQUINDRE RD #200 STERLING HEIGHTS, MI 48314 |
| MINNESOTA DEPARTMENT OF COMMERCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 85 7TH PL E #280 ST PAUL, MN 55101 |
| MINNESOTA DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 600 ROBERT ST N ST PAUL, MN 55101 |
| MISSISSIPPI DEPARTMENT OF REVENUE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES; INCOME TAXES | 500 CLINTON CENTER DR. CLINTON, MS 39056 |
| MISSISSIPPI INSURANCE DEPARTMENT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 501 N. WEST STREET 1001 WOOLFOLK STATE OFFICE BUILDING JACKSON, MS 39201 |
| MISSOURI DEPARTMENT OF COMMERCE AND INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 301 W HIGH ST #630 JEFFERSON CITY , MO 65101 |
| MISSOURI DEPARTMENT OF REVENUE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | HARRY S. TRUMAN STATE OFFICE BUILDING |

4

| Tax Authority | Tax Type | Address |
|---|---|---|
| | | 301 WEST HIGH STREET JEFFERSON CITY, MO 65101 |
| MONTANA STATE AUDITORS OFFICE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 840 HELENA AVENUE HELENA, MT 59620 |
| NEBRASKA DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1526 K ST SUITE 200 LINCOLN, NE 68508 |
| NEBRASKA DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 301 CENTENNIAL MALL S LINCOLN, NE 68508 |
| NEVADA DIVISION OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 2501 EAST SAHARA AVENUE SUITE 275 LAS VEGAS, NV 89104 |
| NEW HAMPSHIRE INSURANCE DEPARTMENT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 21 SOUTH FRUIT STREET SUITE 14 CONCORD, NH 03301 |
| NEW JERSEY DEPARTMENT OF BANKING & INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 20 W STATE ST TRENTON, NJ 08625 |
| NEW MEXICO OFFICE OF SUPERINTENDENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1120 PASEO DE PERALTA #4TH SANTA FE, NM 87501 |
| NEW MEXICO TAXATION & REVENUE DEPARTMENT | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 10500 COPPER AVE SUITE C ALBUQUERQUE, NM 87123 |
| NEW YORK DEPARTMENT OF FINANCIAL SERVICES | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | ATTN: DEPARTMENT OF FINANCIAL SERVICES 1 STATE ST NEW YORK, NY 10004 |
| NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | HARRIMAN CAMPUS RD ALBANY, NY 12227 |
| NORTH CAROLINA DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1204 MAIL SERVICE CENTER RALEIGH, NC 27699-1204 |
| NORTH CAROLINA DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 501 NORTH WILMINGTON STREET RALEIGH, NC 27604 |
| NORTH DAKOTA INSURANCE & | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 600 E BOULEVARD AVE. BISMARCK, ND 58505 |

5

| Tax Authority | Tax Type | Address |
|---|---|---|
| SECURITIES DEPARTMENT | | |
| OHIO DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 50 W TOWN ST #300 COLUMBUS, OH 43215 |
| OHIO DEPARTMENT OF TAXATION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 4485 NORTHLAND RIDGE BOULEVARD COLUMBUS, OH 43229 |
| OHIO TREASURER OF STATE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | OHIO TREASURER 30 E. BROAD STREET, 9TH FLOOR COLUMBUS, OH 43125 |
| OKLAHOMA INSURANCE DEPARTMENT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 400 NE 50TH ST OKLAHOMA CITY, OK 73105 |
| OKLAHOMA TAX COMMISSION | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | OKLAHOMA TAX COMMISSION OKLAHOMA CITY, OK 73194 |
| OREGON DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 955 CENTER ST NE SALEM, OR 97301-2555 |
| OREGON DIVISION OF FINANCIAL REGULATION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 350 WINTER ST NE SALEM, OR 97301 |
| PENNSYLVANIA DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1131 STRAWBERRY SQ HARRISBURG, PA 17128 |
| PENNSYLVANIA INSURANCE DEPARTMENT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1227 STRAWBERRY SQUARE HARRISBURG, PA 17120 |
| PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1666 K STREET NW SUITE 300 WASHINGTON, DC 20006-2803 |
| PUERTO RICO, OFFICE OF THE COMMISSION OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | EDIFICIO WORLD PLAZA 268 AV. LUIS MUNOZ RIVERA FLOOR 9 SAN JUAN, PR 00918 |
| RHODE ISLAND DEPARTMENT OF BUSINESS REGULATION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | BUILDING 68 1511 PONTIAC AVE CRANSTON, RI 02920 |
| RHODE ISLAND DIVISION OF TAXATION | INCOME TAXES | 1 CAPITOL HILL PROVIDENCE, RI 02908 |

