**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 [•](TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administerationed Requested) |
| | ) | |
| | ) | **Re: Docket NoNos. –15, 60** |

**FINAL**
**ORDER (I) AUTHORIZING**
**THE DEBTORS TO (A) FULFILL AND HONOR**
**THEIR CARRIER PROGRAMS AND (B) CONTINUE,**
**RENEW, REPLACE, TERMINATE, AND IMPLEMENT THEIR**
**CARRIER PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors to (i) fulfill and honor (through payment, credit, setoff, or otherwise) the Carrier Programs as they deem appropriate and (ii) continue, renew, replace, terminate, and implement the Carrier Programs and any other similar practices as they deem appropriate, without further application to the Court, and (b) granting related relief; all as more fully set forth in the Motion, and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having ~~heard the statements in support of the relief requested therein, at a hearing before this Court (the "Hearing")~~considered the record of these cases; and this Court having determined that the legal and factual bases set forth in the Motion ~~and at the Hearing~~ establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors are authorized, but not directed, on a final basis to continue to administer all Carrier Programs, including allowing the Carriers to continue to set off Chargebacks against Commissions, modify, or supplement such Carrier Programs in the ordinary course of business and consistent with past practice, and honor any obligations incurred pursuant thereto, whether incurred prepetition or postpetition as they come due in the ordinary course of business and consistent with past practice without further application to or order of this Court; *provided*, *however*, that any modification, supplementation, or replacement of any Carrier

Programs shall be subject to the consent of the Ad Hoc TL Group and the Ad Hoc Revolver Group.

4.    The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified, solely to the extent necessary, and for the sole purpose of allowing the Carriers to continue to set off Chargebacks against Commissions regardless of when they arose.

5.    Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

6.    Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment made or to be made pursuant to the authority granted herein, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, entered by the Court approving the Debtors' use of cash collateral (such

orders, the "Cash Collateral Orders") and any budget in connection with any use of cash collateral (subject to permitted variances). To the extent there is any inconsistency between the terms of the Cash Collateral Orders and any action taken under this Final Order, the terms of the Cash Collateral Orders shall control. Nothing in the Motion or this Final Order shall constitute a waiver or substitution of any consent right required under the Cash Collateral Orders.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.