**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 16, 66** |

**FINAL ORDER
(I) APPROVING NOTIFICATION AND
HEARING PROCEDURES FOR CERTAIN TRANSFERS
OF AND DECLARATIONS OF WORTHLESSNESS WITH
RESPECT TO STOCK, (II) DIRECTING THAT CERTAIN
TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO STOCK IN VIOLATION OF THE PROCEDURES
SHALL BE NULL AND VOID, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving notification and hearing procedures, substantially in the form of **Exhibit 1** attached hereto (the "Procedures"), related to certain transfers of, or declarations of worthlessness with respect to Debtor GoHealth, Inc.'s (i) Class A Common Stock or any Beneficial Ownership[3] therein (any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the U.S. Department of the Treasury regulations thereunder ("Treasury Regulations") (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call,

such record or Beneficial Ownership of Class A Common stock, collectively, the "Common

Stock") and (ii) existing classes (or series) of preferred stock or, in each case, any Beneficial

Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively,

the "Preferred Stock," and together with the Common Stock, the "Stock"), (b) directing that any

purchase, sale, other transfer of, or declaration of worthlessness with respect to, Beneficial

Ownership of Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting

related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the

United States District Court for the District of Delaware having jurisdiction over this matter

pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and

no other notice need be provided; and this Court having reviewed the Motion and having

considered the record of these cases; and this Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the

---

stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.      The Procedures, as set forth in **Exhibit 1** attached to this Final Order, are hereby approved on a final basis.

4.      Any postpetition transfer of or postpetition declaration of worthlessness with respect to Beneficial Ownership of Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio.*

5.      In the case of any postpetition transfer of Beneficial Ownership of Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, in consultation with the Ad Hoc TL Group and the Ad Hoc Revolver Group, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio.*

6.      In the case of any postpetition declaration of worthlessness with respect to Beneficial Ownership of Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

7. Subject to the prior written consent (email being sufficient) of the Ad Hoc TL Group and the Ad Hoc Revolver Group, the Debtors may retroactively or prospectively, in writing, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

8. The Debtors shall post the Procedures to the website established by Donlin, Recano & Company, LLC, (https://www.bankruptcy.angeiongroup.com/gohealth), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

9. To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

10. Nothing herein shall preclude any person desirous of acquiring Stock from requesting relief from this Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

11. The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse compliance therewith.

12. Other than to the extent that this Final Order expressly conditions or restricts trading in or claiming a worthless stock deduction with respect to Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

13. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted, is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against

the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code (or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim.

14.     Other than to the extent that this Final Order expressly conditions or restricts transfers of or declarations of worthlessness with respect to Beneficial Ownership of Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit 1**

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Stock**

**PROCEDURES FOR**
**TRANSFERS OF AND DECLARATIONS**
**OF WORTHLESSNESS WITH RESPECT TO STOCK**

The following procedures apply to transfers of Stock:[1]

a. Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) 20 calendar days after the date of the Notice of Final Order (as defined herein) or (B) 10 calendar days after becoming a Substantial Shareholder; *provided* that no Substantial Shareholder that is a member of the Ad Hoc TL Group or the Ad Hoc Revolver Group shall be required to file a Declaration of Status as a Substantial Shareholder; *provided*, *further*, that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed. Any such entity shall serve such Declaration of Status as a Substantial Shareholder upon: (a) the Debtors, GoHealth, Inc., 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654, Attn. Bradley Burd, Chief Legal Officer and Corporate Secretary (bburd@gohealth.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn. Anup Sathy, P.C. (anup.sathy@kirkland.com), Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com), and David R. Gremling (dave.gremling@kirkland.com), and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn. Laura Davis Jones (ljones@pszjlaw.com), James E. O'Neill (joneill@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com); (c) counsel to the Ad Hoc TL Group, (i) Akin Gump Strauss Hauer & Feld LLP, Robert S. Strauss Tower, 2001 K. Street, N.W., Washington, D.C. 20006, Attn. Scott L. Alberino (salberino@akingump.com) and Benjamin L. Taylor (taylorb@akingump.com), (ii) Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, Attn. Nicholas J. Houpt (nhoupt@akingump.com), and (iii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor (mnestor@ycst.com) and Robert Poppiti (rpoppiti@ycst.com); (d) counsel to the Ad Hoc Revolver Group, (i) Cahill Gordon & Reindel LLP, 32 Old Slip, New York, New York 10005, Attn. Joel Moss (jmoss@cahill.com) and Jordan Wishnew (jwishnew@cahill.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, Wilmington, Delaware 19899, Attn.: Derek C. Abbott (dabbott@morrisnichols.com); (e) the Office of the United States

