**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 5, 6, 7, 57** |

**Hearing Date: July 20, 2026 at 12:00 p.m. (ET)**

**DECLARATION OF ALAN J. CARR IN SUPPORT OF CONFIRMATION OF THE
AMENDED JOINT PREPACKAGED CHAPTER 11 PLAN OF GOHEALTH, INC. AND
ITS DEBTOR AFFILIATES**

I, Alan J. Carr, hereby declare under penalty of perjury as follows:

1.      I am an independent member of the Board of Directors of GoHealth, Inc. (the "Board").  Along with William Transier and Timothy Pohl, I was appointed to the Board in August 2025, at which time the Board created a four-member transformation committee thereof (the "Transformation Committee").    The Transformation Committee was endowed with exclusive power and authority to oversee, review, formulate, negotiate, and recommend to the Board for approval various strategic alternatives, such as potential refinancings, securitizations, mergers, acquisitions, sales, and restructurings.

2.    I am the Managing Member and Chief Executive Officer of Drivetrain, LLC, an independent fiduciary services firm, which I co-founded in 2013.  I am a distressed investing and advisory professional with over 30 years of experience in principal investing, advisory mandates,

---

[1]     The debtors in these chapter 11 cases (collectively, the "Debtors" or the "Company"), along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

4904-1754-0283.6 31802.00001

and board of directors' service, including leading complex financial restructurings and reorganizations in the United States and Europe.

3.   As a member of the Board, I am familiar with the Debtors' businesses, financial affairs, and the Investigation (defined below) discussed herein.

4.   I submit this declaration (the "Declaration") in support of the confirmation of the *Amended Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 141] (as may be further amended, modified, or supplemented from time to time, the "Plan")[2] filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in the above-captioned chapter 11 cases.

5.   In connection with proceeding with confirmation of the Plan, on May 14, 2026, I, along with Mr. Transier and Mr. Pohl as the other independent directors (together with me, the "Independent Directors") of the Transformation Committee, with the assistance of independent counsel, Pachulski Stang Ziehl & Jones LLP ("PSZJ"), commenced an investigation (the "Investigation") to evaluate the Plan's proposed release of claims and causes of action held by the Debtors against the Significant Stockholders, their respective Board designees, and the Company's other current and former directors and officers.  As part of the Investigation, the Independent Directors specifically evaluated and determined whether the Debtors held any claims or causes of action against certain holders of a majority (in the aggregate) of the Company's outstanding equity interests,[3] their respective Board designees, and the Company's other current and former directors and officers.

6.   The Independent Directors met and deliberated concerning the Investigation and received the findings and conclusions of PSZJ based on the work done.  The Independent

---

[2]    Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Plan.

[3]    The holders of a majority of the Company's outstanding equity interests include Clinton Jones and Brandon Cruz (the "Founders," and, together with certain other significant stockholders, the "Significant Stockholders").

4904-1754-0283.6 31802.00001

Directors considered and scrutinized the business purpose, good faith, and financial interests of each relevant Transaction.  While reviewing the analyses and findings of the Investigation, and in my discussions with the other Independent Directors, I relied on the advice of PSZJ, my knowledge and experience generally, and my familiarity with the Debtors' business and goals based on my service and experience as a Board member.

7.  The Investigation included the following specific Transactions:[4]

- "**2025 Priming Facility**."  Pursuant to a new priming credit agreement and 14th amendment to the existing credit agreement dated as of August 6, 2025, the Company's term loan lenders extended a $115 million bridge loan ($80 million in new money and $35 million in rolled up, existing loans).  The Company's revolving facility was also terminated, and outstanding commitments converted into term loans under the existing credit agreement.

- "**PIPE Transaction**."  In 2022, the Company raised approximately $50 million of additional capital by issuing the GoHealth, Inc. Preferred Interests through a private investment in public equity ("PIPE") transaction supported by certain of its largest customers.

- "**2021 Upsizing Transaction**."  In 2021, GoHealth raised an incremental $200 million of capital via an upsized credit facility and refinancing.  This transaction enabled the Company to reduce the interest rate and carrying costs on its indebtedness and the proceeds were deployed to, among other things, acquire high quality leads to grow market share in an increasingly competitive healthcare marketplace landscape. Several amendments were entered into thereafter.

