**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF JOHN BURLACU**
**REGARDING THE SOLICITATION AND**
**TABULATION OF VOTES ON, AND ELECTIONS**
**TO OPT IN TO THE THIRD-PARTY RELEASE OF,**
**THE AMENDED JOINT PREPACKAGED CHAPTER 11**
**PLAN OF GOHEALTH, INC. AND ITS DEBTOR AFFILIATES**

I, John Burlacu, hereby declare under penalty of perjury:

1.      I am a Senior Director employed by Donlin, Recano & Company, LLC ("Donlin"), located at 200 Vesey Street, New York, NY 10281.  I am over the age of 18 and not a party to the above-captioned action.  I am duly authorized to submit this declaration (this "Declaration") on behalf of Donlin.  Unless otherwise noted, I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently thereto.

2.      I submit this Declaration with respect to the solicitation of votes and the tabulation of ballots cast on the *Amended Joint Prepackaged Chapter 11 Plan of GoHealth Inc. and Its Debtor Affiliates* [Docket No. 141] (as may be further amended, supplemented, or otherwise modified from time to time, the "Plan").[2]

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the *Debtors' Memorandum of Law in Support of an Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Joint Prepackaged Chapter 11 Plan of Reorganization of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 140],

3.      Prior to the commencement of these chapter 11 cases, GoHealth, Inc. (collectively, with its Debtor subsidiaries, the "Debtors") engaged Donlin as their claims, noticing, and solicitation agent to assist with, among other things, (a) serving solicitation materials to the parties entitled to vote to accept or reject the Plan and (b) tabulating votes cast with respect thereto.  On June 10, 2026, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order Authorizing Retention and Appointment of Donlin, Recano & Company LLC as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Effective as of the Petition Date* [Docket No. 62].  On July 7, 2026, the Debtors filed the *Application of Debtors for Entry of an Order Authorizing the Employment and Retention of Donlin, Recano & Company, LLC as Administrative Advisor Effective as of the Petition Date* [Docket No. 125] (the "Application"). The Application seeks to authorize the Debtors to retain and appoint Donlin under § 327(a) of the Bankruptcy Code as administrative advisor to assist the Debtors with, among other things, the service of solicitation materials and tabulation of votes cast to accept or reject the Plan.  Donlin and its employees have extensive experience in soliciting and tabulating votes to accept or reject chapter 11 plans.  The deadline to file objections to the Application is July 21, 2026 at 4:00 p.m. (prevailing Eastern Time), and the hearing to consider the relief sought in the Application will be held on August 6, 2026 at 11:00 a.m. (ET).

4.      The Debtors established May 12, 2026, as the record date (the "Voting Record Date") for determining which Holders of Claims and Interests were entitled to vote on the Plan. Pursuant to the Plan, only Holders of Claims and Interests in Class 3, Class 4, Class 6, and Class 8 (the "Voting Classes") as of the Voting Record Date were entitled to vote to accept or reject the

---

the Plan, the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 6] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"), or the Scheduling Order (as defined herein), as applicable.

Plan. Holders in the remaining Classes—Classes 1, 2, 5, 7, 9, 10, and 11—were not entitled to vote on the Plan. In consultation with the Debtors' other advisors, Donlin used reports provided by the Debtors' advisors, including a Registered Holder List from Equiniti Trust Company, LLC, the Debtors' transfer agent, to identify parties with Claims or Interests in the Voting Classes as of the Voting Record Date.

5.      On the Petition Date, the Debtors filed the *Preliminary Declaration of John Burlacu Regarding the Solicitation and Tabulation of Votes on, and Elections to Opt In to Third-Party Release of, the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 9] detailing the preliminary voting results with respect to the solicitation of the Initial Solicitation Recipients (as defined below) in order to make the Court and the stakeholders aware of support for the Plan as of the Petition Date.

6.      On June 10, 2026, the Court entered the *Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Approving Related Dates, Deadlines, Notices, and Procedures, (III) Approving the Solicitation Procedures and Related Dates, Deadlines, and Notices, (IV) Conditionally Waiving the Requirement that (A) the U.S. Trustee Convene a Meeting of Creditors and (B) the Debtors File Schedules of Assets and Liabilities, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (V) Granting Related Relief* [Docket No. 57] (the "Scheduling Order"), establishing, among other things, the solicitation procedures regarding votes to accept or reject the Plan (the "Solicitation Procedures"). Donlin adhered to the Solicitation Procedures and caused the Solicitation Packages (as defined below) to be distributed to parties entitled to vote on the Plan. I supervised the solicitation and tabulation performed by Donlin employees.

## I.    THE SOLICITATION PROCESS

7.    On or around May 15, 2026, the Debtors began distributing via email packages containing the Plan and the Disclosure Statement along with the applicable Ballot(s) to certain stakeholders (the "Initial Solicitation Recipients") who were Eligible Holders.[3]    The Initial Solicitation Recipients included all Holders of Class 3 and Class 4 Claims and certain Holders of Class 6 and Class 8 Interests.

