**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: September 2, 2026 at 4:00 p.m. (ET)**
**Hearing Date: September 29, 2026 at 1:00 p.m. (ET)**

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM JUNE 7, 2026 THROUGH JULY 21, 2026**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of June 7, 2026 by order signed July 23, 2026 |
| Period for which Compensation and Reimbursement is Sought: | June 7, 2026 through July 21, 2026[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $609,439.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 17,298.90 |
| Rates are Higher than those Approved or Disclosed at Retention? Yes__ No__<br>If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | As disclosed in its retention application the Firm's standard hourly rates are subject to periodic adjustment. The actual rates charged are disclosed herein and in the attached invoice. |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

| | |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |
| Number of Professionals Included in this Application: | 13 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | 0 |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for this Period: | ($94,561.00) |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 6 |

This is a: ☐monthly ☐ interim ☒final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $2,000.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $2,050.00 | 27.00 | $ 55,350.00 |
| James E. O'Neill | Partner 2005; Member of PA Bar since 1985; Member of DE Bar since 2001 | $1,595.00 | 82.00 | $130,790.00 |
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $2,250.00 | 73.30 | $164,925.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,795.00 | 65.70 | $117,931.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 950.00 | 66.30 | $ 62,985.00 |
| Cheryl A. Knotts | Paralegal | $ 625.00 | 0.80 | $ 500.00 |
| Karina K. Yee | Paralegal | $ 650.00 | 49.00 | $ 31,850.00 |
| Melissa N. Flores | Paralegal | $ 650.00 | 2.30 | $ 1,495.00 |
| Patricia E. Cuniff | Paralegal | $ 650.00 | 4.40 | $ 2,860.00 |
| Patricia J. Jeffries | Paralegal | $ 695.00 | 1.00 | $ 695.00 |
| Andrea R. Paul | Case Management Assistant | $ 525.00 | 5.40 | $ 2,835.00 |
| David Crosby Jr. | Case Management Assistant | $ 525.00 | 4.30 | $ 2,257.50 |
| Gary L. Arnold | Case Management Assistant | $ 525.00 | 66.60 | $ 34,965.00 |

| | |
|---|---|
| **Grand Total:** | **$609,439.00** |
| **Total Hours:** | **448.10** |
| **Blended Rate:** | **$1,360.05** |

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 0.40 | $ 638.00 |
| Bankruptcy Litigation | 269.70 | $378,840.50 |
| Case Administration | 25.70 | $ 15,245.00 |
| Corporate Governance | 19.40 | $ 34,823.00 |
| Claims Administration and Objections | 2.40 | $ 5,140.00 |
| PSZJ Compensation | 1.40 | $ 2,500.00 |
| First Day Matters | 21.60 | $ 17,410.50 |
| Financial Filings | 7.60 | $ 10,647.00 |
| Financing/Cash Collateral/Cash Management | 4.00 | $ 4,136.00 |
| General Creditors Committee | 0.70 | $ 1,256.50 |
| Operations | 8.30 | $ 13,238.50 |
| Plan and Disclosure Statement | 61.50 | $ 90,107.00 |
| PSZJ Retention | 7.60 | $ 8,946.50 |
| Other Professional Retention | 17.80 | $ 26,510.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Working Meals | Panera; Shoprite | $ 235.39 |
| Delivery/Courier Service | Advita | $ 82.50 |
| Court Fees | USBC | $14,204.00 |
| Pacer - Court Research | | $ 263.50 |
| Reproduction Expense | | $ 2,177.20 |
| Transcript | Reliable Companies | $ 335.80 |
| Westlaw - Legal Research | | $ 0.51 |

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: September 2, 2026 at 4:00 p.m. (ET)**
**Hearing Date: September 29, 2026 at 1:00 p.m. (ET)**

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM JUNE 7, 2026 THROUGH JULY 21, 2026**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Co-Counsel for the Debtors and Debtors in Possession ("Debtors"), hereby submits its First and Final Application for Compensation and for Reimbursement of Expenses for the Period from June 7, 2026 through July 21, 2026 (the "Application").

