**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| Reorganized Debtors. | ) | (Jointly Administered) |

**SUMMARY COVER SHEET**
**TO THE FIRST AND FINAL FEE**
**APPLICATION OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP,**
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR**
**THE PERIOD FROM JUNE 7, 2026, THROUGH AND INCLUDING JULY 21, 2026**

| | |
|---|---|
| Name of Applicant: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | July 23, 2026, effective as of June 7, 2026 |
| Final Period for which Compensation and Reimbursement is Sought: | June 7, 2026, through July 21, 2026 |
| Final Amount of Compensation Sought as Actual, Reasonable and Necessary: | $4,025,538.00 |
| Final Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $53,128.78 |

This is a(n) ___ monthly ___ interim _X_ final application

This Fee Application includes 1.10 hours and $1,446.50 in fees incurred in connection with the preparation of this Fee Application.

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of the Reorganized Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

| SUMMARY OF FINAL APPLICATION | |
|---|---|
| Name of Applicant | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Name of Client | Debtors and Debtors in Possession |
| Time Period Covered by Final Application | June 7, 2026 – July 21, 2026 |
| Total Compensation Sought During Final Application Period after all Voluntary Reductions | $4,025,538.00 |
| Total Expenses Sought During the Final Application Period | $53,128.78 |
| Petition Date | June 7, 2026 |
| Retention Date | June 7, 2026 |
| Date of Order Approving Employment | July 23, 2026 |
| Total Allowed Compensation Paid to Date | N/A |
| Total Allowed Expenses Paid to Date | N/A |
| Blended Rate in Final Application for all Attorneys | $1,514.88 |
| Blended Rate in Final Application for all Timekeepers | $1,475.26 |
| Number of Professionals Included in Final Application | 51 |
| If Applicable, Number of Professionals in Final Application not Included in Staffing Plan Approved by Client | 10 |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought During Final Application Period | N/A |
| Number of Professionals Billing Fewer than 15 hours to the Case during Final Application Period | 26 |
| Are Any Rates Higher Than Those Approved or Disclosed at Retention? | No |

**Summary of Hours by Professional Billed in Final Fee Period**

| **Attorney Name** | **Position** | **Department** | **Date of Admission** | **Hourly Billing Rate** In this Application | **Hours Billed** In this Application | **Fees Billed** In this Application |
|---|---|---|---|---|---|---|
| Thad W. Davis, P.C. | Partner | Taxation | 2005 | $2,575.00 | 5.10 | $13,132.50 |
| Sharon Freiman, P.C. | Partner | Corporate - Capital Markets | 2015 | $2,525.00 | 20.60 | $52,015.00 |
| Chad J. Husnick, P.C. | Partner | Restructuring | 2004 | $2,975.00 | 1.20 | $3,570.00 |
| Polina Liberman, P.C. | Partner | Taxation | 2010 | $2,725.00 | 14.20 | $38,695.00 |
| P. Paul Rezvani, P.C. | Partner | Corporate - Debt Finance | 2013 | $2,395.00 | 30.40 | $72,808.00 |
| Anup Sathy, P.C. | Partner | Restructuring | 1995 | $2,975.00 | 58.20 | $173,145.00 |
| Alexandra Schwarzman, P.C. | Partner | Restructuring | 2012 | $2,395.00 | 55.70 | $133,401.50 |
| Stephen I. Brecher | Partner | ECEB - Executive Compensation | 2000 | $2,525.00 | 1.80 | $4,545.00 |
| David Cummings | Partner | Litigation - General | 2013 | $1,875.00 | 4.20 | $7,875.00 |
| Susan D. Golden | Partner | Restructuring | 1988 | $2,095.00 | 4.80 | $10,056.00 |
| Dave Gremling | Partner | Restructuring | 2019 | $1,895.00 | 317.80 | $602,231.00 |
| Parimah Hassouri | Partner | Corporate - M&A/Private Equity | 2009 | $2,095.00 | 5.20 | $10,894.00 |
| Jimin He | Partner | Corporate - M&A/Private Equity | 2018 | $1,895.00 | 5.40 | $10,233.00 |
| Erik Hepler | Partner | Corporate - Debt Finance | 1990 | $2,525.00 | 1.00 | $2,525.00 |
| Jacob A. Klapholz | Partner | Corporate - Debt Finance | 2017 | $1,895.00 | 18.50 | $35,057.50 |
| Chris Koenig | Partner | Restructuring | 2014 | $2,395.00 | 1.40 | $3,353.00 |
| William T. Pruitt | Partner | Litigation - General | 2004 | $2,095.00 | 2.30 | $4,818.50 |
| Ana Sempertegui | Partner | Corporate - Capital Markets | 2010 | $2,095.00 | 20.10 | $42,109.50 |

