# **Exhibit A**

## Schwarzman Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| Reorganized Debtors. | ) | (Jointly Administered) |

**DECLARATION OF ALEXANDRA F. SCHWARZMAN**
**IN SUPPORT OF THE FIRST AND FINAL FEE APPLICATION OF**
**KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL**
**LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**
**FOR THE PERIOD FROM JUNE 7, 2026, THROUGH AND INCLUDING JULY 21, 2026**

I, Alexandra F. Schwarzman, being duly sworn, state the following under penalty of perjury:

1. I am the president of Alexandra Schwarzman P.C., a partner in the law firm of Kirkland & Ellis LLP, located at 333 West Wolf Point Plaza, Chicago, Illinois 60654, and a partner of Kirkland & Ellis International LLP (together with Kirkland & Ellis LLP, collectively, "K&E").[2] I am one of the lead attorneys from K&E working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of Illinois, and I have been admitted to practice before the United States District Court for the Northern District of Illinois. I have been admitted *pro hac vice* in the above-captioned chapter 11 cases. There are no disciplinary proceedings pending against me.

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of the Reorganized Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Fee Application.

2. I have read the foregoing first and final fee application of K&E, attorneys for the Debtors, for the Fee Period (the "Fee Application"). To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Local Rule 2016-1.

3. In connection therewith, I hereby certify that:

a) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b) except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by K&E and generally accepted by K&E's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c) K&E is seeking compensation with respect to the approximately thirty three hours and $44,610.50 in fees spent reviewing or revising time records and preparing, reviewing, and revising invoices[3] to redact privileged or confidential information;

d) in providing a reimbursable expense, K&E does not make a profit on that expense, whether the service is performed by K&E in-house or through a third party;

e) in accordance with Bankruptcy Rule 2016(a) and Bankruptcy Code § 504, no agreement or understanding exists between K&E and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules; and

f) all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

[*Remainder of Page Intentionally Left Blank*]

[3] This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing this Fee Application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Alexandra F. Schwarzman*
Alexandra F. Schwarzman
as President of Alexandra Schwarzman, P.C.,
as Partner of Kirkland & Ellis LLP;
and as Partner of Kirkland & Ellis
International LLP