**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| Reorganized Debtors. | ) | (Jointly Administered) |

**MOTION OF REORGANIZED DEBTORS**
**FOR ENTRY OF A FINAL DECREE (I) CLOSING**
**THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and, before the Effective Date of the Plan, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

**Relief Requested**

1. The Reorganized Debtors seek entry of an order and final decree, substantially in the form attached hereto as **Exhibit A** (the "Proposed Final Decree"), (a) closing all of the Reorganized Debtors' chapter 11 cases, as detailed on **Exhibit B** attached hereto (collectively, the "Closing Cases"), (b) providing that, subsequent to the entry of the Proposed Final Decree, any pending or future matters regarding the Closing Cases will require a motion to reopen a case

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (8260); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purpose of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Amended Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and its Debtor Affiliates* [Docket No. 141] (the "Plan").

pursuant to rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (c) granting related relief.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and other legal bases for the relief requested herein are section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 3022, Local Rule 3022-1, and Article XII.M of the Plan.

**Background**

5. On June 7, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. During the pendency of their chapter 11 cases, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee

or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

6. On June 10, 2026, the Court entered an order [Docket No. 56] authorizing the procedural consolidation and joint administration of the chapter 11 cases listed on **Exhibit B** under *In re GoHealth, Inc.* (Case No. 26-10914).

7. A detailed description of the Reorganized Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Vijay Kotte, Chief Executive Officer of GoHealth, Inc., in Support of the Debtors' Chapter 11 Petitions, First Day Motions, and Access to Cash Collateral* [Docket No. 4] (the "First Day Declaration").

8. On June 7, 2026, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and its Debtor Affiliates* [Docket No. 5] and the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and its Debtor Affiliates* [Docket No. 6] (the "Disclosure Statement").

9. On June 10, 2026, the Court entered the *Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II)Approving Related Dates, Deadlines, Notices, and Procedures, (III) Approving the Solicitation Procedures and Related Dates, Deadlines, and Notices, (IV) Conditionally Waiving the Requirement that (A) the U.S. Trustee Convene a Meeting of Creditors and (B) the Debtors File Schedules of Assets and Liabilities, Statements, of Financial Affairs, and Rule 2015.3 Financial Reports, and (V) Granting Related Relief* [Docket No. 57].

10. On July 13, 2026, the Debtors filed the *Amended Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and its Debtor Affiliates* [Docket No. 141].

11. On July 21, 2026, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement for, and Confirming, the Amended Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and its Debtor Affiliates, and (II) Granting Related Relief* [Docket No. 162] (the "Confirmation Order"), confirming the Plan. The Effective Date of the Plan occurred on July 21, 2026 [Docket No. 166], and the Debtors emerged from chapter 11 as the Reorganized Debtors on such date. The Confirmation Order is final, non-appealable, and not subject to any pending appeal.

12. As of the date hereof, the Reorganized Debtors have Reinstated, paid in full, or are in the process of paying in full all outstanding prepetition claims and made or are in the process of making all applicable distributions on account of such claims in a manner consistent with the Plan. All matters related to professional fees are expected to be resolved prior to the objection deadline for this Motion. In particular, the Debtors have filed the following professional fee applications (collectively, the "Fee Applications"): (i) *First and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Co-Counsel for the Debtors and Debtors in Possession, for the Period from June 7, 2026 through July 21, 2026* [Docket No. 193], which has an objection deadline of September 2, 2026, (ii) *First Monthly and Final Application of Alvarez & Marsal North America, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period from June 7, 2026 to and including July 21, 2026* [Docket No. 195], which has an objection deadline of September 8, 2026, (iii) *First and Final Fee Application of Donlin, Recano & Company, LLC for Compensation for Services Rendered and Reimbursement of Expenses as Administrative Advisor to the Debtors for the First and Final Period from June 7, 2026 through July 21, 2026* [Docket No. 196], which has an objection deadline of September 11, 2026, and (iv) *First and Final Fee Application of Kirkland & Ellis LLP and*

*Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from June 7, 2026 through and including July 21, 2026* [Docket No. 208], which has an objection deadline of September 25, 2026. The Fee Applications seek payment in an amount that, in the aggregate, is less than the amount that was funded into the Professional Fee Escrow Account on the Effective Date of the Plan. As such, all professional fee payments are expected to be made prior to the entry of an order granting this Motion. No other administrative claims have been filed. Moreover, pursuant to Article VII.A of the Plan, the Reorganized Debtors will continue to resolve any outstanding claims in the ordinary course of their businesses.

13. Accordingly, there are no remaining matters to be addressed in these chapter 11 cases. Leaving these chapter 11 cases open past the date hereof would impose significant and unnecessary costs on the Debtors' estates. Accordingly, the Reorganized Debtors request entry of the Proposed Final Decree.

## Basis for Relief

### A. Closing the Closing Cases

14. After a debtor's estate is fully administered, the bankruptcy court, on its own motion or on motion of a party in interest, must grant a final decree closing a chapter 11 case. *See* 11 U.S.C. § 350(a); *see also* Fed. R. Bankr. P. 302; Local Rule 3022-1(a).

15. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The advisory committee note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been "fully administered":

a. whether the order confirming the plan has become final;

b. whether deposits required by the plan have been distributed;

c. whether the property proposed by the plan to be transferred has been transferred;

d. whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

e. whether payments under the plan have commenced; and

f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 advisory committee's note to 1991 amendment. Courts look to the Advisory Committee Note in seeking guidance as to the meaning of "fully administered." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *1–2 (Bankr. D. Del. June 24, 2005).

16. Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *SLI, Inc.*, 2005 WL 1668396, at *2 (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the [Advisory] Committee Note need not be present before the Court will enter a final decree.").

17. In addition to the factors set forth in the Advisory Committee Note, courts may consider both the substantial consummation[3] of a plan of reorganization and the prevention of

---

[3] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the

further accrual of fees under 28 U.S.C. § 1930(a)(6) (the "Section 1930 Fees"). *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same); *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

18. Bankruptcy courts in this district have issued final decrees closing all the jointly administered chapter 11 cases at once. *See, e.g.*, *In re Wheel Pros, LLC,* Case No. 24-11939 (JTD) (Bankr. D. Del. Feb. 11, 2025) (granting the motion for a final decree closing the reorganized debtors' chapter 11 cases and granting related relief); *In re Appgate, Inc.,* Case No. 24-10956 (CTG) (Bankr. D. Del. Sept. 11, 2024) (granting the motion for a final decree closing the chapter 11 cases, terminating certain claims and noticing services, and granting related relief); *In re Lannett Company, Inc.*, Case No. 23-10559 (Bankr. D. Del. Sept. 18, 2023) (same); *In re RMBR Liquidation, Inc.*, Case No. 19-10234 (KBO) (Bankr. D. Del. Mar. 27, 2023) (granting the motion for a final decree closing chapter 11 cases of the post-effective date debtors' estates); *In re Riverbed Technology, Inc.,* Case No. 21-11503 (CTG) (Bankr. D. Del. Mar. 28, 2022) (granting the motion for a final decree closing the reorganized debtors' chapter 11 cases).[4]

19. Here, the foregoing factors weigh strongly in favor of closing each of the Closing Cases. As of the Effective Date, the Closing Cases have been "fully administered" within the

successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Reorganized Debtors' counsel.

meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree and order the cases to be closed. In particular:

a. the Confirmation Order has become final and is non-appealable;

b. the Effective Date of the Plan has occurred, and the Reorganized Debtors have emerged from chapter 11;

c. the Reorganized Debtors have assumed the business and management of the assets of the Debtors as reorganized entities;

d. to the Reorganized Debtors' knowledge, there are no pending motions, contested matters, or adversary proceedings related to the Closing Cases, other than the Fee Applications, as previewed above, the objection deadlines for which will pass prior to the objection deadline for this Motion;

e. substantially all distributions provided for under the Plan for classified claims have been made and any remaining distributions will be made in the ordinary course of the Reorganized Debtors' businesses;

f. all administrative expenses, including fees to be paid to the United States Trustee for the District of Delaware (the "U.S. Trustee"), have been paid or will be paid when they come due in the ordinary course, if they come due after the closure of the Closing Cases;

g. all material transactions contemplated by the Plan have been completed and the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code; and

h. parties in interest are not unfairly prejudiced as these chapter 11 cases may be reopened, if necessary.

20. Moreover, through closing the Closing Cases, the Reorganized Debtors will not have to incur the accompanying Section 1930 Fees and certain other costs and administrative expenses that would continue to accrue if these chapter 11 cases are not closed, which will benefit the Reorganized Debtors' estates and all their stakeholders. Accordingly, closing the Closing Cases is appropriate and in the best interests of the Reorganized Debtors and their stakeholders.

**B. Final Report**

21. In accordance with Local Rule 3022-1(a)(ii), attached hereto as **<u>Exhibit C</u>**, is a copy of the final report, which includes a summary of the fees and expenses awarded to the professionals retained by the Reorganized Debtors during these chapter 11 cases, as well as additional information regarding distributions made pursuant to the Plan.

22. For the foregoing reasons, the Reorganized Debtors submit that the Court should enter the Final Decree closing the Closing Cases but retain jurisdiction over and all matters pending in the Closing Cases, if any.

**<u>Reservation of Rights</u>**

23. The Reorganized Debtors reserve their right to seek to reopen these chapter 11 cases.

**<u>Notice</u>**

24. The Reorganized Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) counsel to the Ad Hoc TL Group; (c) counsel to the Ad Hoc Revolver Group; (d) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (e) the state attorneys general for states in which the Debtors conduct business; (f) the United States Attorney for the District of Delaware, District of Massachusetts, and District of Columbia; (g) the Internal Revenue Service; and (h) any

party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

25. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Reorganized Debtors request entry of the Proposed Final Decree, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: September 4, 2026
Wilmington, Delaware

*/s/ Laura Davis Jones*
**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
ecorma@pszjlaw.com

*Co-Counsel for the Reorganized Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C.
Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*)
David R. Gremling (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: anup.sathy@kirkland.com
alexandra.schwarzman@kirkland.com
dave.gremling@kirkland.com

*Co-Counsel for the Reorganized Debtors*