# EXHIBIT A

## Proposed Final Decree

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GOHEALTH, INC., *et al.*,[1] | ) | Case No. 26-10914 (TMH) |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. [•]** |

**FINAL DECREE AND ORDER**
**(I) CLOSING THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and, before the Effective Date of the Plan, the "Debtors) for entry of an order and final decree (this "Final Decree") (a) authorizing the Reorganized Debtors to close all of the Reorganized Debtors' jointly administered chapter 11 cases, (b) providing that, subsequent to entry of the Final Decree, any pending or future matters regarding the Closing Cases will require a motion to reopen a case pursuant to rule 5010 of the Federal Rules of Bankruptcy Procedure, (c) granting related relief, all as set forth more fully in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: GoHealth, Inc. (3805); Blizzard Midco, LLC (3732); Connected Benefits, LLC (2162); e-TeleQuote Insurance, Inc. (2336); ETQ Holdings, LLC (N/A); GoHealth Holdings, LLC (3653); GoHealth, LLC (5175); and Norvax, LLC (3063). The location of the Debtors' service address for purposes of these chapter 11 cases is: 222 West Merchandise Mart Plaza, Suite 1750, Chicago, Illinois 60654.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Any objections to the entry of this Final Decree, to the extent not withdrawn or settled, are overruled.

3. The chapter 11 cases detailed on Exhibit B to the Motion (the "Closing Cases") are hereby closed, effective as of the date of entry of this Final Decree; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree, and the entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen these chapter 11 cases for good cause shown..

4. The Clerk of the Court shall enter this Final Decree individually on the docket of each of the Closing Cases, and thereafter such dockets shall be marked as "Closed."

5. An entry shall be made on the docket of each of the Reorganized Debtors' cases that is substantially similar to the following:

> An order has been entered in accordance with Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware closing the chapter 11 cases of: *In re GoHealth, Inc.*, Case No. 26-10914 (TMH); *GoHealth Holdings, LLC*, Case No. 26-10915 (TMH); *Blizzard Midco, LLC*, Case No. 26-10916 (TMH); *Norvax, LLC*, Case No. 26-10917 (TMH); *ETQ Holdings, LLC*, Case No. 26-10918 (TMH); *Connected Benefits, LLC*, Case No. 26-10919 (TMH); *GoHealth, LLC*, Case No 26-10920 (TMH); *E-TeleQuote Insurance, Inc.*, Case No. 26-10921 (TMH).

6. The Reorganized Debtors shall file and serve on the U.S. Trustee any remaining quarterly reports and, to the extent not already paid, shall pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) with respect to disbursements made in connection with the Closing Cases on the date that is the earlier of when such fees are due or within 30 days of the entry of this Final Decree. The Reorganized Debtors shall not be obligated to file and serve quarterly reports or pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Closing Cases for any period after the date of the entry of this Order.

7. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of the Closing Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that were filed against the Debtors in the chapter 11 cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors to file an objection to any claim in the chapter 11 cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against any Reorganized Debtor.

8. Pursuant to Local Bankruptcy Rule 2002-1(e)(ix), within 28 days of entry of this Final Decree, Donlin shall (a) forward to the Clerk's office an electronic version of all imaged

claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket in the case of *In re GoHealth, Inc.*., No. 26-10914 (TMH) a final claims register containing the claims of all of these jointly-administered chapter 11 cases. Donlin shall box and transport all claims to the Federal Archives, at the direction of the Clerk's Office.

9. Should Donlin receive any mail regarding the Reorganized Debtors or the Debtors after entry of this Final Decree, Donlin will collect and forward any such mail as soon as reasonably practicable to the Reorganized Debtors; *provided* that the Reorganized Debtors shall provide Donlin with reasonable compensation and reimburse Donlin for its reasonable and documented expenses in connection with any such mail forwarding services provided by Donlin to the Reorganized Debtors after the date of entry of this Final Decree.

10. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor or Reorganized Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

11. Nothing contained in the Motion or this Final Decree, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Decree), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Decree; (e) a request or authorization to assume, adopt, or reject any

agreement, contract, lease, program, or policy pursuant to section 365 of the Bankruptcy Code (or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a waiver of the obligation of any party in interest to file a proof of claim.

12. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.