| Tax Authority | Tax Type | Address |
|---|---|---|
| SOUTH CAROLINA DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1201 MAIN ST. SUITE 1000 COLUMBIA, SC 29201 |
| SOUTH CAROLINA DEPARTMENT OF REVENUE | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 300A OUTLET POINTE BOULEVARD COLUMBIA, SC 29210 |
| SOUTH DAKOTA DEPARTMENT OF LABOR AND REGULATION, DIVISION OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 124 SOUTH EUCLID AVENUE 2ND FLOOR PIERRE, SD 57501 |
| STATE OF CONNECTICUT - DEPT OF REVENUE SERVICES | INCOME TAXES; BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 450 COLUMBUS BLVD HARTFORD, CT 06013 |
| TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 500 JAMES ROBERTSON PKWY NASHVILLE, TN 37243 |
| TENNESSEE DEPARTMENT OF REVENUE | FRANCHISE TAXES; INCOME TAXES | ANDREW JACKSON BUILDING 500 DEADERICK STREET NASHVILLE, TN 37242 |
| TEXAS COMPTROLLER | FRANCHISE TAXES; INCOME TAXES | LYNDON B. JOHNSON STATE OFFICE BUILDING 111 EAST 17TH STREET AUSTIN, TEXAS 78774 |
| TEXAS DEPARTMENT OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1601 CONGRESS AVENUE AUSTIN, TX 78701 |
| TREASURER, STATE OF MAINE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 111 SEWALL STREET FLOOR 1 BURTON M. CROSS OFFICE BUILDING AUGUSTA, ME 04333-0039 |
| U.S. SECURITIES & EXCHANGE COMMISSION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | ATTN: OFFICE OF REORGANIZATION 950 EAST PACES FERRY ROAD NE, SUITE 900 ATLANTA, GA 30326-1382 |
| UNITED STATES TREASURY | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1500 PENNSYLVANIA AVE. NW WASHINGTON, DC 20220 |
| UTAH INSURANCE DEPARTMENT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 4315 S 2700 W SUITE 2300 TAYLORSVILLE, UT 84129 |

| Tax Authority | Tax Type | Address |
|---|---|---|
| UTAH STATE TAX COMMISSION | INCOME TAXES | 210 N. 1950 W<br>SALT LAKE CITY, UT 84134-0180 |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 89 MAIN ST<br>MONTPELIER, VT 05620 |
| VERMONT DEPARTMENT OF TAXES | INCOME TAXES | 133 STATE ST<br>MONTPELIER, VT 05602 |
| VIRGINIA BUREAU OF INSURANCE | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | TYLER BUILDING<br>1300 E. MAIN ST.<br>RICHMOND, VA 23219 |
| VIRGINIA DEPARTMENT OF TAXATION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 600 E MAIN ST#1100<br>RICHMOND, VA 23219 |
| WASHINGTON STATE OFFICE OF THE INSURANCE COMMISSIONER | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 5000 CAPITOL BLVD SE<br>TUMWATER, WA 98501 |
| WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, AGENTS LICENSING & EDUCATION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1124 SMITH STREET<br>ROOM 402<br>CHARLESTON, WV 25305-0541 |
| WEST VIRGINIA STATE TAX DEPARTMENT | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 1001 LEE ST E<br>CHARLESTON, WV 25301 |
| WISCONSIN DEPARTMENT OF REVENUE | FRANCHISE TAXES; INCOME TAXES | 2135 RIMROCK ROAD<br>MADISON, WI 53713 |
| WISCONSIN OFFICE OF THE INSURANCE COMMISSIONER | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 101 E WILSON ST<br>MADISON, WI 53703 |
| WYOMING INSURANCE DEPARTMENT, LICENSING DIVISION | BUSINESS AND INSURANCE LICENSES AND OTHER TAXES AND FEES | 106 EAST 6TH AVENUE<br>CHEYENNE, WY 82002 |