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn. Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (f) any statutory committee appointed in these chapter 11 cases (collectively, the "Notice Parties").

b.   Prior to effectuating any transfer of Beneficial Ownership of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Stock substantially in the form attached hereto as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Stock").

c.   Prior to effectuating any transfer of Beneficial Ownership of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Stock substantially in the form attached hereto as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Stock," and together with a Declaration of Intent to Accumulate Stock, each, a "Declaration of Proposed Transfer").

d.   The Debtors and the other Notice Parties shall have 15 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Stock described in the Declaration of Proposed Transfer on the grounds that such transfer is reasonably expected to adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such 15-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 15-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision to the Notice Parties as soon as is reasonably practicable.

e.   For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): (i) a "Substantial Shareholder" is any entity or individual person that has

2

Beneficial Ownership of at least: 750,889 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), without taking into account Common Stock that is acquired after the Petition Date pursuant to (A) a Redemption or Direct Exchange, each as defined in the limited liability company agreement of Debtor GoHealth Holdings, LLC, or (B) a conversion of Preferred Stock into Common Stock in accordance with the governing terms of such Preferred Stock, or any entity or individual person that has Beneficial Ownership of at least 2,250 shares of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Stock:

a. Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached hereto as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) 20 calendar days after the date of the Notice of Final Order and (ii) 10 calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b. Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness

---

[2] For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2022, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

of Beneficial Ownership of Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached hereto as **Exhibit 1E**.

    i.    The Debtors and the other Notice Parties shall have 15 calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim is reasonably expected to adversely affect the Debtors' ability to utilize their Tax Attributes.

    ii.    If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.

    iii.    If the Debtors and the other Notice Parties do not object within such 15-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional 15-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision to the Notice Parties as soon as is reasonably practicable.

### NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

    a.    No later than three business days following entry of the Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall serve a notice by first class mail and email, if available, substantially in the form attached to the Procedures as Exhibit 1F (the "Notice of Interim Order"), on: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (iii) the state attorneys general for states in which the Debtors conduct business; (iv) the United States Attorney for the District of Delaware, District of Massachusetts, and District of Columbia; (v) the Internal Revenue Service; (vi) counsel to the Ad Hoc TL Group; (vii) counsel to the Ad Hoc Revolver Group; (viii) each equity

4

security holder directly registered with the transfer agent for the Debtors' Stock and all banks, brokers, intermediaries, other nominees, or their mailing agents (collectively, "Nominee Holders") that hold the Stock in "street name" for the beneficial holders (with instructions to serve down to the beneficial holders of such Stock, as applicable); (ix) the Notice Parties, to the extent not already covered by clauses (i) through (viii); and (x) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. Additionally, no later than three business days following entry of the Final Order, or as soon as reasonably practicable thereafter, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.      All registered and Nominee Holders of Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or Nominee Holder holds such Stock down the chain of ownership for all such holders of Stock.

c.      Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Stock, or any broker or agent acting on such purchaser's behalf.

d.      To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed with the Court in redacted form; *provided*, *however*, that any such declarations served on the Notice Parties **shall not** be in redacted form. The Notice Parties shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *further*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form. For the avoidance of doubt, nothing herein is authorizing the redaction of the name of any shareholder, nor redaction of the number of shares held.

**Exhibit 1A**

**Declaration of Status as a Substantial Shareholder**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

The undersigned party is/has become a Substantial Shareholder with respect to (i) Class A Common Stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of Class A Common Stock, collectively, the "Common Stock") or (ii) existing classes (or series) of preferred shares or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred shares, collectively, the "Preferred Stock," and together with the Common Stock,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least:  750,889 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), without taking into account Common Stock that is acquired after the Petition Date pursuant to (A) a Redemption or Direct Exchange, each as defined in the limited liability company agreement of Debtor GoHealth Holdings, LLC, or (B) a conversion of Preferred Stock into Common Stock in accordance with the governing terms of such Preferred Stock, or any entity or individual that has Beneficial Ownership of at least 2,250 shares of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

the "Stock") of GoHealth, Inc.   GoHealth, Inc. is a debtor and debtor in possession in Case No. 26-10914 (TMH) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

As of _____ __, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Beneficial Ownership of _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Shares (Common / Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing That Certain Transfers of and Declarations of Worthlessness with Respect to Stock in Violation of the Procedures Shall Be Null and Void, and (III) Granting Related Relief* [Docket No. __] (the "Final

2

Order"), this declaration (this "<u>Declaration</u>") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer identification number (but shall include the last four digits).