- "**Significant Stockholder Transactions**."  Transactions between GoHealth and any of the Significant Stockholders.[5]

8.  In conducting the Investigation, PSZJ, acting at the Independent Directors' direction, reviewed and analyzed voluminous documents, including documents provided by the Company and publicly accessible.  These documents included:

- Corporate organizational documents, including the certificate of incorporation and the by-laws of GoHealth, Inc.

---

[4] The "Transactions" collectively refers to the 2025 Priming Facility, the PIPE Transaction, the 2021 Upsizing Transaction, and the Controlling Stockholders Transactions.

[5] Certain of the Significant Stockholders or their representatives served on the Board of Directors of GoHealth. Additionally, pursuant to the Stockholders Agreement, certain Significant Stockholders were entitled to appoint additional Directors.

- The Company's annual reports filed with the Securities and Exchange Commission ("SEC").

- The Company's Form 8-Ks filed with the SEC with respect to each of the 2025 Priming Facility, the PIPE Transaction, the 2021 Upsizing Transaction, and, as applicable, the Significant Stockholder Transactions.

- Other SEC filings, including Schedule 13D filings by the Significant Stockholders, certain 8-K Current Reports, and the Company's Proxy Statements (Schedule 14A).

- Board documents, including Board Minutes and materials provided to the Board in connection with meetings of the Board.

- Transaction Documents relating to each of the 2025 Priming Facility, the PIPE Transaction, the 2021 Upsizing Transaction.

- The Plan and Disclosure Statement.

9. Furthermore, PSZJ conducted interviews of (i) Vijay Kotte, CEO and Director of the Company since June of 2022, (ii) Clinton Jones, one of the Founders and the former CEO from 2001 to 2022 and a Director throughout the period subject to the Investigation, and (iii) and a member of a non-Founder Significant Stockholders' investment team, who served as a Director of GoHealth from July of 2024 until August of 2025. No limits were placed on the scope of PSZJ's inquiries in these interviews.

10. With respect to the 2025 Priming Facility, the PIPE Transaction, and the 2021 Upsized Credit Facility, the Independent Directors concluded that each such Transaction was undertaken by GoHealth and its Board (including the Significant Stockholders' Board designees) (a) for a valid business purpose, (b) on an informed basis after obtaining advice from legal and financial advisors and considering alternatives, and (c) in good faith. Based on the Investigation, the Independent Directors also concluded that none of the Significant Stockholders had a financial interest in any of the forgoing Transactions, other than in their respective capacities as holders of GoHealth's equity interests.

4

11.     With respect to Significant Stockholder Transactions, the Investigation found that the non-Founder Significant Stockholders did not receive any transfers from the Debtors other than payments on account of an indemnity claim and claims for expense reimbursements relating to their Board designees, both of which had a justifiable basis.

12.     As for transactions with the Founders—all of which were disclosed in the Company's public filings—the Investigation considered the relevant employment and severance agreements and the process by which those agreements were negotiated and approved by the Board.   Based on the review and analysis, the Independent Directors concluded that the compensation arrangements with the Founders were fair, reasonable, and in the Company's best interests.   The Investigation also included a review of certain real estate leases among affiliates of the Founders and found those transactions to be appropriate under the circumstances.

*          *          *

5

4904-1754-0283.6 31802.00001

13.     Based on the Investigation, I, and the other Independent Directors, believe the releases by the Debtors proposed in the Plan are reasonable, in the best interests of the Debtors and their estates weighing the merits, costs, and distraction of litigation compared to the results and benefits we anticipate under the Plan, and represent an appropriate exercise of the Debtors' business judgment.  In reaching these conclusions, the Independent Directors further considered the value and support given by the Significant Stockholders to facilitate a successful reorganization and effectuate the restructuring transactions, including consenting to an important amendment to a Tax Receivable Agreement, and the importance of providing finality.  For these reasons, the Investigation did not uncover claims or causes of action worth pursuing or maintaining against the Significant Stockholders or their respective Board designees.  The Independent Directors further noted that the Plan's releases are subject to carveouts for actual fraud, gross negligence, and willful misconduct.

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  July 16, 2026                    _____
                                               Alan J. Carr
                                               Independent Director of the Board of GoHealth,
                                               Inc.

6

4904-1754-0283.6 31802.00001