8.    On June 7, 2026, the Debtors caused Donlin to begin distributing via email and/or first-class mail (including a postage-prepaid return envelope) packages containing (a) the Solicitation Cover Letter, including instructions to obtain access, free of charge, to the Plan, Disclosure Statement, and the Order, and (b) the applicable Ballot(s) (the "Solicitation Packages") to all Holders of Class 6 and Class 8 Interests as of the Voting Record Date who were not Initial Solicitation Recipients.

9.    The Solicitation Packages delivered to the Holders of Claims and Interests in the Voting Classes provided that such Holders were to follow the instructions contained in the applicable Ballot (and described in the Disclosure Statement).    Each Ballot instructed the Holders of Claims and Interests in the respective Voting Classes to complete and submit their Ballots to cast their votes to accept or reject the Plan.    Holders of Claims and Interests in the Voting Classes were instructed to submit their Ballot by the Lender Voting Deadline or Interests Voting Deadline (each defined below), as applicable, either to Donlin electronically through Donlin's online ballot

---

[3]    I understand that "Eligible Holders" means Holders who are either (a) (i) an "accredited investor" (within the meaning of Rule 501(a) of Regulation D under the Securities Act of 1933, as amended (the "Securities Act")), or (ii) a "qualified institutional buyer" (as defined in Rule 144A of the Securities Act) or (b) not a "U.S. person" (as defined in Regulation S under the Securities Act).

portal by visiting https://www.bankruptcy.angeiongroup.com/gohealthvote, or by returning their Ballot to Donlin via regular mail, overnight mail, or hand delivery.

10.     Through my personal knowledge from supervising the distribution of the Solicitation Packages and acquired from individuals under my supervision, I believe that all Holders of Class 6 and Class 8 Interests who were not Initial Solicitation Recipients were sent Solicitation Packages.  Proof of distribution is evidenced by the *Affidavit of Donlin Recano and Company, LLC. Regarding Service of Solicitation Packages with Respect to the Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and its Debtor Affiliates*, which was filed with the Court on June 10, 2026 [Docket No. 72].

11.     On June 7, 2026, Donlin posted links to electronic versions of the Plan and Disclosure Statement on the public website maintained by Donlin,[4] and on June 10, 2026, Donlin posted links to electronic versions of the Scheduling Order.

12.     On June 9, 2026, Donlin caused the Notices of Non-Voting Status and Opt-In Form to be distributed to Holders of Claims or Interests in Classes 1, 2, 5, 7, and 9, as applicable.  The Notice of Non-Voting Status informed recipients of their status as ineligible to vote.  The Debtors were not required to distribute Notices of Non-Voting Status and Opt-In Form to Classes 10 and 11.  Holders of Claims or Interests in Classes 1, 2, 5, 7, 9, 10, and 11 (collectively, the "Non-Voting Classes") were not provided with Solicitation Packages.

13.     I believe that the Solicitation Packages and Notices of Non-Voting Status and Opt-In Form were distributed in accordance with the Solicitation Procedures.  Proof of distribution of the Notices of Non-Voting Status and Opt-In Form is evidenced by the *Supplemental Affidavit of Donlin Recano and Company, LLC Regarding Service of Solicitation Packages with Respect to*

---

[4]     https://www.bankruptcy.angeiongroup.com/Clients/ghi/Index.

*the Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates*, which was filed with the Court on June 15, 2026 [Docket No. 87].

14. Starting on June 10, 2026, Donlin caused the *Notice of (I) Commencement of Prepackaged Chapter 11 Bankruptcy Cases, (II) Confirmation Hearing on the Disclosure Statement, Confirmation of the Joint Prepackaged Chapter 11 Plan, and Related Matters, and (III) Related Objection and Briefing Deadlines*, substantially in the form attached as <u>Exhibit 1</u> to the Scheduling Order (the "<u>Confirmation Hearing Notice</u>") to be served via U.S. first class mail upon all parties in interest. In addition, the Debtors caused notice regarding the commencement of the chapter 11 cases and the Confirmation Hearing (the "<u>Publication Notice</u>") to be published in *The New York Times* (national edition) on June 13, 2026.[5] The Confirmation Hearing Notice was also made available at no charge on the public website maintained by the Claims and Noticing Agent at: https://www.bankruptcy.angeiongroup.com/Clients/ghi/Index.

## II. THE TABULATION PROCESS

15. Donlin reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan. Each Ballot submitted to Donlin was processed in accordance with the tabulation procedures outlined in the Solicitation Procedures. To be included in the tabulation results as valid, a Ballot from a Holder of a Claim in Class 3 or Class 4 must have been (a) completed and executed by the relevant Eligible Holder entitled to vote on the Plan (or such Eligible Holder's authorized representative) and (b) received by Donlin on or before 5:00 p.m. (prevailing Eastern Time) on May 19, 2026 (the "<u>Lender Voting Deadline</u>"), to be held in escrow

---

[5] *See Proof of Publication* [Docket No. 90].

pending release by June 7, 2026 at 12:00 p.m.[6]  Ballots from Holders of Claims in Class 3 or Class 4 received by Donlin after the Lender Voting Deadline may be counted only in the discretion of the Debtors.  Certain parties submitted their Ballots after the Lender Voting Deadline that were accepted by the Debtors.