By this Application PSZ&J seeks a final allowance of compensation in the amount of $609,439.00 and actual and necessary expenses in the amount of $17,298.90 for a total final allowance of $626,737.90 and payment of the unpaid portion of such fees and expenses for the period June 7, 2026 through July 21, 2026 (the "Fee Period"):

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

**Background**

1. On June 7, 2026, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The retention of PSZ&J, as Co-Counsel for the Debtors, was approved effective as of June 7, 2026 by this Court's "Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date," signed on or about July 23, 2026 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

4. Attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy Code must comply with certain requirements of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines"). The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these cases: Exhibit "A", Customary and Comparable

Compensation Disclosures with Fee Applications; Exhibit "B", Summary of Timekeepers Included in this Fee Application, Exhibit "C-1", Budget; Exhibit "C-2", Staffing Plan; Exhibit "D-1", Summary of Compensation Requested by Project Category; Exhibit "D-2", Summary of Expense Reimbursement Requested by Category; and Exhibit "E", Summary Cover Sheet of Fee Application.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5. By this Application, PSZ&J requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZ&J from June 7, 2026 through July 21, 2026. To the extent that PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J reserves the right, and respectfully requests that the Court authorize PSZ&J, to file a supplemental fee application(s) and submit a certificate of no objection and order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application.

6. At all relevant times, PSZ&J has not represented any party having an interest adverse to these cases.

7. At all relevant times, PSZ&J has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

8. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors, and not on behalf of any committee, creditor or other person.

9. PSZ&J, and any partner, of counsel, or associate thereof, have received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than among the partners, of counsel, or associates of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $350,000.00 in connection with the preparation of initial documents and its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J was credited to the Debtors and used as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by the Court in accordance with the Bankruptcy Code.

10. The professional services and related expenses for which PSZ&J requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZ&J's professional responsibilities as attorneys for the Debtors in these chapter 11 cases. PSZ&J's services have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.

**Fee Statements**

11. The fee statements for the Fee Period are attached hereto as Exhibit F. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Fee Period. To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

12. A summary of actual and necessary expenses incurred by PSZ&J for the Fee Period is attached hereto as part of Exhibit F. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

13. PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long-distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

14. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

15. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

16. The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Fee Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Fee Period, are set forth in the attached Exhibit A.

17. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and

narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

18. The services rendered by PSZ&J during the Fee Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit F. Exhibit F identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A. Asset Disposition

19. This category relates to work regarding sales and other asset disposition issues. During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding an inquiry relating to digital assets.

Fees: $638.00; Hours: 0.40

### B. Bankruptcy Litigation

20. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Fee Period, the Firm, among other things: (1) performed work regarding First Day Motions and Orders; (2) performed work regarding Agenda Notices

and Hearing Binders; (3) performed work regarding witness and exhibit lists; (4) performed work regarding *pro hac vice* motions; (5) performed work regarding the investigation of potential causes of action; (6) prepared for and attended a First Day hearing on June 9, 2026; (7) reviewed and analyzed claims related to insiders; (8) performed work regarding document collection relating to investigation issues; (9) performed wok regarding First Day notices; (10) reviewed and analyzed information regarding the Board and Founders; (11) performed work regarding a confirmation hearing notice; (12) reviewed and analyzed documents relating to an investigation; (13) reviewed and analyzed issues regarding Founders' compensation and benefits; (14) reviewed and analyzed issues regarding Board composition and changes over time; (15) reviewed and analyzed Centerbridge agreements; (16) reviewed and analyzed corporate filings relating to investigation issues; (17) attended to scheduling and deadline issues; (18) reviewed and analyzed Second Day hearing issues; (19) performed work regarding a Board of Director timeline; (20) performed work regarding Second Day orders; (21) reviewed and analyzed issues regarding interviews; (22) performed work regarding the A. Carr declaration; (23) performed work regarding an Omnibus hearing date order; (24) reviewed and analyzed issues regarding insider transactions; (25) performed work regarding an outline for interviews; (26) prepared for and attended the V. Kotte and Clint Jones interviews; (27) performed work regarding a memorandum relating to interviews; (28) performed work regarding a memorandum to Independent Directors; (29 prepared for and attended a meeting with Independent Directors regarding investigative findings and conclusions; (30) performed work regarding revisions to the

A. Carr Declaration; (31) prepared for and attended a hearing on July 20, 2026; and (32) corresponded and conferred regarding bankruptcy litigation issues.