| **Attorney Name** | **Position** | **Department** | **Date of Admission** | **Hourly Billing Rate** In this Application | **Hours Billed** In this Application | **Fees Billed** In this Application |
|---|---|---|---|---|---|---|
| Ravi Subramanian Shankar | Partner | Litigation - General | 2011 | $1,875.00 | 51.30 | $96,187.50 |
| Van Whiting | Partner | Corporate - Capital Markets | 2015 | $1,895.00 | 31.80 | $60,261.00 |
| Gabrielle Abbe | Associate | Restructuring | 2022 | $1,515.00 | 44.50 | $67,417.50 |
| | | | | $1,595.00 | 42.40 | $67,628.00 |
| Aburiyeba Ibiye Amaso | Associate | Corporate - M&A/Private Equity | 2021 | $1,595.00 | 6.80 | $10,846.00 |
| Jared Bucholtz | Associate | Restructuring | 2025 | $965.00 | 123.80 | $119,467.00 |
| | | | | $1,175.00 | 123.20 | $144,760.00 |
| Amanda Damon | Associate | Restructuring | 2025 | $1,175.00 | 124.90 | $146,757.50 |
| | | | | $1,315.00 | 121.90 | $160,298.50 |
| Devin DiSabatino | Associate | Litigation - General | 2025 | $950.00 | 6.30 | $5,985.00 |
| | | | | $1,125.00 | 0.70 | $787.50 |
| Tysan Holloman | Associate | Restructuring | 2024 | $1,175.00 | 50.60 | $59,455.00 |
| | | | | $1,315.00 | 8.10 | $10,651.50 |
| Luka Knezevic | Associate | Restructuring | 2025 | $1,175.00 | 114.20 | $134,185.00 |
| | | | | $1,315.00 | 29.40 | $38,661.00 |
| Sooyeon Lee | Associate | Corporate - Capital Markets | 2023 | $1,315.00 | 2.30 | $3,024.50 |
| | | | | $1,515.00 | 23.60 | $35,754.00 |
| Anthony J. Maresco | Associate | Restructuring | 2023 | $1,315.00 | 196.40 | $258,266.00 |
| | | | | $1,515.00 | 163.50 | $247,702.50 |
| Ethan Matthews | Associate | Taxation | 2025 | $995.00 | 12.90 | $12,835.50 |
| | | | | $1,215.00 | 8.10 | $9,841.50 |
| Rohit Pappu | Associate | Restructuring | 2025 | $965.00 | 86.40 | $83,376.00 |
| | | | | $1,175.00 | 50.60 | $59,455.00 |
| Priya Pookkulam | Associate | Litigation - General | 2026 | $1,125.00 | 9.70 | $10,912.50 |
| Anthony Porcelli | Associate | Restructuring | 2026 | $965.00 | 72.00 | $69,480.00 |
| | | | | $1,175.00 | 60.60 | $71,205.00 |
| Rebecca L. Ritchie | Associate | Restructuring | 2021 | $1,595.00 | 69.10 | $110,214.50 |
| | | | | $1,675.00 | 70.60 | $118,255.00 |
| Jake Rosen | Associate | Corporate - Debt Finance | 2021 | $1,595.00 | 20.90 | $33,335.50 |
| | | | | $1,675.00 | 21.60 | $36,180.00 |
| Matthew Schaible | Associate | Litigation - General | 2023 | $1,420.00 | 5.80 | $8,236.00 |
| Morgan Sciumbato | Associate | Corporate - Debt Finance | 2023 | $1,315.00 | 19.80 | $26,037.00 |
| | | | | $1,515.00 | 13.70 | $20,755.50 |
| Maryia Shybut | Associate | Restructuring | 2022 | $1,515.00 | 115.70 | $175,285.50 |
| | | | | $1,595.00 | 124.40 | $198,418.00 |

| **Attorney Name** | **Position** | **Department** | **Date of Admission** | **Hourly Billing Rate** In this Application | **Hours Billed** In this Application | **Fees Billed** In this Application |
|---|---|---|---|---|---|---|
| Elise Wang | Associate | Corporate - Capital Markets | 2020 | $1,675.00 | 0.90 | $1,507.50 |
| | | | | $1,895.00 | 9.90 | $18,760.50 |
| Robert Wolfe | Associate | Litigation - General | 2024 | $1,125.00 | 11.30 | $12,712.50 |
| Elizabeth Burns | Paralegal | Corporate - Debt Finance | N/A | $755.00 | 5.70 | $4,303.50 |
| Uzo Dike | Paralegal | Litigation - General | N/A | $775.00 | 7.20 | $5,580.00 |
| Amy Donahue | Paralegal | Restructuring | N/A | $755.00 | 4.70 | $3,548.50 |
| Ashlyn Gallagher | Paralegal | Restructuring | N/A | $545.00 | 6.80 | $3,706.00 |
| Joshua King | Paralegal | Litigation - General | N/A | $655.00 | 11.70 | $7,663.50 |
| Tanzila Zomo | Paralegal | Restructuring | N/A | $545.00 | 20.50 | $11,172.50 |
| Tommy Kelleher | Junior Paralegal | Corporate - Capital Markets | N/A | $435.00 | 15.50 | $6,742.50 |
| Christian Mancino | Junior Paralegal | Restructuring | N/A | $435.00 | 14.30 | $6,220.50 |
| Matthew Cooper | Support Staff | Conflicts Analysis | N/A | $455.00 | 10.30 | $4,686.50 |
| Marta Dudyan | Support Staff | Conflicts Analysis | N/A | $455.00 | 6.70 | $3,048.50 |
| Eric Nyberg | Support Staff | Conflicts Analysis | N/A | $455.00 | 7.70 | $3,503.50 |
| **Totals** | | | | | 2,728.70 | **$4,025,538.00** |