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name: _____
Address: _____

_____

Telephone: _____
Facsimile: _____

Dated: _____, 2026
_____, _____
        (City)          (State)

3

**Exhibit 1B**

**Declaration of Intent to Accumulate Stock**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### DECLARATION OF INTENT TO ACCUMULATE STOCK[2]

The undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of (i) Class A Common Stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of Class A Common Stock, collectively, the "Common Stock") or (ii) existing classes (or series) of preferred shares or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least:  750,889 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), without taking into account Common Stock that is acquired after the Petition Date pursuant to (A) a Redemption or Direct Exchange, each as defined in the limited liability company agreement of Debtor GoHealth Holdings, LLC, or (B) a conversion of Preferred Stock into Common Stock in accordance with the governing terms of such Preferred Stock, or any entity or individual that has Beneficial Ownership of at least 2,250 shares of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

shares, collectively, the "Preferred Stock," and together with the Common Stock, the "Stock") of GoHealth, Inc.  GoHealth, Inc. is a debtor and debtor in possession in Case No. 26-10914 (TMH) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

If applicable, on _____ __, __, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and Beneficial Ownership of _____ shares of Preferred Stock.

Pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock or Beneficial Ownership of _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and Beneficial Ownership of _____ shares of Preferred Stock.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing That Certain Transfers of and Declarations of Worthlessness with Respect to Stock in Violation of the Procedures Shall Be Null and Void, and (III) Granting Related Relief* [Docket No. __] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

2

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number (but shall include the last four digits).

Pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

The Debtors and the other Notice Parties have 15 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such 15-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

Any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____, 2026

_____, _____

    (City)        (State)

4

**<u>Exhibit 1C</u>**

**Declaration of Intent to Transfer Stock**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GOHEALTH, INC., *et al.*,[1] | ) ) | Case No. 26-10914 (TMH) |
| Debtors. | ) ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF INTENT TO TRANSFER STOCK[2]

The undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of (i) Class A Common Stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of Class A Common Stock, collectively, the "Common Stock") or (ii) existing classes (or series) of preferred shares or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred shares,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least:  750,889 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), without taking into account Common Stock that is acquired after the Petition Date pursuant to (A) a Redemption or Direct Exchange, each as defined in the limited liability company agreement of Debtor GoHealth Holdings, LLC, or (B) a conversion of Preferred Stock into Common Stock in accordance with the governing terms of such Preferred Stock, or any entity or individual that has Beneficial Ownership of at least 2,250 shares of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

collectively, the "Preferred Stock," and together with the Common Stock, the "Stock") of GoHealth, Inc.  GoHealth, Inc. is a debtor and debtor in possession in Case No. 26-10914 (TMH) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and Beneficial Ownership of _____ shares of Preferred Stock.

Pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock or Beneficial Ownership of _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and Beneficial Ownership of _____ shares of Preferred Stock.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing That Certain Transfers of and Declarations of Worthlessness with Respect to Stock in Violation of the Procedures Shall Be Null and Void, and (III) Granting Related Relief* [Docket No. __] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number (but shall include the last four digits).

Pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

The Debtors and the other Notice Parties have 15 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such 15-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

Any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

3

Respectfully submitted,

(Name of Declarant)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____, 2026

_____, _____

(City)          (State)

4

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER**

The undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of (i) Class A Common Stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of Class A Common Stock, collectively, the "Common Stock") or (ii) existing classes (or series) of preferred shares or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred shares, collectively, the "Preferred Stock," and together with the Common Stock, the "Stock") of GoHealth, Inc.  GoHealth, Inc. is a debtor and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2022, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

debtor in possession in Case No. 26-10914 (TMH) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

As of _____ __, ___, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and Beneficial Ownership of _____ shares of Preferred Stock. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Shares (Common / Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing That Certain Transfers of and Declarations of Worthlessness with Respect to Stock in Violation of the Procedures Shall Be Null and Void, and (III) Granting Related Relief* [Docket No. __] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

2

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number (but shall include the last four digits).