16.     With respect to Classes 6 and 8, to be included in the tabulation results as valid, such Holders' Ballots must have been (a) completed and executed by the relevant Eligible Holder entitled to vote on the Plan (or such Eligible Holder's authorized representative) and (b) received by Donlin by July 8, 2026, at 4:00 p.m. (prevailing Eastern Time) (the "Interests Voting Deadline" and together with the Lender Voting Deadline, the "Voting Deadlines").  Ballots from Holders of Interests in Class 6 or Class 8 received by Donlin after the Interests Voting Deadline may be counted only in the discretion of the Debtors.  Donlin did not receive any ballots from Holders of Interests in Class 6 or Class 8 after the Interests Voting Deadline.

17.     Set forth below is a summary of the voting results with respect to the Voting Classes tabulated on a consolidated basis:

| Total Ballots Received | | | |
|---|---|---|---|
| **Accept** | | **Reject** | |
| **Number** *(% of Number)* | **Amount** *(% of Amount)* | **Number** *(% of Number)* | **Amount** *(% of Amount)* |
| **Class 3 – Super-Priority Lien Claims** | | | |
| 33 *(100%)* | $173,952,831.80 *(100%)* | 0 *(0%)* | $0 *(0%)* |
| **Class 4 – First Lien Claims** | | | |
| 36 *(100%)* | $592,573,890.20 *(100%)* | 0 *(0%)* | $0 *(0%)* |

---

[6]    To comply with applicable nonbankruptcy law and consistent with the Solicitation Procedures, prior to the Petition Date, the Debtors only solicited votes from, and Donlin only accepted votes that were submitted by, Eligible Holders.

| Class 6 – GoHealth Holdings Interests | | | |
|---|---|---|---|
| 5 (100%) | $12,588,769.00 (100%)[7] | 0 (0%) | $0 (0%) |
| Class 8 – GoHealth, Inc. Class A Common Stock | | | |
| 2,799 (97.83%) | $10,771,555.89 (99.62%) | 62 (2.17%) | $40,656.32 (0.38%) |

18.    The final tabulation of votes cast by timely and properly completed Ballots received by Donlin (unless the Debtors directed Donlin to count a Ballot received after the applicable Voting Deadline) is attached hereto as **Exhibit A**.  The detailed Ballot reports for Class 3, Class 4, Class 6, and Class 8 are attached hereto as **Exhibit A-1**, **Exhibit A-2**, **Exhibit A-3**, and **Exhibit A-4**, respectively.  The Ballots received by Donlin are stored at Donlin's office and are available for inspection or submission to this Court.

## III.    BALLOTS THAT WERE NOT COUNTED

19.    The Nominee agents informed Donlin that they received 73 ballots that abstained from voting on the Plan, and such ballots were not included in the tabulation above.  Donlin included all other ballots that it received in the tabulation above because they satisfied the requirements for a valid Ballot as set forth in the Scheduling Order.

## IV.    OPT-IN ELECTIONS OF THE VOTING CLASSES

20.    With the exception of Holders of Claims and Interests in Class 10 and Class 11, all Holders of Claims and Interests had the opportunity to opt in to the Third-Party Release.  Holders of Claims in Class 3 and Class 4 could opt in by either (a) voting in favor of the Plan or (b) checking the "Opt-In" box on the applicable Ballot, Holders of Claims in Class 6 and Class 8 could opt in by checking the "Opt-In" box on the applicable Ballot, regardless of whether such

---

[7]    Greater than 99% of total GoHealth Holdings Interests, excluding Interests held by GoHealth, Inc., voted to accept the Plan.

Holders voted to accept or reject the Plan, and Holders of Claims and Interests in the Non-Voting Classes could opt in by checking the "Opt-In" box on the Opt-In Form.

21.    Donlin reviewed and documented elections recorded on the Ballots from Holders of Claims and Interests in the Voting Classes and the Opt-In Forms completed by Holders of Claims and Interests in the Non-Voting Classes.  A report of all Entities who opted in to the Plan releases is attached hereto as **Exhibit B**.[8]

22.    As of the Interests Voting Deadline, 275 parties affirmatively opted in to the Third-Party Release by, as applicable, voting to accept the Plan, completing and returning a Ballot with the applicable box checked, or completing and returning the applicable Opt-In Form.

23.    The Ballots, the Notices of Non-Voting Status and Opt-In Forms, the Publication Notice, and the Confirmation Hearing Notice each quoted the entirety of the Debtor Release, Third-Party Release, exculpation, and injunction provisions in bold, conspicuous font, clearly informing such Holders of the steps they should take if they disagreed with the scope of the release.

24.    This Declaration does not certify the validity or enforceability of any opt-in elections received, including those reported on **Exhibit B**, but rather is providing these opt-in election results for reporting and informational purposes only.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 16, 2026                    _/s/ John Burlacu_____
                                              Name:  John Burlacu
                                              Title:   Senior Director
                                                       Donlin, Recano & Company, LLC

---

[8]    One Opt-In Form was received by Donlin after the Interests Voting Deadline and was accepted by the Debtors.