Fees: $378,840.50; Hours: 269.70

**C. Case Administration**

21. This category relates to work regarding administration of this case. During the Fee Period, the Firm, among other things: (1) performed work regarding *pro hac vice* motions; (2) maintained document control; (3) maintained a memorandum of critical dates; (4) reviewed and analyzed issues regarding SEC filings; and (5) maintained service lists.

Fees: $15,245.00; Hours: 25.70

**D. Corporate Governance**

22. This category relates to work regarding corporate governance issues. During the Fee Period, the Firm, among other things: (1) reviewed and analyzed bankruptcy filings in connection with investigation issues; (2) reviewed and analyzed securities filings; (3) reviewed and analyzed issues regarding corporate history and transactions; (4) performed work regarding a memorandum relating to the investigation of potential claims; (5) reviewed and analyzed Board documents; and (6) corresponded and conferred regarding corporate governance issues.

Fees: $34,823.00; Hours: 19.40

**E. Claims Administration and Objections**

23. This category relates to work regarding claims administration and claims objections. During the Fee Period, the Firm, among other things, responded to creditor inquires.

Fees: $5,140.00; Hours: 2.40

**F. PSZJ Compensation**

24. This category relates to issues regarding compensation of the Firm. During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding the Firm's invoices in anticipation of preparation of a final fee application.

Fees: $2,500.00; Hours: 1.40

**G. First/Second Day Matters**

25. This category relates to work regarding First Day matters. During the Fee Period, the Firm, among other things: (1) performed work regarding an interim insurance order; (2) performed work regarding a notice of entry of the joint administration order; (3) performed work regarding notices of entry of interim orders and of final hearings regarding cash management, creditor matrix, all trade claims, insurance, carrier programs, net operating loss, taxes and wages motions; (4) performed work regarding certifications of no objection regarding cash management, creditor matrix, all trade claims, insurance, carrier programs, net operating loss, taxes and wages motions; (5) reviewed and analyzed issues regarding updates relating to Second Day matters; (6) performed work regarding proposed Second Day orders; (7) reviewed and analyzed issues regarding a witness and exhibit list; and (8) corresponded regarding First Day matters.

Fees: $17,410.50; Hours: 21.60

**H. Financial Filings**

26. This category relates to issues regarding compliance with reporting requirements. During the Fee Period, the Firm, among other things: (1) reviewed and analyzed

Initial Debtor Interview ("IDI") documents; (2) reviewed and analyzed IDI strategy issues; (3) prepared for and attended an IDI on June 18, 2026; and (4) corresponded and conferred regarding financial filings issues.

Fees: $10,647.00; Hours: 7.60

**I. Financing/Cash Collateral/Cash Management**

27. This category relates to issues regarding Debtor in Possession financing and use of cash collateral, and cash management. During the Fee Period, the Firm, among other things: (1) performed work regarding a cash collateral motion; (2) performed work regarding a cash collateral order; and (3) corresponded regarding financing issues.

Fees: $4,136.00; Hours: 4.00

**J. General Creditors' Committee**

28. This category relates to general creditors' committee matters. During the Fee Period, the Firm, among other things, reviewed and analyzed investigation issues.

Fees: $1,256.50; Hours: 0.70

**K. Operations**

29. This category relates to issues regarding operations. During the Fee Period, the Firm, among other things, performed work regarding final cash management, customer practices, net operating loss and insurance orders.

Fees: $13,238.50; Hours: 8.30

**L. Plan and Disclosure Statement**

30. This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Fee Period, the Firm, among other things: (1) performed

work regarding a notice of entry of solicitation order; (2) performed work regarding a notice of confirmation hearing; (3) reviewed and analyzed confirmation timeline issues; (4) reviewed and analyzed Plan issues; (5) performed work regarding a confirmation order; (6) performed work regarding a Plan Supplement; (7) performed work regarding a notice of adjournment of confirmation hearing; (8) reviewed and analyzed issues regarding a tax receivable agreement; (9) reviewed and analyzed evidence and witness issues; (10) reviewed and analyzed confirmation strategy issues; (11) performed work regarding a confirmation brief; (12) performed work regarding a First Amended Plan; (13) performed work regarding notices of the First Amended Plan and proposed confirmation order; (14) performed work regarding Agenda Notices; (15) performed work regarding a confirmation hearing witness and exhibit list; (16) performed work regarding the declaration of A. Carr in Support of Amended Joint Prepackaged Plan; (17) performed work regarding the Declaration of John Burlacu regarding solicitation and voting issues; (18) performed work regarding a notice of revised proposed confirmation order; (19) prepared for and attended a confirmation hearing on July 20, 2026; (20) reviewed and analyzed Effective Date issues; (21) performed work regarding a Second Amended Plan Supplement and related notice; (22) performed work regarding a notice of Effective Date; and (23) corresponded and conferred regarding Plan issues.