## Final Compensation by Project Category

| Matter Number | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| 6 | Chapter 11 Filing and First Day Pleadings | 299.40 | $376,261.00 |
| 7 | Adversary Proceedings, Litigation, and Contested Matters | 28.70 | $37,724.50 |
| 8 | Corporate, Securities, and Governance Matters | 235.50 | $409,174.50 |
| 9 | Disclosure Statement / Plan / Plan Supplement / Confirmation / Emergence | 1,346.50 | $2,000,975.00 |
| 10 | DIP Financing, Cash Collateral, and Cash Management | 182.90 | $313,653.50 |
| 12 | Executory Contracts and Unexpired Leases | 6.60 | $10,715.00 |
| 13 | Business Operations | 1.30 | $2,592.50 |
| 14 | Creditor, U.S. Trustee, and Stakeholder Communications | 32.30 | $49,274.50 |
| 15 | Hearings | 65.90 | $118,605.50 |
| 16 | Utilities / Insurance / Surety Matters | 22.40 | $33,392.00 |
| 17 | Tax Matters | 58.80 | $96,168.00 |
| 18 | Case Administration | 97.10 | $110,651.50 |
| 19 | Retention – K&E | 215.80 | $268,766.00 |
| 20 | Retention – Non-K&E | 58.20 | $74,367.00 |
| 21 | Vendor Matters | 3.90 | $6,152.50 |
| 22 | Non-Working Travel | 30.50 | $50,385.50 |
| 23 | Employee and Labor Matters | 7.30 | $13,635.50 |
| 25 | Automatic Stay Issues | 6.60 | $10,139.00 |
| 26 | Regulatory Issues | 29.00 | $42,905.00 |
| **Total** | | **2,728.70** | **$4,025,538.00** |

## Final Expense Summary

| Expense | Vendor (if any) | Unit Cost (if applicable) | Amount |
|---|---|---|---|
| Standard Copies or Prints | Kirkland & Ellis LLP | $0.10 | $878.40 |
| Color Copies or Prints | | | $1,272.70 |
| Local Transportation | | | $198.49 |
| Travel Expense | | | $3,092.37 |
| Airfare | | | $5,290.70 |
| Transportation to/from airport | | | $760.83 |
| Travel Meals | | | $239.12 |
| Other Court Costs and Fees | | | $20,386.47 |
| Working Meals/K&E Only | | | $160.00 |
| Outside Retrieval Service | | | $4,251.79 |
| Computer Database Research | | | $1,213.00 |
| Westlaw Research | | | $340.74 |
| LexisNexis Research | | | $1,288.93 |
| Overtime Transportation | | | $1,140.90 |
| Overtime Meals - Non-Attorney | | | $20.00 |
| Overtime Meals - Attorney | | | $433.96 |
| Rental Expenses | | | $12,160.38 |
| **Total** | | | **$53,128.78** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| Reorganized Debtors. | ) | (Jointly Administered) |

**FIRST AND FINAL FEE**
**APPLICATION OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP,**
**ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR**
**THE PERIOD FROM JUNE 7, 2026, THROUGH AND INCLUDING JULY 21, 2026**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), attorneys for the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the effective date of the Plan (as defined herein), the "Debtors"), hereby submit their first and final fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $4,025,538.00 and reimbursement of actual and necessary expenses in the amount of $53,128.78 that K&E incurred for the period from June 7, 2026 through July 21, 2026 (the "Fee Period"). In support of this Fee Application, K&E submits the declaration of Alexandra F. Schwarzman, president of Alexandra Schwarzman, P.C., a partner of K&E (the "Schwarzman Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, K&E respectfully states as follows. [2]

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of the Reorganized Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms used but not immediately defined in this application have the meanings ascribed to them later in this Fee Application, the Plan (as defined herein), the Disclosure Statement (as defined herein), or as otherwise designated, as applicable.

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors confirm their consent to the Court entering a final order in connection with this Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

4. On June 7, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. During their chapter 11 cases, the Debtors operated their business and managed their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 10, 2026, the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 56]. No request was made for the appointment of a trustee or examiner in these chapter 11 cases and no official committees were appointed or designated.

5. A description of the Debtors' business, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Vijay Kotte, Chief Executive Officer of GoHealth, Inc. and Certain of Its Affiliates, in Support of Debtors' Chapter 11 Petitions, First Day Motions, and Access to Cash Collateral*, filed on June 7, 2026 [Docket No. 4], incorporated herein by reference.