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____, 2026

_____, _____

     (City)       (State)

**Exhibit 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

The undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more shares of (i) Class A Common Stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of Class A Common Stock, collectively, the "Common Stock") or (ii) existing classes (or series) of preferred shares or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred shares, collectively, the "Preferred Stock," and together with the Common Stock, the "Stock") of GoHealth, Inc.  GoHealth, Inc. is a debtor and debtor in possession in Case No.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]     For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2022, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

26-10914 (TMH) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and Beneficial Ownership of _____ shares of Preferred Stock.

Pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____ and _____ shares of Preferred Stock became worthless during the tax year ending _____.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing That Certain Transfers of and Declarations of Worthlessness with Respect to Stock in Violation of the Procedures Shall Be Null and Void, and (III) Granting Related Relief* [Docket No. __] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number (but shall include the last four digits).

Pursuant to the Final Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have 15 calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein. If the Debtors or any of the other Notice Parties file

2

an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such 15-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

Any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional 15-day waiting period.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____
Address:  _____

_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 2026
_____, _____

    (City)       (State)

3

**<u>Exhibit 1F</u>**

**Notice of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF FINAL ORDER
(I) APPROVING NOTIFICATION AND HEARING
PROCEDURES FOR CERTAIN TRANSFERS OF AND
DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO STOCK,
(II) DIRECTING THAT CERTAIN TRANSFERS OF AND DECLARATIONS
OF WORTHLESSNESS WITH RESPECT TO STOCK IN VIOLATION OF THE
PROCEDURES SHALL BE NULL AND VOID, AND (III) GRANTING RELATED RELIEF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES
OF CLASS A COMMON STOCK (THE "COMMON STOCK") OR PREFERRED STOCK
(THE "PREFERRED STOCK," AND COLLECTIVELY WITH THE COMMON STOCK,
THE "STOCK") OF GOHEALTH, INC.:**

**PLEASE TAKE NOTICE** that on June 7, 2026 (the "Petition Date"), the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United

States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of

the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the

Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the

Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the

*Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification
numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162);
e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth,
LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter
11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

*Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing That Certain Transfers of and Declarations of Worthlessness with Respect to Stock in Violation of the Procedures Shall Be Null and Void, and (III) Granting Related Relief* [Docket No. 16] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2026, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing That Certain Transfers of and Declarations of Worthlessness with Respect to Stock in Violation of the Procedures Shall Be Null and Void, and (III) Granting Related Relief* [Docket No. __] (the "Final Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Stock, set forth in Exhibit 1 attached to the Final Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock or Preferred Stock or Beneficial Ownership of Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership of Common Stock or Preferred Stock or Beneficial Ownership of Preferred Stock, by a Substantial Shareholder or someone who may become a Substantial Shareholder.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Final Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Beneficial Ownership of Common Stock or Preferred Stock or Beneficial Ownership of Preferred Stock in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Final Order, upon the request of any person or entity, the proposed notice, claims, and solicitation agent for the Debtors, Donlin, Recano & Company, LLC, will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website at https://www.deb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at:  https://www.bankruptcy.angeiongroup.com/gohealth.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, failure to follow the Procedures set forth in the Final Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Final Order shall preclude any person desirous of acquiring any Stock from requesting relief from the Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Final Order expressly conditions or restricts transfers of or declarations of worthlessness with respect to Beneficial Ownership of Stock, nothing in the Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Stock,

3

including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, or other transfer of, or declaration of worthlessness with respect to Common Stock, Beneficial Ownership of Common Stock, or option with respect to Common Stock, or Preferred Stock, Beneficial Ownership of Preferred Stock, or option with respect to Preferred Stock in violation of the Final Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this Court may determine.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order are in addition to the requirements of Fed. R. Bankr. P. 3001(e) and applicable law and do not excuse compliance therewith.

4

Dated: [____], 2026
Wilmington, Delaware

/s/ Draft

| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                joneill@pszjlaw.com
                ecorma@pszjlaw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
David R. Gremling (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          anup.sathy@kirkland.com
                alexandra.schwarzman@kirkland.com
                dave.gremling@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*