Fees: $90,107.00; Hours: 61.50

**M. PSZJ Retention**

31. This category relates to issues regarding retention of the Firm. During the Fee Period, the Firm, among other things, performed work regarding the Firm's retention application and order.

Fees: $8,946.50; Hours: 7.60

**N. Other Professional Retention**

32. This category relates to issues regarding the retention of professionals, other than the Firm. During the Fee Period, the Firm, among other things: (1) performed work regarding a notice of entry of the Donlin Recano retention order; (2) reviewed and analyzed the status of professional fee applications; (3) performed work regarding the Kirkland Ellis, Alvarez Marsal, and Donlin Recano retention applications; (4) reviewed and analyzed United States Trustee comments regarding retention issues; (5) performed work regarding revised orders approving the retention of Kirkland Ellis, Alvarez Marsal, and Donlin Recano; and (6) corresponded regarding retention issues.

Fees: $26,510.50; Hours: 17.80

**Valuation of Services**

33. Attorneys and paraprofessionals of PSZ&J expended a total 448.10 hours in connection with their representation of the Debtors during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $2,050.00 | 27.00 | $ 55,350.00 |
| James E. O'Neill | Partner 2005; Member of PA Bar since 1985; Member of DE Bar since 2001 | $1,595.00 | 82.00 | $130,790.00 |
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $2,250.00 | 73.30 | $164,925.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,795.00 | 65.70 | $117,931.50 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 950.00 | 66.30 | $ 62,985.00 |
| Cheryl A. Knotts | Paralegal | $ 625.00 | 0.80 | $ 500.00 |
| Karina K. Yee | Paralegal | $ 650.00 | 49.00 | $ 31,850.00 |
| Melissa N. Flores | Paralegal | $ 650.00 | 2.30 | $ 1,495.00 |
| Patricia E. Cuniff | Paralegal | $ 650.00 | 4.40 | $ 2,860.00 |
| Patricia J. Jeffries | Paralegal | $ 695.00 | 1.00 | $ 695.00 |
| Andrea R. Paul | Case Management Assistant | $ 525.00 | 5.40 | $ 2,835.00 |
| David Crosby Jr. | Case Management Assistant | $ 525.00 | 4.30 | $ 2,257.50 |
| Gary L. Arnold | Case Management Assistant | $ 525.00 | 66.60 | $ 34,965.00 |

| | |
|---|---|
| **Grand Total:** | **$609,439.00** |
| **Total Hours:** | **448.10** |
| **Blended Rate:** | **$1,360.05** |

34. The nature of work performed by these persons is fully set forth in Exhibit F attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Fee Period is $609,439.00.

**Statement from PSZ&J**

35. Pursuant to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, PSZ&J responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | NO | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application higher by 10% or more, did you discuss the reasons for the variation with the client? | | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | NO | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | NO | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | NO | |

| | | | |
|---|---|---|---|
| If the fee application includes any rate increases since retention in these Cases:<br>i. Did your client review and approve those rate increases in advance?<br>ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | N/A | |

36. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of June 7, 2026 through July 21, 2026, a final allowance be made to PSZ&J in the sum of $609,439.00 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $17,298.90 for reimbursement of actual and necessary costs and expenses incurred, for a total of $626,737.90; that Debtors be authorized and directed to pay to PSZ&J the outstanding amount of such sums; that to the extent PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J may file a supplemental fee application(s) and submit a certificate of no objection and

order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application; and for such other and further relief as this Court deems proper.

Dated: August 12, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
ecorma@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

**DECLARATION**

STATE OF DELAWARE :
:
COUNTY OF NEW CASTLE :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with such Rule.

*/s/ Laura Davis Jones*
Laura Davis Jones