6. On July 21, 2026, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement For, and Confirming, the Amended Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates and (II) Granting Related Relief* (the "Confirmation Order") [Docket No. 162], pursuant to which, among other things, the Court approved the adequacy of the Disclosure Statement (as defined herein) and confirmed the *Amended Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* (the "Plan") [Docket No. 141]. On July 21, 2026, the Debtors filed the *Notice of (I) Entry of the Confirmation Order and (II) Occurrence of Effective Date* [Docket No. 166].

**Preliminary Statement**

7. During the Fee Period, K&E represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest. With K&E's advice and counsel, the Debtors successfully accomplished, among other things, the following achievements:

(a) filed for chapter 11 and successfully secured approval of all "first day" motions, following extensive engagement with their key stakeholders and the U.S. Trustee (as defined herein), which allowed the Debtors to smoothly transition their operations into chapter 11;

(b) drafted, reviewed, revised, and secured approval of various other relief, including "second day" relief and applications for professional retention;

(c) negotiated, drafted, and filed the Plan, the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 6] (the "Disclosure Statement"), and the related *Motion of Debtors for Entry of an Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Approving Related Dates, Deadlines, Notices, and Procedures, (III) Approving the Solicitation Procedures and Related Dates, Deadlines, and Notices, (IV) Conditionally Waiving The Requirements That (A) The U.S. Trustee Convene A Meeting of Creditors and (B) The Debtors File Schedules of Assets and Liabilities, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (V) Granting Related Relief* [Docket No. 7] (the "Disclosure Statement Motion");

(d) negotiated continued access to the Debtors' cash collateral to provide liquidity to fund the Debtors' operations and the administration of these chapter 11 cases, pursuant to the *Interim Order (I) Authorizing Limited Use of Cash Collateral, (II) Granting Adequate Protection Liens and Superpriority Administrative Expense Claims to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 58] and the *Final Order (I) Authorizing Limited Use of Cash Collateral, (II) Granting Adequate Protection Liens and Superpriority Administrative Expense Claims to Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 107] (collectively, the "Cash Collateral Orders");

(e) increased support for the Plan on a postpetition basis among holders of GoHealth, Inc. Class A Common Stock, with 97.83% of such holders that voted, who held 99.62% of GoHealth, Inc. shares of Class A Common Stock that were voted, voting in support of the Plan. Ultimately, holders representing 64.55% of total outstanding stock voted in support of the Plan, an increase from 61% as of the Petition Date;

(f) negotiated and drafted: (a) the *Plan Supplement for the Debtors' Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 116]; (b) the *First Amended Plan Supplement for the Debtors' Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 126]; and (c) the *Second Amended Plan Supplement for the Debtors' Amended Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 164] (collectively, the "Plan Supplement"), which includes, among other things, the terms of the Debtors' exit financing and post-emergence governance structure;

(g) negotiated and drafted the *Debtors' Memorandum of Law in Support of an Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* [Docket No. 140], and other documents related thereto;

(h) drafted and made certain filings with the Securities and Exchange Commission in accordance with U.S. federal securities laws; and

(i) obtained a Court order approving the adequacy of the Disclosure Statement and confirming the Plan and consummated the Plan and emerged from chapter 11 the same day, which was 44 days from the Petition Date.

8. In light of these accomplishments and the complexities of the Debtors' business and restructuring, K&E submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services K&E provided to the Debtors during the Fee Period are reasonable and appropriate, commensurate with the scale, nature, and complexity of these chapter 11 cases, and should be approved.

**Case Status Summary**

9. The Debtors commenced these cases to effectuate a change of control transaction that left general unsecured creditors and preferred equity holders unimpaired and provided an approximately $10 million cash recovery for certain equity security holders. The Debtors entered chapter 11 with the overwhelming support of their stakeholders, having already received on the Petition Date ballots accepting the Plan from 100% of their prepetition lenders, holders of greater than 99% of GoHealth Holdings Interests, and holders of approximately 61% of the outstanding GoHealth, Inc. Class A Common Stock.

10. Following the Petition Date, the Debtors built upon this foundation to garner further support, with 97.83% of the voting holders of GoHealth, Inc. Class A Common Stock, which included 64.55% of the total outstanding GoHealth, Inc. Class A Common Stock, voting in favor of the Plan. Ultimately, the Debtors obtained approval of the Disclosure Statement and confirmation of the Plan 44 days from the Petition Date and emerged from chapter 11 that same day. As counsel for the Debtors, K&E was instrumental in building support for the Plan, efficiently driving efforts to consummate the restructuring transactions contemplated thereunder,

and positioning the Debtors for success ahead of the 2026 annual enrollment period, all while protecting critical carrier and consumer relationships.

**The Debtors' Retention of K&E**

11. On July 23, 2026, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 7, 2026* [Docket No. 175] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference. The Retention Order authorizes the Debtors to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Retention Order also authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to approval of this Court. The particular terms of K&E's engagement are detailed in the engagement letter by and between K&E and the Debtors, dated May 14, 2026, and attached hereto as **Exhibit C** (the "Engagement Letter").

12. The Retention Order authorizes K&E to provide the following services consistent with and in furtherance of the services enumerated above:

(a) advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their business and property;

(b) participating in meetings and negotiating the terms of the restructuring effectuated pursuant to the Plan with representatives of creditors and other parties in interest;

(c) preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

(d) representing the Debtors in connection with obtaining authority to continue using cash collateral;

(e) appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

(f) advising the Debtors regarding tax matters;

(g) taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

(h) performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts; (ii) analyzing liens against the Debtors' assets; and (iii) advising the Debtors on corporate and litigation matters.

**Disinterestedness of K&E**

13. To the best of the Debtors' knowledge and as disclosed in the *Declaration of Alexandra F. Schwarzman in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 7, 2026* [Docket No. 123] (the "K&E Declaration"), (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) K&E has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the K&E Declaration.

14. K&E may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases. In the K&E Declaration, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

15. K&E performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

16. Except to the extent of the advance payments paid to K&E that K&E previously

disclosed to this Court in the K&E Declaration, K&E has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity in connection with these chapter 11 cases.

17. Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

## Fees and Expenses Incurred During Fee Period

### A. Customary Billing Disclosures.

18. K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is K&E's budget and staffing plan (the "Budget and Staffing Plan") for this Fee Period and attached hereto as **Exhibit E** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

### B. Fees Incurred During Fee Period.

19. In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.

For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;
- each attorney's year of bar admission and area of practice concentration;
- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;
- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;
- the number of rate increases since the inception of the case; and
- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 7, 2026* (the "Retention Application").

**C. Expenses Incurred During Fee Period.**

20. In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought. K&E currently charges $0.16 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Rules, K&E charged no more than $0.10 per page for standard duplication services in these chapter 11 cases. K&E does not charge its clients for incoming facsimile transmissions.

21. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

**Summary of Legal Services Rendered During the Fee Period**

22. As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtors in connection with these chapter 11 cases. These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

23. To provide a meaningful summary of K&E's services provided on behalf of the Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matter categories (each, a "Matter Category") in connection with these chapter 11 cases. The following is a summary of the fees and hours billed for each Matter Category in the Fee Period: [3]

| Matter Number | Matter Category Description | Hours | Total Compensation |
|---|---|---|---|
| 6 | Chapter 11 Filing and First Day Pleadings | 299.40 | $376,261.00 |
| 7 | Adversary Proceedings, Litigation, and Contested Matters | 28.70 | $37,724.50 |
| 8 | Corporate, Securities, and Governance Matters | 235.50 | $409,174.50 |
| 9 | Disclosure Statement / Plan / Plan Supplement / Confirmation / Emergence | 1,346.50 | $2,000,975.00 |
| 10 | DIP Financing, Cash Collateral, and Cash Management | 182.90 | $313,653.50 |
| 12 | Executory Contracts and Unexpired Leases | 6.60 | $10,715.00 |
| 13 | Business Operations | 1.30 | $2,592.50 |
| 14 | Creditor, U.S. Trustee, and Stakeholder Communications | 32.30 | $49,274.50 |
| 15 | Hearings | 65.90 | $118,605.50 |
| 16 | Utilities / Insurance / Surety Matters | 22.40 | $33,392.00 |
| 17 | Tax Matters | 58.80 | $96,168.00 |
| 18 | Case Administration | 97.10 | $110,651.50 |
| 19 | Retention – K&E | 215.80 | $268,766.00 |
| 20 | Retention – Non-K&E | 58.20 | $74,367.00 |
| 21 | Vendor Matters | 3.90 | $6,152.50 |
| 22 | Non-Working Travel | 30.50 | $50,385.50 |
| 23 | Employee and Labor Matters | 7.30 | $13,635.50 |

[3] In certain instances, K&E may have billed the same amount of fees, but different number of hours to different Matter Categories. This difference is the result of different staffing of each such Matter Category.

| Matter Number | Matter Category Description | Hours | Total Compensation |
|---|---|---|---|
| 25 | Automatic Stay Issues | 6.60 | $10,139.00 |
| 26 | Regulatory Issues | 29.00 | $42,905.00 |

24. The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period. This summary is organized in accordance with K&E's internal system of matter numbers. The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

25. In addition, K&E's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit J**.

**(a) Chapter 11 Filing and First Day Pleadings [Matter No. 6]**

Total Fees: $376,261.00
Total Hours: 299.40

26. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the filing of the Debtors' chapter 11 petitions and various "first day" pleadings and related notices during the initial days of these chapter 11 cases, including, without limitation, (a) reviewing and revising the Debtors' petitions and "first day" motions, proposed orders, affidavits and notices and (b) preparing for the "first day" hearing, including drafting hearing notes and related materials and preparing potential witnesses in connection with certain of the first day motions.

27. Specifically, the Debtors filed several motions seeking orders authorizing the Debtors to pay various prepetition claims. Entry of these orders eased the strain on the Debtors' relationships with employees, vendors, customers, and taxing authorities as a consequence of the commencement of these chapter 11 cases. Among other things, these orders authorized the Debtors to: (a) pay trade claimants, suppliers, and lien claimants; (b) pay certain prepetition employee wages and benefits; (c) maintain cash management systems; (d) use prepetition bank accounts, checks and other business forms; (e) make tax payments to federal, local, and state taxing authorities; (f) maintain prepetition insurance policies and enter into new insurance policies; and (g) maintain their carrier programs.

**(b) Adversary Proceedings, Litigation, and Contested Matters [Matter No. 7]**

Total Fees: $37,724.50
Total Hours: 28.70

28. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to litigation, adversary proceedings, or other adversarial matters. Specifically, K&E attorneys and paraprofessionals spent time:

(i) researching, analyzing, and preparing litigation strategies for contested or potentially contested matters;

(ii) preparing witnesses in the Debtors' chapter 11 cases to testify at hearings; and

(iii) coordinating and communicating with the Debtors, the Debtors' other advisors, and relevant stakeholders regarding the foregoing activities.

**(c) Corporate, Securities, and Governance Matters [Matter No. 8]**

Total Fees: $409,174.50
Total Hours: 235.50

29. This Matter Category includes time spent by K&E attorneys and paraprofessionals

advising the Debtors, including their governing bodies, regarding, among other things, corporate governance matters and matters related to securities, including the Debtors' publicly-traded equity. Specifically, K&E attorneys and paraprofessionals spent time:

(i) preparing for and participating in meetings with the Debtors' governing bodies in connection with the chapter 11 process;

(ii) preparing, reviewing, and revising materials for meetings of the Debtors' governing bodies;

(iii) advising the Debtors with respect to various financial, corporate governance, securities, and compliance issues, as well as other corporate matters related to the chapter 11 cases;

(iv) drafting, revising, and negotiating certain documentation associated with implementation of the Plan, including the registration rights agreement, new organizational documents, and other general corporate documents related to confirmation of the Plan and implementation at emergence;

(v) drafting and making certain filings with the Securities and Exchange Commission in accordance with U.S. federal securities laws; and

(vi) complying with corporate governance requirements, including drafting, reviewing, and revising the Debtors' governing bodies meeting minutes and resolutions.

**(d) Disclosure Statement / Plan / Plan Supplement / Confirmation / Emergence [Matter No. 9]**

Total Fees: $2,000,975.00
Total Hours: 1,346.50

30. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to seeking approval of the Disclosure Statement and the Plan, drafting and negotiating the Plan and Confirmation Order, preparing, negotiating, and revising the Plan Supplement and other emergence-related documentation, obtaining confirmation of the Plan, and consummating the restructuring transactions contemplated thereunder. Specifically, K&E

attorneys and paraprofessionals spent time:

(i) drafting, revising, and filing the Plan, the Disclosure Statement, solicitation materials, and related filings;

(ii) drafting, negotiating, revising, compiling, and filing the Plan Supplement;

(iii) drafting, negotiating, revising, and filing the Confirmation Order, a memorandum of law in support of approval of the Disclosure Statement and confirmation of the Plan, several declarations in support of confirmation of the Plan, and other documents related thereto;

(iv) researching and analyzing legal and factual issues relevant to the foregoing;

(v) engaging in discussions with stakeholders and parties in interest to consensually resolve their comments to the Plan and Confirmation Order;

(vi) preparing for the combined disclosure statement approval and plan confirmation hearing (the "Combined Hearing");

(vii) planning and negotiating the terms of the Debtors' emergence from chapter 11 and preparing documentation related to the same;

(viii) obtaining court approval of the Confirmation Order; and

(ix) coordinating and communicating with the Debtors, the Debtors' other advisors, and relevant stakeholders regarding the foregoing activities.

**(e) DIP Financing, Cash Collateral, and Cash Management [Matter No. 10]**

Total Fees: $313,653.50
Total Hours: 182.90

31. This Matter Category includes time spent by K&E attorneys and paraprofessionals negotiating and documenting the Debtors' use of cash collateral, exit financing, and related cash-management arrangements during the Fee Period.

32. K&E's efforts were critical in negotiating the consensual use of cash collateral and related cash-management arrangements pursuant to the Cash Collateral Orders, which allowed the

Debtors to access their cash, substantially all of which was encumbered, providing the liquidity necessary to fund their operations and administer these chapter 11 cases.

**(f) Executory Contracts and Unexpired Leases [Matter No. 12]**

Total Fees: $10,715.00
Total Hours: 6.60

33. This Matter Category includes time spent by K&E attorneys examining issues related to the Debtors' executory contracts and unexpired leases. K&E attorneys spent time researching, analyzing, or renegotiating the Debtors' obligations under their various executory contracts. Specifically, K&E attorneys spent time reviewing, analyzing, and researching the Debtors' obligations under executory contracts and unexpired leases with respect to their rights and obligations under such agreements, applicable bankruptcy law, and applicable non-bankruptcy law.

**(g) Business Operations [Matter No. 13]**

Total Fees: $2,592.50
Total Hours: 1.30

34. This Matter Category includes time spent by K&E attorneys helping maintain business operations with minimal disruptions during the course of the Debtors' chapter 11 cases. K&E attorneys and paraprofessionals spent time developing a strategy with the Debtors to ensure a smooth transition into chapter 11 and to ensure that, going forward, the Debtors' business operations continued without interruption.

35. Specifically, K&E attorneys and paraprofessionals spent time working with Alvarez & Marsal North America LLC ("A&M") and the Debtors regarding postpetition business operations, including the Debtors' programs with their insurance carriers and facilitating compliance with certain interim operating covenants.

**(h) Creditor, U.S. Trustee, and Stakeholder Communications [Matter No. 14]**

Total Fees: $49,274.50
Total Hours: 32.30

36. This Matter Category includes time spent by K&E attorneys and paraprofessionals on communications with the United States Trustee for the District of Delaware (the "U.S. Trustee") and other stakeholders regarding, among other things, issues related to these chapter 11 cases and the transactions contemplated in the Plan. Specifically, K&E attorneys and paraprofessionals spent time on:

(i) advising the Debtors regarding communications with creditors and other key business partners;

(ii) drafting and revising communication materials regarding the Debtors' chapter 11 cases;

(iii) preparing for and participating in the initial debtor interview;

(iv) responding to inquiries from the U.S. Trustee, creditors, and various other parties in interest and their respective advisors;

(v) corresponding and conferencing with the U.S. Trustee regarding questions and comments with respect to the Plan, Confirmation Order, and relief requested in the Debtors' first and second day motions; and

(vi) coordinating efforts among the Debtors and their other professionals to address various concerns and issues raised by the U.S. Trustee with respect to the retention of the Debtors' advisors.

**(i) Hearings [Matter No. 15]**

Total Fees: $118,605.50
Total Hours: 65.90

37. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to preparing for and attending several hearings during the Fee Period (each a "Hearing" and, collectively, the "Hearings"), including preparing talking points, binders, and other materials related to Hearings, and corresponding with various parties in preparation for,

and after the Hearings. These services also included conferences to discuss multiple matters scheduled for a specific Hearing and coordinating Hearing logistics. During the Fee Period, K&E attorneys and paraprofessionals spent considerable time preparing for and attending Hearings, including the "first day" Hearing on June 9, 2026, addressing the Debtors' first day motions, and the Combined Hearing on July 20, 2026.

**(j) Utilities / Insurance / Surety Matters [Matter No. 16]**

Total Fees: $33,392.00
Total Hours: 22.40

38. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to utility and insurance issues arising in connection with the filing of these chapter 11 cases and ensuring that the Debtors' insurance policies were maintained during these chapter 11 cases.

**(k) Tax Matters [Matter No. 17]**

Total Fees: $96,168.00
Total Hours: 58.80

39. This Matter Category includes time spent by K&E attorneys and paraprofessionals conducting legal research, preparing correspondence and pleadings, and generally advising the Debtors on tax issues related to or arising during the chapter 11 cases. During the Fee Period, K&E attorneys were responsible for researching and analyzing certain tax issues arising in connection with the Debtors' business operations, analyzing and revising the Plan, the Disclosure Statement, and the Plan Supplement with respect to tax considerations, and coordinating and communicating with the Debtors, the Debtors' other advisors, and relevant stakeholders regarding the foregoing activities.

**(l) Case Administration [Matter No. 18]**

Total Fees: $110,651.50
Total Hours: 97.10

40. This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtors' chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time:

(i) coordinating, managing, and administering the Debtors' chapter 11 cases on a daily basis, including monitoring critical dates and maintaining a case calendar, task lists, and work-in-process reports;

(ii) ensuring compliance with the service and notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including coordinating service of pleadings and other related notices with the Debtors' local counsel and other retained professionals; and

(iii) conducting regular internal conferences regarding the overall case status to ensure the efficient progress of workstreams.

41. Time billed to this Matter Category also includes work and meetings related to multiple matters such that the time cannot be easily allocated to one of the other matters.

**(m) Retention – K&E [Matter No. 19]**

Total Fees: $268,766.00
Total Hours: 215.80

42. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the retention of K&E as the Debtors' counsel. Specifically, K&E attorneys and paraprofessionals spent time:

(i) preparing all pleadings necessary to obtain the order of the Court approving the employment of K&E to represent the Debtors;

(ii) implementing internally established procedures which require continuous analysis of potential new conflicts; and

(iii) reviewing all time entries to ensure compliance with applicable provisions of the Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

**(n) Retention – Non-K&E [Matter No. 20]**

Total Fees: $74,367.00
Total Hours: 58.20

43. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention of the Debtors' other professionals in these chapter 11 cases, including A&M as financial advisor to the Debtors and Donlin, Recano & Company LLC as administrative agent to the Debtors.

**(o) Vendor Matters [Matter No. 21]**

Total Fees: $6,152.50
Total Hours: 3.90

44. This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors on vendor issues, including with respect to first day relief and postpetition business activities. Specifically, K&E attorneys and paraprofessionals spent time reviewing, analyzing, and researching vendor issues and corresponding with counsel to vendors, A&M, and the Debtors regarding the same.

**(p) Non-Working Travel [Matter No. 22]**

Total Fees: $50,385.50
Total Hours: 30.50

45. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to traveling in connection with their representation of the Debtors. The amounts presented for review and the request for payment in the Fee Application reflect a reduction of one-half of the charges for travel time.

**(q) Employee and Labor Matters [Matter No. 23]**

Total Fees: $13,635.50
Total Hours: 7.30

46. This Matter Category includes time spent by K&E attorneys and paraprofessionals

addressing the following employee compensation issues:

(i) reviewing and analyzing key issues with respect to employee and labor benefits and compensation issues; and

(ii) coordinating and communicating with the Debtors, the Debtors' other advisors, and relevant stakeholders regarding the foregoing activities.

**(r) <u>Automatic Stay Issues [Matter No. 25]</u>**

Total Fees: $10,139.00
Total Hours: 6.60

47. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the imposition of the automatic stay. Specifically, K&E attorneys and paraprofessionals spent time:

(i) reviewing issues and analyzing strategies regarding application of the automatic stay; and

(ii) advising the Debtors' management regarding automatic stay matters.

**(s) <u>Regulatory Issues [Matter No. 26]</u>**

Total Fees: $42,905.00
Total Hours: 29.00

48. This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors regarding regulatory issues affecting their business and chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time researching, analyzing, and helping resolve regulatory issues affecting the Debtors' operations, including coordinating with the Debtors, their advisors, and relevant stakeholders regarding the same.

**<u>Actual and Necessary Expenses Incurred by K&E</u>**

49. As set forth in **<u>Exhibit J</u>** attached hereto, and as summarized in **<u>Exhibit G</u>** attached hereto, K&E has incurred a total of $53,128.78 in expenses on behalf of the Debtors during the Fee Period. These charges are intended to reimburse K&E's direct operating costs, which are not

incorporated into the K&E hourly billing rates. K&E charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of the types set forth in **Exhibit J** of this Fee Application are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

## Reasonable and Necessary Services Provided by K&E

### A. Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.

50. The foregoing professional services provided by K&E on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

51. Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group. K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of distressed companies, with over 250 attorneys focusing on this area of the law. The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

52. In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's litigation, corporate, and tax groups were heavily involved with K&E's representation of the Debtors. These practice groups also enjoy a national and international reputation for their expertise. Overall, K&E brought to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

### B. Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.

53. The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and

on weekends to perform services on behalf of the Debtors. These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates. Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

54. In addition, due to the location of the Debtors' business, co-counsel, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required. On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials. The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

55. Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses. In that regard, K&E will waive certain fees and reduce its expenses if necessary. In the Fee Period, K&E voluntarily

reduced its fees by $230,099.50 and expenses by $2,394.67. Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

**K&E's Requested Compensation and Reimbursement Should be Allowed**

56. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

57. K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their

estates and were rendered to protect and preserve the Debtors' estates. K&E further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents. K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

58. During the Fee Period, K&E's hourly billing rates for attorneys ranged from $825 to $2,975. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. K&E strives to be efficient in the staffing of matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

59. Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

60. In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable

services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

**Reservation of Rights and Notice**

61. It is possible that some professional time expended, or expenses incurred, during the Fee Period are not reflected in the Fee Application. K&E reserves the right to include such amounts in future fee applications. In addition, the Debtors have provided notice of this Fee Application to: (a) the U.S. Trustee; (b) counsel to the Ad Hoc TL Group; (c) counsel to the Ad Hoc Revolver Group; (d) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (e) the state attorneys general for states in which the Debtors conduct business; (f) the United States Attorney for the District of Delaware, District of Massachusetts, and District of Columbia; (g) the Internal Revenue Service; and (h) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.

**No Prior Request**

62. No prior application for the relief requested herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E final compensation for professional and paraprofessional services provided during the Fee Period in the amount of $4,025,538.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $53,128.78; (b) authorizing and directing the Debtors to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: September 4, 2026
Wilmington, Delaware

*/s/ Alexandra Schwarzman*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C.
Alexandra Schwarzman, P.C. (admitted *pro hac vice*)
David R. Gremling (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: anup.sathy@kirkland.com
alexandra.schwarzman@kirkland.com
dave.gremling@kirkland.com

*Counsel for the Reorganized Debtors*